**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ROSEZOLA SELLERS,** <br> **Plaintiff,** <br><br> **v.** <br><br> **UNITED STATES DEPARTMENT OF DEFENSE AND SECRETARY OF THE UNITED STATES DEPARTMENT OF DEFENSE, DONALD RUMSFELD,** <br> **Defendants.** | : | **C.A. No. 05-381S** |

# FIRST AMENDED COMPLAINT

1. This Complaint arises out of allegations of employment discrimination based on race and retaliation.

## JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 2000e-16.

## PARTIES

3. Plaintiff, Rosezola Sellers (Plaintiff), is a citizen of the United States and a resident of the State of Rhode Island.

4. Defendants are the United States Department of Defense and the Secretary of the Department of Defense, Donald Rumsfeld (collectively referred to as "Defendants").

## ADMINISTRATIVE PROCEDURES

5. On or about April 19, 2004, an equal employment opportunity complaint was filed with the EEO office of the Defense Commissary Agency, within the Department of Defense.

6. On or about June 10, 2005, the Defense Commissary Agency EEO issued a Right-to-Sue to Plaintiff.

7. The original Complaint was been filed within ninety (90) days of the issuance of the Notice

of Right to Sue.

## STATEMENT OF FACTS

8. Plaintiff is a black female.

9. Plaintiff has been employed by Defendants since approximately October 1988. Since September 2003, Plaintiff has been a commissary management specialist (CAO).

10. During the time Plaintiff has been employed by Defendants, she has been continually subjected to harassment and discrimination based upon her race, which has created a hostile work environment and altered the terms and conditions of her employment.

11. The harassment and discrimination includes, but is not limited to, the fact that Defendants have continually treated Plaintiff differently than similarly-situated white employees with respect to promotions, pay, work hours, time off, and work assignments. Defendants have also belittled Plaintiff and set her up to fail.

12. On several occasions, after complaining about the harassment and discrimination, Plaintiff was subjected to retaliation.

13. The retaliation includes, but is not limited to, the fact that Defendants disciplined Plaintiff for no legitimate reason.

14. To no avail, Plaintiff complained to management and the EEO about the conduct and unequal treatment to which she was subjected.

15. The reasons given by Defendants for the disparate treatment are a pretext for discrimination and retaliation.

16. Plaintiff has always performed her duties and responsibilities in at least a satisfactory manner.

## COUNT I
**Title VII, 42 U.S.C. 2000e et seq.**
**(Disparate Treatment)**

17. Plaintiff incorporates by reference Paragraphs 1 through 16 as if fully set forth herein.

18. By the aforesaid actions, Defendants violated Title VII.

19. Plaintiff is damaged as a proximate result of the Defendants' intentional conduct.

**COUNT II**
**Title VII, 42 U.S.C. 2000e et seq.**
**(Hostile Work Environment)**

20. Plaintiff incorporates by reference Paragraphs 1 through 16 as if fully set forth herein.

21. By the aforesaid actions, Defendants violated Title VII.

22. Plaintiff is damaged as a proximate result of the Defendants' intentional conduct.

**COUNT III**

**Title VII, 42 U.S.C. 2000e et seq.**
**(Retaliation)**

23. Plaintiff incorporates by reference Paragraphs 1 through 16 as if fully set forth herein.

24. By the aforesaid actions, Defendants violated Title VII

25. Plaintiff is damaged as a proximate result of the Defendants' intentional conduct.

**PRAYER FOR RELIEF**

Plaintiff prays that this Court:

(1) declare that the Defendants' actions complained of are unlawful;
(2) order the Defendants to make the Plaintiff whole;
(3) order that the Defendants pay Plaintiff compensatory damages;
(4) order that the Defendants pay Plaintiff punitive damages;
(5) retain the jurisdiction of this action to ensure full compliance;
(6) order the Defendants to pay Plaintiff costs and expenses and reasonable attorney's fees;
(7) grant such other relief to Plaintiff as the court deems just and proper, including injunctive relief.

Plaintiff's damages are in an amount sufficient to invoke the jurisdiction of this Court.

**JURY TRIAL DEMAND**

Plaintiff demands a trial by jury.

Plaintiff,
By her attorney,

Patricia E. Andrews, #4321
170 Westminster Street, Suite 601
Providence, RI 02903
(401) 421-0966
(401) 351-4802 (Fax)