**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ROSEZOLA SELLERS,** | : | |
| **Plaintiff,** | : | |
| **v.** | : | **C.A. No. 05-381S** |
| **UNITED STATES DEPARTMENT OF DEFENSE AND SECRETARY OF THE UNITED STATES DEPARTMENT OF DEFENSE, DONALD RUMSFELD,** | : | |
| **Defendants.** | : | |

## ANSWER TO THE FIRST AMENDED COMPLAINT

COME NOW Defendants United States Department of Defense and Secretary of the United States Department of Defense, Donald Rumsfeld (defendant or the United States), by and through undersigned counsel and, in response to plaintiff's first amended complaint (amended complaint) states as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her damages.

### THIRD AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction over plaintiff's claims.

### FOURTH AFFIRMATIVE DEFENSE

All actions taken by defendant with respect to plaintiff were based upon legitimate, nondiscriminatory reasons.

## FIFTH AFFIRMATIVE DEFENSE

All claims based on the denial of certain requests for leave should be dismissed as untimely.

## SIXTH AFFIRMATIVE DEFENSE

As to the specific allegations in plaintiff's Complaint, defendant answers as follows:

1. Paragraph 1 of plaintiff's amended complaint contains a characterization of the allegations in the amended complaint and legal conclusions to which no answer is required. To the extent that the aforementioned paragraph may be deemed to set forth allegations of fact, they are denied.

## JURISDICTION

2. Paragraph 2 of plaintiff's amended complaint contains an averment of jurisdiction, a legal conclusion to which no answer is required. To the extent that the aforementioned paragraph may be deemed to set forth allegations of fact, they are denied.

## PARTIES

3. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of plaintiff's amended complaint.

4. Defendant admits the allegations contained in paragraph 4 of plaintiff's amended complaint.

## ADMINISTRATIVE PROCEDURES

5. Defendant admits the allegations contained in paragraph 5 of plaintiff's amended complaint.

6. Defendant admits the allegations contained in paragraph 6 of plaintiff's amended

complaint.

7. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of plaintiff's amended complaint, and notes that the United States Attorney was not served with the original complaint until November 29, 2006.

## STATEMENT OF FACTS

8. Defendant admits the allegations contained in paragraph 8 of plaintiff's amended complaint.

9. Defendant denies that plaintiff has been employed by defendant since 1988, but admits the remaining allegations contained in paragraph 9 of plaintiff's amended complaint.

10. Defendant denies the allegations contained in paragraph 10 of plaintiff's amended complaint.

11. Defendant denies the allegations contained in paragraph 11 of plaintiff's amended complaint.

12. Defendant denies the allegations contained in paragraph 12 of plaintiff's amended complaint.

13. Defendant denies the allegations contained in paragraph 13 of plaintiff's amended complaint.

14. Defendant denies the allegations contained in paragraph 14 of plaintiff's amended complaint.

15. Defendant denies the allegations contained in paragraph 15 of plaintiff's amended complaint.

16. Defendant denies the allegations contained in paragraph 16 of plaintiff's amended

complaint.

**COUNT I**

17. Defendant incorporates by reference its answers to paragraphs 1 through 16 of plaintiff's amended complaint, as though fully set forth herein.

18. Defendant denies the allegations contained in paragraph 18 of plaintiff's amended complaint.

19. Defendant denies the allegations contained in paragraph 18 of plaintiff's amended complaint.

**COUNT II**

20. Defendant incorporates by reference its answers to paragraphs 1 through 16 of plaintiff's amended complaint, as though fully set forth herein.

21. Defendant denies the allegations contained in paragraph 21 of plaintiff's amended complaint.

22. Defendant denies the allegations contained in paragraph 22 of plaintiff's amended complaint.

**COUNT III**

23. Defendant incorporates by reference its answers to paragraphs 1 through 16 of plaintiff's amended complaint, as though fully set forth herein.

24. Defendant denies the allegations contained in paragraph 24 of plaintiff's amended complaint.

25. Defendant denies the allegations contained in paragraph 25 of plaintiff's amended complaint.

**PRAYER FOR RELIEF**

Defendant avers that the Prayer for Relief in plaintiff's amended complaint, and subparts (1) through (7) therein, contains plaintiff's prayer for relief against defendant to which no answer is required. To the extent, however, that the aforementioned paragraph may be deemed to set forth allegations of fact, they are denied.

**WHEREFORE**, defendant, having fully answered the allegations in the amended complaint, respectfully requests that the Court enter judgment in its favor, dismiss the Complaint, award defendant its costs for defense of this action, and award such other relief as the Court considers just and proper.

Respectfully submitted,

ROBERT CLARK CORRENTE
UNITED STATES ATTORNEY

ROBIN E. FEDER
Assistant U.S. Attorney
Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401) 709-5000
(401) 709-5001

OF COUNSEL:

Bradley R. Hansen
Senior Assistant General Counsel
United States Department of Defense
Office of General Counsel
1300 E Avenue
Fort Lee, VA 23801–1800

**CERTIFICATE OF SERVICE**

I hereby certify that on the 24th day of March, 2006, I forwarded a copy of defendant's answer, by postage prepaid mail:

Patricia Andrews, Esq.
170 Westminster Street
Suite 601
Providence, RI 02903
421-0966