**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ROSEZOLA SELLERS,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **C.A. No. 05-381S** |
| | : | |
| **UNITED STATES DEPARTMENT OF DEFENSE AND SECRETARY OF THE UNITED STATES DEPARTMENT OF DEFENSE, DONALD RUMSFELD,** | : | |
| | : | |
| **Defendants.** | : | |

**DEFENDANTS' FIRST SET OF INTERROGATORIES ADDRESSED TO PLAINTIFF**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendants propound the following interrogatories to plaintiff and requires that they be answered separately and fully in writing, under oath, within thirty (30) days from the service hereof, in accordance with the Federal Rules of Civil Procedure and the definitions and instructions set forth herein.

**DEFINITIONS AND INSTRUCTIONS**

As used in these interrogatories, the following definitions and instructions shall apply, unless the context calls for a different meaning:

1. All information is to be divulged which is in the possession, custody, or control of Plaintiff or her attorneys, partners, investigators, agents, contractors, or employees.

2. Answer each sub-part of each interrogatory separately and enumerate it so that it accords with the numeration of the sub-parts of the interrogatories themselves.

3. "Documents" as used herein are defined as documents, records, minutes, notices, books, papers, contracts, memoranda, invoices, correspondence, notes, calendars, photographs,

drawings, charts, graphs, other writings, recording tapes, recording discs, mechanical or electronic information storage or recording elements (including any information stored on a computer diskette or computer hard drive), written and recorded telephone messages, and any other "documents" as defined in Fed. R. Civ. P. 34. If a document has been prepared in several copies, or additional copies have been made that are not identical (or are no longer identical by reason of subsequent notation or other modification of any kind whatever, including without limitation notations on the backs of pages thereof), each non-identical copy is a separate document.

4. "Identify," "identification," or "identity" have the following meanings:

(a) when used in reference to a natural person it means to state the person's full name, title, dates of employment, job description (if applicable), the person's residence address and business address or, if unknown, the last known business and residence addresses, and the person's current or last known business and home telephone numbers;

(b) when used in reference to a document it means to state the type of document (e.g., letter, memorandum, telegram, chart, etc.), its author and originator, date or dates, all addressees and recipients, present location or custodian, title, and brief description of its contents.

(c) when used in reference to an incident of alleged discrimination, harassment or retaliation it means to fully describe the incident, providing the date of the incident, the full name of the actor(s), the full name of anyone you informed about the incident, and the full names of supervisors who were aware of the conduct.

5. The term "relating to" shall mean directly or indirectly mentioning or describing, pertaining to or being connected with, or reflecting upon a stated subject matter.

6. The terms "and," "or," and "and/or" shall be construed as broadly as possible so that information otherwise within the scope of the interrogatory is not excluded.

7. The term "Plaintiff," "you," or "your" shall refer to Rosezola Sellers, Plaintiff in the above-styled action.

8. The term "interrogatory," if not otherwise defined, shall refer to the interrogatories in this document, Defendants' First Set of Interrogatories.

9. The term "person" means any natural person, corporation, partnership, government agency or board, association, proprietorship, organization, or any other legal entity.

10. When an interrogatory requests that you set forth the factual basis for a contention, include in your answer a description of all facts and conduct which relate to the contention, and identify each person who has or may have knowledge of any such facts and each document on which you rely to support, or which relates to the contention.

11. If any information called for by these interrogatories is withheld because of a claim that such information contained in a document and/or communication is protected under the attorney/client privilege, work product privilege, or other recognized privilege, you are requested to so state, specifying for each such document or communication its title, subject matter, sender, author, recipients of copies, each person to whom the original or any copy was circulated, the bases upon which the privilege is claimed, and the interrogatory to which the document or communication is responsive.

12. If you cannot answer any portion of the following interrogatories in full, after

exercising due diligence to secure the information to do so, so state, and answer to the extent possible, specifying your inability to answer the remainder.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

State your full name, any other names you have been known by and the dates and locations where those names were used, date of birth, present residence address, occupation, level of education and social security number.

**INTERROGATORY NO. 2:**

In a separate subparagraph for each incident, identify each and every specific incident of discrimination in pay, promotions, work hours, time off, work assignments, job opportunities and benefits, you believe you experienced while employed by the Department of Veterans Affairs, including in your answer the following: (a) the basis or bases on which you believe you were discriminated or retaliated against; (b) the date of each incident (if you are unable to recall the specific date, please estimate the approximate month and year); (c) identity of the person(s) who committed the discriminatory or retaliatory act against you; (d) identity of the person(s) who witnessed the discriminatory or retaliatory act; (e) identity of the person(s) you told about the discriminatory or retaliatory act; (f) identity of every managers and/or supervisor who was aware of the discriminatory incident or protected activity; and (g) the basis or bases on which you conclude that they were aware.

**INTERROGATORY NO. 3:**

In a separate subparagraph for each incident, identify each and every specific incident of harassment you believe you experienced while employed by the Department of Veterans Affairs,

including in your answer the following: (a) the basis or bases on which you believe you were harassed; (b) the date of each incident (if you are unable to recall the specific date, please estimate the approximate month and year); (c) identity of the person(s) who harassed you; (d) identity of the person(s) who witnessed the harassment; (e) identity of the person(s) you told about the harassment; (f) identity of every managers and/or supervisor who was aware of the harassment; and (g) the basis or bases on which you conclude that they were aware.

**INTERROGATORY NO. 4:**

In a separate subparagraph for each incident, identify each and every specific incident of retaliation you believe you experienced while employed by the Department of Veterans Affairs, including in your answer the following: (a) the basis or bases on which you believe you were retaliated against; (b) the date of each incident (if you are unable to recall the specific date, please estimate the approximate month and year); (c) identity of the person(s) who committed the retaliatory act against you; (d) identity of the person(s) who witnessed the retaliatory act; (e) identity of the person(s) you told about the retaliatory act; (f) identity of every manager and/or supervisor who was aware of the protected activity; and (g) the basis or bases on which you conclude that they were aware.

**INTERROGATORY NO. 5:**

State the basis for your allegation in paragraph 10 of the First Amended Complaint that during the time plaintiff has been employed by defendants, "she has been continually subjected to harassment and discrimination based upon her race which has created a hostile work environment and altered the terms and conditions of her employment," including in your answer the following: (a) the identity of each individual who harassed and/or discriminated against you; (b)

the basis or bases for your belief that a hostile work environment was created, describing the hostile environment with specificity; and ( c) the terms and conditions of your employment that have been altered, specifying how they have been altered.

**INTERROGATORY NO. 6:**

State the basis for your allegation in paragraph 11 of the First Amended Complaint that "the harassment and discrimination includes, but is not limited to, the fact that defendants have continually treated Plaintiff differently than similarly-situated white employees with respect to promotions, pay, work hours, time off, and work assignments," including in your answer the following: (a) the basis or bases for your belief that you were treated differently than similarly-situated white employees and the identity of the white employees who were treated more favorably; and (b) the identity of each white employee who was treated more favorably with respect to promotions, pay, work hours, time off, and work assignments, specifying in what way each such white employee was treated more favorably.

**INTERROGATORY NO. 7:**

State the basis for your allegation in paragraph 11 of the First Amended Complaint that Defendants "belittled Plaintiff and set her up to fail," including in your answer the following: (a) the basis or bases for your belief that you were belittled and set up to fail; (b) the identity of each individual who belittled you and set you up to fail; ( c) the manner in which each such individual belittled you and/or set you up to fail, including the date of each such incident;

**INTERROGATORY NO. 8:**

In a separate paragraph for each incident of discrimination, harassment and retaliation against you given in answer to interrogatories 2, 3, 4, 5, 6 and 7 above, identify and describe with

particularity all evidence, whether documentary, expected testimony, or other evidence, which supports your claims. In lieu of describing document(s), you may choose to attach accurate copies of the document(s). In identifying expected testimony, please identify the witness, the substance of the testimony which is expected, and the witness's basis for personal knowledge of the events.

**INTERROGATORY NO. 9:**

Identify each individual whom you allege was promoted as a result of discriminatory conduct, including the individual's position, pay, benefits, terms of employment, immediate supervisor, subordinate employees, and hire date.

**INTERROGATORY NO. 10:**

Identify each individual whom you allege was paid more than you for the same job, including the individual's position, pay, benefits, terms of employment, immediate supervisor, and hire date.

**INTERROGATORY NO. 11:**

Identify each individual whom you allege was treated more favorably with respect to work hours, time off and work assignments, specifying the manner in which each such individual was treated more favorably, including the individual's position, terms of employment, immediate supervisor, and hire date.

**INTERROGATORY NO. 12:**

In connection with your allegations in paragraphs 12 and 14 of the First Amended Complaint, identify each specific protected activity in which you engaged; the exact date of each such protected activity; the identity of each individual who knew of the protected activity and

the basis of their knowledge; a description of each adverse employment action taken against you, including the date on which it was taken and the identity of the individual who took such action.

**INTERROGATORY NO. 13:**

Identify and describe with particularity all reason(s) you have been given by defendant or any of his employees or agents supporting your claims regarding (a) the decision not to select you for any position referred to in your complaint; (b) the decision for paying white employees more than you for the same job; (c) the decision for treating white employees more favorably than you with respect to work hours, time off and work assignments; (d) the decision to initiate adverse employment action(s) against you; and/or (e) the decision to deny you any job opportunity or benefits; identifying with particularity all document(s) setting forth those reasons and all oral statement(s) in which you were told those reasons and any document(s) setting forth your inquiry thereto. In lieu of describing document(s), you may choose to attach accurate copies of the document(s). In identifying statements(s), please state with particularity, the statement, the party who made the statement, when and where the statement was made, the circumstances under which the statement was made, and any witnesses to the statement.

**INTERROGATORY NO. 14:**

Identify and describe with particularity all evidence, whether documentary, expected testimony, or other evidence, which supports your claim that any of the reason(s) offered by defendant or any of his employees or agents, or any other individual identified in response to previous interrogatories, were a pretext for discrimination in pay, promotions, work hours, time off, work assignments and/or benefits, discriminatory initiation of adverse employment action and/or reprisal and retaliation. In lieu of describing document(s), you may choose to attach

accurate copies of the document(s). In identifying expected testimony, please state with particularity, the name, address and telephone number of the witness, the substance of the testimony which is expected, and the witnesses basis for personal knowledge of the events as to which the witness is expected to testify.

**INTERROGATORY NO. 15:**

Please provide (a) the exact dates of your employment with the Defense Commissary Agency; (b) the exact dates, type (i.e., annual leave, sick leave, leave without pay) and reason for said leave, consisting of more than seven consecutive days, taken by you during your employment with the Defense Commissary Agency; (c) identify all employment or other positions held by you, with our without pay, for the period of time from 1990 to the present, and for each: the name of each person or entity for whom you worked, your last salary, the dates of employment, specific position or positions held, the name and address of your immediate supervisor, any and all promotions or awards received, any and all reprimands received and reason for leaving.

**INTERROGATORY NO. 16:**

If you contend that you have suffered any physical, emotional or psychological injuries as a result of the acts you allege in your complaint, state the basis for that contention, identifying in your answer the nature and extent of the physical, emotional, or psychological injuries suffered, the events which caused those injuries and all evidence, including documents and expected testimony of witnesses, including expert witnesses, which you claim supports that contention.

**INTERROGATORY NO. 17:**

Describe each and every physical, mental or monetary injury you claim you have suffered

as a result of any and all of the allegations in your complaint, including in your answer, the following:

(a) a complete and thorough narrative description of all injuries and how they were incurred, the date of the onset of each such injury and whether the injury is continuing;

(b) whether you have required medical treatment of any kind or related therapy regime, identifying the dates on which you were seen by a medical practitioner, as defined above, for any treatment or diagnosis; identifying each such medical practitioner, and providing a description of the type of service provided;

(c) any present, past or anticipated future disability caused by the injury;

(d) if you claim a physical or mental injury as a result of the allegations in your complaint, state whether you have ever sustained any similar physical or mental injury in the past. If you have, identify the date(s) of the illness or injury, the nature of the illness or injury and identify each medical practitioner, as defined above, who treated you as a result.

(e) to what degree, if any, the cost of the treatment received was defrayed by any type of insurance coverage, the contributions of a third party, or other health care benefit program.

(f) if you are seeking compensatory damages for each injury, the amount of damages for each injury and how you calculated the damages.

(g) if you are seeking any relief other than cessation of alleged discriminatory practices or compensation for economic damages, describe in detail the other relief you are seeking, the acts or omissions of the defendant making him liable to provide that relief, the legal basis for that relief, and how and when you exhausted your administrative remedies for that relief.

**INTERROGATORY NO. 18:**

Identify each and every medical practitioner, hospital, clinic, or other institution which you visited for examination or treatment from 1995 to the present.

**INTERROGATORY NO. 19:**

Identify all documents which support your claims in this action, including but not limited to liability, causation, and damages, or concerning the defenses raised in the answer.

**INTERROGATORY NO. 20:**

In complete detail, state the basis of your computation of the amount of damages for which judgment is sought in your First Amended Complaint in this action, separately identifying your computation for all of the following and any other component of damages which you seek: back pay, lost benefits, equal pay, and attorneys fees and any other losses requested in your prayer for relief in the second amended complaint.

**INTERROGATORY NO. 21:**

Identify fully any other claim, complaint, or suit (hereinafter collectively referred to as "suit") for damages, compensation (including workers' compensation, disability, or unemployment), or other relief, you have ever filed which alleged either a personal injury, illness or disability suffered by you or that you had been discriminated against by anyone for any reason.

**INTERROGATORY NO. 22:**

Identify and describe each contact you made with an EEO counselor as required by the regulations governing EEO complaints by federal employees for the adverse employment action(s) you described in response to these interrogatories, and if that contact was more than forty-five days after the event complained of, explain why you may be excused from failing to

timely contact an EEO counselor. Include in your answer the name, address, title, phone number, of the person contacted, the date and substance of your communication or complaint to that person, and the name and date of the resolution of the informal counseling.

**INTERROGATORY NO. 23:**

Identify each person (including specialty) plaintiff intends to call as an expert witness, stating for each the subject matter on which each such expert witness is expected to testify, the substance of the facts and opinions to which each such expert witness is expected to testify and a summary of the grounds for each opinion held by each such expert, the name and location of any publication, data or other source on which the expert intends to rely, the name and location of any paper, talk, publication, data or other source which the expert has written or given, in whole or in part, on the same subject-matter as his opinions in this case, and the compensation being rendered to such expert witness, including fees and costs.

**INTERROGATORY NO. 24:**

Identify all other persons not identified in response to any previous interrogatory who have, or whom you believe to have information pertaining to your claims in this action, including but not limited to liability, causation, and damages or the defenses raised in the answer or discovery responses, indicating the nature and substance of the information possessed by each and the testimony each may provide; and for each position for which you allege discriminatory conduct, include the identity of each individual in the chain of command whom you allege had authority to approve, authorize, oversee, or review staffing requirements; review and approve

position descriptions; review candidates; and make hiring or promotion decisions; and any other person with first-hand knowledge of the alleged discriminatory conduct.

ROBERT CLARK CORRENTE
United States Attorney

ROBIN E. FEDER
Assistant U.S. Attorney
Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5001 (fax)

**CERTIFICATE OF SERVICE**

I hereby certify that on the 18th day of September, 2006, I forwarded a copy of Defendants' First Set of Interrogatories to plaintiff, by postage prepaid mail, to:

Patricia Andrews, Esq.
170 Westminster Street
Suite 601
Providence, RI 02903