**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ROSEZOLA SELLERS,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **C.A. No. 05-381S** |
| | : | |
| **UNITED STATES DEPARTMENT OF** | : | |
| **DEFENSE AND SECRETARY OF THE** | : | |
| **UNITED STATES DEPARTMENT OF** | : | |
| **DEFENSE, DONALD RUMSFELD,** | : | |
| | : | |
| **Defendants.** | : | |

**REQUEST FOR PRODUCTION OF DOCUMENTS**
**ADDRESSED TO PLAINTIFF**

TO: Plaintiff, Rosezola Sellers
c/o Patricia Andrews, Esq.
170 Westminster Street
Suite 601
Providence, RI 02903

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants requests Plaintiff to produce the documents described below for inspection and copying by Defendants within thirty (30) days from the service hereof, at the United States Attorney's Office, Providence, Rhode Island.

**DEFINITIONS AND INSTRUCTIONS**

As used in these requests for production of documents, the following definitions and instructions shall apply, unless the context calls for a different meaning:

1. All information is to be divulged which is in the possession, custody, or control of Plaintiff or her attorneys, partners, investigators, agents, contractors, or employees.

2. "Documents" as used herein are defined as documents, records, minutes, notices, books, papers, contracts, memoranda, invoices, correspondence, notes, calendars, photographs, drawings, charts, graphs, other writings, recording tapes, recording discs, mechanical or electronic information storage or recording elements (including any information stored on a computer diskette or computer hard drive), written and recorded telephone messages, and any other "documents" as defined in Fed.R.Civ.P. 34. If a document has been prepared in several copies, or additional copies have been made that are not identical (or are no longer identical by reason of subsequent notation or other modification of any kind whatever, including without limitation notations on the backs of pages thereof), each non-identical copy is a separate document.

3. The term "relating to" shall mean directly or indirectly mentioning or describing, pertaining to or being connected with, or reflecting upon a stated subject matter.

4. The terms "and," "or," and "and /or" shall be construed as broadly as possible so that information otherwise within the scope of this document request is not excluded.

5. The term "Plaintiff" shall refer to "Rosezola Sellers," a Plaintiff in this action.

6. The term "person" means any natural person, corporation, partnership, government agency or board, association, proprietorship, organization, or any other legal entity.

7. If any information called for by these requests for production of documents is withheld because of a claim that such information contained in a document and/or communication is protected under the attorney/client privilege, work product privilege, or other recognized privilege, you are requested to so state, specifying for each such document or communication its title, subject matter, sender, author, recipients of copies, each person to whom the original or any

copy was circulated, the bases upon which the privilege is claimed, and the request for production of documents to which the document or communication is responsive.

## DOCUMENT REQUESTS

**REQUEST NO. 1:**

All documents that support or are in any way probative of Plaintiff 's allegations in the First Amended Complaint, including the issues of liability and damages.

**REQUEST NO. 2:**

All documents that Plaintiff intends to introduce into evidence or to use in any way in preparation for trial in this case.

**REQUEST NO. 3:**

All documents identified, relied upon, referenced, or referred to in any way in responding to Defendant's First Set of Interrogatories Addressed to Plaintiff.

**REQUEST NO. 4:**

Copies of any and all witness statements, whether signed or unsigned, relating to any of Plaintiff's allegations in the Complaint.

**REQUEST NO. 5:**

Any writings created by Plaintiff which relate in any way to Plaintiff 's allegations in the Complaint.

**REQUEST NO. 6:**

Any writings crated by Plaintiff which relate in any way to the allegations of any of the other plaintiffs in the complaint.

**REQUEST NO. 7:**

Any and all documents related to each and every claim, complaint, or suit (hereinafter collectively referred to as "suit") for damages, compensation (including workers' compensation, disability, or unemployment), or other relief that Plaintiff has ever filed which alleged either a personal injury, illness or disability suffered by Plaintiff or that Plaintiff had been discriminated against by anyone for any reason.

**REQUEST NO. 8:**

Any and all documents related to each and every medical practitioner, hospital, clinic, or other institution which Plaintiff visited for examination or treatment, with respect to each and every injury, illness, or disability which Plaintiff claims to have sustained, suffered, or aggravated as a result of Plaintiff 's allegations in the complaint.

**REQUEST NO. 9:**

Any and all documents related to each and every medical practitioner, hospital, clinic, or other institution which Plaintiff visited for examination or treatment, from 1995 to the present.

**REQUEST NO. 10:**

Any and all documents relating to any grievances or complaints filed by Plaintiff during her employment at the Defense Commissary Agency and any other employment

identified in her response to Defendant's First Set of Interrogatories addressed to plaintiff.

ROBERT CLARK CORRENTE
United States Attorney

ROBIN E. FEDER
Assistant U.S. Attorney
Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5001 (fax)

**CERTIFICATE OF SERVICE**

I hereby certify that on the 18th day of September, 2006, I forwarded a copy of Defendants' Request for Production of Documents Addressed to Rosezola Sellers to be forwarded, by postage prepaid mail, to:

Patricia Andrews, Esq.
170 Westminster Street
Suite 601
Providence, RI 02903