**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**ROSEZOLA SELLERS,**
**Plaintiff**

**v.**

**UNITED STATES DEPARTMENT OF DEFENSE AND SECRETARY OF THE UNITED STATES DEPARTMENT OF DEFENSE, DONALD RUMSFELD,**
**Defendants**

**C.A. No. 05-381S**

**PLAINTIFF'S MOTION TO AMEND COMPLAINT**

Plaintiff seeks to amend her Complaint pursuant to Federal Rule of Civil Procedure 15(a) in the form annexed hereto. Plaintiff is simultaneously filing a Memorandum of Law in support of her Motion.

PLAINTIFF,
By her attorneys,

/s/ Patricia E. Andrews
/s/ Louise A. Herman

August 20, 2007

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ROSEZOLA SELLERS,** | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | **C.A. No. 05-381S** |
| **UNITED STATES DEPARTMENT OF** | : | |
| **DEFENSE AND SECRETARY OF THE** | : | |
| **UNITED STATES DEPARTMENT** | : | |
| **OF DEFENSE, DONALD RUMSFELD,** | : | |
| **Defendants** | | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO AMEND COMPLAINT**

This is an action brought by the Plaintiff, Rosezola Sellers, against Defendants seeking declaratory and injunctive relief, attorney's fees and litigation expenses and other equitable relief, as well as compensatory and punitive damages to remedy the unlawful discrimination the Plaintiff has suffered on account of her race and retaliation in violation of 42 U.S.C. §2000e et seq.

Plaintiff has filed a Motion to Amend her Complaint to include further acts of harassment, discrimination and retaliation which occurred after she filed the instant action. More specifically, Plaintiff seeks to amend her Complaint to include allegations that she was unlawfully fired on or about December 5, 2005.

For the following reasons, this Court should grant Plaintiff's Motion:

1. First, Plaintiff timely filed an additional EEO complaint with the Defense Commissary Agency ("Agency") based upon the acts of harassment and discrimination which formed the basis of her firing. Thereafter, the Agency conducted a formal investigation into these

allegations. Although requested, Plaintiff has yet to receive the Right-to-Sue but has been assured that it is forthcoming.[1]

2. Second, even though the Right-to-Sue has not yet been received, this Court has independent grounds to grant this Motion. Courts, including the First Circuit, have held the following: Acts of harassment, discrimination and/or retaliation which take place after a charge has been filed, may nonetheless form the basis of a lawsuit so long as such acts are reasonably related to, and grow out of, the discrimination previously complained of to the Agency. See, Rivera v. Puerto Rico Aqueduct and Sewers Authority, et al., 331 F.3d 183, 189 (1str Cir. 2003); Clockadile v. N.H. Dep't of Corr., 245 F.3d1,6 (1st Cir. 2001). Even if Plaintiff had not filed charges—which is not the case here—this case law makes clear that an amendment is proper. Even a cursory review of the facts firmly establishes that the fact leading up to Plaintiff's firing are the same type of conduct which is addressed in Plaintiff's earlier charge. Moreover, the actors are the same. Finally, the Notice of Termination creates an even closer nexus in that it makes clear that Plaintiff's firing was based on her conduct throughout her employment.

3. Third, Defendants will not be prejudiced if the amendment is granted. First, Defendants have had notice of Plaintiff's claim concerning the firing as Plaintiff referred to the firing as a basis of her claim in the Pre-Trial Conference Statement filed with this Court on or about April 25, 2006. In fact, Defendants, in their Initial Disclosures filed with this Court on or about July 31, 2006, identified Plaintiff's "Notice of Proposed Removal" and "Decision to Notice-Removal" as relevant documents in their possession. Second, discovery was stayed in the case, pending the possibility of Plaintiff's reinstatement. Third, Defendants inquired about Plaintiff's firing in the

---

[1] In light of the Court's Pre-Trial Order which specifies that Motions must be filed within 10 days of the close of discovery, Plaintiff feels compelled to bring this matter to the Court's attention at this time.

course of discovery and have been repeatedly advised by Plaintiff's counsel that, upon the issuance of the Right-to-Sue, Plaintiff intended to amend her Complaint.

4. Fourth, it would be a waste of judicial resources if this case were to proceed and Plaintiff were required to file a separate lawsuit.

5. For the foregoing reasons, Plaintiff respectfully prays that her Motion to Amend be granted. Alternatively, Plaintiff requests that this Court postpone a decision on this Motion, pending our anticipated receipt of the Right-to Sue regarding Plaintiff's firing.

PLAINTIFF,
By her attorneys,

/s/ Patricia Andrews
/s/ Louise A. Herman

Dated: August 20, 2007

**CERTIFICATION**

I hereby certify that this document has been filed electronically on this 20th day of August, 2007, an is available for viewing and downloading to the ECF registered counsel of record:

Via Electronic Service/ECF:

Ly Nguyen, Esq.
Ly Nguyen@usdoj.gov

/s/ Louise A. Herman, Esq.