**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ROSEZOLA SELLERS,**<br>**Plaintiff**<br><br>**v.**<br><br>**UNITED STATES DEPARTMENT OF DEFENSE AND SECRETARY OF THE UNITED STATES DEPARTMENT OF DEFENSE, DONALD RUMSFELD,**<br>**Defendants** | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | **C.A. No. 05-381S** |

**<u>PLAINTIFF'S AMENDED MOTION TO AMEND COMPLAINT</u>**

Plaintiff seeks to amend her Complaint pursuant to Federal Rule of Civil Procedure 15(a) in the form annexed hereto. Plaintiff is simultaneously filing a Memorandum of Law in support of her Motion.

PLAINTIFF,
By her attorneys,

/s/ Patricia E. Andrews
<u>/s/ Louise A. Herman</u>

August 21, 2007

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ROSEZOLA SELLERS,** <br> **Plaintiff** <br><br> **v.** <br><br> **UNITED STATES DEPARTMENT OF DEFENSE AND SECRETARY OF THE UNITED STATES DEPARTMENT OF DEFENSE, DONALD RUMSFELD,** <br> **Defendants** | : | **C.A. No. 05-381S** |

**<u>PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF AMENDED MOTION TO AMEND COMPLAINT</u>**

This is an action brought by the Plaintiff, Rosezola Sellers, against Defendants seeking declaratory and injunctive relief, attorney's fees and litigation expenses and other equitable relief, as well as compensatory and punitive damages to remedy the unlawful discrimination the Plaintiff has suffered on account of her race and retaliation in violation of 42 U.S.C. §2000e <u>et seq.</u>

Plaintiff has filed a Motion to Amend her Complaint to include further acts of harassment, discrimination and retaliation which occurred after she filed the instant action. More specifically, Plaintiff seeks to amend her Complaint to include allegations that she was unlawfully fired on or about December 5, 2005.

For the following reasons, this Court should grant Plaintiff's Motion:

1. First, Plaintiff timely filed an additional EEO complaint with the Defense Commissary Agency ("Agency") based upon the acts of harassment and discrimination which formed the basis of her firing. Thereafter, the Agency conducted a formal investigation into these

allegations. Although requested, Plaintiff has yet to receive the Right-to-Sue but has been assured that it is forthcoming.[1]

2. Second, even though the Right-to-Sue has not yet been received, this Court has independent grounds to grant this Motion. Courts, including the First Circuit, have held the following: Acts of harassment, discrimination and/or retaliation which take place after a charge has been filed, may nonetheless form the basis of a lawsuit so long as such acts are reasonably related to, and grow out of, the discrimination previously complained of to the Agency. See, Rivera v. Puerto Rico Aqueduct and Sewers Authority, et al., 331 F.3d 183, 189 (1str Cir. 2003); Clockadile v. N.H. Dep't of Corr., 245 F.3d1,6 (1st Cir. 2001). Even if Plaintiff had not filed charges—which is not the case here—this case law makes clear that an amendment is proper. Even a cursory review of the facts firmly establishes that the fact leading up to Plaintiff's firing are the same type of conduct which is addressed in Plaintiff's earlier charge. Moreover, the actors are the same. Finally, the Notice of Termination creates an even closer nexus in that it makes clear that Plaintiff's firing was based on her conduct throughout her employment.

3. Third, Defendants will not be prejudiced if the amendment is granted. First, Defendants have had notice of Plaintiff's claim concerning the firing as Plaintiff referred to the firing as a basis of her claim in the Pre-Trial Conference Statement filed with this Court on or about April 25, 2006. In fact, Defendants, in their Initial Disclosures filed with this Court on or about July 31, 2006, identified Plaintiff's "Notice of Proposed Removal" and "Decision to Notice-Removal" as relevant documents in their possession. Second, discovery was stayed in the case, pending the possibility of Plaintiff's reinstatement. Third, Defendants inquired about Plaintiff's firing in the

---

1 In light of the Court's Pre-Trial Order which specifies that Motions must be filed within 10 days of the close of discovery, Plaintiff feels compelled to bring this matter to the Court's attention at this time.

course of discovery and have been repeatedly advised by Plaintiff's counsel that, upon the issuance of the Right-to-Sue, Plaintiff intended to amend her Complaint.

4. Fourth, it would be a waste of judicial resources if this case were to proceed and Plaintiff were required to file a separate lawsuit.

5. For the foregoing reasons, Plaintiff respectfully prays that her Motion to Amend be granted. Alternatively, Plaintiff requests that this Court postpone a decision on this Motion, pending our anticipated receipt of the Right-to Sue regarding Plaintiff's firing.

PLAINTIFF,
By her attorneys,

/s/ Patricia Andrews
/s/ Louise A. Herman

Dated: August 21, 2007

**CERTIFICATION**

I hereby certify that this document has been filed electronically on this 21ST day of August, 2007, and is available for viewing and downloading to the ECF registered counsel of record:

Via Electronic Service/ECF:

Ly Nguyen, Esq.
Ly Nguyen@usdoj.gov

/s/ Louise A. Herman, Esq.

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **ROSEZOLA SELLERS,**<br>**Plaintiff,** | |
| **v.** | **C.A. No. 05-381S** |
| **UNITED STATES DEPARTMENT OF DEFENSE AND SECRETARY OF THE UNITED STATES DEPARTMENT OF DEFENSE, DONALD RUMSFELD,**<br>**Defendants.** | |

**SECOND AMENDED COMPLAINT**

1. This Complaint arises out of allegations of employment discrimination based on race and retaliation.

**JURISDICTION**

2. The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 2000e-16.

**PARTIES**

3. Plaintiff, Rosezola Sellers (Plaintiff), is a citizen of the United States and a resident of the State of Rhode Island.

4. Defendants are the United States Department of Defense and the Secretary of the Department of Defense, Donald Rumsfeld (collectively referred to as "Defendants").

**ADMINISTRATIVE PROCEDURES**

5. On or about April 19, 2004, an equal employment opportunity complaint was filed with the EEO office of the Defense Commissary Agency, within the Department of Defense.

6. On or about June 10, 2005, the Defense Commissary Agency EEO issued a Right-to-

Sue to Plaintiff.

7. The original Complaint was been filed within ninety (90) days of the issuance of the Notice of Right to Sue.

## STATEMENT OF FACTS

8. Plaintiff is a black female.

9. Plaintiff was employed by Defendants since approximately October 1988. From September 2003 until Plaintiff's termination of employment on or about December 10, 2005, Plaintiff had been a commissary management specialist (CAO).

10. During the time Plaintiff has been employed by Defendants, she was continually subjected to harassment and discrimination based upon her race, which created a hostile work environment and altered the terms and conditions of her employment.

11. The harassment and discrimination includes, but is not limited to, the fact that Defendants have continually treated Plaintiff differently than similarly-situated white employees with respect to promotions, pay, work hours, time off, work assignments and the termination of her employment. Defendants also belittled Plaintiff and set her up to fail.

12. On several occasions, after complaining about the harassment and discrimination, Plaintiff was subjected to retaliation.

13. The retaliation includes, but is not limited to, the fact that Defendants disciplined Plaintiff for no legitimate reason and fired her.

14. To no avail, Plaintiff complained to management and the EEO about the conduct and unequal treatment to which she was subjected.

15. The reasons given by Defendants for the disparate treatment are a pretext for discrimination and retaliation.

16. Plaintiff has always performed her duties and responsibilities in at least a satisfactory manner.

## COUNT I
### Title VII, 42 U.S.C. 2000e et seq.
### (Disparate Treatment)

17. Plaintiff incorporates by reference Paragraphs 1 through 16 as if fully set forth herein.

18. By the aforesaid actions, Defendants violated Title VII.

19. Plaintiff is damaged as a proximate result of the Defendants' intentional conduct.

**COUNT II**
**Title VII, 42 U.S.C. 2000e et seq.**
**(Hostile Work Environment)**

20. Plaintiff incorporates by reference Paragraphs 1 through 16 as if fully set forth herein.

21. By the aforesaid actions, Defendants violated Title VII.

22. Plaintiff is damaged as a proximate result of the Defendants' intentional conduct.

**COUNT III**
**Title VII, 42 U.S.C. 2000e et seq.**
**(Retaliation)**

23. Plaintiff incorporates by reference Paragraphs 1 through 16 as if fully set forth herein.

24. By the aforesaid actions, Defendants violated Title VII

25. Plaintiff is damaged as a proximate result of the Defendants' intentional conduct.

**PRAYER FOR RELIEF**

Plaintiff prays that this Court:

(1) declare that the Defendants' actions complained of are unlawful;
(2) order the Defendants to make the Plaintiff whole;
(3) order that the Defendants pay Plaintiff compensatory damages;
(4) order that the Defendants pay Plaintiff punitive damages;
(5) retain the jurisdiction of this action to ensure full compliance;
(6) order the Defendants to pay Plaintiff costs and expenses and reasonable attorney's fees;
(7) grant such other relief to Plaintiff as the court deems just and proper, including injunctive relief.

Plaintiff's damages are in an amount sufficient to invoke the jurisdiction of this Court.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury.

Plaintiff,
By her attorney,

/s/ PatriciaE.Andrews
Patricia E. Andrews, #4321
170 Westminster Street, Suite 601
Providence, RI 02903
(401) 421-0966
(401) 351-4802 (Fax)