UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ROSEZOLA SELLERS,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF DEFENSE and SECRETARY OF DEFENSE, ROBERT GATES,<br><br>Defendant. | C. A. No. 05-381S |

## PLAINTIFF'S MOTION TO COMPEL MORE RESPONSIVE ANSWERS TO INTERROGATORIES

## I. INTRODUCTION

This is an action brought by the Plaintiff, Rosezola Sellers, against Defendants seeking declaratory and injunctive relief, attorney's fees and litigation expenses and other equitable relief, as well as compensatory and punitive damages to remedy the unlawful discrimination the Plaintiff has suffered on account of her race and retaliation in violation of 42 U.S.C. §2000e et seq.

On February 20, 2007, Rosezola Sellers ("Plaintiff"), through counsel, served on Defendant "Plaintiff's First Set of Interrogatories to Defendant." Plaintiff engaged in Rule 37 discussions with Defendant's counsel in an attempt to obtain more responsive answers. The parties were not able to resolve any issues in dispute.

In their Answers to Interrogatories, Defendant has asserted blanket objections and asserted blanket "Conditions." The blanket objections and conditions must be stricken. Defendant is required to answer each Interrogatory fully and separately in accordance with the Fed. R. Civ. P. 33.

## II. ANSWERS IN DISPUTE

In the first instance, Defendant's Answers' to Plaintiff's Interrogatories were not signed by any officer or agent of Defendant and therefore are in contravention of

Fed.R.Civ.P. 33(a)(2). As such, Defendant has waived any and all objections. In the event the Court determines that all objections have not been waived, where Defendant has asserted a privilege, Defendant should be compelled to produce a privilege log. See Fed. R. Civ. P. 26(b)(5).

**INTERROGATORY NO. 1:**

Please identify all persons, by name, title, and current and/or last known home and business address, who have knowledge about the allegations which form the basis of plaintiff's Complaint and/or Amended Complaint. For each person identified, set forth, in as much detail as possible, what he or she knows. For purposes of this interrogatory, "knowledge about the allegations which form the basis of plaintiff's Complaint and/or Amended Complaint" includes, but is not limited to, the following things: the date and substance of each and every thing which plaintiff said or did which contributed to any discipline being imposed upon her including her termination, anything which was communicated to any person or entity in response to plaintiff's charges of discrimination and retaliation, the date and substance of each and every thing which was said or done to warn plaintiff about her conduct before each form of discipline was imposed, each and every reason why plaintiff was not promoted after she became a Computer Assisted Ordering Specialist or Trainee (CAO), the information contained in Defendant's Answer to the instant Complaint and/or Amended Complaint and/or any information which was provided in response to these answers to interrogatories.

**DEFENDANT'S ANSWER 1:**

The defendant objects to this Interrogatory on the grounds that it seeks information that is protected by the provisions of the Privacy Act, 5 U.S.C. §552a, is overly broad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence. Specifically, it seeks information about an issue that is not part of the subject case; namely, the plaintiff's termination. The plaintiff's termination from federal service is currently the subject of an administrative investigation. If the plaintiff wishes to propound discovery on her removal, she must amend her complaint in the subject district court case to include removal, which will then allow the agency to dismiss her administrative complaint. Additionally, it seeks information about Defendant's failure to promote the plaintiff an additional issue that is not part of the subject case. Subject to and without waiving its objections, the defendant refers the plaintiff to the Report of Investigation of EEOC Complaint, Agency Docket Number 04EABJ031, previously provided to the plaintiff, which contains the identification of all individuals involved and the extent of their knowledge of the incidents that form the bases of the alleged discriminatory actions.

**MORE RESPONSIVE ANSWER REQUESTED:**

This Interrogatory asks for the identity of persons who have knowledge about the allegations in Plaintiff's complaint, namely those persons with knowledge regarding Plaintiff's actions that formed the basis of discipline imposed against her, that formed the basis of her termination, communications in response to Plaintiff's charges of discrimination and retaliation, warnings to the plaintiff about her conduct and reasons

why Plaintiff was not promoted. This request cannot be fairly categorized as overly broad. Further, Defendant has failed to establish that acquisition of this documentation is unduly burdensome. The documents sought are relevant to the subject matter of the litigation and reasonably calculated to lead to the discovery of admissible evidence. Further, the information sought, which is clearly relevant, outweighs any privacy interest. W*hittingham v. Amherst College, 164 F.R.D. 124 (D. Mass. 1995).*

Plaintiff's termination is the subject of this lawsuit. Plaintiff has filed a Motion to Amend her Complaint to specifically allege unlawful termination. Moreover, in accordance with the case law, where, as here, Plaintiff's firing is so closely related to the allegations previously set forth in her complaint and where, as here, the firing rose out of the claims in her complaint, Plaintiff's firing is properly part of her case. In any event, as Plaintiff's Complaint alleges that she was subjected to discrimination, harassment and retaliation in the terms and conditions of her employment, Plaintiff's firing is clearly relevant and discoverable.

Information concerning Defendant's failure to promote Plaintiff is also relevant as Plaintiff has specifically alleged that she was discriminated against with respect to promotions.

Defendant has failed to answer this Interrogatory except to refer Plaintiff to the Report of Investigation, yet Defendant also failed to state with specificity where within the approximate 250-page Report of Investigation the answers to this Interrogatory could be ascertained, as required by Fed. R. Civ. P. 33(d). The court should strike Defendant's objection s and compel a complete response.

**INTERROGATORY NO. 2:**

Please state whether any current or former employee or applicant for employment with Defendant in the Newport Commissary has ever mentioned, grieved, alleged, claimed and/or complained that any person working for, or in, the Newport Commissary has discriminated against him or her based upon his or her national origin, race and/or color, was treated differently or more adversely than white, or non-minority, employees based upon his or her national origin, race and/or color, and/or was subjected to harassment because of his or her race, color and/or national origin? If the answer is yes:

a. Identify all persons by name, position and current or last known home and business address;

b. For each person identified, state the date and substance of his or her complaint, claim and/or allegation;

c. Set forth what action Defendant took, if any, once it learned of each allegation, complaint and/or claim;

d. Set forth the disposition of each allegation, claim and/or complaint.

**DEFENDANT'S ANSWER 2:**

The defendant objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks information that is protected by the provisions of the Privacy Act, 5 U.S.C. §552a. Subject to and without waiving its objections, the defendant states that for the time period 2001 through 2006, there were five formal complaints of discrimination made at the Newport Commissary. Three of those complaints were filed by the plaintiff. The other two were adjudicated through normal Title VII procedures and

it was determined that no discrimination had taken place in either case.

**MORE RESPONSIVE ANSWER REQUESTED:**

As stated in Plaintiff's More Responsive Answer No. 1, the information sought in this Interrogatory is clearly relevant, limited in scope and not protected by the Privacy Act. As previously agreed upon by counsel, Plaintiff will limit the scope of this Interrogatory from the time at which John Blythe held the position of Store Director at the Newport Commissary to the present. The court should strike Defendant's objection s and compel a complete response.

This Interrogatory asks for the identities, dates, substance and disposition of any complaints of discrimination made by other current or former employees or applicants. Defendant have failed to respond to this Interrogatory other than identifying that there were two other complainants and that a determination was made that no discrimination took place. With respect to the two un-named persons, please answer subparts (a) through (c). Further, if there were no other complainants, Defendant should state same. Information regarding other complaints of discrimination is clearly discoverable in a Title VII case.

**INTERROGATORY NO. 3:**

Please identify, in as much detail as possible, the date and substance of each and every oral and/or written communication of which Defendant are aware which relates to plaintiff's Complaint and/or Amended Complaint. For purposes of this interrogatory, "which relates to plaintiff's Complaint and/or Amended Complaint" includes, but is not limited to, the following: the date and substance of each and every thing which plaintiff said or did which contributed to any discipline being imposed upon her including her termination, anything which was communicated to any person or entity in response to plaintiff's charges of discrimination and retaliation, the date and substance of each and every thing which was said or done to warn plaintiff about her conduct before any discipline was imposed, each and every reason why plaintiff was not promoted after she became a Computer Assisted Ordering Specialist and/or Trainee (CAO), the information contained in Defendant's Answer to the instant Complaint, and/or any information which was provided in response to these answers to interrogatories.

**DEFENDANT'S ANSWER 3:**

The defendant objects to this interrogatory on the grounds that it seeks information that is protected by the provisions of the Privacy Act, 5 U.S.C. §552a, is overly broad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence. Specifically, it seeks information about an issue that is not part of the subject case; namely, the plaintiff's termination. The plaintiff's termination from federal service is currently the subject of an administrative investigation. If the plaintiff wishes to propound discovery on her removal, she must amend her complaint in the subject district court case to include removal, which will then allow the agency to dismiss her administrative complaint. Additionally, it seeks information about defendant's failure to promote the plaintiff an additional issue that is not part of the subject case. Subject to and without waiving its objections, the defendant refers the plaintiff to the Report of Investigation of EEOC Complaint, Agency Docket Number 04EZBJ031, previously

provided to the plaintiff. In addition to the information contained in the Report of Investigation, there were discussions in early February 2004, between Mary Gibson, the plaintiff's former first level supervisor in her chain of command, and Doris Neal, Personnel Management Specialist. The substance and nature of these conversations was the plaintiff's misconduct. During the time periods the plaintiff requested annual leave (summer and fall of 2003) and the restoration of lost annual leave (spring of 2004), there were discussions between the Store Director, John Blythe, and Ms. Neal, Personnel Management Specialist. The substance and nature of these conversations involved the plaintiff's leave requests, failure to submit an annual leave planner, and the policies/procedures concerning the restoration of annual leave. As to the reason that the plaintiff was not promoted when she became Computer Assisted Ordering Specialist and/or Trainee (CAO), the defendant refers to its response to the plaintiff's Document Request Number 1 submitted herewith.

**MORE RESPONSIVE ANSWER REQUESTED:**
As stated in Plaintiff's More Responsive Answer No. 1, the information sought in this Interrogatory is clearly relevant, limited in scope and not protected by the Privacy Act. For the reasons set forth in Plaintiff's More Responsive Answer No. 1, Defendant should be required to answer the issues regarding Plaintiff's termination and failure to promote.

This Interrogatory asks for both oral and written communications. Defendant have failed to respond other than stating that here were discussions between Plaintiff, Mary Gibson and Doris Neal in early February 2004, and that in the Spring 2004, there were discussions between John Blythe and Ms. Neal. Defendant has failed to specify the substance of each discussion that took place and make it impossible to determine how many discussions took place. Once Defendant fully responds to the Interrogatory, they should be required to state that there are no further communications. In addition, for the reasons set forth above, Defendant's objections should be stricken and Defendant should be required to provide a full and complete response.

Defendant has failed to answer this Interrogatory. Instead, Defendant's refer Plaintiff to the approximate 250-page Report of Investigation but failed to state with specificity where within the approximate 250-page Report of Investigation the answers to this Interrogatory could be ascertained, as required by Fed. R. Civ. P. 33(d).

Defendant also refers Plaintiff to its response to Plaintiff's Document Request Number 1. Defendant's response to Document Request Number 1 indicates Plaintiff's personnel file which is coming from Missouri. As of the date of this Motion, Plaintiff has failed to receive this personnel file. Also in Defendant's document response Number 1, Plaintiff is referred to a Report of Investigation. Yet, Defendant failed to state with specificity which Report of Investigation contains the answers to this Interrogatory and where within the Report of Investigation the answer could be ascertained. See Fed.R.Civ.P. 33(d) Defendant's answer to this Interrogatory is "an evasive or incomplete disclosure, answer or response" as per R. 37(a)(3).

**INTERROGATORY NO. 4:**

During the time that plaintiff worked at the Newport Commissary and up to the present time, are any of Defendant's current or former employees (including John Blythe, Steve Furtado, Mary Gibson, Ray or Ryan Diego, Kalisha Reed, William McCollum, Diane Saez, Diane Walsh, Mary Bucolo, Brenda Venable, Stephanie Lopez, Donna Menard, Luke Magnuson, Michael Texeira, Arthur David, Charles Cloud, Brian Berube, and/or Mr. Leger) aware of any person, working at the Newport Commissary (including John Blythe, Steve Furtado, Mary Gibson, Ray or Ryan Diego, William McCollum, Diane Saez, Diane Walsh, Mary Bucolo, Brenda Venable, Stephanie Lopez, Donna Menard, Luke Magnuson, Michael Texeira, Arthur David, Charles Cloud, Brian Berube, and/or Mr. Leger), saying or doing at work any of the things for which plaintiff was disciplined and/or fired? For purposes of this Interrogatory "saying or doing any of the things for which plaintiff was disciplined and/or fired" includes, but is not limited to, the following: any of the acts in the notice of proposed suspension issued to plaintiff and/or the notice of proposed termination, raising his or her voice to a supervisor, customer or co-worker, even if for a short time, refusing to follow an instruction by John Blythe, Mary Gibson and/or Steve Furtado, arguing with a co-worker and/or supervisor including John Blythe, Mary Gibson and/or Steve Furtado, being "disruptive," "rude," and/or "disrespectful" to any person including a supervisor, co-worker, any family members of co-workers and/or customers, threatening a person, stomping his or her feet, rolling his or her eyes, making sucking noises, calling another employee by something other than his or her name, coming to work late, taking extended breaks, ignoring and/or not speaking to co-workers, harassing another co-worker, intimidating another co-worker, talking about co-workers and/or supervisors behind their backs, giving dirty looks to co-workers and/or supervisors, crossing his or her arms when in the presence of a supervisor, refusing to write a statement against another co-worker, refusing to write a statement during an investigation, blocking the passage of another co-worker, hitting another co-worker's pallet or person, causing a problem between co-workers, being moody, becoming agitated, banging his or her chest, questioning a supervisor about what he or she said, and/or refusing to do a job right away.

**DEFENDANT'S ANSWER 4:**

The defendant objects to this interrogatory on the grounds that it seeks information that is protected by the provisions of the Privacy Act, 5 U.S.C. §552a, is overly broad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence. Specifically, it seeks information about an issue that is not part of the subject case; namely, the plaintiff's termination. The plaintiff's termination from federal service is currently the subject of an administrative investigation. If the plaintiff wishes to propound discovery on her removal, she must amend her complaint in the subject district court case to include removal, which will then allow the agency to dismiss her administrative complaint. Subject to and without waiving its objections, the defendant states that a listing of letters of reprimand issued at the Newport Commissary is included in the Report of Investigation, and the following suspensions were assessed at the Newport Commissary for calendar year 2004:

Asian/Pacific Islander Lead Sales Store Checker
-Negligent performance of duties
Asian/Pacific Islander Lead Sales Store Checker

-Negligent performance of duties
White/Non-Hispanic Supervisory Sales Store Checker
-Absence reporting failures
White/Non-Hispanic Store Worker
-Misuse of Government Credit Card
Black Commissary Management Specialist Trainee (CAO)
-Disruptive behavior
White/Non-Hispanic Store Worker Leader
-Disrespectful conduct and abusive language

**MORE RESPONSIVE ANSWER REQUESTED:**
As stated in Plaintiff's More Responsive Answer No. 1, the information sought in this Interrogatory is clearly relevant, limited in scope and not protected by the Privacy Act. For the reasons set forth in Plaintiff's More Responsive Answer No. 1, Defendant should be required to answer the issues regarding Plaintiff's termination and failure to promote.

The plaintiff has requested information regarding similarly-situated employees, namely whether other employees engaged in similar conduct to that which Plaintiff was accused of, and if so, the names, positions and addresses of any persons with knowledge of the conduct engaged in by the other employees and the information which each person possesses about the similar conduct. Information regarding other similarly-situated employees is clearly discoverable in a Title VII case. Defendant have merely identified the race and job title of six (6) other employees and provided a vague description of their conduct. Defendant has failed to identity the six accused persons, failed to identify the specific nature of the conduct including whether John Blythe, Mary Gibson and/or Steve Furtado were involved. Defendant's further failed to identify those individuals with knowledge of the conduct, and what information each person possesses. In addition, for all of the above stated reasons, Defendant objections should be stricken and Defendant should be required to provide a full and complete response.

As previously agreed upon by counsel, Plaintiff will limit the scope of this Interrogatory from the time at which John Blythe held the position of Store Director at the Newport Commissary to the present.

**INTERROGATORY NO. 5:**
If the answer to interrogatory 4 is yes, please:

a. please identify (by name, position, and current or last known home and business address each person who has any such knowledge;

b. for each person identified in subparagraph 5a, set forth everything which he or she knows.

**DEFENDANT'S ANSWER 5:**
The defendant objects to this interrogatory on the grounds that it seeks information that is protected by the provisions of the Privacy Act, 5 U.S.C. §552a. Subject to and without waiving its objections, the defendant refers the plaintiff to its response to Interrogatory 4 above.

**MORE RESPONSIVE ANSWER REQUESTED:**

Please see Plaintiff's More Responsive Answer No. 4.

**INTERROGATORY NO. 6:**

During the time that plaintiff worked at the Newport Commissary and up to the present time, are any of Defendant's current or former employees (including John Blythe, Steve Furtado, Mary Gibson, Ray or Ryan Diego, Kalisha Reed, William McCollum, Diane Saez, Diane Walsh, Mary Bucolo, Brenda Venable, Stephanie Lopez, Donna Menard, Luke Magnuson, Michael Texeira, Arthur David, Charles Cloud, Brian Berube, and/or Mr. Leger) aware of any person, working at the Newport Commissary (including John Blythe, Steve Furtado, Mary Gibson, Ray or Ryan Diego, William McCollum, Diane Saez, Diane Walsh, Mary Bucolo, Brenda Venable, Stephanie Lopez, Donna Menard, Luke Magnuson, Michael Texeira, Arthur David, Charles Cloud, Brian Berube, and/or Mr. Leger), engaging in inappropriate conduct while at work. For purposes of this interrogatory, "inappropriate conduct" includes, but is not limited to, the following: using offensive, foul or disgusting language, threatening a person, intimidating a person, using swear words such as "fuck," assaulting another person, fighting with another person, engaging in unauthorized shopping, engaging in fraud, working for a vendor or contractor while on government time, sexually harassing another employee, touching the body of another employee, and/or stealing?

**DEFENDANT'S ANSWER 6:**

The defendant objects to this interrogatory on the grounds that it seeks information that is protected by the provisions of the Privacy Act, 5 U.S.C. §552a, is overly broad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence. The defendant also objects to the extent that this interrogatory seeks information protected from disclosure by the attorney/client privilege, attorney work product doctrine or any other applicable privilege. Subject to and without waiving its objections, the defendant states that it does not, nor is it required to, compile or maintain information regarding actions of the nature requested in this interrogatory. If any such activity did occur, it would only have been documented if disciplinary action had arisen from that activity. However, information regarding disciplinary actions is not, nor is it required to be, compiled in any type of comprehensive "database" allowing for "after-the-fact" research regarding the incident. Each disciplinary action is treated as a separate incident due to the vast differences in circumstances involved in each case and compilation of the requested information would require a manual review of all individual disciplinary actions to assess their applicability to this request.

**MORE RESPONSIVE ANSWER REQUESTED:**

As stated in Plaintiff's More Responsive Answer No. 1, the information sought in this Interrogatory is clearly relevant, limited in scope and not protected by the Privacy Act. Defendant's objects to this Interrogatory on the basis of privilege. Defendant should be required to produce a privilege log.

As previously agreed upon by counsel, Plaintiff will limit the scope of this Interrogatory from the time at which John Blythe held the position of Store Director at the Newport Commissary to the present.

Plaintiff has asked Defendant whether any current or former employees are aware of any person working at the Newport Commissary who engaged in inappropriate conduct at work. Defendant has failed to answer this Interrogatory other than to state that it does not compile or maintain such information. If Defendant is not aware of any information responsive to this Interrogatory, they should be required to state same.

**INTERROGATORY NO. 7:**
If the answer to interrogatory 6 is yes, please:

a. please identify (by name, position, and current or last known home and business address each person who has any such knowledge;

b. for each person identified in subparagraph 7a, set forth everything which he or she knows.

**DEFENDANT'S ANSWER 7:**
The defendant objects to this interrogatory on the grounds that it seeks information that is protected by the provisions of the Privacy Act, 5 U.S.C. §552a. Subject to and without waiving its objections, the defendant refers the plaintiff to its response to interrogatory 6 above.

**MORE RESPONSIVE ANSWER REQUESTED:**
As stated in Plaintiff's More Responsive Answer No. 1, the information sought in this Interrogatory is clearly relevant, limited in scope and not protected by the Privacy Act.
Plaintiff has asked Defendant to identify each person who has knowledge of the information requested in her Interrogatory No. 6, and to state the substance of their knowledge. Defendant has failed to answer this Interrogatory and refer Plaintiff to its answer Interrogatory Number 6. Defendant should be required to provide and full and complete answer to this Interrogatory.

**INTERROGATORY NO. 8:**
During the time that plaintiff worked for the Commissary and up to the present time, has any person working for, or at the Newport Commissary (including any current or former employee of Defendant) ever formally or informally made a complaint about the conduct of any other current or former employee working for, or at the Newport Commissary, to any person, entity, and/or agency? If the answer is yes, please set forth the date and substance of each formal or informal complaint.

**DEFENDANT'S ANSWER 8:**
The defendant objects to this interrogatory on the grounds that it is overly broad in its scope and unduly vague. The defendant states that it is unable to ascertain what the plaintiff means by "made a complaint." Subject to and without waiver of its objection, the defendant states that it does not, nor is it required to, record each and every complaint

made by each and every Agency employee.

**MORE RESPONSIVE ANSWER REQUESTED:**
The information sought in this Interrogatory is clearly relevant and limited in scope. Plaintiff has asked for the date and substance of any other complaints made by persons working at the Newport Commissary about other employees of the Commissary. The information sought is clearly discoverable in disparate treatment cases. Defendant has failed to provide any answer to this Interrogatory.

**INTERROGATORY NO. 9:**
For each person who performed the duties and responsibilities of Computer Assisted Ordering Specialist and/or Trainee (CAO), please set forth each and every reason why he or she was, or was not, promoted beyond the rank he or she had when he or she first assumed such duties.

**DEFENDANT'S ANSWER 9:**
The defendant objects to this interrogatory on the grounds that it seeks information that is protected by the provisions of the Privacy Act, 5 U.S.C. §552a, is overly broad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence. Specifically, it seeks information about an issue that is not part of the subject case; namely, the Defendant's failure to promote the plaintiff. Subject to and without waiving its objection, the defendant refers to its response to the plaintiff's Document Request Number 1 submitted herewith as to the reasons that the plaintiff was not promoted when she became a Computer Assisted Ordering Specialist and/or Trainee (CAO).

**MORE RESPONSIVE ANSWER REQUESTED:**
As stated in Plaintiff's More Responsive Answer No. 1, the information sought in this Interrogatory is clearly relevant, limited in scope and not protected by the Privacy Act. For the reasons set forth in Plaintiff's More Responsive Answer No. 1, Defendant should be required to answer the issues regarding failure to promote the Plaintiff.
Plaintiff is asking for the reasons why any person working in CAO was, or was not, promoted. Defendant has failed to provide any response except to, again, refer Plaintiff to its response to Plaintiff's Document Request Number 1. As stated above, see Plaintiff's More Responsive Answer Requested No. 3, regarding Defendant's response to Document Request Number 1.

**INTERROGATORY NO. 10:**
During the time that plaintiff worked for the Newport Commissary and up to the present time, for each person who performed the same duties and responsibilities as plaintiff did (including persons holding the positions of Computer Assisted Ordering Specialist and/or Trainee (CAO) and store worker, please set forth each date on which his or her schedule, hours, shifts, and/or assignments changed and the reasons for each change.

**DEFENDANT'S ANSWER 10:**
The defendant objects to this interrogatory on the grounds that it seeks information that is protected by the provisions of the Privacy Act, 5 U.S.C. §552a, is overly broad, unduly

burdensome, and not calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, the defendant states that both CAO's for Newport Naval Station Commissary were notified on December 13, 2004, that their schedules would be changed effective 16 January 2005. (See Page 101 Report of Investigation). At that time, both the plaintiff and Mr. William McCollum were working Monday through Friday from 0600-1430 hours. In order to ensure CAO coverage for the store for the entire week (7 days) the schedules were changed to ensure that coverage.

**MORE RESPONSIVE ANSWER REQUESTED:**
As stated in Plaintiff's More Responsive Answer No. 1, the information sought in this Interrogatory is clearly relevant, limited in scope and not protected by the Privacy Act. As stated above, Defendant's objections should be stricken. The information requested is clearly discoverable.

Plaintiff is asking for the dates of and reasons for any change in shift, schedule, hours and/or assignments of any employees working in the same positions held by Plaintiff. Defendant failed to fully and completely answer this Interrogatory. Defendant has identified one instance where a change in schedule occurred. If this is the only instance of a change, Defendant should be required to state that there are no other instances of any changes.

**INTERROGATORY NO. 11:**
During the time that plaintiff worked at the Newport Commissary and up to the present time, did John Blythe, Steve Furtado and/or Mary Gibson ever request, suggest, and/or order any current or former employees and/or any other persons working for, or at, the Newport Commissary, to write, or give, statements about, or against, any employees working at the Newport Commissary which were later considered, used and/or relied upon in deciding whether discipline should be taken against an employee? If the answer is yes, please set forth the date and substance of each such request.

**DEFENDANT'S ANSWER 11:**
The defendant objects to this interrogatory on the grounds that it seeks information that is protected by the provisions of the Privacy Act, 5 U.S.C. §552a, is overly broad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, the defendant refers the plaintiff to its responses to Plaintiff's Requests for Production of Documents submitted herewith, specifically its responses to Requests number 1, 12, 13, 17, 26, 30, and 46. The defendant also refers the plaintiff to documents already produced in its initial disclosures.

**MORE RESPONSIVE ANSWER REQUESTED:**
As stated in Plaintiff's More Responsive Answer No. 1, the information sought in this Interrogatory is clearly relevant, limited in scope and not protected by the Privacy Act. Defendant's objection should be stricken. The information sought is discoverable and Defendant's should be required to answer fully and completely.

Plaintiff is asking for dates of and substance of any requests by John Blythe, Steve

Furtado or Mary Gibson to any other employee for a statement concerning another employee where the employee's statement was considered or used in deciding whether or not to impose disciplinary action against the other employee. Defendant has failed to respond to this Interrogatory. Moreover, they have directed Plaintiff to seven (7) of their responses to Plaintiff's document requests which refer to: plaintiff's personnel file which the Defendant have failed to produce; an undesignated Report of Investigation without any specific page reference; an employee handbook; a response wherein they failed to provide any documents and stated, "the search for responsive documents is ongoing"; and a general reference to all documents produced in their initial disclosures.

**INTERROGATORY NO. 12:**
This interrogatory relates to "Plaintiff's Answer to Defendant's First Set of Interrogatories." If any current or former employee disagrees with anything plaintiff said in her answer to interrogatory two, please set forth what he or she disputes or disagrees with.

**DEFENDANT'S ANSWER 12:**
The defendant objects to this interrogatory on the grounds that it seeks information that is overly broad, unduly burdensome, and seeks information that is protected by the provisions of the Privacy Act, 5 U.S.C. §552a. The defendant also objects to the interrogatory to the extent that it seeks information protected from disclosure by the attorney/client privilege, attorney work product doctrine, deliberative process, or any other applicable privilege. Subject to and without waiving its objections, the defendant states that it has not shared the plaintiff's answers with any current or former employee.

**MORE RESPONSIVE ANSWER REQUESTED:**
As stated in Plaintiff's More Responsive Answer No. 1, the information sought in this Interrogatory is clearly relevant, limited in scope and not protected by the Privacy Act.
Defendant's objects to this Interrogatory on the basis of privilege. Defendant should be required to produce a privilege log.
Plaintiff is asking whether any current or former employee disputes or disagrees with the information contained in Plaintiff's Answer to Interrogatory 2. Defendant has failed to respond other than to state that they have not shared Plaintiff's answer with any current or former employees. Defendant's answer is non-responsive and evasive. Defendant should provide Plaintiff with a full and complete response and as stated above, their objection should be stricken as stated above.

**INTERROGATORY NO. 13:**
For each and every thing which plaintiff said or did for which she was disciplined and/or fired, please set forth the date and substance of each and every oral or written communication which John Blythe, Mary Gibson and/or Steve Furtado had with plaintiff about each one <u>before</u> she was disciplined and/or fired.

**DEFENDANT'S ANSWER 13:**
The defendant objects to this interrogatory on the grounds that it is overly broad, unduly vague and ambiguous, and not calculated to lead to the discovery of admissible evidence.

Specifically, it seeks information about an issue that is not part of the subject case; namely, the plaintiff's termination. The plaintiff's termination from federal service is currently the subject of an administrative investigation. If the plaintiff wishes to propound discovery on her removal, she must amend her complaint in the subject district court case to include removal, which will then allow the agency to dismiss her administrative complaint. For information concerning the plaintiff's misconduct that is part of the case, the defendant directs the plaintiff to Exhibit F-15 in the Report of Investigation.

**MORE RESPONSIVE ANSWER REQUESTED:**

As stated in Plaintiff's More Responsive Answer No. 1, the information sought in this Interrogatory is clearly relevant and limited in scope. Further, for the reasons set forth in Plaintiff's More Responsive Answer No. 1, Defendant should be required to answer the issue regarding Plaintiff's termination.

Plaintiff is asking for the date and substance of any oral or written communications between Plaintiff and John Blythe, Mary Gibson and/or Steve Furtado regarding the conduct that formed the basis of Plaintiff's discipline and/or firing that took place prior to her discipline or firing. Defendant has failed to respond to this Interrogatory other than referring Plaintiff to an Exhibit in the Report of Investigation. Defendant's answer is not responsive to the Interrogatory as the Exhibit includes a Letter of Reprimand and a Failure to Follow Instructions memorandum. If Defendant is not aware of any other information responsive to this Interrogatory, they should be required to state same. As stated above, Defendant's objections should be stricken and Defendant should be required to fully and completely answer this Interrogatory.

**INTERROGATORY NO. 14:**

During the time that plaintiff worked for the Newport Commissary, please identify (by name, race, and current and/or last known home and business address) each person, whether employee, vendor, customer or otherwise, plaintiff has harassed, been rude or disrespectful to, been insubordinate to, been disruptive with, and/or has yelled or screamed at?

**DEFENDANT'S ANSWER 14:**

The defendant objects to this interrogatory on the grounds that it seeks information that is overly broad, unduly burdensome, and seeks information that is protected by the provisions of the Privacy Act, 5 U.S.C. §552a. Subject to and without waiving its objections, the defendant states that the individuals involved in the inappropriate conduct by plaintiff that resulted in the issuance of the letter of reprimand being issued are identified in the Report of Investigation, Exhibit F-15.

**MORE RESPONSIVE ANSWER REQUESTED:**

As stated in Plaintiff's More Responsive Answer No. 1, the information sought in this Interrogatory is clearly relevant, limited in scope and not protected by the Privacy Act.

Plaintiff is asking for the identity by name, race, home and business address of each person Plaintiff harassed, was rude or disrespectful to, was insubordinate to, was

disruptive with, yelled or screamed at during the time she worked at the Commissary. Defendant has failed to respond to this Interrogatory other than to refer Plaintiff to Exhibit R-15 which does not fully identify the individuals as requested.

**INTERROGATORY NO. 15:**
During the time that plaintiff has worked at the Newport Commissary and up to the present time, identify (by name, race, current and/or last known home and business address, position, description of conduct, and disposition) each and every person, working at the Newport Commissary, who has been the recipient of any discipline, proposed discipline and/or suspended discipline. For purposes of this interrogatory, your answer should include, but not be limited to, any person who: was sent a procedural reminder, received an oral or written warning of any kind, received a letter of caution, received an oral and/or written reprimand, was suspended and/or was fired.

**DEFENDANT'S ANSWER 15:**
The defendant objects to this interrogatory on the grounds that it seeks information that is protected by the provisions of the Privacy Act, 5 U.S.C. §552a, is overly broad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence. Specifically, it seeks information about an issue that is not part of the subject case; namely, the plaintiff's termination. The plaintiff's termination from federal service is currently the subject of an administrative investigation. If the plaintiff wishes to propound discovery on her removal, she must amend her complaint in the subject district court case to include removal, which will then allow the agency to dismiss her administrative complaint. Additionally, any information regarding any discipline issued to the plaintiff would be irrelevant to the instant case. Subject to and without its objections, the defendant states that a listing of letters of reprimand issued at the Newport Commissary has been included in the Report of Investigation. The defendant also states that the following suspensions were assessed at the Newport Commissary for calendar year 2004:

Asian/Pacific Islander Lead Sales Store Checker
– Negligent performance on duties
Asian/Pacific Islander Lead Sales Store Checker
– Negligent performance of duties
White/Non-Hispanic Supervisory Sales Store Checker
– Absence reporting failures
White/Non-Hispanic Supervisory Sales Store Checker
– Misuse of Government Credit Card
Black Commissary Management Specialist Trainee (CAO)
– Disruptive behavior
White/Non-Hispanic Store Worker Leader
– Disrespectful conduct and abusive language

**MORE RESPONSIVE ANSWER REQUESTED:**
As stated in Plaintiff's More Responsive Answer No. 1, the information sought in this Interrogatory is clearly relevant, limited in scope and not protected by the Privacy Act. Further, for the reasons set forth in Plaintiff's More Responsive Answer No. 1, Defendant

should be required to answer the issue regarding Plaintiff's termination.

Plaintiff has requested Defendant to identify every person working at the Commissary who received discipline, proposed discipline and/or suspended discipline during the time Plaintiff worked at the Commissary. Defendant has failed to provide the information requested other than the race, job title and general description of conduct of six individuals for 2004.

Further, contrary to Defendant's contention, information regarding discipline issued to the Plaintiff is clearly relevant and discoverable. Defendant should be required to provide a full and complete answer to this Interrogatory.

**INTERROGATORY NO. 16:**
After the time that plaintiff assumed the duties and responsibilities of Computer Assisted Ordering Specialist and/or Trainee (CAO), for each date on which Defendant claim that plaintiff's job performance was deficient, please explain, in as much detail as possible, what plaintiff failed to do and/or did in an unsatisfactory manner.

**DEFENDANT'S ANSWER 16:**
The defendant objects to this interrogatory on the grounds that it is overly broad and ambiguous in nature. Subject to and without waiver of its objection, defendant states that the plaintiff's performance was deficient in nature on December 5, 2003, when she failed to report for duty in the chill area as directed which resulted in the issuance of the letter of reprimand at issue in this case. The defendant further states that neither the plaintiff nor the defendant mention any other deficient performance in the Report of Investigation. The defendant further refers the plaintiff to its response to the plaintiff's Request for Production of Documents number 1 submitted herewith.

**MORE RESPONSIVE ANSWER REQUESTED:**
As stated in Plaintiff's More Responsive Answer No. 1, the information sought in this Interrogatory is clearly relevant and limited in scope.
In this Interrogatory, Plaintiff has asked Defendant to explain in detail, including dates, why Plaintiff's job performance was deficient after the time Plaintiff assumed the duties of CAO. Defendant have failed to answer to this Interrogatory other than to identify that Plaintiff was deficient on December 5, 2003, when she failed to report to duty in the chill area. Defendant should be required to provide a full and complete answer to the extent that the December 5, 2003, purported deficiency was the only deficiency, then Defendant should be required to so state.
Defendant also refers Plaintiff to its response to Plaintiff's Document Request Number 1. As stated above, see Plaintiff's More Responsive Answer Requested No. 3, regarding Defendant's response to Document Request Number 1.

**INTERROGATORY NO. 17:**
For each person who performed the duties and responsibilities of Computer Assisted Ordering Specialist and/or Trainee (CAO), please set forth, in as much detail as possible, each and every thing which was done by management (including John Blythe, Mary

Gibson and/or Steve Furtado) to educate and/or train each CAO person.

**DEFENDANT'S ANSWER 17:**
The defendant objects to this Interrogatory on the grounds that it seeks information that is overly broad, unduly burdensome, and seeks information that is protected by the provisions of the Privacy Act, 5 U.S.C. §552a. None of the plaintiff's allegations relate to her performance as a CAO and or the lack of training with respect to that position. Therefore, any information requested in that regard would be irrelevant to the case at hand.

**MORE RESPONSIVE ANSWER REQUESTED:**
As stated in Plaintiff's More Responsive Answer No. 1, the information sought in this Interrogatory is clearly relevant, limited in scope and not protected by the Privacy Act.
As previously agreed upon by counsel, Plaintiff will limit the scope of this Interrogatory from the time at which John Blythe held the position of Store Director at the Newport Commissary to the present.

Plaintiff has asked for each and every thing that was done by management to educate and/or train any person who performed the duties of CAO. Defendant has failed to provide any answer to this Interrogatory. The Information requested is clearly discoverable. Plaintiff's Complaint and Amended Complaint allege she was subjected to discrimination, harassment, retaliation and that she was set up to fail throughout her employment, including her termination. Moreover, as alleged in the Complaint and Amended Complaint, since 2003, Plaintiff held the position of CAO. Defendant should be required to provide a full and complete answer to this Interrogatory.

**INTERROGATORY NO. 18:**
During the time that plaintiff worked for the Commissary and up to the present time, has any Newport Commissary employee failed to fill out a leave planner on time or at all? If the answer is yes, please identify (by name, color, current and/or last known home and business address, and disposition) each time this has happened.

**DEFENDANT'S ANSWER 18:**
The defendant objects to this Interrogatory on the grounds that it seeks information that is overly broad, unduly burdensome, and seeks information that is protected by the provisions of the Privacy Act, 5 U.S.C. §552a. Subject to and without waiving its objections, the defendant states that it knows of no employee who failed to submit a leave planner as required, other than the plaintiff.

**MORE RESPONSIVE ANSWER REQUESTED:**
As stated in Plaintiff's More Responsive Answer No. 1, the information sought in this Interrogatory is clearly relevant, limited in scope and not protected by the Privacy Act.
Plaintiff asked whether during the time Plaintiff worked at the Commissary and up to the present whether any Commissary employee failed to fill out a leave planner on time or at all. If so, Plaintiff asked for the identity of each individual and each occurrence. Defendant's objections should be stricken.

**INTERROGATORY NO. 19:**
During the time that plaintiff worked for the Commissary and up to the present time, has any Newport Commissary employee ever been the subject and/or target of any formal or informal investigation conducted by any person and/or entity? If the answer is yes, please explain.
**DEFENDANT'S ANSWER 19:**
The defendant objects to this Interrogatory on the grounds that it is overly broad and ambiguous in nature. Subject to and without waiver of its objection, the defendant states that investigations are routinely conducted in the Commissary for a myriad of reasons. Likewise, since the Commissary is staffed by employees, those investigations must, by nature, involve those employees.

**MORE RESPONSIVE ANSWER REQUESTED:**
As stated in Plaintiff's More Responsive Answer No. 1, the information sought in this Interrogatory is clearly relevant and limited in scope.
Plaintiff has asked whether during the time Plaintiff worked at the Commissary up to the present whether any employee has been the subject of any investigation. If so, Plaintiff asks Defendant to so explain. Defendant has failed to answer this Interrogatory other than to state that investigations are routinely conducted for a myriad of reasons. Defendant should be required to provide a full and complete answer.

## III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court to strike Defendant's objections and conditions and compel Defendant to provide more responsive answers to Plaintiff's Interrogatories, as detailed in this motion.

Plaintiff,
By her attorney,

____/s/ Louise A. Herman_____
Louise A. Herman, #6430
129 Dyer Street
Providence, Rhode Island 02903
(401) 421-0966
(401) 421-0964
LAHermanlaw@verizon.net

**CERTIFICATE OF SERVICE**

I hereby certify that this document has been filed electronically on this 24th day of August, 2007, and is available for viewing and downloading to the ECF registered Counsel of Record:

Via Electronic Service/ECF:

Ly. Nguyen, Esq.
Ly.Nguyen@usdoj.gov

___/S/Louise A. Herman___