**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ROSEZOLA SELLERS,** | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | **C.A. No. 05-381S** |
| **UNITED STATES DEPARTMENT OF** | : | |
| **DEFENSE AND SECRETARY OF THE** | : | |
| **UNITED STATES DEPARTMENT** | : | |
| **OF DEFENSE, DONALD RUMSFELD,** | : | |
| **Defendants** | | |

# PLAINTIFF'S MOTION TO COMPEL MORE RESPONSIVE ANSWERS TO DOCUMENT REQUESTS

## I. INTRODUCTION

This is an action brought by the Plaintiff, Rosezola Sellers, against Defendants seeking declaratory and injunctive relief, attorney's fees and litigation expenses and other equitable relief, as well as compensatory and punitive damages to remedy the unlawful discrimination the Plaintiff has suffered on account of her race and retaliation in violation of 42 U.S.C. §2000e et seq.

On February 20, 2007, Rosezola Sellers ("Plaintiff"), through counsel, served on Defendant "Plaintiff's Request for Production of Documents to Defendant." Plaintiff engaged in Rule 37 discussions with Defendant's counsel in an attempt to obtain more responsive answers. The parties were not able to resolve any issues in dispute.

In its Responses, Defendant has asserted blanket objections and asserted blanket "Conditions." The blanket objections and conditions must be stricken. Defendant is required to answer each Interrogatory fully and separately in accordance with the Fed. R. Civ. P. 33. In the event the Court determines that any objections based upon privilege should not be stricken, Defendant should be compelled to produce a privilege log. See Fed. R. Civ. P. 26(b)(5).

## DOCUMENT REQUEST NO. 1

All documents which relate to plaintiff's employment. Your answer should include plaintiff's personnel file, any documents relating to plaintiff's job performance, any grievances filed by plaintiff, any records pertaining to her duties, any documents relating to any actual, potential or proposed promotions, any records relating to any formal or informal complaints by plaintiff, any investigations relating to, or about, plaintiff, any interviews of employees which relate to plaintiff, any formal or informal complaints or statements made by other employees about plaintiff's conduct, any and all documents which were sent to, or received from, the Department of the Navy, Human Resources Office, the Equal Employment Manager, Defense Commissary Agency in Virginia Beach, Virginia and/or the Defense Commissary Agency, Eastern Region, in Virginia Beach, Virginia, and any pre-action investigation worksheets with supporting documents.

**DEFENDANT'S RESPONSE NO. 1**

The defendant objects to this request on the grounds that it is overly broad and unduly burdensome. Subject to and without waiving its objection the defendant states that determining the existence of and production of the requested records, should they be found to exist, would require extensive research, compilation and review of data. However, the defendant states that it has requested a copy of the plaintiff's Official Personnel Record from the National Records Center in St. Louis, Missouri. A copy of that record will be provided to the plaintiff upon its receipt. Additionally, the defendant refers the plaintiff to the Records of Investigation in both of her discrimination complaints, copies of which were previously provided.

The defendant further states that the search for responsive documents is ongoing, and as such, defendant reserves the right to supplement this response, subject to potential objections and statutory protections, if additional responsive documents are discovered.

**MORE RESPONSIVE ANSWER REQUESTED:**

Plaintiff has requested all documents relating to her employment, namely her personnel file, grievances she filed, documents regarding the following: Plaintiff's job performance; her job duties; actual or proposed promotions; formal or informal complaints by plaintiff and investigations related thereto; interviews of employees which relate to plaintiff; formal or informal complaints or statements by other employees about plaintiff's conduct; all documents sent to, or received from, the Department of the Navy, Human Resources Office, the Equal Employment Manager, Defense Commissary Agency in Virginia Beach, Virginia and/or the Defense Commissary Agency, Eastern Region, in Virginia Beach, Virginia, and any pre-action investigation worksheets with supporting documents.

This request cannot be fairly categorized as overly broad. Further, the acquisition of this documentation does not rise to the level of unduly burdensome, because it is limited to documents only with regard to the Plaintiff. Since the Plaintiff has alleged in her Complaint that Defendant unlawfully harassed Plaintiff, discriminated against her and retaliated against her, the requested documentation is clearly relevant and likely to lead to the discovery of admissible evidence. *See, EEOC v. Shell Oil Co. 104 S. Ct. 1621 (1984); Jackson v. Harvard University, 111 F.R.D. 472 (D. Mass. 1986)*. To date, Defendant has failed to produce any requested documentation whatsoever.

Thus, the documents sought are relevant to the subject matter of the litigation and reasonably calculated to lead to the discovery of admissible evidence. Further, the information sought, which is clearly relevant, outweighs any privacy interest this individual may have. *Whittingham v. Amherst College, 164 F.R.D. 124 (D. Mass. 1995).* Therefore, the court should strike the Defendant's objections and compel a complete response.

**DOCUMENT REQUEST NO. 2**

All communications to, or from, any entity, agency, department, or person relating to any claims by plaintiff that she was discriminated, or retaliated, against. Your response should include, but not be limited to, any communications to or from any EEO office, any office charged with handling formal or informal complaints or charges of discrimination, the Defense Commissary Agency, any Human Resources Office in Groton or elsewhere, the Department of Defense, Civilian Personnel Management Service, and/or the Defense Commissary Agency in Fort Lee, Virginia. Your response should include any and all

documents submitted by you.

**DEFENDANT'S RESPONSE NO. 2**

Defendant objects to this request on the grounds that it seeks information protected from disclosure by the attorney/client privilege, attorney work product doctrine, deliberative process, or any other applicable privilege. Subject to and without waiving its objections, the defendant has previously provided copies of the report of investigation for both the plaintiff's discrimination complaints.

The defendant further states that the search for responsive documents is ongoing, and as such, defendant reserves the right to supplement this response, subject to potential objections and statutory protections, if additional responsive documents are discovered.

**MORE RESPONSIVE ANSWER REQUESTED:**

Plaintiff has requested all documents that relate to Plaintiff's claims of discrimination and retaliation, including communications to or from the EEO office or other office handling discrimination complaints, the Defense Commissary Agency ("DOC"), and Human Resource offices, Civilian Personnel Management Service and the DOC in Fort Lee, VA.

The request does not seek information which is protected under the work product privilege or the attorney-client privilege. Any claim that the withholding of materials requested through discovery is supported by work product or privilege or attorney/client privilege must be made "expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection." Fed. R. Civ. P. 26(b)(5). Therefore, the court should strike the Defendant's objection and compel a complete response.

**DOCUMENT REQUEST NO. 3**

During the time that plaintiff worked for the Newport Commissary, any and all documents which were relied upon in taking any discipline against plaintiff.

**DEFENDANT'S RESPONSE NO. 3**

The defendant objects to this request on the grounds that it is overly broad. Subject to and without waiving its objection the defendant states the plaintiff has made only one allegation of discrimination with regard to disciplinary action; the February 25, 2004 letter of reprimand. The defendant refers the plaintiff to pages 3-5, 12-13, 63-64, 95, 104-105, 112-113, 127, 153-154, 156-168, and 173-174 of the Report of Investigation into EEO Complaint 04EABJ031.

The defendant further states that the search for responsive documents is ongoing, and as such, defendant reserves the right to supplement this response, subject to potential objections and statutory protections, if additional responsive documents are discovered.

**MORE RESPONSIVE ANSWER REQUESTED:**

Plaintiff has requested all documents relied upon in taking disciplinary action against her. This request cannot be fairly categorized as overly broad. Therefore, the court should strike the Defendant's objection and compel a complete response. To the extent that the documents referred to by Defendant are all documents in Defendant's possession that are responsive to this request, Defendant should be required to so state.

**DOCUMENT REQUEST NO. 4**

During the time that plaintiff worked for the Commissary, any and all documents which were distributed to management at the Commissary which relate to the prevention of

discrimination based upon race.

**DEFENDANT'S RESPONSE NO. 4**

Copies of of [sic] DeCA Directive DeCAD 55-1 (Discrimination Complaints Processing Program and Prevention of Sexual Harassment) and a copy of DeCA Directive DeCAD 55-2 (Equal Employment Opportunity (EEO) and Affirmative Action Employment Program) are attached.

The defendant further states that the search for responsive documents is ongoing, and as such, defendant reserves the right to supplement this response, subject to potential objections and statutory protections, if additional responsive documents are discovered.

**MORE RESPONSIVE ANSWER REQUESTED:**

Plaintiff is seeking all documents distributed to Commissary management relating to race discrimination prevention. Defendant has failed to produce any additional documents. To the extent that the documents produced are all the documents in Defendant's possession, Defendant should be required to so state.

**DOCUMENT REQUEST NO. 5**

During the time that plaintiff worked for the Commissary and up to the present time, any and all documents which relate to, or reflect, any changes in assignments, hours, departments, and/or aisles of any person performing the duties and responsibilities of store worker and/or Computer Assisted Operator ("CAO") including plaintiff, William McCollum and Mary Bucolo.

**DEFENDANT'S RESPONSE NO. 5**

The defendant objects to this request on the grounds that it is overly broad. Subject to and without waiving its objection the defendant states that the plaintiff has made an allegation that her schedule as a CAO was changed in reprisal for her prior EEO activity. In that regard the defendant refers the plaintiff to pages 15-18, 67-74, 86, 97-101, 103-109, and 114-116 of the Report of Investigation.

The defendant further states that the search for responsive documents is ongoing, and as such, defendant reserves the right to supplement this response, subject to potential objections and statutory protections, if additional responsive documents are discovered.

**MORE RESPONSIVE ANSWER REQUESTED:**

This request cannot be fairly categorized as overly broad. The court should strike the Defendant's objection and compel a complete response. Defendant has failed to produce any additional documents. To the extent that the documents produced are all the responsive documents in Defendant's possession, Defendant should be required to so state.

**DOCUMENT REQUEST NO. 6**

Except for medical records, the personnel files of: William McCollum, Mary Bucolo, Steve Furtado, John Blythe, Mary Gibson, Charles Cloud, Diane Walsh, Michael Texeira, Albert Felton, Brenda Venable, and Richard Walsh.

**DEFENDANT'S RESPONSE NO. 6**

The defendant objects to this request. The disclosure of any information that is maintained in a system of records that is kept under an individual's name or identification number is protected under the Privacy Act, 5 U.S.C. § 552a, and cannot be released except with the written consent of the individual or pursuant to an order issued by a court of competent jurisdiction. The defendant reserves the right to supplement this response,

subject to potential objections or statutory protections.

**MORE RESPONSIVE ANSWER REQUESTED:**

Plaintiff seeks the personnel files of Plaintiff's supervisors and similarly-situated co-workers. On this point, Judge Kaplan was particularly eloquent in his decision captioned Ladson v. Ulltra East Parking, 164 F.R.D. 376 (S.D.N.Y. 1996). "The Court is at a loss to see why current employees' files might not provide information about hiring and promotion that could be relevant or could lead to the discovery of relevant evidence. All that must be shown is that the discovery requested possibly might be relevant, Henderson v. National R.R. Passenger Corp., 113 F.R.D. 502, 506 (N.D.Ill. 1986), or is reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. Proc. 26(b)(1); Rozier v. Ford Motor Co., 573 F.2d 1332, 1342-43 (5th Cir. 1978). Moreover, the Court must bear in mind the Supreme Court's direction that civil discovery rules are to be construed liberally in Title VII cases in order to provide the plaintiff with 'broad access to employers' records.' Wards Cove Packing Co. v. Atonio, 490 U.S. 642, 657, 104 L. Ed. 2d 733, 109 S. Ct. 2115 (1989). Guided by these principles, the Court hereby orders that defendants are to produce the personnel files of . . . [co-workers] and supervisors employed by defendants or by business entities controlled by defendants." Id. at 378. Other courts have reached the same conclusion. "[T]he personnel files of the managerial employees may still be relevant to plaintiff's claims, since those files of the managerial employees may contain documentary evidence of discriminatory acts against this plaintiff." Griffith v. Wal-Mart Stores, 163 F.R.D. 4, 5 (E.D. Ky. 1995).

Moreover, discovery in cases involving civil rights claims, such as this, is to be given particularly liberal parameters") (citing Daval Steel Prods. v. M/V Fakredine, 951 F.2d 1357, 1367 [2d Cir. 1991]; 4 Moore's Federal Practice ¶ 26.07[1]). See, Garrett v. City and County of San Francisco 818 F.2d 1515, 1519 (9th Cir. 1987)(Personnel records are discoverable just as any other business records.); Weahkee v. Norton, 621 F.2d 1080, 1082 (10th Cir. 1980)(plaintiff had right to discover personnel files of employees plaintiff claimed were promoted in discriminatory preference over him); Jackson v. Harvard Univ., 111 F.R.D. 472, 465-76 (D. Mass. 1986) (permitting discovery of tenure files of male employees granted tenure over ten year period to provide plaintiff with opportunity to demonstrate that female employees with similar qualifications were evaluated under stricter standard); Renshaw v. Ravert, 82 F.R.D. 361, 363 (E.D. Pa. 1979).

In Sweat v. Miller Brewing Co., 708 F.2d 655, 658 (11th Cir. 1983), the court said: "[W]e note that liberal discovery rules are applied in Title VII litigation." See Rich v. Martin Marietta Corp., 522 F.2d 333, 343-44 (10th Cir. 1975) (discovery in discrimination cases should not be narrowly circumscribed); Scales v. J.C. Bradford & Co., 925 F.2d 901, 906 (6th Cir. 1991) (in Title VII lawsuit, the employer's general practices are relevant even when the plaintiff is asserting an individual claim for disparate treatment). See, Wooster v. Abdow Corp., 46 Mass. App. Ct. 665, 671 (1999) (relevant evidence in a discrimination case may include "application of a certain criterion to employees [not within the protected category]; the employer's general practice and policies concerning employment of [those within the protected category]; and the employer's treatment of the plaintiff during [his] employment.").

Personnel records are discoverable business records, and they are likely to include information which is directly relevant to a discrimination claim. Relevance, in the context of cross-examination, includes a witness's credibility, therefore the personnel file of the decision maker is discoverable. Rule 608, R.I. R. Evid. Plaintiff is entitled to discover all of the business records and information that might lead her to evidence which

could prove or disprove the allegations of her complaint or of the defenses which have been raised.

In Ragge v. MCA/Universal Studios, 165 F.R.D. 601 (C.D.Cal. 1995), the defendants refused to produce requested personnel files based upon claims that the files were irrelevant and upon the employees' purported rights to privacy in the personnel files. *Id.* at 603. The Court rejected this restriction, noting that Fed.R.Civ.P. 26 permits the discovery of information which "may simply relate to the credibility of a witness or other evidence in the case." *Id.* Hampton v. City of San Diego, 147 F.R.D. 222, 229 (S.D. Ca. 1993) (holding that personnel files and internal affairs histories of the two other defendants were relevant to issues of credibility, notice to the employer, ratification by the employer and motive of the officers); Jones v. Commander Kansas Army Ammunitions Plant, 147 F.R.D. 248, 251 (1991) (ordering the production of personnel files and evaluations); Willis v. Golden Rule Ins. Co., 56 FEP Cas. (BNA) 1451, 1454 (E.D. Tenn 1991) (ordering defendant to produce personnel files). The court should strike the Defendant's objection and compel a complete response.

**DOCUMENT REQUEST NO. 7**

During the time that plaintiff worked for the Commissary and up to the present time, any and all documents which reflect, or relate to, the taking, or proposed taking, of any discipline up to and including termination against an employee working for, or at, the Newport Commissary which was taken by, proposed by, and/or approved or disapproved by John Blythe, Mary Gibson and/or Steve Furtado. Your response should include, but not be limited to, any letters of concern, any memorandum of record prepared by any supervisors, any pre-action investigations with supporting documents, any witness statements, any warnings, any cancellations of discipline, and/or any grievances whether pursuant to the administrative procedure or the union contract.

**DEFENDANT'S RESPONSE NO. 7**

The defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks information that is protected by the Privacy Act, 5 U.S.C. § 552a. Subject to and without waiving its objections, the defendant refers the plaintiff to page 127 of the Report of Investigation which lists the Letters of Reprimand issued at Newport Commissary for the time period February 25, 2002 through February 25, 2004 and a listing of suspensions issued at the Newport Commissary for calendar years 2004 and 2005. This information has also been provided in the defendant's responses to the plaintiff's interrogatories.

The defendant further states that the search for responsive documents is ongoing, and as such, defendant reserves the right to supplement this response, subject to potential objections and statutory protections, if additional responsive documents are discovered.

**MORE RESPONSIVE ANSWER REQUESTED:**

Plaintiff seeks all documents that relate to any disciplinary action against Plaintiff that was taken by, considered by, approved or disapproved by John Blythe, Mary Gibson or Steve Furtado.

This request cannot be fairly categorized as overly broad or unduly burdensome. To the extent that Defendant has no other responsive documentation, Defendant should be required to so state.

The documents sought are relevant to the subject matter of the litigation and reasonably calculated to lead to the discovery of admissible evidence. Further, the information

sought, which is clearly relevant, outweighs any privacy interest this individual may have. *Whittingham v. Amherst College, 164 F.R.D. 124 (D. Mass. 1995).* The court should strike Defendant's objections and compel a complete response.

**DOCUMENT REQUEST NO. 8**

During the time that plaintiff worked for the Commissary and up to the present time, any and all documents which relate to any formal or informal investigations, of any kind, which directly or indirectly implicate the conduct of any employees working at, or for, the Newport Commissary. Your response should include, but not be limited to, any investigations relating to fraud, any investigations conducted by any police department including the one on base, and/or any investigation conducted by the Inspector General's Office.

**DEFENDANT'S RESPONSE NO. 8**

The defendant objects to this request on the grounds that it is overly broad and not calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objection the defendant states that the plaintiff has made no allegations in the complaint of illegal acts requiring any such investigation. The only investigation necessary and completed was that of the Department of Defense Civilian Personnel Management Service Office of Complaint Investigation's inquiry into the plaintiff's allegations of discrimination contained in her complaint.

The defendant further states that the search for responsive documents is ongoing, and as such, defendant reserves the right to supplement this response, subject to potential objections and statutory protections, if additional responsive documents are discovered.

**MORE RESPONSIVE ANSWER REQUESTED:**

Plaintiff seeks documents that relate to investigations into the conduct of employees working for or at the Commissary for the period when Plaintiff worked at the Commissary to the present. This request cannot be fairly categorized as overly broad. Plaintiff was disciplined and terminated due to purported conduct engaged in while working at the Commissary. The information sought is clearly relevant to her claims of discrimination and retaliation. To the extent that Defendant has no other responsive documentation, Defendant should be required to so state. The court should strike Defendant's objection and compel a complete response.

**DOCUMENT REQUEST NO. 9**

During the time that each person has worked for the Newport Commissary, any and all mid-year and annual job performance evaluations for: Mary Bucolo, William McCollum, Mary Gibson, John Blythe and Steve Furtado.

**DEFENDANT'S RESPONSE NO. 9**

The defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks information that is protected by the provisions of the Privacy Act, 5 U.S.C. § 552a. Subject to and without waiving its objections, the defendant states that the issues that form the basis of the plaintiff's complaint are the plaintiff's allegations of discrimination based on race and reprisal in being denied leave, receiving a letter of reprimand, denial of leave restoration and a schedule change. None of these issues are in any way related to the performance of the aforementioned personnel and, therefore, any documents regarding their performance would be irrelevant to the case at hand. Additionally, the disclosure of any information that is maintained in a system of records that is kept under an individual's name or identification number is protected under the Privacy Act, 5 U.S.C. § 552a, and cannot be released except with the written consent of

the individual or pursuant to an order issued by a court of competent jurisdiction.
The defendant reserves the right to supplement this response.

**MORE RESPONSIVE ANSWER REQUESTED:**

Plaintiff seeks all mid-year and annual performance evaluations of a similarly-situated co-worker and her supervisors for the period when Plaintiff worked at the Commissary. This request cannot be fairly categorized as overly broad or unduly burdensome. To the extent that Defendant has no other responsive documentation, Defendant should be required to so state.

The documents sought are relevant to the subject matter of the litigation and reasonably calculated to lead to the discovery of admissible evidence. Further, the information sought, which is clearly relevant, outweighs any privacy interest this individual may have. *Whittingham v. Amherst College, 164 F.R.D. 124 (D. Mass. 1995).* The court should strike the Defendant's objections and compel a complete response.

**DOCUMENT REQUEST NO. 10**

During the time that plaintiff worked for the Commissary and up to the present time, any and all documents which reflect the identity (by name, current and/or last known home and business address, position, rank, and color) of all persons who worked for, or at, the Newport Commissary.

**DEFENDANT'S RESPONSE NO. 10**

The defendant objects to this request on the grounds that it overly broad, unduly burdensome, and seeks information that is protected by the provisions of the Privacy Act, 5 U.S.C. § 552a. Subject to and without waiving its objections, the defendant states that the identity and related information of any individuals not directly involved in the alleged discriminatory acts or of individuals not similarly situated with the plaintiff would be irrelevant to the issues of the case at hand.

**MORE RESPONSIVE ANSWERS REQUESTED:**

Plaintiff seeks documents that reflect the identity by name, address, position, rank and color of all persons working for or at the Commissary for the period when Plaintiff worked at the Commissary to present. This request cannot be fairly categorized as overly broad or unduly burdensome. Defendant's objections should be stricken and Defendant should be required to provide a full and complete response.

The documents sought are relevant to the subject matter of the litigation and reasonably calculated to lead to the discovery of admissible evidence. Further, the information sought, which is clearly relevant, outweighs any privacy interest this individual may have. *Whittingham v. Amherst College, 164 F.R.D. 124 (D. Mass. 1995).* The court should strike the Defendant's objections and compel a complete response.

**DOCUMENT REQUEST NO. 11**

This request relates to a document entitled "Civilian Performance Rating" for the period July 2, 2004 to June 30, 2005 relating to the job performance of plaintiff. This document is being produced by plaintiff in response to defendant's request for production of documents. Please provide all documents which relate to, or support, any "did not meet" or "unacceptable" ratings.

**DEFENDANT'S RESPONSE NO. 11**

The defendant objects to this request on the grounds that it is overly broad and unduly burdensome. Subject to and without waiving its objection the defendant states that

determining the existence of and production of the requested records, should they be found to exist, would require extensive research, compilation and review of data. However, the defendant has requested a copy of the plaintiff's Official Personnel Record from the National Records Center in St. Louis, Missouri. A copy of that record will be provided to the plaintiff upon its receipt and may contain documents responsive to this request. Additionally, the defendant refers the plaintiff to the Records of Investigation in both of her discrimination complaints, copies of which were previously provided.
The defendant further states that the search for responsive documents is ongoing, and as such, defendant reserves the right to supplement this response, subject to potential objections and statutory protections, if additional responsive documents are discovered.

**MORE RESPONSIVE ANSWERS REQUESTED:**
Plaintiff seeks documents that relate to or support any "did not meet" or "unacceptable" rating in Plaintiff's "Civilian Performance Rating" for the period July 2, 2004 to June 30, 2005.
This request cannot be fairly categorized as overly broad or unduly burdensome. Defendant's objection should be stricken and Defendant should be required to provide a full and complete response.

**DOCUMENT REQUEST NO. 12**
During the time that plaintiff worked for the Commissary, provide all personnel policies which related to the terms and conditions of plaintiff's job and/or which plaintiff violated including, but not limited to, any policies which plaintiff allegedly violated for which she was disciplined, any policies relating to employees being AWOL, any policies relating to the taking of medical leaves of absences, providing doctor's notes, policies relating to employees being required to write statements as part of investigations, discipline including progressive discipline, pre-action investigations, and/or any policy or procedure to be followed when an employee's job performance and/or conduct is deficient and/or unacceptable.

**DEFENDANT'S RESPONSE NO. 12**
The defendant objects to this request on the grounds that it is overly broad. Subject to and without waiving its objection, the defendant has attached a copy of DeCA Handbook 50-6, Civilian Employee Handbook and a copy of DeCA Directive 50-4, Civilian Employee Discipline and Adverse Actions.
The defendant further states that the search for responsive documents is ongoing, and as such, defendant reserves the right to supplement this response, subject to potential objections and statutory protections, if additional responsive documents are discovered.

**MORE RESPONSIVE ANSWERS REQUESTED:**
Plaintiff seeks all personnel policies in effect during Plaintiff's employment that regard the terms and conditions of Plaintiff's employment that Plaintiff violated. This request cannot be fairly categorized as overly broad. Defendant's objection should be stricken and Defendant should be required to provide a full and complete response. To the extent that Defendant has no other documents other responsive documents other than those identified in their response, they should be required to so state.

**DOCUMENT REQUEST NO. 13**
During the time that plaintiff worked for the Commissary and up to the present time, any and all documents to, or from, any person working for, affiliated with, and/or acting on behalf of, a union (including Local 190) which relate to any grievances, formal or informal complaints, and/or unfair labor practice charges filed by, or on behalf of, any

person working at, or for, the Newport Commissary.

**DEFENDANT'S RESPONSE NO. 13**

The defendant objects to this request on the grounds that it is overly broad and not calculated to lead to the discovery of admissible evidence. This case is predicated on allegations contained in the complaint of a violation of Title VIII and not labor relation actions involving any Union, grievances and/or ULP's.

The defendant further states that the search for responsive documents is ongoing, and as such, defendant reserves the right to supplement this response, subject to potential objections and statutory protections, if additional responsive documents are discovered.

**MORE RESPONSIVE ANSWERS REQUESTED:**

Plaintiff seeks documents to or from any person working at or affiliated with the Commissary that relate to grievances, complaints unfair labor practices filed by any person working at the Commissary for the period when Plaintiff was working at the Commissary to the present.

This request cannot be fairly categorized as overly broad. Defendant's objection should be stricken and Defendant should be required to provide a full and complete response.

**DOCUMENT REQUEST NO 14**

Any and all documents which relates to an incident in which Stephanie Lopez accused Michael Texeira of touching her.

**DEFENDANT'S RESPONSE NO. 14**

The defendant objects to this request on the grounds that it seeks information that is protected by the provisions of the Privacy Act, 5 U.S.C. § 552a, is overly broad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence. None of the plaintiff's allegations contained in the complaint involve a "touching" incident and the plaintiff's employment situation was not the same as either of the individuals identified in the request. Therefore, the requested information would appear to be unrelated to the case at hand.

The defendant reserves the right to supplement this response.

**MORE RESPONSIVE ANSWERS REQUESTED:**

Plaintiff seeks documents relating to an incident where Ms. Lopez accused Mr. Texeira of touching her. This request cannot be fairly categorized as overly broad or unduly burdensome.

The documents sought are relevant to the subject matter of the litigation and reasonably calculated to lead to the discovery of admissible evidence. Further, the information sought, which is clearly relevant, outweighs any privacy interest this individual may have. *Whittingham v. Amherst College, 164 F.R.D. 124 (D. Mass. 1995).* Defendant's objection should be stricken and Defendant should be required to provide a full and complete response.

**DOCUMENT REQUEST NO. 15**

Any and all documents which reflect any training received by any person performing the duties and responsibilities, and/or holding the position, of Computerized Assisted Ordering Specialist ("CAO"). Your response should include, but not be limited to, plaintiff, Mary Buccolo, and William McCollum.

**DEFENDANT'S RESPONSE NO. 15**

The defendant objects to this request on the grounds that it seeks information that is

protected by the provisions of the Privacy Act, 5 U.S.C. § 552a, is overly broad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, the defendant states that the plaintiff has alleged that her schedule change as a CAO was made in reprisal for her prior EEO activity. At no time does she allege that her training as a CAO was inadequate and, therefore, any such information would appear to be unrelated to the case at hand.
The defendant further states that the search for responsive documents is ongoing, and as such, defendant reserves the right to supplement this response, subject to potential objections and statutory protections, if additional responsive documents are discovered.

**MORE RESPONSIVE ANSWERS REQUESTED:**
Plaintiff seeks documents regarding training received by persons who performed the job of CAO. This request cannot be fairly categorized as overly broad or unduly burdensome. Further, the documents sought are relevant to the subject matter of the litigation and reasonably calculated to lead to the discovery of admissible evidence. Further, the information sought, which is clearly relevant, outweighs any privacy interest this individual may have. *Whittingham v. Amherst College, 164 F.R.D. 124 (D. Mass. 1995).* Defendant's objection should be stricken and Defendant should be required to provide a full and complete

**DOCUMENT REQUEST NO. 16**
For the period beginning 2001 to the present time, provide all documents relating to the filling of any job opening for the position of CAO. Your response should include, but not be limited to, anything related to the selection process, any communications to or from HROD, any interview notes, any documents reflecting the reasons why individuals were selected or not selected, and any applications.

**DEFENDANT'S RESPONSE NO. 16**
The defendant objects to this request on the grounds that it seeks information protected by the provisions of the Privacy Act, 5 U.S.C. § 552a, is overly broad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, the defendant states that the plaintiff has alleged that her schedule change as a CAO was made in reprisal for her prior EEO activity. None of the allegations contained in the complaint relate to the filling of any CAO job opening or performance of CAO duties. Subject to and without waiving its objections, the defendant further states that the Defense Commissary Agency operates 263 stores, worldwide, that utilize CAOs. Production of the requested information would require extensive research, review and compilation of data, and subsequent review of the compilation for potential objections or statutory protections from release (i.e. the Privacy Act).
The defendant further states that the search for responsive documents is ongoing, and as such, defendant reserves the right to supplement this response, subject to potential objections and statutory protections, if additional responsive documents are discovered.

**MORE RESPONSIVE ANSWERS REQUESTED:**
Plaintiff seeks documents relating to the filling of job openings for the CAO position for the period 2001 to the present. This request cannot be fairly categorized as overly broad or unduly burdensome. The documents sought are relevant to the subject matter of the litigation and reasonably calculated to lead to the discovery of admissible evidence. Further, the information sought, which is clearly relevant, outweighs any privacy interest this individual may have. *Whittingham v. Amherst College, 164 F.R.D. 124 (D. Mass. 1995).* Defendant's objections should be stricken and Defendant should be required to provide a full and complete response.

**DOCUMENT REQUEST NO. 17**

During the time that John Blythe, Mary Gibson, and Steve Furtado were supervisors, any and all documents generated by them which reflect that the conduct and/or job performance of any employee of the Newport Commissary was deficient, inappropriate, questionable, and/or unsatisfactory.

**DEFENDANT'S RESPONSE NO. 17**

The defendant objects to this request on the grounds that it seeks information that is protected by the provisions of the Privacy Act, 5 U.S.C. § 552a, is overly broad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence. The defendant further objects to this request on the grounds that the terms "deficient", "inappropriate", "questionable", and "unsatisfactory" are vague. Since the plaintiff's allegations contained in the complaint involve only a letter of reprimand, information regarding any other disciplinary actions would appear to be unrelated to the case at hand. Subject to and without waiving its objections, the defendant refers the plaintiff to page 127 of the Report of Investigation which lists the letters of reprimand issued at Newport Commissary for the period February 25, 2002 through February 25, 2004. The defendant has attached a listing of suspensions issued at the Newport Commissary for calendar years 2004 and 2005.

The defendant further states that the search for responsive documents is ongoing, and as such, defendant reserves the right to supplement this response, subject to potential objections and statutory protections, if additional responsive documents are discovered.

**MORE RESPONSIVE ANSWERS REQUESTED:**

Plaintiff seeks documents generated by John Blythe, Mary Gibson or Steve Furtado regarding performance or conduct deficiencies of any Commissary employee for the period when Mr. Blythe, Ms. Gibson and Mr. Furtado were supervisors in the Commissary.

This request cannot be fairly categorized as overly broad or unduly burdensome. Further, the documents sought are relevant to the subject matter of the litigation and reasonably calculated to lead to the discovery of admissible evidence. Further, the information sought, which is clearly relevant, outweighs any privacy interest this individual may have. *Whittingham v. Amherst College, 164 F.R.D. 124 (D. Mass. 1995).* Defendant's objection should be stricken and Defendant should be required to provide a full and complete response.

**DOCUMENT REQUEST NO. 18**

This request relates to a statement by Stephanie Lopez which was sent to John Blythe. The statement relates to an incident which took place on March 24, 2005 and involved Stephanie Lopez, her mother, and Brenda Venable. Please provide any and all documents which relate to the allegations in this statement. This document is being produced by plaintiff in response to defendant's request for production of documents.

**DEFENDANT'S RESPONSE NO. 18**

The defendant objects to this request on the grounds that it seeks information that is protected by the provisions of the Privacy Act, 5 U.S.C. § 552a, is overly broad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence. None of the plaintiff's allegations contained in the complaint refer to any incident regarding Stephanie Lopez, her mother and Brenda Venable, nor does the plaintiff's employment appear to be similar to that of either of the individuals identified in the request. Therefore, the requested information would appear to be unrelated to the allegations made by the

plaintiff in the complaint. The defendant reserves the right to supplement this response.

**MORE RESPONSIVE ANSWERS REQUESTED:**
The Plaintiff seeks statements by Stephanie Lopez that were sent to John Blythe concerning a March 24, 2005 incident. This request cannot be fairly categorized as overly broad or unduly burdensome. Further, the documents sought are relevant to the subject matter of the litigation and reasonably calculated to lead to the discovery of admissible evidence. Further, the information sought, which is clearly relevant, outweighs any privacy interest this individual may have. *Whittingham v. Amherst College, 164 F.R.D. 124 (D. Mass. 1995).* Defendant's objection should be stricken and Defendant should be required to provide a full and complete response.

**DOCUMENT REQUEST NO. 19**
Any and all documents relating to any investigations involving Ryan Diego including one which took place in 2005.

**DEFENDANT'S RESPONSE NO. 19**
The defendant objects to this request on the grounds that it seeks information that is protected by the provisions of the Privacy Act, 5 U.S.C. § 552a, is overly broad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objection the defendant states that the plaintiff made no allegation nor reference to any investigation and/or incident involving Ryan Diego in the complaint, therefore, any of the responsive documents, should they exist, would be unrelated to the issues at hand. The defendant reserves the right to supplement this response.

**MORE RESPONSIVE ANSWERS REQUESTED:**
The Plaintiff seeks documents regarding an investigation involving Ryan Diego in 2005. This request cannot be fairly categorized as overly broad or unduly burdensome. Further, the documents sought are relevant to the subject matter of the litigation and reasonably calculated to lead to the discovery of admissible evidence. Further, the information sought, which is clearly relevant, outweighs any privacy interest this individual may have. *Whittingham v. Amherst College, 164 F.R.D. 124 (D. Mass. 1995).* Defendant's objection should be stricken and Defendant should be required to provide a full and complete response.

**DOCUMENT REQUEST NO. 20**
Any document which reflects, or relates to, any Commissary employees not following the instructions of a supervisor including John Blythe, Steve Furtado, and/or Mary Gibson.

**DEFENDANT'S RESPONSE NO. 20**
The defendant objects to this request on the grounds that it seeks information that is protected by the provisions of the Privacy Act, 5 U.S.C. § 552a, is overly broad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence. The defendant reserves the right to supplement this response.

**MORE RESPONSIVE ANSWERS REQUESTED:**
The Plaintiff seeks documents relating to any Commissary employee not following instructions of a supervisor. This request cannot be fairly categorized as overly broad or unduly burdensome. Defendant's objection should be stricken and Defendant should be required to provide a full and complete response. Further, the documents sought are relevant to the subject matter of the litigation and reasonably calculated to lead to the

discovery of admissible evidence. Further, the information sought, which is clearly relevant, outweighs any privacy interest this individual may have. *Whittingham v. Amherst College, 164 F.R.D. 124 (D. Mass. 1995).* Defendant's objection should be stricken and Defendant should be required to provide a full and complete response.

**DOCUMENT REQUEST NO. 21**

For the time during which plaintiff worked for the Commissary up to the present time, all documents relating to leave planners including any documents filled out by Commissary employees, any documents posted in the offices of supervisors, and any documents reflecting the dates to be taken by Commissary employees.

**DEFENDANT'S RESPONSE NO. 21**

The defendant states that the requested documents are not, and are not required to be, maintained beyond the completion of the official leave schedule. The defendant further refers the plaintiff to those documents related to the completion of leave planners already produced by the defendant in its initial disclosures. The defendant reserves the right to supplement this response.

**MORE RESPONSIVE ANSWERS REQUESTED:**

Plaintiff seeks all documents relating to leave planners for the period when Plaintiff worked in the Commissary to the present. Defendant should be required to identify the documents already produced. Defendant has produced no further documents. To the extent that Defendant has no further documents responsive to this request, Defendant should be required to so state.

**DOCUMENT REQUEST NO. 22**

During the time that plaintiff has worked for the Newport Commissary, any requests by any Commissary employees to have leave restored.

**DEFENDANT'S RESPONSE NO. 22**

The defendant objects to this request on the grounds that it seeks information that is protected by the provisions of the Privacy Act, 5 U.S.C. § 552a, is overly broad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence. Without waiving its objection the defendant states that it has no knowledge of the existence of any such documents.

The defendant further states that the search for responsive documents is ongoing, and as such, defendant reserves the right to supplement this response, subject to potential objections and statutory protections, if additional responsive documents are discovered.

**MORE RESPONSIVE ANSWERS REQUESTED:**

The Plaintiff seeks any requests made by any Commissary employee to have leave restored for the period when Plaintiff worked at the Commissary. This request cannot be fairly categorized as overly broad or unduly burdensome. Defendant's objection should be stricken and Defendant should be required to provide a full and complete response. Further, the documents sought are relevant to the subject matter of the litigation and reasonably calculated to lead to the discovery of admissible evidence. Further, the information sought, which is clearly relevant, outweighs any privacy interest this individual may have. *Whittingham v. Amherst College, 164 F.R.D. 124 (D. Mass. 1995).* Defendant's objection should be stricken and Defendant should be required to provide a full and complete response.

**DOCUMENT REQUEST NO. 23**

For the period during which plaintiff worked for the Commissary and up to the present

time, any and all complaints and/or statements by Commissary employees about the job performance or conduct of other employees.

**DEFENDANT'S RESPONSE NO. 23**

The defendant objects to this request on the grounds that it seeks information that is protected by the provisions of the Privacy Act, 5 U.S.C. § 552a, is overly broad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence. Without waiving its objection the defendant refers the plaintiff to its response to Request 17 above.

**MORE RESPONSIVE ANSWERS REQUESTED:**

The Plaintiff seeks complaints or statement s by Commissary employees regarding job performance of other employees for the period when Plaintiff worked at the Commissary to the present. This request cannot be fairly categorized as overly broad or unduly burdensome. Further, the documents sought are relevant to the subject matter of the litigation and reasonably calculated to lead to the discovery of admissible evidence. Further, the information sought, which is clearly relevant, outweighs any privacy interest this individual may have. *Whittingham v. Amherst College, 164 F.R.D. 124 (D. Mass. 1995).* See Plaintiff's More Responsive Ansers Requested No. 17 above. Defendant's objection should be stricken and Defendant should be required to provide a full and complete response.

**DOCUMENT REQUEST NO. 24**

This request relates to any Affidavits signed by Mary Gibson, John Blythe, and/or Steve Furtado which were submitted to any person and/or agency handling and/or investigating any claim by plaintiff that she was discriminated and/or retaliated against. Please produce all documents which relate to, and/or support, the allegations set forth in each Affidavit.

**DEFENDANT'S RESPONSE NO. 24**

The defendant refers the plaintiff to pages 94-100, 103-109 and 111-116 of the Report of Investigation for the affidavits of Mr. Blythe, Ms. Gibson and Mr. Furtado, respectively. The defendant further states that the search for responsive documents is ongoing, and as such, defendant reserves the right to supplement this response, subject to potential objections and statutory protections, if additional responsive documents are discovered.

**MORE RESPONSIVE ANSWERS REQUESTED:**

Plaintiff seeks all documents relating to or in support of the Affidavits signed by Mary Gibson, John Blythe and Steve Furtado in connection with the investigation into Plaintiff's complaints of discrimination and retaliation. Defendant has failed to produce any further documents. To the extent that Defendant has no other documents other than those referred to in its response, Defendant should be required to so state.

**DOCUMENT REQUEST NO. 25**

This request relates to any employee who has performed the duties and responsibilities of CAO and/or who held that title. Please provide any and all documents which relate to any such employee receiving a promotion and/or going from a GS-5 to GS-7.

**DEFENDANT'S RESPONSE NO. 25**

The defendant objects to this request on the grounds that it seeks information that is protected by the provisions of the Privacy Act, 5 U.S.C. § 552a, is overly broad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence. Subject

to and without waiving its objection the defendant states that the plaintiff only contends that her CAO schedule was changed in reprisal for her prior EEO activity. She does not allege that she was denied promotion in any way. Therefore any information regarding the promotion of CAOs at Newport Commissary would be unrelated to the plaintiff's allegations contained in the complaint.
The defendant further states that the search for responsive documents is ongoing, and as such, defendant reserves the right to supplement this response, subject to potential objections and statutory protections, if additional responsive documents are discovered.

**MORE RESPONSIVE ANSWERS REQUESTED:**
Plaintiff seeks all documents that relate to a promotion of any employee performing the duties of CAO who were promoted from a GS-5 to GS-7. This request cannot be fairly categorized as overly broad or unduly burdensome. Further, the documents sought are relevant to the subject matter of the litigation and reasonably calculated to lead to the discovery of admissible evidence. Further, the information sought, which is clearly relevant, outweighs any privacy interest this individual may have. *Whittingham v. Amherst College, 164 F.R.D. 124 (D. Mass. 1995).* Defendant's objection should be stricken and Defendant should be required to provide a full and complete response.

**DOCUMENT REQUEST NO. 26**
During the time that William McCollum has worked for the Newport Commissary, any and all documents which reflect any formal or informal complaints or statements by him about the conduct of any Newport Commissary employee including managerial employees.

**DEFENDANT'S RESPONSE NO. 26**
The defendant objects to this request on the grounds that it seeks information that is protected by the provisions of the Privacy Act, 5 U.S.C. § 552a, is overly broad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objection the defendant states that Mr. McCollum's only involvement in this case is the fact that he was the other CAO at Newport Commissary and was therefore involved in the plaintiff's allegation that her CAO schedule was changed in reprisal for her prior EEO activity. Other than that, he has no part in any of the plaintiff's other allegations contained in the complaint. The defendant reserves the right to supplement this response.

**MORE RESPONSIVE ANSWERS REQUESTED:**
Plaintiff seeks any complaints made by William McCollum about any Commissary employee for the period when McCollum worked at the Commissary. This request cannot be fairly categorized as overly broad or unduly burdensome. Further, the documents sought are relevant to the subject matter of the litigation and reasonably calculated to lead to the discovery of admissible evidence. Further, the information sought, which is clearly relevant, outweighs any privacy interest this individual may have. *Whittingham v. Amherst College, 164 F.R.D. 124 (D. Mass. 1995).* Defendant's objection should be stricken and Defendant should be required to provide a full and complete response.

**DOCUMENT REQUEST NO. 27**
During the time that plaintiff worked for the Commissary and up to the present time, any and all documents which relate to any employee ceasing to work for, or at, the Newport Commissary. Your response should include, but not be limited to, the identity of all persons who ceased working there and why including Brenda Venable, Richard Walsh,

Albert Felton, Mary Gibson, and John Blythe.

**DEFENDANT'S RESPONSE NO. 27**

The defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks information that is protected by the provisions of the Privacy Act, 5 U.S.C. § 552a. Subject to and without waiving its objections, the defendant states that the plaintiff's allegations contained in the complaint relate only to leave denial, a letter of reprimand, failure to have leave restored and having her work schedule changed. Therefore, the plaintiff's request is not relevant to the allegations contained in said complaint. The defendant reserves the right to supplement this response.

**MORE RESPONSIVE ANSWERS REQUESTED:**

Plaintiff seeks documents that relate to any employee ceasing to work for or at the Commissary for the period when Plaintiff worked at the Commissary. This request cannot be fairly categorized as overly broad or unduly burdensome. Further, the documents sought are relevant to the subject matter of the litigation and reasonably calculated to lead to the discovery of admissible evidence. Further, the information sought, which is clearly relevant, outweighs any privacy interest this individual may have. *Whittingham v. Amherst College, 164 F.R.D. 124 (D. Mass. 1995).* Defendant's objection should be stricken and Defendant should be required to provide a full and complete response.

**DOCUMENT REQUEST NO. 28**

During the time that plaintiff worked for the Commissary up to the present time, any and all documents entitled "Training Plan for Computer Assisted Ordering Managers" for all employees including plaintiff, William McCollum, and Mary Bucolo.

**DEFENDANT'S RESPONSE NO. 28**

The defendant has attached a copy of the CAO Training Plan. Additional materials utilized in training CAOs can be accessed on the worldwide web at the following website:
https://a10hqits0indx01.deca.mil/dibs2kdocs/CAOdocumentation/toc.htm

**MORE RESPONSIVE ANSWERS REQUESTED:**

Plaintiff seeks documents entitled "Training Plan for Computer Assisted Ordering Managers" for all employees for the period when Plaintiff worked at the Commissary. Defendant should be required to identify which documents on its website are training materials utilized.

**DOCUMENT REQUEST NO. 29**

Any and all documents which reflect any problems between Brenda Venable and John Blythe. Your response should include, but not be limited to, any and all documents relating to a series of e-mails dated August 7 through 9 amongst, Brenda Venable, Richard Cook, John Blythe and Emerson Pollock and any formal or informal complaints filed by Brenda Venable against John Blythe. These e-mails are being produced by plaintiff in response to defendant's request for production of documents.

**DEFENDANT'S RESPONSE NO. 29**

The defendant objects to this request on the grounds that it is overly broad, vague, unduly burdensome, and seeks information that is protected by the provisions of the Privacy Act, 5 U.S.C. § 552a. Subject to and without waiving its objections, the defendant states that the plaintiff's allegations contained in the complaint made no mention of the above-

referenced incident. Therefore, it would appear then that such information would be unrelated to the issues at hand. The defendant reserves the right to supplement this response.

**MORE RESPONSIVE ANSWERS REQUESTED:**

Plaintiff seeks documents that reflect any problems between Brenda Venable and John Blythe, including a series of e-mails dated August 7 through August 9.

This request cannot be fairly categorized as overly broad or unduly burdensome. Further, the documents sought are relevant to the subject matter of the litigation and reasonably calculated to lead to the discovery of admissible evidence. Further, the information sought, which is clearly relevant, outweighs any privacy interest this individual may have. *Whittingham v. Amherst College, 164 F.R.D. 124 (D. Mass. 1995).* Defendant's objection should be stricken and Defendant should be required to provide a full and complete response.

**DOCUMENT REQUEST NO. 30**

Any and all documents which relate to an incident between Luke A. Magnuson and Mike Texeira which allegedly took place on June 26, 2004 in which Luke Magnuson claims that he was assaulted by Mike Texeira including, but not limited to, any statements, interviews, grievance-related documents, investigations and/or action taken after this incident occurred including any discipline.

**DEFENDANT'S RESPONSE NO. 30**

The defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks information that is protected by the provisions of the Privacy Act, 5 U.S.C. § 552a. Subject to and without waiving its objections, the defendant states that the plaintiff's allegations contained in the complaint do not relate to, nor do they refer to, any claim of assault by or to the plaintiff or any other person. Therefore, it appears that any of the requested information would appear to be unrelated to the issues at hand. The defendant reserves the right to supplement this response.

**MORE RESPONSIVE ANSWERS REQUESTED:**

Plaintiff seeks documents relating to an incident between Luke A. Magnuson and Mike Texeira. This request cannot be fairly categorized as overly broad or unduly burdensome. Further, the documents sought are relevant to the subject matter of the litigation and reasonably calculated to lead to the discovery of admissible evidence. Further, the information sought, which is clearly relevant, outweighs any privacy interest this individual may have. *Whittingham v. Amherst College, 164 F.R.D. 124 (D. Mass. 1995).* Defendant's objection should be stricken and Defendant should be required to provide a full and complete response.

**DOCUMENT REQUEST NO. 38**

This request relates to a document entitled "Newport Commissary - Letters of Reprimand - February 25, 2002 - February 25, 2004." Please provide all documents which relate to these reprimands including, but not limited to, any grievances, communications, the actual letters of reprimand, all documents reflecting why such action was taken. This document is being produced by plaintiff in response to defendant's request for production of documents.

**DEFENDANT'S RESPONSE NO. 38**

The defendant objects to this request on the grounds that it seeks information that is protected by the provisions of the Privacy Act, 5 U.S.C. § 552a, is overly broad, unduly

burdensome, and.not calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objection the defendant refers the plaintiff to page 127 of the Report of Investigation. This document provides information responsive to this request. Further, this document indicates that three of those actions were cancelled and the letters never issued, rendering them moot. Of the remaining four, one is the letter of reprimand issued to the plaintiff that is at issue in this case and all supporting documentation regarding that issue is contained in the Report of Investigation. Of the three remaining letters, two involve attendance/leave infractions and one involves making gender based disparaging remarks, discourteous conduct towards a customer and disruption in the workplace. These would appear to be unrelated to the issues at hand.
The defendant further states that the search for responsive documents is ongoing, and as such, defendant reserves the right to supplement this response, subject to potential objections and statutory protections, if additional responsive documents are discovered.

**MORE RESPONSIVE ANSWER REQUESTED:**

Plaintiff seeks documents relating to the reprimands set forth in "Newport Commissary - Letters of Reprimand - February 25, 2002 - February 25, 2004." This request cannot be fairly categorized as overly broad or unduly burdensome.
The documents sought are relevant to the subject matter of the litigation and reasonably calculated to lead to the discovery of admissible evidence. Further, the information sought, which is clearly relevant, outweighs any privacy interest this individual may have. *Whittingham v. Amherst College, 164 F.R.D. 124 (D. Mass. 1995).* Defendant's objection should be stricken and Defendant should be required to provide a full and complete response.

**DOCUMENT REQUEST NO. 39**

This request relates to an e-mail dated September 17, 2004 from Tracey Perry to John Blythe and Brenda Venable with a subject "Rosezola Sellers" and which relates to plaintiff's promotion. Please provide all documents which relate to this e-mail and/or plaintiff's promotion including, but not limited to, anything which was done in response to this. This document is being produced by plaintiff in response to defendant's request for production of documents.

**DEFENDANT'S RESPONSE NO. 39**

The defendant objects to this request on the grounds that it is unduly burdensome, and is not calculated to lead to the discovery of admissible evidence. Subject to and without waiver of its objection the defendant states that the plaintiff's allegations contained in the complaint relate to leave denial, issuance of a letter of reprimand for failure to follow instructions and disrespectful conduct, denial of leave restoration and a schedule change. Therefore, any information regarding promotion of the plaintiff or any other employee would appear to be unrelated to the issues at hand.
The defendant further states that the search for responsive documents is ongoing, and as such, defendant reserves the right to supplement this response, subject to potential objections and statutory protections, if additional responsive documents are discovered.

**MORE RESPONSIVE ANSWERS REQUESTED:**

Plaintiff seeks documents relating to a September 17, 2004 e-mail from Tracy Perry to John Blythe and Branda Venable with a subject "Rosezola Sellers."
This request cannot be fairly categorized as unduly burdensome. The documents sought are relevant to the subject matter of the litigation and reasonably calculated to lead to the discovery of admissible evidence. Defendant's objection should be stricken and

Defendant should be required to provide a full and complete response.

**DOCUMENT REQUEST NO. 40**

Any and all documents which reflect the amount of time that plaintiff and William McCollum worked in, or were assigned to, the freezer or chill area.

**DEFENDANT'S RESPONSE NO. 40**

The defendant objects to this request on the grounds that it seeks information that is protected by the provisions of the Privacy Act, 5 U.S.C. § 552a, is overly broad, unduly burdensome, and.not calculated to lead to the discovery of admissible evidence. Without waiving its objection, the defendant states that to the best of its knowledge, no such documentation exists.

The defendant further states that the search for responsive documents is ongoing, and as such, defendant reserves the right to supplement this response, subject to potential objections and statutory protections, if additional responsive documents are discovered.

**MORE RESPONSIVE ANSWERS REQUESTED:**

Plaintiff seeks documents that reflect the amount of time Mr. McCollum and Plaintiff worked in or were assigned to the freezer or chill area. This request cannot be fairly categorized as overly broad or unduly burdensome.

Further, the documents sought are relevant to the subject matter of the litigation and reasonably calculated to lead to the discovery of admissible evidence. Further, the information sought, which is clearly relevant, outweighs any privacy interest this individual may have. *Whittingham v. Amherst College, 164 F.R.D. 124 (D. Mass. 1995).* Defendant's objection should be stricken and Defendant should be required to provide a full and complete response.

**DOCUMENT REQUEST NO. 41**

During the time that plaintiff worked at the Commissary, any and all procedural reminders sent to Newport Commissary employees by John Blythe, Steve Furtado and/or Mary Gibson.

**DEFENDANT'S RESPONSE NO. 41**

The defendant objects to this request on the grounds that it seeks information that is protected by the provisions of the Privacy Act, 5 U.S.C. § 552a, is overly broad, unduly burdensome, and.not calculated to lead to the discovery of admissible evidence.

**MORE RESPONSIVE ANSWERS REQUESTED:**

Plaintiff seeks procedural reminders sent to Commissary employees by John Blythe, Steve Furtado or Mary Gibson for the period when Plaintiff worked at the Commissary. This request cannot be fairly categorized as overly broad or unduly burdensome. Defendant's objection should be stricken and Defendant should be required to provide a full and complete response. Further, the documents sought are relevant to the subject matter of the litigation and reasonably calculated to lead to the discovery of admissible evidence. Further, the information sought, which is clearly relevant, outweighs any privacy interest this individual may have. *Whittingham v. Amherst College, 164 F.R.D. 124 (D. Mass. 1995).* Defendant's objection should be stricken and Defendant should be required to provide a full and complete response.

**DOCUMENT REQUEST NO. 42**

During the time that plaintiff worked for the Newport Commissary and up to the present time, any and all documents which relate to employees, who were not authorized

shoppers, purchasing items for non-authorized employees including, but not limited to, any memoranda to or from management, any DeCA Directives which applied or were violated, and any discipline taken.

**DEFENDANT'S RESPONSE NO. 42**

The defendant objects to this request on the grounds that it seeks information that is protected by the provisions of the Privacy Act, 5 U.S.C. § 552a, is overly broad, unduly burdensome, and.not calculated to lead to the discovery of admissible evidence.

**MORE RESPONSIVE ANSWERS REQUESTED:**

Plaintiff seeks documents and information which in any way relates to unauthorized purchases by employees, including memoranda, DeCA Directives, and disciplinary action, for the time period that the plaintiff worked at the Newport Commissary.

This request cannot be fairly categorized as overly broad or unduly burdensome. The documents sought are relevant to the subject matter of the litigation and reasonably calculated to lead to the discovery of admissible evidence. Further, the information sought, which is clearly relevant, outweighs any privacy interest this individual may have. *Whittingham v. Amherst College, 164 F.R.D. 124 (D. Mass. 1995).* Defendant's objection should be stricken and Defendant should be required to provide a full and complete response.

**DOCUMENT REQUEST NO. 43**

During the time that plaintiff worked for the Newport Commissary, any and all documents relating to any formal or informal complaints of racial discrimination and/or harassment by employees working at the Newport Commissary.

**DEFENDANT'S RESPONSE NO. 43**

The defendant objects to this request on the grounds that it seeks information that is protected by the provisions of the Privacy Act, 5 U.S.C. § 552a, is overly broad, unduly burdensome, and.not calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objection the defendant states that from January 1, 2001 through December 31, 2006 there were five formal complaints of discrimination filed at Naval Station Newport Commissary. Three of those were filed by the plaintiff and the remaining two involved allegations were unrelated to those of the plaintiff. The defendant reserves the right to supplement this response.

**MORE RESPONSIVE ANSWERS REQUESTED:**

Plaintiff seeks all documents, during the time that plaintiff worked for the Newport Commissary, relating to any formal or informal complaints of racial discrimination and/or harassment by employees working at the Newport Commissary.

This request cannot be fairly categorized as overly broad or unduly burdensome. Further, the documents sought are relevant to the subject matter of the litigation and reasonably calculated to lead to the discovery of admissible evidence. Further, the information sought, which is clearly relevant, outweighs any privacy interest this individual may have. *Whittingham v. Amherst College, 164 F.R.D. 124 (D. Mass. 1995).* Defendant's objection should be stricken and Defendant should be required to provide a full and complete response.

**DOCUMENT REQUEST NO. 44**

The DeCA DPP Memorandum dated June 7, 1996.

**DEFENDANT'S RESPONSE NO. 44**

The defendant states that it has searched and thus far has not recovered a copy of a DeCA DPP Memorandum dated June 7, 1996.
The defendant further states that the search for responsive documents is ongoing, and as such, defendant reserves the right to supplement this response, subject to potential objections and statutory protections, if additional responsive documents are discovered.

**MORE RESPONSIVE ANSWERS REQUESTED:**
Plaintiff seeks the DeCA DPP Memorandum dated June 7, 1996. Defendant's objection should be waived and Defendant should be required to provide a complete response.

**DOCUMENT REQUEST NO. 45**
This request relates to a memorandum sent to plaintiff, Diane Walsh, Leo Sequira, David Geary, and Charles Cloud which is dated July 17, 2003 with a subject "Annual Leave Planners." Please produce all documents which relate to this memo including, but not limited to, any information, documents, and/or leave planners submitted by such employees. This document is being produced by plaintiff in response to defendant's request for production of documents.

**DEFENDANT'S RESPONSE NO. 45**
The defendant objects to this request on the grounds that it seeks information that is protected by the provisions of the Privacy Act, 5 U.S.C. § 552a, is overly broad, unduly burdensome, and.not calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objection the defendant states that the plaintiff's allegations contained in the complaint, among other issues, involve disapproval of leave requests and denial of leave restoration. These issues stem from the plaintiff's failure to submit a leave planner and to provide management with alternative dates for her leave. The requested documents, regardless of the contents, would therefore appear unrelated to the failure to submit any leave planner.

**MORE RESPONSIVE ANSWERS REQUESTED:**
Plaintiff seeks all documents relating to a memo sent to plaintiff, Diane Walsh, Leo Sequira, David Geary, and Charles Cloud with a subject "Annual Leave Planners," including but not limited to leave planners submitted by such employees. This request cannot be fairly categorized as overly broad or unduly burdensome. Further, the documents sought are relevant to the subject matter of the litigation and reasonably calculated to lead to the discovery of admissible evidence. Further, the information sought, which is clearly relevant, outweighs any privacy interest this individual may have. *Whittingham v. Amherst College, 164 F.R.D. 124 (D. Mass. 1995).* Defendant's objection should be stricken and Defendant should be required to provide a full and complete response.

**DOCUMENT REQUEST NO. 46**
This request relates to a memo from John Blythe to plaintiff, dated July 2, 2003, with a subject "Cancellation of Letter of Reprimand." Please produce all documents which relate to this memo including, but not limited to, any documents which reflect the reason why plaintiff was issued the letter of reprimand, why the reprimand was canceled, any statements by any person involved including Dennis Redding, and/or any discipline imposed, whether canceled or not, against Dennis Redding. This document is being produced by plaintiff in response to defendant's request for production of documents.

**DEFENDANT'S RESPONSE NO. 46**
The defendant states that the search for responsive documents is ongoing, and as such,

defendant reserves the right to supplement this response, subject to potential objections and statutory protections, if additional responsive documents are discovered.

**MORE RESPONSIVE ANSWERS REQUESTED:**
Plaintiff seeks all documents relating to a specific memo from John Blythe to plaintiff, with a subject "Cancellation of letter of Reprimand," including all documents or statements made by any person involved including Dennis Redding. Defendant's objection should be waived and Defendant should be required to provide a complete response.

**DOCUMENT REQUEST NO. 47**
Any and all documents which reflect the reasons why William McCollum became a CAO before plaintiff.

**DEFENDANT'S RESPONSE NO. 47**
The defendant objects to this request on the grounds that it seeks information that is protected by the provisions of the Privacy Act, 5 U.S.C. § 552a, is overly broad, unduly burdensome, and.not calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objection the defendant states that the plaintiff's allegations contained in the complaint involve denial of leave, issuance of a letter of reprimand for failure to follow instructions and disrespectful behavior, denial of leave restoration and a schedule change. She raises no issue regarding her failure to become a CAO before William McCollum and therefore, any information regarding that issue would appear to be unrelated to the issues at hand. The defendant reserves the right to supplement this response.

**MORE RESPONSIVE ANSWERS REQUESTED:**
Plaintiff seeks any and all documents which reflect the reasons why William McCollum became a CAO before plaintiff. This request cannot be fairly categorized as overly broad or unduly burdensome. Further, the documents sought are relevant to the subject matter of the litigation and reasonably calculated to lead to the discovery of admissible evidence. Further, the information sought, which is clearly relevant, outweighs any privacy interest this individual may have. *Whittingham v. Amherst College, 164 F.R.D. 124 (D. Mass. 1995).* Defendant's objection should be stricken and Defendant should be required to provide a full and complete response.

**DOCUMENT REQUEST NO. 48**
This request relates to a memo from John T. Blythe which discusses an incident which allegedly occurred on November 1, 2001 between plaintiff and Brian Berube. Please produce any and all documents which relate to the allegations in this memo including, but not limited to, anything related to problems that Brian Berube and Kristine Seymour had with plaintiff including the alleged incident or incidents which precipitated Kristine Seymour having a seizure. This document is being produced by plaintiff in response to defendant's request for production of documents.

**DEFENDANT'S RESPONSE NO. 48**
The defendant objects to this request on the grounds that it seeks information that is protected by the provisions of the Privacy Act, 5 U.S.C. § 552a, is overly broad, unduly burdensome, and.not calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objection the defendant states that the plaintiff's allegations contained in the complaint involve denial of leave, issuance of a letter of reprimand for

failure to follow instructions and disrespectful behavior, denial of leave restoration and a schedule change, all of which allegedly occurred between July 14, 2003 and December 13, 2004. The plaintiff's complaint makes no mention of the above-referenced incident, which allegedly occurred in 2001. Therefore, it would appear that this information is unrelated to the issues and far beyond and [sic] possible time frame that could make it pertinent to the issues raised by the plaintiff in her complaint. The defendant reserves the right to supplement this response.

**MORE RESPONSIVE ANSWER REQUESTED:**
Plaintiff seeks all documents relating to a memo signed by John T. Blythe about an alleged incident between plaintiff and Brian Berube on November 1, 2001. Plaintiff also seeks all documents relating to any problems that Brian Berube and Kristine Seymour had with plaintiff including the alleged incident which precipitated Kristine Seymour having a seizure. This request cannot be fairly categorized as overly broad or unduly burdensome. Further, the documents sought are relevant to the subject matter of the litigation and reasonably calculated to lead to the discovery of admissible evidence. Further, the information sought, which is clearly relevant, outweighs any privacy interest this individual may have. *Whittingham v. Amherst College, 164 F.R.D. 124 (D. Mass. 1995).* Defendant's objection should be stricken and Defendant should be required to provide a full and complete response.

**DOCUMENT REQUEST NO. 49**
This request relates to a document entitled "Memorandum for OCI Investigator" signed by Mr. Blythe and dated October 30, 2001. Please provide any and all documents which relate to and/or support the allegations in this memo. This document is being produced by plaintiff in response to defendant's request for production of documents.

**DEFENDANT'S RESPONSE NO. 49**
The defendant objects to this request on the grounds that it seeks information that is protected by the provisions of the Privacy Act, 5 U.S.C. § 552a, is overly broad, unduly burdensome, and.not calculated to lead to the discovery of admissible evidence.
The defendant states that the search for responsive documents is ongoing, and as such, defendant reserves the right to supplement this response, subject to potential objections and statutory protections, if additional responsive documents are discovered.

**MORE RESPONSIVE ANSWERS REQUESTED:**
Plaintiff seeks all documents relating to or in support of a specific document entitled "Memorandum for OCI Investigator." This request cannot be fairly categorized as overly broad or unduly burdensome. Further, the documents sought are relevant to the subject matter of the litigation and reasonably calculated to lead to the discovery of admissible evidence. Further, the information sought, which is clearly relevant, outweighs any privacy interest this individual may have. *Whittingham v. Amherst College, 164 F.R.D. 124 (D. Mass. 1995).* Defendant's objection should be stricken and Defendant should be required to provide a full and complete response.

**DOCUMENT REQUEST NO. 50**
During the time that plaintiff worked for the Commissary and up to the present time, any and all documents which reflect the money and other benefits which William McCollum and Mary Bucolo earn.

**DEFENDANT'S RESPONSE NO. 50**
The defendant objects to this request on the grounds that it seeks information that is

protected by the provisions of the Privacy Act, 5 U.S.C. § 552a, is overly broad, unduly burdensome, and.not calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objection the defendant states that the plaintiff's allegations contained in the complaint involve denial of leave, issuance of a letter of reprimand for failure to follow instructions and disrespectful behavior, denial of leave restoration and a schedule change. She makes no reference to any issue regarding pay and/or benefits and therefore any information regarding these issues would appear to be unrelated to the issues at hand. The defendant reserves the right to supplement this response.

**MORE RESPONSIVE DOCUMENTS REQUESTED:**
Plaintiff seeks all documents, from the time that Plaintiff worked at the Newport Commissary until the present time, reflecting the money and other benefits earned by Mary Bucolo and William McCollum. This request cannot be fairly categorized as overly broad or unduly burdensome. Further, the documents sought are relevant to the subject matter of the litigation and reasonably calculated to lead to the discovery of admissible evidence. Further, the information sought, which is clearly relevant, outweighs any privacy interest this individual may have. *Whittingham v. Amherst College, 164 F.R.D. 124 (D. Mass. 1995).* Defendant's objection should be stricken and Defendant should be required to provide a full and complete response.

**DOCUMENT REQUEST NO. 51**
Any documents relating to any employee working at the Newport Commissary including, but not limited to, William McCollum, being late for work or taking extended breaks.

**DEFENDANT'S RESPONSE NO. 51**
The defendant objects to this request on the grounds that it seeks information that is protected by the provisions of the Privacy Act, 5 U.S.C. § 552a, is overly broad, unduly burdensome, and.not calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objection the defendant states that the plaintiff's allegations contained in the complaint, among other issues involves disapproval of leave requests and denial of leave restoration and a schedule change. These allegations stem from the plaintiff's failure to submit a leave planner as well as her failure to provide management with alternative dates for her leave. At no time does she raise any issue in the complaint regarding being late for work or taking extended breaks. Therefore, any information regarding those issues would appear to be unrelated to the case at hand. The defendant reserves the right to supplement this response.

**MORE RESPONSIVE ANSWERS REQUESTED:**
Plaintiff seeks all documents relating to any employee of the Newport Commissary being late for work or taking extended breaks. This request cannot be fairly categorized as overly broad or unduly burdensome. Further, the documents sought are relevant to the subject matter of the litigation and reasonably calculated to lead to the discovery of admissible evidence. Further, the information sought, which is clearly relevant, outweighs any privacy interest this individual may have. *Whittingham v. Amherst College, 164 F.R.D. 124 (D. Mass. 1995).* Defendant's objection should be stricken and Defendant should be required to provide a full and complete response.

**DOCUMENT REQUEST NO. 52**
During the time that plaintiff worked at the Newport Commissary, any and all documents which relate to any employee totally failing to provide and/or just failing to provide in a timely manner, a doctor's note to support the taking of time out of work.

**DEFENDANT'S RESPONSE NO. 52**
The defendant objects to this request on the grounds that it seeks information that is protected by the provisions of the Privacy Act, 5 U.S.C. § 552a, is overly broad, unduly burdensome, and.not calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objection the defendant states that the plaintiff's allegations contained in the complaint, among other issues, involve disapproval of leave requests and denial of leave restoration and a schedule change. These allegations stem from the plaintiff's failure to submit a leave planner as well as her failure to provide management with alternative dates for her. At no time does she raise any issue in the complaint regarding the production of "a doctor's note to support the taking of time out of work." Therefore, it would appear that any information regarding that issue would be unrelated to the case at hand. The defendant reserves the right to supplement this response.

**MORE RESPONSIVE ANSWERS REQUESTED:**
Plaintiff seeks all documents for the time period that the plaintiff worked at the Newport Commissary relating to any employee who failed to submit a doctor's note to support taking time out of work. This request cannot be fairly categorized as overly broad or unduly burdensome. Further, the documents sought are relevant to the subject matter of the litigation and reasonably calculated to lead to the discovery of admissible evidence. Further, the information sought, which is clearly relevant, outweighs any privacy interest this individual may have. *Whittingham v. Amherst College, 164 F.R.D. 124 (D. Mass. 1995).* Defendant's objection should be stricken and Defendant should be required to provide a full and complete response.

**DOCUMENT REQUEST NO. 53**
This interrogatory relates to a document dated March 2, 2005 from Steve Furtado to plaintiff with a subject "letter of concern of hourly assignments." Please produce any and all documents which reflect that any other employee was given a similar letter and/or was given hourly assignments. This document is being produced by plaintiff in response to defendant's request for production of documents.

**DEFENDANT'S RESPONSE NO. 53**
The defendant objects to this request on the grounds that it seeks information that is protected by the provisions of the Privacy Act, 5 U.S.C. § 552a, is overly broad, unduly burdensome, and.not calculated to lead to the discovery of admissible evidence. The defendant reserves the right to supplement this response.

**MORE RESPONSIVE ANSWERS REQUESTED:**
Plaintiff seeks all documents relating to a specific document, dated March 2, 2005, and with a subject "letter of concern of hourly assignment," as well as any other documents regarding hourly assignments issued to any other employee. This request cannot be fairly categorized as overly broad or unduly burdensome. Further, the documents sought are relevant to the subject matter of the litigation and reasonably calculated to lead to the discovery of admissible evidence. Further, the information sought, which is clearly relevant, outweighs any privacy interest this individual may have. *Whittingham v. Amherst College, 164 F.R.D. 124 (D. Mass. 1995).* Defendant's objection should be stricken and Defendant should be required to provide a full and complete response.

Plaintiff,
By her attorney,

____/s/ Louise A. Herman_____

Louise A. Herman, #6430
129 Dyer Street
Providence, Rhode Island 02903
(401) 421-0966
(401) 421-0964
LAHermanlaw@verizon.net

**CERTIFICATE OF SERVICE**

I hereby certify that this document has been filed electronically on this 24[rd] day of August, 2007, and is available for viewing and downloading to the ECF registered Counsel of Record:

Via Electronic Service/ECF:

Ly. Nguyen, Esq.
Ly.Nguyen@usdoj.gov

___/S/Louise A. Herman___