**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**ROSEZOLA SELLERS,** :
**Plaintiff** :
:
**v.** :
: **C.A. No. 05-381S**
**UNITED STATES DEPARTMENT OF** :
**DEFENSE AND SECRETARY OF THE** :
**UNITED STATES DEPARTMENT** :
**OF DEFENSE, DONALD RUMSFELD,** :
**Defendants**

## PLAINTIFF'S SECOND AMENDED MOTION TO AMEND COMPLAINT

Plaintiff seeks to amend her Complaint pursuant to Federal Rule of Civil Procedure 15(a) in the form annexed hereto. Plaintiff is simultaneously filing a Memorandum of Law in support of her Motion.

PLAINTIFF,
By her attorneys,

/s/ Patricia E. Andrews
August 28, 2007 /s/ Louise A. Herman

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**ROSEZOLA SELLERS,**
**Plaintiff** :

**v.** :

: **C.A. No. 05-381S**

**UNITED STATES DEPARTMENT OF DEFENSE AND SECRETARY OF THE UNITED STATES DEPARTMENT OF DEFENSE, DONALD RUMSFELD,**
**Defendants** :

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF SECOND AMENDED MOTION TO AMEND COMPLAINT

This is an action brought by the Plaintiff, Rosezola Sellers, against Defendants seeking declaratory and injunctive relief, attorney's fees and litigation expenses and other equitable relief, as well as compensatory and punitive damages to remedy the unlawful discrimination the Plaintiff has suffered on account of her race and retaliation in violation of 42 U.S.C. §2000e et seq.

Plaintiff has filed a Second Amended Motion to Amend her Complaint to include further acts of harassment, discrimination and retaliation which occurred after she filed the instant action. More specifically, Plaintiff seeks to amend her Complaint to include allegations that she was unlawfully fired on or about December 5, 2005.

For the following reasons, this Court should grant Plaintiff's Motion:

1. First, Plaintiff timely filed an additional EEO complaint with the Defense Commissary Agency ("Agency") based upon the acts of harassment and discrimination which

formed the basis of her firing. Thereafter, the Agency conducted a formal investigation into these allegations. Plaintiff has received the Right-to-Sue, which is attached hereto.

2. Second, even if the Right-to-Sue had not been received, this Court has independent grounds to grant this Motion. Courts, including the First Circuit, have held the following: Acts of harassment, discrimination and/or retaliation which take place after a charge has been filed, may nonetheless form the basis of a lawsuit so long as such acts are reasonably related to, and grow out of, the discrimination previously complained of to the Agency. See, Rivera v. Puerto Rico Aqueduct and Sewers Authority, et al., 331 F.3d 183, 189 (1str Cir. 2003); Clockadile v. N.H. Dep't of Corr., 245 F.3d1,6 (1st Cir. 2001). Even if Plaintiff had not filed charges—which is not the case here—this case law makes clear that an amendment is proper. Even a cursory review of the facts firmly establishes that the fact leading up to Plaintiff's firing are the same type of conduct which is addressed in Plaintiff's earlier charge. Moreover, the actors are the same. Finally, the Notice of Termination creates an even closer nexus in that it makes clear that Plaintiff's firing was based on her conduct throughout her employment.

3. Third, Defendants will not be prejudiced if the amendment is granted. First, Defendants have had notice of Plaintiff's claim concerning the firing as Plaintiff referred to the firing as a basis of her claim in the Pre-Trial Conference Statement filed with this Court on or about April 25, 2006. In fact, Defendants, in their Initial Disclosures filed with this Court on or about July 31, 2006, identified Plaintiff's "Notice of Proposed Removal" and "Decision to Notice-Removal" as relevant documents in their possession. Second, discovery was stayed in the case, pending the possibility of Plaintiff's reinstatement. Third, Defendants inquired about Plaintiff's firing in the

course of discovery and have been repeatedly advised by Plaintiff's counsel that, upon the issuance of the Right-to-Sue, Plaintiff intended to amend her Complaint.

4. Fourth, it would be a waste of judicial resources if this case were to proceed and Plaintiff were required to file a separate lawsuit.

5. For the foregoing reasons, Plaintiff respectfully prays that her Second Amended Motion to Amend be granted.

PLAINTIFF,
By her attorneys,

/s/ Patricia Andrews
/s/ Louise A. Herman

Dated: August 28, 2007

**CERTIFICATION**

I hereby certify that this document has been filed electronically on this 28th day of August, 2007, and is available for viewing and downloading to the ECF registered counsel of record:

Via Electronic Service/ECF:

Ly Nguyen, Esq.
Ly Nguyen@usdoj.gov

/s/ Louise A. Herman, Esq.

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **ROSEZOLA SELLERS,**<br>**Plaintiff,**<br><br>**v.**<br><br>**UNITED STATES DEPARTMENT OF DEFENSE AND SECRETARY OF THE UNITED STATES DEPARTMENT OF DEFENSE, DONALD RUMSFELD,**<br>**Defendants.** | **C.A. No. 05-381S** |

## SECOND AMENDED COMPLAINT

1. This Complaint arises out of allegations of employment discrimination based on race and retaliation.

## JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 2000e-16.

## PARTIES

3. Plaintiff, Rosezola Sellers (Plaintiff), is a citizen of the United States and a resident of the State of Rhode Island.

4. Defendants are the United States Department of Defense and the Secretary of the Department of Defense, Donald Rumsfeld (collectively referred to as "Defendants").

## ADMINISTRATIVE PROCEDURES

5. On or about April 19, 2004, an equal employment opportunity complaint was filed with the EEO office of the Defense Commissary Agency, within the Department of Defense.

6. On or about June 10, 2005, the Defense Commissary Agency EEO issued a Right-to-

Sue to Plaintiff.

7. The original Complaint was been filed within ninety (90) days of the issuance of the Notice of Right to Sue.

## STATEMENT OF FACTS

8. Plaintiff is a black female.

9. Plaintiff was employed by Defendants since approximately October 1988. From September 2003 until Plaintiff's termination of employment on or about December 10, 2005, Plaintiff had been a commissary management specialist (CAO).

10. During the time Plaintiff has been employed by Defendants, she was continually subjected to harassment and discrimination based upon her race, which created a hostile work environment and altered the terms and conditions of her employment.

11. The harassment and discrimination includes, but is not limited to, the fact that Defendants have continually treated Plaintiff differently than similarly-situated white employees with respect to promotions, pay, work hours, time off, work assignments and the termination of her employment. Defendants also belittled Plaintiff and set her up to fail.

12. On several occasions, after complaining about the harassment and discrimination, Plaintiff was subjected to retaliation.

13. The retaliation includes, but is not limited to, the fact that Defendants disciplined Plaintiff for no legitimate reason and fired her.

14. To no avail, Plaintiff complained to management and the EEO about the conduct and unequal treatment to which she was subjected.

15. The reasons given by Defendants for the disparate treatment are a pretext for discrimination and retaliation.

16. Plaintiff has always performed her duties and responsibilities in at least a satisfactory manner.

## COUNT I
**Title VII, 42 U.S.C. 2000e et seq.**
**(Disparate Treatment)**

17. Plaintiff incorporates by reference Paragraphs 1 through 16 as if fully set forth herein.

18. By the aforesaid actions, Defendants violated Title VII.

19. Plaintiff is damaged as a proximate result of the Defendants' intentional conduct.

**COUNT II**
**Title VII, 42 U.S.C. 2000e et seq.**
**(Hostile Work Environment)**

20. Plaintiff incorporates by reference Paragraphs 1 through 16 as if fully set forth herein.

21. By the aforesaid actions, Defendants violated Title VII.

22. Plaintiff is damaged as a proximate result of the Defendants' intentional conduct.

**COUNT III**
**Title VII, 42 U.S.C. 2000e et seq.**
**(Retaliation)**

23. Plaintiff incorporates by reference Paragraphs 1 through 16 as if fully set forth herein.

24. By the aforesaid actions, Defendants violated Title VII

25. Plaintiff is damaged as a proximate result of the Defendants' intentional conduct.

**PRAYER FOR RELIEF**

Plaintiff prays that this Court:

(1) declare that the Defendants' actions complained of are unlawful;
(2) order the Defendants to make the Plaintiff whole;
(3) order that the Defendants pay Plaintiff compensatory damages;
(4) order that the Defendants pay Plaintiff punitive damages;
(5) retain the jurisdiction of this action to ensure full compliance;
(6) order the Defendants to pay Plaintiff costs and expenses and reasonable attorney's fees;
(7) grant such other relief to Plaintiff as the court deems just and proper, including injunctive relief.

Plaintiff's damages are in an amount sufficient to invoke the jurisdiction of this Court.

**JURY TRIAL DEMAND**

Plaintiff demands a trial by jury.

Plaintiff,
By her attorney,

_/s/ PatriciaE.Andrews__

Patricia E. Andrews, #4321
170 Westminster Street, Suite 601
Providence, RI 02903
(401) 421-0966
(401) 351-4802 (Fax)

# EXHIBIT B

DEFENSE COMMISSARY AGENCY
HEADQUARTERS
1300 E AVENUE
FORT LEE, VIRGINIA 23801-1800

Equal Employment Opportunity Office

AUG 2 0 2007

Ms. Rosezola Sellers
4 Admiralty Drive, Apt 7
Middletown, Rhode Island 02842

Final Agency Decision in the
Complaint of Rosezola Sellers
and Patrick B. Nixon, Director
Agency No. 06-HQ-NW-016

Dear Ms. Sellers:

This responds to your equal employment opportunity complaint filed on March 29, 2006. You alleged discrimination on the bases of race (Black) and reprisal (prior EEO activity), with respect to your former employment as Commissary Management Specialist (CAO), GS-1144-05, at the Naval Station (NS) Newport Commissary, NS Newport, Rhode Island. The issue accepted for investigation was:

"Was the complainant discriminated against based on race (Black) and reprisal (prior EEO activity), when on December 1, 2005, she was removed from federal service for failure to follow instructions, disruptive behavior, and disrespectful conduct?"

Your complaint was investigated and a copy of the Report of Investigation (ROI) was forwarded to you on May 31, 2007. At the time you were informed that under the provisions of 29 C.F.R. Section 1614.108(f), within 30 calendar days of your receipt of the ROI, you could request a hearing before an Equal Employment Opportunity Commission Administrative Judge or request a Final Agency Decision (FAD) without a hearing from the Defense Commissary Agency (DeCA). You requested a FAD from DeCA; therefore, under the provisions of 29 C.F.R. Section 1614.110(a), I am issuing a FAD on your complaint.

To support your allegation, you testified your conduct which caused you to be charged with disruptive behavior, disrespectful conduct, and failure to follow instructions was not as bad as the conduct exhibited by your coworkers who were not Black.

Management officials responsible for your termination testified you were terminated from Federal service because you continuously failed to conduct yourself properly and failed to respect your chain of command and coworkers. Specifically, they testified that on June 1 and October 11, 2005, you were disrespectful to your supervisor; on June 30, September 2 and 25, and October 11, 2005, you failed to follow your supervisor's instructions; and on August 29 and September 8, 2005, you harassed your coworkers. Additionally, the store administrator stated on

August 29, 2005, you exhibited disruptive behavior when you blocked the passageway of a coworker and then pushed a pallet into that same employee. Moreover, the store administrator stated on September 8, 2005, you stated to one of your coworkers "you are so gay." This was considered continued harassment because you had been suspended in April 2005 for making similar comments to the same worker.

In conclusion, I find the record of evidence does not support your allegation of race or reprisal discrimination. It is noted that prior to recommending your termination, management counseled you and gave you ample time to change your conduct toward your supervisors and coworkers, but you continued to be disruptive and disrespectful. The record also showed you had been charged with disruptive and disrespectful behavior in April 2005 and were suspended for 14 days. Throughout the EEO process, you attempted to justify your actions by stating other employees did worse things than you did but were not punished for them. You identified no witnesses or a time period when the alleged similar situations occurred involving other employees not of your protected group. Moreover, the record failed to show there was any coworker so situated that it would have been reasonable to expect that he or she would have received the same treatment as you with respect to disruptive behavior, disrespectful conduct, and failing to follow supervisor's instructions.

Therefore, I find that you have not shown by a preponderance of the evidence that management's articulated legitimate, nondiscriminatory reasons for its employment action was pretext to mask discrimination.

Your appeal rights and a Notice of Appeal/Petition are enclosed.

Sincerely,

Richard S. Page
Chief Operating Officer

Enclosures

cc:
General Counsel
Director, DeCA East

✓Ms. Patricia Andrews
129 Dyer Street
Providence, Rhode Island 02903

## APPEAL RIGHTS

You may file a notice of appeal to the EEOC Office of Federal Operations (OFO) within 30 calendar days after receiving this decision.

An appeal to the EEOC should be addressed to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, DC 20036. A copy of the appeal notice should be sent to DeCA, ATTN: EE, 1300 E Avenue, Fort Lee, Virginia 23801-1800. You may submit a brief or statement to support your appeal to the OFO within 30 days after filing the Notice of Appeal. At the same time, you must furnish a copy of the supporting brief or statement to Equal Employment Opportunity Office, DeCA HQ.

Instead of an appeal to the EEOC, you can also file a civil action in the proper U.S. District Court within 90 calendar days after receiving this Final Agency Decision or, after 180 days from the date your Formal Complaint was filed with the Agency. If you file a civil action under Title VII of the Civil Rights Act of 1964, as amended, or the Rehabilitation Act of 1972, as amended, and you do not have or cannot afford the services of a lawyer, you may request the court appoint a lawyer to represent you. In such circumstances as the court may deem just, the court may appoint a lawyer and may authorize the commencement of the action without payment of fees, cost or security. Any such requests must be made within the above referenced 90-day time limit for filing suit and in such form and manner as the court may require.

You are further notified that if you file a civil action, you must name the appropriate department head or Agency head as the defendant and provide his or her official title. **DO NOT NAME JUST THE AGENCY OR DEPARTMENT.** Failure to name the department head or Agency head or to state his or her official title may result in the dismissal of your case. **THE APPROPRIATE AGENCY IS THE DEPARTMENT OF DEFENSE; THE HEAD OF THE DEPARTMENT OF DEFENSE IS ROBERT M. GATES, SECRETARY OF DEFENSE.**

If you decide to appeal the OFO, you will still have an opportunity to file a civil action in the U.S. District Court within 90 calendar days after the date of your initial appeal to the EEOC, if the EEOC has not rendered a final decision.

## DOCKET NUMBER

The docket number identified in the upper right-hand corner of the first page of this letter should be used on all correspondence regarding this matter.

# NOTICE OF APPEAL/PETITION TO THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

OFFICE OF FEDERAL OPERATIONS
P.O. Box 19848
Washington, DC 20036

**Complainant Information:** (Please Print or Type)

| | |
|---|---|
| Complainant's name (Last, First, M.I.): | |
| Home/mailing address: | |
| City, State, ZIP Code: | |
| Daytime Telephone # (with area code): | |
| E-mail address (if any): | |

**Attorney/Representative Information (if any):**

| | |
|---|---|
| Attorney name: | |
| Non-Attorney Representative name: | |
| Address: | |
| City, State, ZIP Code: | |
| Telephone number (if applicable): | |
| E-mail address (if any): | |

**General Information:**

| | |
|---|---|
| Name of the agency being charged with discrimination: | |
| Identify the Agency's complaint number: | |
| Location of the duty station or local facility in which the complaint arose: | |
| Has a **final action** been taken by the agency, an Arbitrator, FLRA, or MSPB on this complaint? | _____Yes; Date Received ____________(Remember to attach a copy)<br>_____No<br>_____This appeal alleges a breach of settlement agreement |
| Has a complaint been filed on this same matter with the EEOC, <u>another</u> agency, or through any | _____No<br>_____Yes (Indicate the agency or procedure, complaint/docket number, and attach a copy, if appropriate) |

| | |
|---|---|
| other administrative or collective bargaining procedures? | |
| Has a civil action (lawsuit) been filed in connection with this complaint? | _____ No<br>_____ Yes **(Attach a copy of the civil action filed)** |

**NOTICE**: Please **attach a copy of the final decision or order** from which you are appealing. If a hearing was requested, please attach a copy of the agency's final order and a copy of the EEOC Administrative Judge's decision. Any comments or brief in support of this appeal MUST be filed with the EEOC **and** with the agency **within 30 days** of the date this appeal is filed. The date the appeal is filed is the date on which it is postmarked, hand delivered, or faxed to the EEOC at the address above.

| | |
|---|---|
| Signature of complainant or complainant's representative: | |
| Date: | |

## PRIVACY ACT STATEMENT

(This form is covered by the Privacy Act of 1974. Public Law 93-597. Authority for requesting the personal data and the use thereof are given below.)

1. **FORM NUMBER/TITLE/DATE**: EEOC Form 573, Notice of Appeal/Petition, January 2001
2. **AUTHORITY**: 42 U.S.C. § 2000e-16
3. **PRINCIPAL PURPOSE**: The purpose of this questionnaire is to solicit information to enable the Commission to properly and efficiently adjudicate appeals filed by Federal employees, former Federal employees, and applicants for Federal employment.
4. **ROUTINE USES**: Information provided on this form will be used by Commission employees to determine: (a) the appropriate agency from which to request relevant files; (b) whether the appeal is timely; (c) whether the Commission has jurisdiction over the issue(s) raised in the appeal, and (d) generally, to assist the Commission in properly processing and deciding appeals. Decisions of the Commission are final administrative decisions, and, as such, are available to the public under the provisions of the Freedom of Information Act. Some information may also be used in depersonalized form as a data base for statistical purposes.
5. **WHETHER DISCLOSURE IS MANDATORY OR VOLUNTARY AND EFFECT ON INDIVIDUAL FOR NOT PROVIDING INFORMATION**: Since your appeal is a voluntary action, you are not required to provide any personal information in connection with it. However, failure to supply the Commission with the requested information could hinder timely processing of your case, or even result in the rejection or dismissal of your appeal.

Send your appeal to:

The Equal Employment Opportunity Commission
Office of Federal Operations
P.O. Box 19848
Washington, D.C. 20036