**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ROSEZOLA SELLERS,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **C. A. No. 05-381S** |
| | ) | |
| **UNITED STATES DEPARTMENT** | ) | |
| **OF DEFENSE AND ROBERT M. GATES,** | ) | |
| **SECRETARY OF THE DEPARTMENT** | ) | |
| **OF DEFENSE,** | ) | |
| **Defendants.** | ) | |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S SECOND AMENDED MOTION TO AMEND COMPLAINT**

COMES NOW, Defendants, United States of Department of Defense and Robert M. Gates, Secretary of the Department of Defense, and responds in opposition to Plaintiff's Amended Motion to Amend Complaint for the reasons stated in the accompanying memorandum of law.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Ly T. Nguyen
LY T. NGUYEN, Bar No. 66676
Assistant United States Attorney
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5017 (fax)
Email: ly.nguyen@usdoj.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ROSEZOLA SELLERS,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **C. A. No. 05-381S** |
| | ) | |
| **UNITED STATES DEPARTMENT** | ) | |
| **OF DEFENSE AND ROBERT M. GATES,** | ) | |
| **SECRETARY OF THE DEPARTMENT** | ) | |
| **OF DEFENSE,** | ) | |
| **Defendants.** | | |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S SECOND AMENDED MOTION TO AMEND COMPLAINT**

## I. Background

Approximately twenty-four months after Plaintiff filed her original Complaint and nineteen months after Plaintiff filed her First Amended Complaint, Plaintiff filed a Motion to Amend Complaint on August 20, 2007. On August 21, 2007, Plaintiff filed an Amended Motion to Amend Complaint.[1] On August 28, 2007, Plaintiff filed her Second Amended Motion to Amend Complaint.[2] Plaintiff seeks to amend her First Amended Complaint to include claims relating to her December 2005 termination. Mem. Supp. Second Amended Mot. to Amend Compl. at 1.

However, Plaintiff failed to provide a valid reason for her neglect and delay in filing the motion to amend, Defendants would be unduly prejudiced by the allowance of the amendment of

---

[1] Plaintiff's original Motion to Amend Complaint was not accompanied by the proposed amended pleading as required by District of Rhode Island Local Rule 15. Thus, Plaintiff's Amended Motion to Amend Complaint was accompanied by the proposed amended complaint.

[2] Plaintiff's Second Amended Motion to Amend Complaint references and includes as an exhibit, the Final Agency Decision addressing Plaintiff's termination claim.

the First Amended Complaint at this late juncture, and Plaintiff should not reap the benefit of pursuing the claims relating to her termination in two different forums simultaneously. Thus, Plaintiff's Amended Motion to Amend Complaint should be denied.

**A. Plaintiff's District Court Case**

On September 2, 2005, Plaintiff, Rosezola Sellers filed her Complaint with this Court.[3] The Complaint alleged harassment and discrimination in that Plaintiff was treated differently than similarly-situated white employees with respect to promotions, pay, work hours, time off, and work assignments. Compl. ¶ 13. The Complaint also alleged retaliation based on the fact that Plaintiff was disciplined.[4] Compl. ¶ 13. Subsequent to the Complaint being filed, on or about December 10, 2005, plaintiff was removed from her employment with the Defense

---

[3] Plaintiff is not new to the Equal Employment Opportunity ("EEO") process as she has filed three EEO complaints. See Exs. 1A, 1E, 1L. Plaintiff's first EEO complaint resulted in an Administrative Judge decision in which there was a finding of no discrimination. Ex. 1B. This EEO complaint was not appealed and the time period for appealing this decision has long passed. Ex. 1 at ¶ 4. Her second EEO complaint is the subject of this case. Ex. 1E; First Amended Compl. at ¶ 5. Her third EEO complaint relates to her termination, the action which forms the basis for the claims she seeks to presently add. Ex. 1L.

[4] However, Plaintiff's second EEO complaint and subsequent amendment to this EEO complaint, that give rise to this district court case did not contain any allegations that Plaintiff was treated differently with respect to promotions, pay, work hours, and time off. Ex. 1E. Rather the issues in her this EEO complaint and subsequent amendment concerned:

1. Denial of annual leave on August 7, 8, 29, and 31, 2003, and November 14, 15, and 18-23, 2003;
2. Letter of Reprimand issued to Plaintiff on February 25, 2004 for failure to follow instructions and disrespectful behavior;
3. Disapproval of her Request for Restoration of Annual Leave on or about March 4, 2004; and
4. Changing of Plaintiff's duty hours and work assignments on December 13, 2004.

Exs. 1E, 1G, 1H.

Commissary ("DeCA"). Ex. 1J. On January 25, 2006, Plaintiff filed her First Amended Complaint. The First Amended Complaint did not allege any claims relating to her termination from employment, but rather removed previous counts that inappropriately alleged claims under the Civil Rights Act, 42 U.S.C. § 1981. See Compl.; First Amended Compl.

On September 19, 2006, the parties filed a joint motion to amend the scheduling order which the Court granted. On March 20, 2007, Defendants filed a Motion for an Extension of Time to Complete Discovery which the Court also granted, stating in its Order that discovery was to be completed by August 15, 2007, and that no further extensions for discovery would be granted.

Thereafter, on April 11, 2007, Defendants, in good faith, objected to the discovery propounded by Plaintiff concerning Plaintiff's termination because no such claim had been alleged in the First Amended Complaint. Ex. 2 at 6, 10, 13-14, 24, 26. Defendants advised Plaintiff that the discovery request:

> seeks information about an issue that is not part of the subject case; namely, the plaintiff's termination. The plaintiff's termination from federal service is currently the subject of an administrative investigation. If the plaintiff wishes to propound discovery on her removal, she must then amend her complaint in the subject district court case to include removal, which will then allow the agency to dismiss her administrative complaint.

Ex. 2 at 6, 10, 13-14, 24, 26. Plaintiff did not move to amend her First Amended Complaint. It was not until the deposition of Mary Gibson on July 25, 2007, after being questioned by the undersigned counsel on the issue, that Plaintiff's counsel, Patricia Andrews, then asserted that Plaintiff did not need to amend her complaint to include any alleged claims relating to her termination. Ex. 3. Subsequently, on August 20, 2007, after the discovery deadline had passed, Plaintiff filed her Motion to Amend Complaint.

### B. Plaintiff's Administrative Case Relating To Her Termination

At the same time this district court case was pending, Plaintiff filed an administrative EEO complaint relating to her termination on or about March 29, 2006. Ex. 1L. At no time, did Plaintiff dismiss her administrative case to pursue claims relating to her termination in this district court case. Ex. 1 at ¶ 5, 1O at 1. In addition, prior to Plaintiff's August 20th filing of her Motion to Amend Complaint, Plaintiff failed to move this Court to add any claims relating to her termination. See 29 C.F.R. § 1614.407. As a result, an investigation was conducted at the administrative level pertaining to her claims arising out of her termination. Ex. 4. As a part of the investigation, Ms. Sellers was asked to provide a declaration in a letter dated January 23, 2007, and in an e-mail dated May 15, 2007. Exs. 4A-F. On May 15, 2007, Ms. Sellers' attorney, Patricia Andrews, stated that, "before doing so [providing the declaration], I would appreciate receiving any documents and information you have received from the other side." Ex. 4E. Although witness declarations were provided to Ms. Andrews per her request, no declaration from Ms. Sellers was ever provided to the investigator as promised. Ex. 4 at ¶¶ 8-11.

______On May 31, 2007, the report of investigation concerning Plaintiff's termination was forwarded to Plaintiff. Ex. 1O at 1. On August 20, 2007, a Final Agency Decision was issued. Ex. 1O at 1. In that decision, there was a finding of no discrimination on the bases of race or reprisal with regard to her termination. Ex. 1O at 1.

## II. Argument

### ______A. Law Governing Motions To Amend

Under Federal Rule of Civil Procedure 15(a), a party may amend its pleading once as a matter of right before a responsive pleading is filed. Otherwise, Rule 15(a) provides that "a party

may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." However, "the liberal amendment policy prescribed by Rule 15(a) does not mean that leave will be granted in all cases." Acosta-Mestre v. Hilton Internat'l of Puerto Rico, 156 F.3d 49, 51 (1st Cir. 1998) (quoting 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1487, at 611 (2d ed. 1990)). Where a considerable time has elapsed between the filing of the complaint and the motion to amend, the movant has the burden of showing some "valid reason for his neglect and delay." Grant v. News Group Boston, Inc., 55 F.3d 1, 6 (1st Cir. 1995) (citing Stepanischen v. Merchants Despatch Transp. Corp., 722 F.2d 922, 933 (1st Cir. 1983)). "While courts may not deny an amendment solely because of delay without consideration of the prejudice to the opposing party, . . . it is clear that 'undue delay' can be a basis for denial." Tiernan v. Blyth, Eastman, Dillon & Co., 719 F.2d 1, 4 (1st Cir. 1983) (quoting Hayes v. New England Millwork Distribs., Inc., 602 F.2d 15, 19 (1st Cir. 1979)). "A party's belated attempt to revise its pleadings requires that a court examine the totality of the circumstances and exercise sound discretion in light of the pertinent balance of equitable considerations." Quaker State Oil Refining Corp. v. Garrity Oil Co., 884 F.2d 1510, 1517 (1st Cir. 1989).

### B. Plaintiff's Motion To Amend Should Be Denied Because She Has Failed To Provide Any Valid Reason For Her Neglect And Delay In Filing The Motion To Amend

In Plaintiff's Second Amended Motion to Amend Complaint, Plaintiff failed to provide a valid reason, let alone any reason for her neglect and delay in filing her motion. The Complaint was filed on September 2, 2005. The Complaint was further amended approximately two months subsequent to Plaintiff's termination on January 25, 2006. See First Amended Compl. While

Plaintiff could have easily filed a motion to amend her complaint at that time to include the termination claims, she did not. Rather, Plaintiff waited approximately twenty-four months after Plaintiff filed her original Complaint, twenty months after she was removed from her employment, and nineteen months after Plaintiff filed her First Amended Complaint, to file this motion to amend her complaint. Notably, Plaintiff's motion was filed after the discovery deadline in this case and prior to the summary judgment motion deadline.

This case is similar to Berrios-Berrios v. Commonwealth of Puerto Rico, 206 F.R.D. 342 (D. P.R 2002). In Berrios-Berrios, the plaintiff filed her motion for leave to amend the complaint "almost two and a half years after the initial complaint, 10 months after the last amended complaint, and most importantly, after the discovery deadline set forth by the Court had passed and the date for filing dispositive motions was upon the parties." Id. at 344. In addition, the court in Berrios-Berrios found that plaintiff failed to meet her burden of showing some valid reason for her delay. Id. Thus, as in Berrios-Berrios, this Court should deny Plaintiff's motion to amend her complaint.

In addition, Defendants in good faith objected to the discovery propounded by Plaintiff concerning Plaintiff's termination because no such claim had been alleged in the First Amended Complaint. Defendants advised plaintiff that the discovery request:

> seeks information about an issue that is not part of the subject case; namely, the plaintiff's termination. The plaintiff's termination from federal service is currently the subject of an administrative investigation. If the plaintiff wishes to propound discovery on her removal, she must then amend her complaint in the subject district court case to include removal, which will then allow the agency to dismiss her administrative complaint.

Ex. 2 at 6, 10, 13-14, 24, 26. Plaintiff then did nothing to advise Defendants that she would be amending her First Amended Complaint, did not move to amend her First Amended Complaint

at that time, and did not move to compel discovery until August 24, 2007, after the discovery deadline had passed. Further, in a conversation with Ms. Andrews on June 1, 2007, Ms. Andrews made a broad allegation that Defendants' interrogatory responses were deficient, but made no attempt to explain to Defendants which interrogatory response was deficient and why she believed it to be deficient. Ex. 5; see also Defs.' Mot. To Compel Med. Releases, Ex. 2 at 2. In fact, the undersigned attempted to follow-up on the June 1, 2007, conversation, in an e-mail dated June 7, 2007, but Ms. Andrews did not address the issue. Ex. 5; see also Defs.' Mot. To Compel Med. Releases, Ex. 2 at 2. Specifically, the undersigned stated that:

> With regard to any interrogatory . . . response that you feel is deficient, I have not heard back from you regarding what specific interrogatory . . . response you feel is deficient since our conversation on June 1, 2007, and why you feel it is deficient. I note that the discovery responses were hand-delivered to you on April 11, 2007. As was stated in the interrogatory response . . . the request were among other things, overly broad and requested information that is not the subject of the amended complaint. If you can specifically identify what response you believe is inadequate and why you believe it is inadequate, we can work to resolve this matter.

Ex. 5; see also Defs.' Mot. To Compel Med. Releases, Ex. 2 at 2.

It was not until the deposition of Mary Gibson on July 25, 2007, after being questioned by undersigned counsel on the issue that Ms. Andrews then asserted that Plaintiff did not need to amend her claim to include any alleged claims relating to her termination. Ex. 3. In the deposition of Mary Gibson on July 25, 2007, Ms. Andrews pursued at great length the circumstances surrounding Plaintiff's termination. Accordingly, Defendants objected to this line of questing on relevancy grounds:

> MS. NGUYEN: I would like to object to this line of questioning regarding any sort of termination or her beliefs regarding this termination because termination is not an issue in this case so I don't know where this line of questioning is going.

> MS. ANDREWS: I believe it is. The case law supports the fact that once you file a charge of discrimination, if there's any retaliation that grows out of it, it's part of it and you don't have to amend your complaint.
>
> MS. NGUYEN: It's not– you had the opportunity to amend the complaint. Is it listed in the amended complaint?
>
> MS. ANDREWS: Retaliation is and this is another form of retaliation.
>
> MS. NGUYEN: When have you ever noticed us regarding the termination? I believe in our discovery responses we had alerted you to the fact that this case is not about–
>
> MS. ANDREWS: We had discussions at the pretrial conference with the original attorney about the termination. Okay? We had discussions about it with the Judge. And then after that with Mr. Iannotti I talked all about the termination and I told him about the line of cases that allows us to make this part of it and that's the position I'm taking.[5]

Ex. 3.

Despite Plaintiff's assertion that Plaintiff did not need to amend her complaint, Plaintiff then filed her Motion to Amend Complaint after the discovery deadline had passed. Moreover, in Plaintiff's Second Amended Motion to Amend Complaint, Plaintiff states that Defendants "have been repeatedly advised by Plaintiff's counsel that, upon the issuance of the Right-to-Sue, Plaintiff intended to amend her complaint." This statement is inconsistent with the record. In fact, at the July 25, 2007, deposition, Plaintiff's counsel stated that the position Plaintiff's counsel was taking was that she did not have to amend her complaint. Ex. 3. The only time that

---

[5] Ms. Andrews' statement is inconsistent with the record in which Mr. Iannotti objected to discovery requests seeking information regarding Plaintiff's termination because the request:

> seeks information about an issue that is not part of the subject case; namely, the plaintiff's termination. The plaintiff's termination from federal service is currently the subject of an administrative investigation. If the plaintiff wishes to propound discovery on her removal, she must then amend her complaint in the subject district court case to include removal, which will then allow the agency to dismiss her administrative complaint.

Ex. 2 at 6, 10, 13-14, 24, 26.

the undersigned was ever advised that Plaintiff intended on amending her complaint was in a telephonic discussion with Ms. Andrews' co-counsel, Louise Herman, on August 16, 2007.

Thus, Plaintiff has failed to meet her burden in showing that a valid reason exists for her neglect and delay in filing the motion approximately twenty-four months after Plaintiff filed her original Complaint, nineteen months after Plaintiff filed her First Amended Complaint, and after the discovery deadline had passed. See also Quaker, 884 F.2d at 1517-18 (affirming denial of motion to amend filed two months prior to end of discovery and filed prior to deadline for summary judgment motion); Stepanischen, 722 F.2d at 932 (plaintiff failed to meet his burden of showing some valid reason for delay in moving to amend complaint where complaint was filed more than two years prior, where seventeen months of discovery had been had, and where he filed his motion to amend ten days prior to discovery deadline); Williams v. Healthreach Network, No. Civ. 99-0030-B, 2000 WL 760742, at *1 (D. Me. Feb. 22, 2000) (denying motion to amend filed on last day of discovery where claim was not "new and unexpected") (attached as Ex. 7).

**C. Any Argument That Plaintiff Was Unable To Amend Her Complaint Because She Had Not Received A Right-To-Sue Letter Is Without Merit In Light Of 29 C.F.R. § 1614.407 And Inconsistent With Plaintiff's Previous Assertion That She Did Not Have To Amend Her Complaint**

Any argument that Plaintiff was unable to amend her complaint because she had not received a right-to-sue letter is without merit in light of 29 C.F.R. § 1614.407 and is inconsistent with Plaintiff's previous assertion that she did not have to amend her complaint. Title 29, Code of Federal Regulations, Section 1614.407 provides:

> A complainant who has filed an individual complaint, an agent who has filed a class complaint or a claimant who has filed a claim for individual relief pursuant to a class

> complaint is authorized under title VII, the ADEA and the Rehabilitation Act to file a civil action in an appropriate United States District Court:
>
> . . .
>
> (b) After 180 days from the date of filing an individual or class complaint if an appeal has not been filed and final action has not been taken;

As her EEO complaint concerning her termination was filed on or about March 29, 2006, Plaintiff could have attempted to amend her First Amended Complaint, 180 days later, on September 25, 2006.

Moreover, Plaintiff, who is not new to the EEO process, has been well advised of these rights in the processing of all three of her EEO complaints. On February 4, 2004, Plaintiff was advised and placed her initials next to the statement, "YOU HAVE THE RIGHT TO FILE A CIVIL ACTION IN THE U.S. DISTRICT COURT 180 CALENDAR DAYS AFTER FILING A FORMAL COMPLAINT OR 180 CALENDAR DAYS AFTER FILING AN APPEAL, IF NO DECISION ON YOUR COMPLAINT OR APPEAL HAS BEEN ISSUED." Ex 1C at ¶ 18. On May 25, 2004, Plaintiff was advised, "you may file a civil action in the proper U.S. District Court . . . if DeCA has not issued a final decision on your complaint, after 180 calendar days from the date the formal complaint was filed." Ex. 1F at 2. In addition, on January 10, 2006, Plaintiff was also advised and placed her initials next to the statement, "YOU HAVE THE RIGHT TO GO TO U.S. DISTRICT COURT 180 CALENDAR DAYS AFTER FILING A FORMAL COMPLAINT OR 180 DAYS AFTER FILING AN APPEAL." Ex. 1K at ¶ 15. On May 8, 2006, Plaintiff was advised, "you may file a civil action in the proper U.S. District Court . . . if DeCA has not issued a final decision on your complaint, after <u>180 Calendar Days</u> from the date the formal complaint was filed." Ex. 1M at 2. In addition, during the processing of her termination EEO complaint, she was represented by the same counsel as in this proceeding. Exs. 1N, 4E-F.

______Thus, nothing prevented Plaintiff from moving to amend her First Amended Complaint, at the very latest, on September 25, 2006, which is approximately 180 days after the filing of her EEO complaint concerning her termination. Nearly a year later, Plaintiff now moves at the eleventh hour to amend her complaint despite her previous assertion that she did not have to amend her complaint.

**D. Defendants Would Be Unduly Prejudiced By Allowance Of The Amendment Of The First Amended Complaint**

Defendants would be unduly prejudiced by allowance of the amendment of the First Amended Complaint because Plaintiff's failure to timely amend her First Amended Complaint has resulted in Defendants' trial strategy being impaired. See Tiernan, 719 F.2d at 4-5 (finding prejudice to party opposing late-filed motion to amend even where additional discovery was not necessary; the additional claims "may well have affected defendants' planned trial strategy and tactics" and would likely have "required additional time to prepare for trial"). While Defendants have acted in good faith in attempt to mitigate any prejudice incurred by Plaintiff's inaction in amending her complaint, Defendants would need additional discovery to fully explore the proposed claims and damages relating to Plaintiff's termination. For example, Defendants did not tailor their interrogatory and document requests sent on September 18, 2006, to include any unidentified claims relating to Plaintiff's termination.[6] As result, Defendants would need to have the fair opportunity to send out and to obtain responses to additional interrogatory requests and document requests. Defendants would also need to have more time to interview witnesses at

[6] Defendants filed a motion to compel these responses which was granted by the Court. Plaintiff's responses to Defendants' interrogatories were received on February 16, 2007, and responses to Defendants' request for production of documents were received on February 21, 2007.

length on the numerous incidences of misconduct outlined in the proposal letter for termination. See Exs. I-J. Further, Defendants would need to redepose Plaintiff after having an opportunity to receive the additional interrogatory responses and document requests, to talk to witnesses, and to fully develop the issue of damages. Depending on the information obtained through additional witness interviews and additional discovery requests, Defendants may then seek to depose additional witnesses and to issue additional subpoenas.

Notably, following the July 25, 2007, deposition,[7] Defendants sought to mitigate any prejudice incurred by Plaintiff's inaction in amending her complaint by seeking limited discovery on Plaintiff's termination claim pending the Court's ruling on the issue. The limited discovery comprised of issuing four subpoenas to obtain unemployment benefits records, tax records, and worker's compensation records, and asking Plaintiff at her deposition some questions relating to her termination.[8] Ex. 6, Letter to Andrews dated August 1, 2007. While Defendants have now received responses to the subpoenas for Plaintiff's state tax records and her unemployment benefits records, Defendants have not yet received documents for Plaintiff's federal tax records and worker's compensation records. In any event, Defendants have not had the opportunity to

---

[7] As stated previously, it was not until the deposition of Mary Gibson on July 25, 2007, after being questioned by undersigned counsel on the issue that Plaintiff's counsel then asserted that Plaintiff did not need to amend her claim to include any alleged claims relating to her termination. Ex. 3. After the July 25, 2007, deposition, with only three weeks remaining in discovery, the undersigned was tasked with preparing for six total depositions, consisting of defending five depositions scheduled by the Plaintiff (one deposition did not take place as Plaintiff's counsel decided on the day of the deposition that she no longer needed to depose the witness) and taking the deposition of Plaintiff.

[8] These questions were limited given the fact that Defendants have not conducted adequate discovery on the issue of her termination, as her termination case was already pending at the administrative level.

question Plaintiff on these records that were subpoenaed, as these records were either received after Plaintiff's deposition or not received at all.

Therefore, if this Court were to allow Plaintiff to amend her complaint, Defendants would face prejudice resulting from a re-opening of discovery, a significant postponement of trial, and a likely major alteration in trial strategy. See Acosta-Mestre, 156 F.3d at 52 (holding that district court did not abuse its discretion where amendment of complaint "would have resulted in further significant delay both in the completion of discovery and the trial of the case"); Stepanischen, 722 F.2d at 933 (district court acted within its discretion in denying motion to amend complaint where "addition of new claims would likely have required additional discovery and caused further delay"); Serrano Medina v. United States, 709 F.2d 104, 106 (1st Cir. 1983) (trial court did not abuse discretion in denying leave to amend where there was no justification for delay in asserting new claims, and their acceptance would require additional research and discovery); Picker Internat'l, Inc. v. Leavitt, 865 F.Supp. 951, 957 (D. Mass. 1994) (stating that it would be inappropriate to allow defendant to amend its counterclaim where "it was clear that Picker would be unduly prejudiced by the belated introduction of yet another claim, which would require additional discovery, and which could and should have been asserted earlier").

Moreover, Plaintiff cannot shift the burden of amending her complaint to Defendants. See Acosta-Mestre, 156 F.3d at 52 (holding that a party cannot shift its responsibility for its own pleadings on its opponent); Williams, 2000 WL 760642 at *1 (holding that defendant is under no duty to inform plaintiff of possible claims that she may file). Plaintiff argues in this case that "Defendants have had notice of Plaintiff's claim concerning the firing as Plaintiff referred to the firing as a basis of her claim in the Pre-trial Conference Statement filed with this Court on or

about April 25, 2006." A review of Plaintiff's Pre-trial Conference Statement reveals that Plaintiff did not state that her termination was a claim she was alleging against Defendants. Rather, Plaintiff states, as background information, a fact already known to Defendants; that is, Plaintiff was fired two months after filing her Complaint in federal court. Pre-trial Conference Statement at 1.

Further, Defendants identification of Plaintiff's "Notice of Proposed Removal" and "Decision to Notice-Removal" in its Initial Disclosures, provides no basis for allowing Plaintiff's proposed amendment at this late juncture. While Defendants may have been aware that this was a possible claim that could be added, it was Plaintiff's responsibility to add this claim. See Acosta-Mestre, 156 F.3d at 52; Williams, 2000 WL 760642 at *1. In addition, any settlement discussions regarding Plaintiff's reinstatement when this case was first filed, does not excuse Plaintiff from properly amending her claim. As in Acosta-Mestre, nothing prevented Plaintiff, the master of her complaint, from then moving to add a claim of termination, other than unwarranted reliance that Defendants had notice of any such claim. Id. at 52.

Notably, "Rule 15(a)'s liberal amendment policy seeks to serve justice, but does not excuse lack of diligence that imposes additional and unwarranted burdens on an opponent and the courts." Id. Therefore, Plaintiff's lack of diligence in this case should not be excused because Defendants would be unduly burdened by the allowance of the amendment of the First Amended Complaint to include claims relating to Plaintiff's termination.

### E. Plaintiff Should Not Reap The Benefit Of Pursuing Claims Relating To Her Termination In Two Different Forums Simultaneously

Plaintiff should not reap the benefit of pursuing any claims relating to her termination in

two different forums simultaneously. In this case, Plaintiff has tried to pursue claims relating to her termination concurrently at both the administrative level and in the present case. During the course of this district court case, agency resources were being expended in the administrative forum in investigating and adjudicating her claims relating to her termination. See Exs. 1K-O, 4, 4A-F.

While it was Plaintiff's contention at the July 25, 2007, deposition, that the retaliation claims were a part of her complaint filed in this Court and that she did not need to amend the complaint, Plaintiff took no action in dismissing her EEO complaint that was still pending at the administrative level. Thus, Plaintiff was simultaneously pursuing both administrative and judicial remedies on the same matters, wasting resources, and creating the potential for inconsistent or conflicting decisions.

In addition, Plaintiff used the fact of this dual litigation to her strategic advantage. While Plaintiff sought discovery relating to her termination in this district court case, she also used the fact that her EEO complaint was pending at the administrative level as a one-sided discovery tool. When requested by an EEO investigator to provide responses to an interrogatory, Plaintiff's counsel, Patricia Andrews, stated, "[b]efore doing so, I would appreciate receiving any documents and information you have received from the other side. Is that possible?" Ex 4E. The EEO investigator then sent Ms. Andrews declarations from managers involved in the termination. Ex. 4F. Next, the EEO investigator asked Ms. Andrews when she could expect Plaintiff's declaration/rebuttal. Ex. 4F. Ms. Andrews responded, "Thank you, I will let you know." Ex. 4F. In turn, however, no declaration/rebuttal from Plaintiff was ever received by the

EEO investigator. Ex. 4 at ¶ 11.[9]

______Accordingly, Plaintiff should not be rewarded for manipulating dual forums at the cost of the agency and this Court.___

**F. Plaintiff's Argument That She Can Amend Her Complaint At Any Time To Include Claims of Harassment, Discrimination, And/Or Retaliation Which Take Place After A District Court Complaint Is Filed Is Without Merit.**

______Plaintiff's argument that she can amend her complaint at any time to include claims of harassment, discrimination, and/or retaliation which take place after a district court complaint is filed is not supported by the cases that she cites, Rivera v. Puerto Rico Aqueduct and Sewers Authority, 331 F.3d 183, 189 (1st Cir. 2003) and Clockedile v. New Hampshire Department of Corrections, 245 F.3d 1, 6 (1st Cir. 2001). While the courts in Rivera and Clockedile have held that, "a judicial complaint can encompass, discrete acts of retaliation 'reasonably related and grow[ing] out of the discrimination complained of by the agency . . .", nothing in these decisions support the proposition that plaintiffs can amend their judicial complaint at any time.[10] See Rivera, 331 F.3d at 189, quoting Clockedile, 245 F.3d at 6. In the Rivera and Clockedile

---

[9] Thus, while Plaintiff had the opportunity to question management witnesses on the declarations they provided in the termination administrative case, Defendants had no such opportunity to question Plaintiff on her declaration, as she did not provide one for the termination administrative case. See Ex. 4 at ¶ 11.

[10] Although Plaintiff cites Rivera and Clockedile for the proposition that, "[c]ourts, including the First Circuit, have held the following: Acts of harassment, discrimination, and/or retaliation which take place after a charge has been filed, may nonetheless form the basis of a lawsuit so long as acts are reasonably related to, and grow out of, the discrimination previously complained of to the Agency," this is a clear misstatement of the holding in Rivera and Clockedile. In both Rivera and Clockedile, the First Circuit declined to decide whether a judicial complaint also may encompass non-retaliatory but related discrete acts which took place after the discrimination described in the charge if the plaintiff failed to amend her charge or to file a new one detailing the new acts. Rivera, 33 F.3d at 189; Clockedile, 245 F.3d at 6.

decisions, there is no evidence that the plaintiffs' allegations of subsequent retaliation were not specifically pled in the complaint, nor is their evidence in those decisions that the plaintiffs attempted to amend their complaint to add additional claims in an untimely manner without a valid reason, as is the case here. Further, in Rivera and Clockedile, the plaintiffs were not manipulating two forums, the administrative forum and judicial forum, simultaneously to advance their additional claims.

## III. Conclusion

For the reasons stated above, Plaintiff's Amended Motion to Amend Complaint should be denied.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Ly T. Nguyen
LY T. NGUYEN, Bar No. 66676
Assistant United States Attorney
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5017 (fax)
Email: ly.nguyen@usdoj.gov

**CERTIFICATION OF SERVICE**

I hereby certify that on this 31st day of August, 2007, I caused to be electronically filed the within Response in Opposition to Plaintiff's Second Amended Motion to Amend Complaint, supporting Memorandum in Opposition to Plaintiff's Second Amended Motion to Amend Complaint, and attached exhibits, with the Clerk of the United States District Court for the District of Rhode Island, using the CM/ECF system. The following participant(s), as identified on the Notice of Electronic Filing, has received notice electronically:

Patricia Andrews, Esq.
129 Dyer Street
Providence, RI 02903

/s/ Ly T. Nguyen
LY T. NGUYEN
Assistant United States Attorney
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401) 709-5000
(401) 709-5017 (fax)
Email: ly.nguyen@usdoj.gov