UNITED STATES OF AMERICA
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
NEW YORK DISTRICT OFFICE

---

Rosezola Sellers,
Complainant,

v.

Donald H. Rumsfeld, Secretary
United States Department of Defense,
Agency

---

EEOC Hearing No. 160-A2-8206X
Agency File No. 01EANBJ022

BEFORE: Kevin J. Berry
Administrative Judge

DECISION

Rosezola Sellers ("Complainant"), alleges discrimination on the basis of race (African American) and disability (Stomach Ulcers) in that she was subjected to harassment when she was continuously switched from work assignment to work assignment; she was continuously assigned unfavorable assignments that required working in a freezer (without a coat) and heavy lifting (without a back brace); she was assigned to work nights, 3:00pm to 11:30 pm or 6:00 pm to 2:00 am while others were not; and she was denied the use of annual leave on April 24, 2001. See, Report of Investigation ("ROI"), Formal EEO Complaint filed on May 8, 2001.

The Agency complied with all procedural and regulatory perquisites, after which the Complainant requested a hearing before an EEOC Administrative Judge. However, on October 16, 2002 the Agency filed a Motion for the EEOC to issue a Decision without a hearing pursuant to 29 C.F.R. §1614.109. The Complainant responded to the Motion. The case was reassigned to the above referenced Administrative Judge. After a careful review of the record, I find that the matter is appropriate for summary judgment.

GOVERNMENT EXHIBIT 18

#10



P-0135

EEOC jurisdiction to decide this case is predicated on Title VII of the Civil Rights Act of 1964, as amended by the Equal Employment Opportunity Act of 1972, 42 U.S.C. 2000e-16 ("Title VII") and Section 501 of the Rehabilitation Act of 1973 ("Act"), as amended 29 U.S.C. §791 *et seq.* Regulations authorizing hearing procedures appear at 29 C.F.R. § 1614. These regulations permit the Administrative Judge to dispense with a hearing and to issue Decisions based on the investigative record and any written submissions of the parties. The language of the pertinent section, 29 C.F.R. §1614.109(g) permits the trier-of-fact to issue summary judgment when "[the evidence of record], if any, shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *See also*, Fed.R. Civ. P. 56©). A factual matter is a "genuine" issue "if the evidence is such that a reasonable [trier-of-fact] could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242; 106 S.Ct. 2510 (1986). "Material" facts are those "that might effect the outcome of the suit under the *governing law...*" *Id.* (Emphasis added)

The burden of proof in discrimination cases is generally allocated according to the standard established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). This case set forth a three-tier test for determining whether there has been discrimination in violation of Title VII. The Complainant has the initial burden of showing actions taken by the employer from which one can infer, if such actions remain unexplained, that it is more likely than not such actions were based on discriminatory criteria. Once a *prima facie* case has been established, the burden of going forward shifts to the employer to articulate some legitimate, nondiscriminatory reason for the challenged action. If the employer articulates a legitimate reason, the burden is then on the Complainant to prove, by a preponderance of the evidence, that the legitimate reason offered by the employer was not its true reason, but a mere pretext for discrimination. See *St Mary's Honor Center v. Hicks*, 125 L.Ed. 2d 407 (1993).

For the Complainant to prevail, the evidence must initially establish, at least, that there is some substance to the charge. The Complainant must establish a *prima facie* case of disparate treatment; that is, a body of evidence such that, if not rebutted, a finder-of-fact could conclude that unlawful discrimination occurred. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *Furnco Construction Corp. v. Waters*, 438 U.S. 567 (1978); *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248 (1981). This requires the Complainant to prove that "similarly situated" employee(s) outside of her protected group(s) were treated more favorably under similar circumstances. Persons are "similarly situated" when all the relevant aspects of the Complainant's employment (i.e., same supervisor, tour, work section, installation, grade, etc.) and the comparable employee are nearly identical. *Smith v. Monsanto Chemical Co.*, 770 F.2d 719, 723 (8th Cir. 1985); *Murray v. Thistledown Racing Club Inc.*, 770 F.2d 63, 68 (6th Cir. 1985); *Nix v. Illinois Central Gulf RR*, 665 F. Supp. 1308, 1333 (W.D. Tenn 1987).

As to her claim of discrimination based on disability, it is well established that the burdens of proof required in a disparate treatment claim brought pursuant to the Act are modeled after those used in Title VII law. *Prewitt v. United States Postal Service*, 662 F.2d 292, 305 n.19 (5th Cir. 1981). In order to establish a *prima facie* case of disability discrimination, the Complainant must demonstrate that: (1) she is an individual with a disability for the purposes of the Rehabilitation Act, as defined

in 29 C.F.R. §1614.203(a); (2) she is a qualified person with a disability, in that she is qualified for, and can perform, the essential functions of the position with or without a reasonable accommodation, as specified in 29 C.F.R. §1614.203(a)(6); (3) she was treated differently than individuals not in her protected group; and (4) the circumstances give rise to the inference that the difference in treatment was based on her disability. *See Jasany v. United States Postal Service,* 755 F.2d 1244 (6th Cir. 1985); *Gant v. United States Postal Service,* EEOC Request No. 05910096 (July 9, 1991); *Hagen v. Department of the Interior,* EEOC Appeal No. 01941974 (March 8, 1995); *Raspanti v. Department of the Army,* EEOC Appeal No. 01942756 (March 17, 1997).

Initially, the Complainant must prove that she is a qualified individual with a disability within the meaning of the Act. EEOC regulations define an individual with a disability as one who has a physical or mental impairment which substantially limits one or more of that person's major life activities, has a record of such impairment, or is regarded as having such an impairment. 29 C.F.R. §1614.203(a)(1). "Major life activities" include such functions as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working. 29 C.F.R. §1614.203(a)(3). Also, the Complainant's disability must be permanent and not temporary in nature, as temporary conditions will generally no support a finding that an individual is disabled under the Act. *Grimard v. Carlston,* 567 F.2d 1171 (1st Cir. 1987); *Sanhueza v. United States Postal Service,* EEOC Appeal No. 01911109 (May 21, 1991).

In order for harassment to be considered conduct in violation of the statute, the conduct need not seriously affect an employee's psychological well being or lead the employee to suffer psychological injury. Rather, as stated in *Meritor Savings Bank v. Vinson,* 477 U.S. 57 (1986), the applicable standard provides that the law is violated when the work place is permeated with discriminatory behavior that is sufficiently severe or pervasive to create a discriminatory hostile or abusive environment. This standard requires an objectively hostile or abusive environment, one that a reasonable person would find hostile or abusive, as well as the victim's subjective perception that the environment is abusive. See *Harris v. Forklift Systems, Inc.,* 114 S. Ct. 367, 371 (1993). Moreover, unless the conduct is very severe, a single incident or group of isolated incidents will not be regarded as discriminatory harassment. *Walker v. Ford Motor Co.,* 684 F.2d 1355, 1358 (11th Cir. 1982).

Based on my review of the record I find that the Complainant has not established that her impairment of stomach ulcers rises to the level of a covered disability since she has not shown that this condition substantially limits one or more major life functions or that she was regarded as being disabled. Further the Complainant has failed to establish a *prima facie* case of discrimination or harassment since there is no evidence to show that the Complainant was treated less favorably than similarly situated individuals, outside of her protected group, nor is there any evidence to suggest that the Complainant's race was a factor in the treatment she received. The record shows that the Complainant is employed as a store worker at the commissary located at the Newport Naval Station. The evidence shows that the Complainant's work schedule was changed to meet operational needs, which is the nature of Complainant's job. There is no evidence to show that the Complainant was assigned night shift duties any more frequently than other similarly situated co-workers. See "ROI"

pp 360, 362, 366, 367. In addition, the record shows that the Complainant's job assignments are the same as other store workers and a coat was available for the Complainant just like her co-workers. The Complainant is correct in stating that a back brace was not supplied to her, but neither did her co-workers have use of an Agency supplied back brace. See "ROI" p 367. Finally, the evidence shows that the Complainant was denied use of annual leave on April 24, 2001 because a number of co-workers had previously been granted that day off so it would have left the store shorthanded. The record shows that the Complainant was granted and used more annual leave in the previous year than only one other worker. See "ROI" pp 361, 33. The preponderance of the evidence shows that the Complainant was not subjected to harassment or discrimination rather legitimate management directives which are part of business.

## CONCLUSION

Viewing all the evidence in the light most favorable to the Complainant, I find that she has failed to meet her burden of proving race or disability discrimination or harassment.

## NOTICE

This is a decision by an Equal Employment Opportunity Commission Administrative Judge issued pursuant to C.F.R. §1614.109(b), 109(g) or 109(I). EEOC regulations require the Agency to take final action on the complaint by issuing a final order within 40 calendar days of receipt of the hearing file and this decision. The Agency's final order shall notify the complainant whether or not the Agency will fully implement this decision, and shall contain notice of the complainant's right to appeal to the Commission, the right to file a civil action in federal district court, the name of the proper defendant in any such lawsuit and the applicable time limits for such appeal or lawsuit. A copy of the Final Order shall also be provided to the Administrative Judge.

**With the exception detailed in the next paragraph, complainant may not file an appeal to the Commission directly from this decision.** Rather, complainant may appeal to the Commission within 30 calendar days of receipt of the Agency's final order concerning its implementation of this decision. If the final order does not fully implement this decision, the Agency must also simultaneously file an appeal to the Commission in accordance with 29 C.F.R. §1614.403, and append a copy of the appeal to the final order. A copy of EEOC Form 573 must be attached to the final order.

Complainant may only appeal directly from this decision in the event that the Agency has **not** issued its final order within 40 calendar days of its receipt of the hearing file and this decision. In this event, the complainant should append a copy of the Administrative Judge's decision to the appeal. The complainant should furnish a copy of the appeal to the opposing party at the same time it is filed with the Commission, and should certify to the Commission the date and method by which such

service was made on the opposing party.

All appeals to the Commission must be filed by mail, personal delivery or facsimile to the following address:

Director
Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 19848, Washington, D.C. 20036
Fax No. (202)663-7022

Facsimile transmissions over 10 pages will not be accepted.

For further guidance regarding appeals, the parties may consult 29 C.F.R. §1614.401 et seq. and Chapter 10 of the Commission's Management Directive-110. These documents are available on the EEOC's website at EEOC.GOV.

COMPLIANCE WITH AN AGENCY FINAL ACTION

Pursuant to 29 C.F.R. §1614.504, an Agency's final action that has not been the subject of an appeal to the Commission or civil action is binding on the Agency. If the complainant believes that the Agency has failed to comply with the terms of its final action, the complainant shall notify the Agency's EEO Director, in writing, of the alleged noncompliance within 30 calendar days of when the complainant knew or should have known of the alleged noncompliance. The Agency shall resolve the matter and respond to the complainant in writing. If the complainant is not satisfied with the Agency's attempt to resolve the matter, the complainant may appeal to the Commission for a determination of whether the Agency has complied with the terms of its final action. The complainant may file such an appeal within 30 calendar days of receipt of the Agency's determination or, in the event that the Agency fails to respond, at least 35 calendar days after complainant has served the Agency with the allegations of noncompliance. A copy of the appeal must be served on the Agency, and the Agency may submit a response to the Commission within 30 calendar days of receiving the notice of appeal.

KEVIN J. BERRY
Administrative Judge

Date 5/21/03

## CERTIFICATE OF SERVICE

For timeliness purposes, it will be presumed that this Order was received within five (5) calendar days after it was mailed. I hereby certify that the foregoing Order was sent by me by first class mail to:

Rosezola Sellers
c/o Steven John Coaty, Esq.
174 Bellevue Ave, Ste. 214
Newport, RI 02840

Darrin W. Gibbons
Assistant General Counsel
Defense Commissary Agency
1300 E. Ave
Fort Lee, VA 23801-1800

5/27/03
Date

Gem Jewsbury



P-0140