**DEFENSE COMMISSARY AGENCY**
**DeCA EAST, Newport Naval Station Commissary**
**Bldg 1163, Whipple Street**
**Newport, RI 02841-1639**

REPLY TO
ATTENTION OF

DeCA-EA-NBJ October 17, 2005

MEMORANDUM FOR MS. ROSEZOLA SELLERS, COMMISSARY MANAGEMENT SPECIALIST, GS-1144-05, NEWPORT NS COMMISSARY

SUBJECT: Notice of Proposed Removal

This memorandum serves as official notification that I propose to remove you from Federal service for failure to follow instructions, disruptive behavior, and disrespectful conduct.

Charge 1: Failure to Follow Instructions

Specification 1: In that you, having knowledge of my instruction to you to complete a release for period 16 no later than the end of the day, an instruction which it was your duty to obey, did, at the Newport NS Commissary, on or about June 30, 2005, fail to obey the same.

Specification 2: In that you, having knowledge of my instruction to you to write a witness statement for an official investigation, an instruction which it was your duty to obey, did, at the Newport NS Commissary, on or about September 2, 2005, fail to obey the same.

Specification 3: In that you, having knowledge of my instruction to you to bring in medical documentation to support an absence for one week, an instruction which it was your duty to obey, did, at the Newport NS Commissary, on or about September 25, 2005, fail to obey the same.

Specification 4: In that you, having knowledge of my instruction to you to stock new items in the U-Boat Display, an instruction which it was your duty to obey, did, at the Newport NS Commissary, on or about October 11, 2005, fail to obey the same.

Charge 2: Disruptive Behavior

Specification: On or about August 29, 2005, you were in the Dairy Receiving area of the Newport NS Commissary, you blocked the passage of a co-worker and then interfered with that employee's movement when you pushed your pallet in the path of the co-worker causing the cart to strike the employee, thus disrupting the work unit.

Charge 3: Disrespectful Conduct

Specification 1: On or about June 1, 2005, at the Newport NS Commissary, you talked to and acted toward your supervisor in a disrespectful manner by contemptuously folding your arms and staring at her without responding to her question, and then loudly and contemptuously saying "why don't you just follow me with a camera and take pictures" or words to that effect, when questioned why you did not perform a task that it is your duty to know how to perform.

187

GOVERNMENT EXHIBIT
1I

Specification 2: On or about October 11, 2005, at the Newport NS Commissary, you talked to your supervisor in a disrespectful manner when you stated to her in a contemptuous manner, "Oh, right, Mary is just little Ms. Innocent, you're so innocent" or words to that effect.

Specification 3: On or about October 11, 2005, at the Newport NS Commissary, you talked to me, your second level supervisor, in a loud, disrespectful and contemptuous manner, when you said to me " What do I look like, a two year old child?" and "go ahead write it up, I would like it written up, also." or words to that effect.

Specification 4: On or about September 8, 2005 and on or about October 13, 2005, you acted in a disrespectful manner to a co-worker by coughing on him and saying to him "You're gay." and "You're so gay.", or words to that effect.

Background:

a. On or about June 30, 2005, you were paged into your supervisor's office and questioned why you did not perform the task of releasing period 16. You stated you did not know you were supposed to, when in fact, you did know that. You stated you were getting ready to go home. You were told that you still had some time left on your shift and this task needed to be performed prior to your departure. You left the office and did not perform the task as your supervisor did your job later that evening.

b. On or about September 2, 2005, you were directed to prepare a statement about an incident that happened in the Grocery Department's Office while you were present. You did not prepare the statement so the supervisor came to you again and asked you to prepare a statement. You said you would not write a statement, that you had nothing to say. The supervisor then stated that they were directing you to write it as you were part of the investigation. You stated, "I am not writing anything. I don't have anything to say. If you want to write an action then just make sure that you give me a copy." You eventually did prepare a statement which read: "Mary Gibson asked me to write a statement about what happened on 26 August 2005. My statement is, I have nothing to say."

c On or about September 25, 2005, you requested sick leave for one week. I asked you to provide administratively acceptable medical documentation since you were requesting one week off and did not divulge the reason. You brought in a doctor's note that stated, "Rose Sellers was placed out of work for 1 week (starting 9/22/05). Due to HIPPA Regulations, we cannot discuss any further medical information without Ms. Sellers' written permission." Per Section 630.403, Code of Federal Regulations, this is not administratively acceptable medical documentation. Once you realized that the leave would not be approved unless the required documentation was provided, you then provided the necessary paperwork and turned it in to your supervisor.

d On or about October 11, 2005, your supervisor gave you an order to stock the New Items in the U-Boat display and told you it was a priority. You stated you needed to count other items and flag them and did not perform the task your supervisor ordered you to do. Later that morning, your supervisor checked on your progress to ensure you did complete the task and that you had sufficient help. You did finally begin the task as you were directed to do earlier and then engaged in a confrontation with your supervisor about co-workers assisting you.

188

e On or about August 29, 2005, you were in the Dairy Receiving area of the commissary store and blocked the pathway of another employee who was pushing a cart. You placed your pallet so that they could not leave the area and had to wait for you as you walked away towards the freezer, all the while you were grinning. When the employee attempted to move your pallet to the side so they could continue moving their cart, you came back and proceeded to pull your pallet, hitting the pallet into the other employee's cart so that it bumped into the employee's stomach. Again you were grinning while doing this, but never uttered a word.

f On or about June 1, 2005, your supervisor called you in to her office to question you about cycle counts as they needed adjustments. When she asked you about the adjustments, you crossed your arms and stared at her in a contemptuous manner. She repeated the question and, again, you just stared at her. You finally responded in a loud tone with, "Mary, I don't remember. There are so many items in this store misplaced that that could have been the problem. I might have scanned it and then it was in the wrong spot a few places down the aisle, and yes, it is my duty to do that aisle and if you don't want me to do it, then rewrite the letter," or words to that effect. You continued and asked her, "why don't you just follow me with a camera and take pictures," or words to that effect.

g. On or about October 11, 2005, you had a confrontation with your immediate supervisor. As your supervisor walked away to end the conversation, you said, "oh right, Mary is just little Miss Innocent, you're so innocent" or words to that effect. After the incidents in the morning, I called you and your supervisor to my office (Store Administrator) to discuss the matter. You accused me of rolling my eyes at you, talking to you as if you were a two-year old child and continued in that vein, pointing to your chest and talking in a loud voice. I tried to explain the situation and, seeing the situation getting out of control, stated that the conversation was over as it was not resolving the issue. You then stated, "that's right, write it up. I would like it written up also," and walked away.

h. On or about September 8, 2005, you continued to harass a co-worker by coughing when you walk by him and giving him and his parents, Commissary patrons, "dirty looks and smirks" when they shopped in the commissary store. On or about October 13, 2005, you entered the break room where this same co-worker was using the microwave and walked up behind him and coughed on him in an obvious attempt to get his attention. When he turned around you said, "you're gay." You then proceeded to the door of the break room, turned around and said, "you're so gay" and left the break room. This is the same employee you harassed and you received discipline for in April 2005.

I have thoroughly reviewed all the facts in your case and I consider the proposed action to be the absolute minimum penalty necessary to promote the efficiency of the Federal service. Your pattern of disruptive and disrespectful conduct towards co-workers and supervisors alike, seriously and adversely impacts the efficient operation of the Newport NS Commissary Store. Your conduct is intolerable as it causes a delay in the performance of the mission of this store and disruption and dissension among the work force. I have considered your past disciplinary record which consists of a Letter of Reprimand on February 25, 2004, for failure to follow instructions and disrespectful conduct, and a 14-day Suspension in April 2005 for disruptive behavior, disrespectful conduct and failure to follow supervisor's instructions. I have also considered your past work record, potential for rehabilitation and the need to maintain discipline and morale within this commissary store.

189

You have the right to representation. If you intend to be represented, you must designate that person in writing. Once the designation has been made, all contacts and correspondence will be through the representative.

You and your representative (if any) have the right to reply, personally or in writing, and to submit any and all reasons you may desire to include affidavits in support thereof. Your reply, whether oral, written or both, must be received by the Store Director, Mr. John Blythe, not later than 21 calendar days following your receipt of this memorandum. You are to submit your reply to the Store Director, Ms. John Blythe, by calling 401-841-2211, or by writing to Mr. Blythe at the Newport NS Commissary, Building 1163 Whipple Street, Newport NS, RI 02841-1639. If you require additional time to respond, you may ask for it. Your request must be in writing, giving valid reasons why, and consideration will be given to granting you an extension.

Full and careful consideration will be given to any reply you make before a final decision is made on the proposed action. The Deciding Official will issue a written decision that states the specific reasons for the decision at the earliest practical time following consideration of your reply.

If you do not understand the reason for this proposal, you may contact me for further explanation. If found warranted, the proposed action will not be effective before the expiration of the 30-day notice period following your receipt of this letter, and until you receive a letter of final decision. You have the right to review the material used to support this action. If you want to review the material and applicable regulations, contact Ms. Dorna Clark, Human Resources Specialist, Headquarters, 1300 E Avenue, Fort Lee, VA 23801, or by calling (804) 734-8550.

You will remain in a duty status in your present assignment grade and salary during the advance notice period established by this memorandum.

Steven Furtado
Assistant Commissary Officer
Newport NS Commissary

Acknowledgement of Receipt: Ms. Sellers refused to sign proposal letter

Signature: ______________________ Date: 10/17/05

190