cc: GC

DEFENSE COMMISSARY AGENCY
HEADQUARTERS
1300 E AVENUE
FORT LEE, VIRGINIA 23801-1800

AUG 20 2007

Equal Employment Opportunity Office

Ms. Rosezola Sellers
[redacted]

Final Agency Decision in the
Complaint of Rosezola Sellers
and Patrick B. Nixon, Director
Agency No. 06-HQ-NW-016

Dear Ms. Sellers:

This responds to your equal employment opportunity complaint filed on March 29, 2006. You alleged discrimination on the bases of race (Black) and reprisal (prior EEO activity), with respect to your former employment as Commissary Management Specialist (CAO), GS-1144-05, at the Naval Station (NS) Newport Commissary, NS Newport, Rhode Island. The issue accepted for investigation was:

"Was the complainant discriminated against based on race (Black) and reprisal (prior EEO activity), when on December 1, 2005, she was removed from federal service for failure to follow instructions, disruptive behavior, and disrespectful conduct?"

Your complaint was investigated and a copy of the Report of Investigation (ROI) was forwarded to you on May 31, 2007. At the time you were informed that under the provisions of 29 C.F.R. Section 1614.108(f), within 30 calendar days of your receipt of the ROI, you could request a hearing before an Equal Employment Opportunity Commission Administrative Judge or request a Final Agency Decision (FAD) without a hearing from the Defense Commissary Agency (DeCA). You requested a FAD from DeCA; therefore, under the provisions of 29 C.F.R. Section 1614.110(a), I am issuing a FAD on your complaint.

To support your allegation, you testified your conduct which caused you to be charged with disruptive behavior, disrespectful conduct, and failure to follow instructions was not as bad as the conduct exhibited by your coworkers who were not Black.

Management officials responsible for your termination testified you were terminated from Federal service because you continuously failed to conduct yourself properly and failed to respect your chain of command and coworkers. Specifically, they testified that on June 1 and October 11, 2005, you were disrespectful to your supervisor; on June 30, September 2 and 25, and October 11, 2005, you failed to follow your supervisor's instructions; and on August 29 and September 8, 2005, you harassed your coworkers. Additionally, the store administrator stated on

GOVERNMENT
EXHIBIT
10

August 29, 2005, you exhibited disruptive behavior when you blocked the passageway of a coworker and then pushed a pallet into that same employee. Moreover, the store administrator stated on September 8, 2005, you stated to one of your coworkers "you are so gay." This was considered continued harassment because you had been suspended in April 2005 for making similar comments to the same worker.

In conclusion, I find the record of evidence does not support your allegation of race or reprisal discrimination. It is noted that prior to recommending your termination, management counseled you and gave you ample time to change your conduct toward your supervisors and coworkers, but you continued to be disruptive and disrespectful. The record also showed you had been charged with disruptive and disrespectful behavior in April 2005 and were suspended for 14 days. Throughout the EEO process, you attempted to justify your actions by stating other employees did worse things than you did but were not punished for them. You identified no witnesses or a time period when the alleged similar situations occurred involving other employees not of your protected group. Moreover, the record failed to show there was any coworker so situated that it would have been reasonable to expect that he or she would have received the same treatment as you with respect to disruptive behavior, disrespectful conduct, and failing to follow supervisor's instructions.

Therefore, I find that you have not shown by a preponderance of the evidence that management's articulated legitimate, nondiscriminatory reasons for its employment action was pretext to mask discrimination.

Your appeal rights and a Notice of Appeal/Petition are enclosed.

Sincerely,

Richard S. Page
Chief Operating Officer

Enclosures

cc:
General Counsel
Director, DeCA East

Ms. Patricia Andrews
129 Dyer Street
Providence, Rhode Island 02903

## APPEAL RIGHTS

You may file a notice of appeal to the EEOC Office of Federal Operations (OFO) within 30 calendar days after receiving this decision.

An appeal to the EEOC should be addressed to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, DC 20036. A copy of the appeal notice should be sent to DeCA, ATTN: EE, 1300 E Avenue, Fort Lee, Virginia 23801-1800. You may submit a brief or statement to support your appeal to the OFO within 30 days after filing the Notice of Appeal. At the same time, you must furnish a copy of the supporting brief or statement to Equal Employment Opportunity Office, DeCA HQ.

Instead of an appeal to the EEOC, you can also file a civil action in the proper U.S. District Court within 90 calendar days after receiving this Final Agency Decision or, after 180 days from the date your Formal Complaint was filed with the Agency. If you file a civil action under Title VII of the Civil Rights Act of 1964, as amended, or the Rehabilitation Act of 1972, as amended, and you do not have or cannot afford the services of a lawyer, you may request the court appoint a lawyer to represent you. In such circumstances as the court may deem just, the court may appoint a lawyer and may authorize the commencement of the action without payment of fees, cost or security. Any such requests must be made within the above referenced 90-day time limit for filing suit and in such form and manner as the court may require.

You are further notified that if you file a civil action, you must name the appropriate department head or Agency head as the defendant and provide his or her official title. **DO NOT NAME JUST THE AGENCY OR DEPARTMENT.** Failure to name the department head or Agency head or to state his or her official title may result in the dismissal of your case. **THE APPROPRIATE AGENCY IS THE DEPARTMENT OF DEFENSE; THE HEAD OF THE DEPARTMENT OF DEFENSE IS ROBERT M. GATES, SECRETARY OF DEFENSE.**

If you decide to appeal the OFO, you will still have an opportunity to file a civil action in the U.S. District Court within 90 calendar days after the date of your initial appeal to the EEOC, if the EEOC has not rendered a final decision.

## DOCKET NUMBER

The docket number identified in the upper right-hand corner of the first page of this letter should be used on all correspondence regarding this matter.

# NOTICE OF APPEAL/PETITION
# TO THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

OFFICE OF FEDERAL OPERATIONS
P.O. Box 19848
Washington, DC 20036

**Complainant Information:** (Please Print or Type)

| | |
|---|---|
| Complainant's name (Last, First, M.I.): | |
| Home/mailing address: | |
| City, State, ZIP Code: | |
| Daytime Telephone # (with area code): | |
| E-mail address (if any): | |

**Attorney/Representative Information (if any):**

| | |
|---|---|
| Attorney name: | |
| Non-Attorney Representative name: | |
| Address: | |
| City, State, ZIP Code: | |
| Telephone number (if applicable): | |
| E-mail address (if any): | |

**General Information:**

| | |
|---|---|
| Name of the agency being charged with discrimination: | |
| Identify the Agency's complaint number: | |
| Location of the duty station or local facility in which the complaint arose: | |
| Has a **final action** been taken by the agency, an Arbitrator, FLRA, or MSPB on this complaint? | _____Yes; Date Received ____________(Remember to attach a copy)<br>_____No<br>_____This appeal alleges a breach of settlement agreement |
| Has a complaint been filed on this same matter with the EEOC, another agency, or through any | _____No<br>____Yes (Indicate the agency or procedure, complaint/docket number, and attach a copy, if appropriate) |

| | |
|---|---|
| other administrative or collective bargaining procedures? | |
| Has a civil action (lawsuit) been filed in connection with this complaint? | ____No<br>____Yes **(Attach a copy of the civil action filed)** |

NOTICE: Please **attach a copy of the final decision or order** from which you are appealing. If a hearing was requested, please attach a copy of the agency's final order and a copy of the EEOC Administrative Judge's decision. Any comments or brief in support of this appeal MUST be filed with the EEOC **and** with the agency **within 30 days** of the date this appeal is filed. The date the appeal is filed is the date on which it is postmarked, hand delivered, or faxed to the EEOC at the address above.

| | |
|---|---|
| Signature of complainant or complainant's representative: | |
| Date: | |

## PRIVACY ACT STATEMENT

(This form is covered by the Privacy Act of 1974. Public Law 93-597. Authority for requesting the personal data and the use thereof are given below.)

1. **FORM NUMBER/TITLE/DATE:** EEOC Form 573. Notice of Appeal/Petition. January 2001
2. **AUTHORITY:** 42 U.S.C. § 2000e-16
3. **PRINCIPAL PURPOSE:** The purpose of this questionnaire is to solicit information to enable the Commission to properly and efficiently adjudicate appeals filed by Federal employees, former Federal employees, and applicants for Federal employment.
4. **ROUTINE USES:** Information provided on this form will be used by Commission employees to determine: (a) the appropriate agency from which to request relevant files; (b) whether the appeal is timely; (c) whether the Commission has jurisdiction over the issue(s) raised in the appeal, and (d) generally, to assist the Commission in properly processing and deciding appeals. Decisions of the Commission are final administrative decisions, and, as such, are available to the public under the provisions of the Freedom of Information Act. Some information may also be used in depersonalized form as a data base for statistical purposes.
5. **WHETHER DISCLOSURE IS MANDATORY OR VOLUNTARY AND EFFECT ON INDIVIDUAL FOR NOT PROVIDING INFORMATION:** Since your appeal is a voluntary action, you are not required to provide any personal information in connection with it. However, failure to supply the Commission with the requested information could hinder timely processing of your case, or even result in the rejection or dismissal of your appeal.

Send your appeal to:

The Equal Employment Opportunity Commission
Office of Federal Operations
P.O. Box 19848
Washington, D.C. 20036

EEOC Form 573 REV 1/01