**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ROSEZOLA SELLERS,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **C. A. No. 05-381S** |
| | ) | |
| **UNITED STATES DEPARTMENT** | ) | |
| **OF DEFENSE AND ROBERT M. GATES,** | ) | |
| **SECRETARY OF THE DEPARTMENT** | ) | |
| **OF DEFENSE,** | ) | |
| **Defendants.** | ) | |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTIONS TO COMPEL MORE RESPONSIVE ANSWERS TO INTERROGATORIES AND DOCUMENT REQUESTS**

COMES NOW, Defendants, United States of Department of Defense and Robert M. Gates, Secretary of the Department of Defense, and responds in opposition to Plaintiff's Motions to Compel More Responsive Answers to Interrogatories and Document Requests. Defendants respectfully request that Plaintiff's Motions to Compel More Responsive Answers to Interrogatories and Document Requests be denied as they are untimely, prejudicial to Defendants, and interfere with the efficient functioning of this Court. Moreover, Plaintiff's Motions to Compel More Responsive Answers to Interrogatories and Document Requests exceed the bounds of discovery as detailed below and in Defendants Responses First Set of Interrogatories and Request for Production.

## I. Background

On September 2, 2005, Plaintiff, Rosezola Sellers filed her Complaint with this Court.[1]

[1] Plaintiff is not new to the Equal Employment Opportunity ("EEO") process as she has filed three EEO complaints. See Defs.' Response to Motion to Amend, Exs. 1A, 1E, 1L. Plaintiff's first EEO complaint resulted in an Administrative Judge decision in which there was a finding of no discrimination. Defs.' Response to Motion to Amend, Ex. 1B. This EEO complaint was not appealed and the time period for appealing this decision has long passed.

The Complaint alleged harassment and discrimination in that Plaintiff was treated differently than similarly-situated white employees with respect to promotions, pay, work hours, time off, and work assignments. Compl. ¶ 13. The Complaint also alleged retaliation based on the fact that Plaintiff was disciplined.[2] Compl. ¶ 13. Subsequent to the Complaint being filed, on or about December 10, 2005, plaintiff was removed from her employment with the Defense Commissary ("DeCA"). Ex. 1J. On January 25, 2006, Plaintiff filed her First Amended Complaint. The First Amended Complaint did not allege any claims relating to her termination from employment, but rather removed previous counts that inappropriately alleged claims under the Civil Rights Act, 42 U.S.C. § 1981.[3] See Compl.; First Amended Compl.

---

Defs.' Response to Motion to Amend, Ex. 1 at ¶ 4. Her second EEO complaint is the subject of this case. Defs.' Response to Motion to Amend, Ex. 1E; First Amended Compl. at ¶ 5. Her third EEO complaint relates to her termination, the action which forms the basis for the claims she seeks to presently add. Defs.' Response to Motion to Amend, Ex. 1L.

[2] However, Plaintiff's second EEO complaint and subsequent amendment to this EEO complaint, that give rise to this district court case did not contain any allegations that Plaintiff was treated differently with respect to promotions, pay, work hours, and time off. Ex. 6; Defs.' Response to Motion to Amend, Ex. 1E. Rather the issues in this EEO complaint and subsequent amendment concerned:

1. Denial of annual leave on August 7, 8, 29, and 31, 2003, and November 14, 15, and 18-23, 2003;
2. Letter of Reprimand issued to Plaintiff on February 25, 2004 for failure to follow instructions and disrespectful behavior;
3. Disapproval of her Request for Restoration of Annual Leave on or about March 4, 2004; and
4. Changing of Plaintiff's duty hours and work assignments on December 13, 2004.

Ex. 6; Defs.' Response to Motion to Amend, Exs. 1E, 1G, 1H.

[3] On August 20, 2007, after the discovery deadline had passed, Plaintiff filed her Motion to Amend Complaint. On August 21, 2007, Plaintiff filed an Amended Motion to Amend Complaint. On August 28, 2007, Plaintiff filed her Second Amended Motion to Amend Complaint. Plaintiff seeks to amend her First Amended Complaint to include claims relating to

On September 19, 2006, the parties filed a joint motion to amend the scheduling order which the Court granted. On March 20, 2007, Defendants filed a Motion for an Extension of Time to Complete Discovery which the Court also granted, stating in its Order that discovery was to be completed by August 15, 2007, and that no further extensions for discovery would be granted.

On or about February 20, 2007, Plaintiff propounded her First Set of Interrogatories to Defendant and Request for Production of Documents to Defendant. Exs. 1-2. The interrogatories and request for production of documents requested, among other things, overly broad categories of information relating to issues that had already been adjudicated in another forum, information protected by the Privacy Act, 5 U.S.C. § 552a, information relating to Plaintiff's termination which was simultaneously being investigated and litigated at the administrative level, and information that was not an issue in her Equal Employment Opportunity ("EEO complaint") that formed the basis of Plaintiff's district court case.

Thus, on April 11, 2007, Defendants objected to the discovery propounded by Plaintiff. Exs. 3-4. Defendants' responses to Plaintiff's First Set of Interrogatories to Defendant and Request for Production of Documents to Defendant were hand-delivered to Plaintiff's counsel's office on April 11, 2007. See Exs. 3-4.

Further, in a conversation with Plaintiff's counsel, Patricia Andrews, on June 1, 2007, Ms. Andrews made a broad allegation that Defendants' interrogatory responses were deficient, but made no attempt to explain to Defendants which interrogatory response was deficient and

---

her December 2005 termination. Mem. Supp. Second Amended Mot. to Amend Compl. at 1. On August 31, 2007, Defendants filed a Response in Opposition to Plaintiff's Second Amended Motion to Amend Complaint.

why she believed it to be deficient. Ex. 5; see also Defs.' Response to Mot. to Amend, Ex. 5; Defs.' Mot. to Compel Med. Releases, Ex. 2 at 2. In fact, the undersigned attempted to follow-up on the June 1, 2007, conversation, in an e-mail dated June 7, 2007, but Ms. Andrews did not address the issue. Ex. 5; see also Defs.' Response to Mot. to Amend, Ex. 5; Defs.' Mot. to Compel Med. Releases, Ex. 2 at 2. Specifically, the undersigned stated that:

> With regard to any interrogatory . . . response that you feel is deficient, I have not heard back from you regarding what specific interrogatory . . . response you feel is deficient since our conversation on June 1, 2007, and why you feel it is deficient. I note that the discovery responses were hand-delivered to you on April 11, 2007. As was stated in the interrogatory response . . . the requests were among other things, overly broad and requested information that is not the subject of the amended complaint. If you can specifically identify what response you believe is inadequate and why you believe it is inadequate, we can work to resolve this matter.

Ex. 5; see also Defs.' Mot. to Compel Med. Releases, Ex. 2 at 2.

On August 16, 2007, a day after the discovery deadline had passed and four months after Defendants had hand-delivered their responses to Plaintiff's discovery requests, Plaintiff's co-counsel, Louise Herman, called the undersigned to discuss Defendants' responses to Plaintiff's discovery. Plaintiff then did not move to compel discovery until August 24, 2007, after the discovery deadline had passed.[4]

## II. Argument

### A. Law Governing Motions To Compel Discovery

Under Fed. R. Civ. P. 26(b)(1), " Parties may obtain discovery regarding any matter, not

[4] Defendants note that to date, Defendants have provided Plaintiff with approximately 600 pages of documents (Bates Stamp Nos. D-0001 to D-0615). Plaintiff seeks to compel all19 numbered interrogatory requests and 46 numbered interrogatory requests. Notably these interrogatory requests contained subparts that clearly exceed the amount allowed pursuant to Fed. R. Civ. P. 33(a).

privileged, that is relevant to the claim or defense of any party. . . ." However, [t]he party seeking information in discovery over an adversary's objection has the burden of showing its relevance." Caouette v. OfficeMax, Inc., 352 F.Supp.2d 134, 136 (D.N.H. 2005); see also Whittingham v. Amherst Coll., 164 F.R.D. 124, 127 (D. Mass. 1995) (without showing of relevance, plaintiff is not entitled to discovery).

> In addition, discovery may be limited in scope when the Court determines that:
>
> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or
>
> (iii) the burden or expense of the proposed discovery outweighs the likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Fed. R. Civ. Pr. 26(b)(2)(c).

> It is also well settled that:
>
> [D]iscovery in Title VII cases involving highly individualized claims of discriminatory treatment should be restricted to the practices at issue in the case, applied to employees in similar circumstances to determine if the employer treats all of its employees under those circumstances in the same manner, or whether it treats employees similarly circumstanced differently and there is some basis for concluding that the difference in treatment is predicated on race, sex or some other grounds of unlawful discrimination.

Whittingham, 164 F.R.D. at 127 (quoting Suggs v. Capital Cities/ABC, Inc.,122 F.R.D. 430, 431 (S.D.N.Y. 1998)).

**B. Contrary To Plaintiff's Assertion Defendants' Responses To Plaintiff's Interrogatories Were Signed By An Agent Of Defendants**

______Plaintiff argues that, "[Defendants'] Answers' to Plaintiff's Interrogatories were not signed by any officer or agent of Defendant and therefore are in contravention of Fed. R. Civ. P. 33(a)(2)." Mot. to Compel Interrogatories at 1-2. Rule 33(a), Federal Rules of Civil Procedure, provides that for interrogatories served on a governmental agency, an officer or agent of that government agency shall furnish such information as is available to that party. In this case, Defendants' Responses to Plaintiff's First Set of Interrogatories were signed by Defendants' agent, Assistant United States Attorney, Michael P. Iannotti. Accordingly, Plaintiff's argument that the responses to the interrogatories were not signed by an agent of the Defendants is without merit. See Johns v. United States, No. Civ. A. 96-1058, 1997 WL 732423, at *2 (E.D. La. Nov. 21, 1997) (holding that Assistant United States Attorney answers to interrogatories meet requirements of Rule 33(a) because AUSA is permissible agent) (attached as Ex. 11); 8A Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 2172 (2d ed. 2007) ( "The 1948 amendment, allowing either an officer or agent to answer, clearly authorizes answers by an attorney").__________

**C. Plaintiff's Motions To Compel Filed Over Four Months After The Discovery Responses Were Received And After The Discovery Deadline Had Passed Should Be Denied As Untimely**

In accordance with Fed. R. Civ. Pr. 26(b)(2)(C)(iii), which allows the Court to limit discovery where the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought, Plaintiff's motion to compel interrogatories responses and production of documents should be denied as untimely. On April 11, 2007, Defendants' discovery responses were hand-delivered to Plaintiff. More than four months after the responses were received by Plaintiff, after the discovery deadline had passed and in light of the Court's Order that no further extensions for discovery would be allowed, Plaintiff now seeks to compel

more responsive answers to these interrogatories and request for production of documents. Given the amount of time that has elapsed, Plaintiff's Motions to Compel should be denied as untimely.

"As a general rule, if a moving party has unduly delayed in filing a motion for an order compelling discovery, a court may conclude that the motion is untimely." Banks v. CBOCS West, Inc., No. 01-0795, 2004 WL 723767, at *2 (N.D. Ill. April 1, 2004) (citing 8A Charles Alan Wright, Arthur R. Miller, Richard L. Marcus, Federal Practice and Procedure § 2285 (2d ed.1994)) (attached as Ex. 12). Moreover, numerous courts have held that Motions to Compel filed after the discovery deadline are untimely. See Ayala-Gerena v. Bristol Myers-Squibb Company, 95 F.3d 86, 92-94 (1st Cir. 1996) (denying motion to compel discovery filed after discovery deadline); Ruiz v. R.I. Dep't of Corrections, No. Civ. A. 02-356, 2004 WL 420032, at *1 (D.R.I. Feb. 26, 2004) (Magistrate Judge Hagopian recommendation that Plaintiff's motion to compel be denied where plaintiff "had recourse to rectify any problems concerning his discovery requests during the discovery phase of litigation") (attached as Ex. 13); Rivera v. United States, Civil No. 05-1727, 2006 WL 2707269, at *2 (D.P.R. Sept. 19, 2006) (rejecting plaintiff's claim that discovery requests had yet to be answered where plaintiff did not move the court to compel defendant to respond to the discovery requests, and he permitted the discovery deadline to lapse) (attached as Ex. 14); Banks v. CBOCS West, Inc., No. 01-0795, 2004 WL 723767, at *2 (N.D. Ill. April 1, 2004) (motion to compel filed after discovery deadline untimely); Mikeron, Inc. v. Exxon Co., U.S.A., 264 F.Supp.2d 268, 275 (D. Md. 2003) (finding plaintiff's complaints about discovery inappropriate and insufficient where plaintiff had more than enough time to conduct discovery and plaintiff never filed a motion to compel discovery); Mash Enters. Inc. v. Prolease

Atlantic Corp., No. 01-2437, 2003 WL 251944, at *3 (E.D. Pa. Jan. 31, 2003) (denying motion to compel filed after discovery deadline where plaintiff had ample time to conduct extensive discovery) (attached as Ex. 15); Gault v. Nabisco Biscuit Co., 184 F.R.D. 620, 622 (D. Nev. 1999) (denying motion to compel discovery filed after discovery deadline).

For example, in Ayala-Gerena, after receiving two extensions, discovery concluded eighteen months after plaintiffs filed their complaint. 95 F.3d at 92. In granting the second extension, the Avala-Gerena court stated that this was the final extension. Id. at 94. After the discovery deadline had passed, the plaintiffs in Avala-Gerena then attempted to confer with opposing counsel on the alleged deficiencies in the document responses and subsequently filed a motion to compel discovery. In affirming the district court's denial of plaintiffs' motion to compel, the First Circuit noted the plaintiffs' "lack of diligence" as evident by their lateness in conferring with opposing counsel and "untimely motion to compel document production." Id. at 92-94. Thus, as in Avala-Gerena, this case also involves two extensions of discovery. Similar to Avala-Gerena, Plaintiff in this case lacked diligence as evident by her counsel's lateness in conferring with undersigned counsel and untimely motion to compel interrogatories and document production. Accordingly, as in Avala-Gerena, Plaintiff's motion to compel discovery should be denied.

In addition, in Gault, the court denied a motion to compel that was filed 136 days after the receipt of defendants' answers to interrogatories and requests for production of documents. Gault, 184 F.R.D. at 621-22. The court also noted that the plaintiff in Gault was aware of the deficiencies for nearly two months before the close of discovery. Id. at 622. Similar to Gault, Plaintiff's motion to compel was filed approximately 135 days after Plaintiff's receipt of

Defendants' answers to interrogatories and requests for production of documents. Moreover, Plaintiff was also aware of the alleged deficiencies on June 1, 2007, more than two months before the close of discovery. Ex. 5; see also Defs.' Mot. To Compel Med. Releases, Ex. 2 at 2. In a conversation with Plaintiff's counsel, Patricia Andrews, on June 1, 2007, Ms. Andrews made a broad allegation that Defendants' interrogatory responses were deficient, but made no attempt to explain to Defendants which interrogatory response was deficient and why she believed it to be deficient. Ex. 5; see also Defs.' Mot. To Compel Med. Releases, Ex. 2 at 2. In fact, the undersigned attempted to pro-actively follow-up on the June 1, 2007, conversation, in an e-mail dated June 7, 2007, but Ms. Andrews did not address the issue. Ex. 5; see also Defs.' Mot. To Compel Med. Releases, Ex. 2 at 2. Specifically, the undersigned stated that:

> With regard to any interrogatory . . . response that you feel is deficient, I have not heard back from you regarding what specific interrogatory . . . response you feel is deficient since our conversation on June 1, 2007, and why you feel it is deficient. I note that the discovery responses were hand-delivered to you on April 11, 2007. As was stated in the interrogatory response . . . the requests were among other things, overly broad and requested information that is not the subject of the amended complaint. If you can specifically identify what response you believe is inadequate and why you believe it is inadequate, we can work to resolve this matter.

Ex. 5; see also Defs.' Mot. To Compel Med. Releases, Ex. 2 at 2. Despite Plaintiff's awareness of these alleged deficiencies, Plaintiff failed to confer with Defendants other than offer generalities that the interrogatories were deficient, and Plaintiff failed to file a motion to compel prior to the discovery deadline. Thus, as in Gault, Plaintiff's motion to compel should be denied.

**D. Plaintiff's Motions To Compel Filed Over Four Months After The Discovery Responses Were Received And After The Discovery Deadline Passed Would Be Prejudicial To Defendants And Would Disrupt The Efficient Functioning Of This Court**

If the Court were to grant Plaintiff's untimely motions to compel, Defendants would be

unduly prejudiced and the Court's previous order, stating that no further extensions for discovery would be allowed, would be undermined. As in Mash Enterprises, granting the plaintiffs' motion to compel would essentially be opening discovery and "again be engendering more potential discovery disputes." Id. at *3. Further, as in Mash Enterprises, "to continue discovery would not only be prejudicial to the Defendants who have attempted to complete discovery, but would further disrupt the efficient functioning of this Court." Id.; see also See Rossetto v. Pabst Brewing Co., Inc., 217 F.3d 539, 541 (7th Cir. 2000) (affirming district court's denial of plaintiff's discovery motion filed after discovery deadline where "plaintiffs gave (and give) no excuse for their tardiness, and so have no grounds for complaining about the district court's welcome effort to expedite the litigation and spare the parties the expense of protracted discovery, and the bane of modern litigation").

**E. Plaintiff's Interrogatory Requests And Document Requests Exceed The Bounds Of Permissible Discovery**

Plaintiff's EEO complaint and subsequent amendment to this EEO complaint, that give rise to this district court case, did not contain any allegations that Plaintiff was treated differently with respect to promotions, pay, and time off. Ex. 6; Defs.' Response to Motion to Amend, Ex. 1E, 1H, 1I. Nor did her EEO complaint allege claims relating to termination as her termination arose after this district court action was filed. Rather the issues in this EEO complaint and subsequent amendment concerned:

1. Denial of annual leave on August 7, 8, 29, and 31, 2003, and November 14, 15, and 18-23, 2003;
2. Letter of Reprimand issued to Plaintiff on February 25, 2004 for failure to follow instructions and disrespectful behavior;
3. Disapproval of her Request for Restoration of Annual Leave on or about March 4, 2004; and

4. Changing of Plaintiff's duty hours and work assignments on December 13, 2004. Ex. 6; Defs.' Response to Mot. To Amend, Exs. 1E, 1G, 1H.

Plaintiff now, after the discovery deadline has passed, moves to compel these discovery responses without a specific showing on how these overly broad requests are relevant to the claims in this case. As more specifically detailed below, these discovery requests seek information that is beyond the scope of this case, such as claims not raised in her EEO complaint which is the subject of this case, claims already previously adjudicated in other forums, and disciplinary actions unrelated to the claims in this case. Accordingly, Plaintiff should not be allowed to go on a fishing expedition on subject matters not reasonably related to proving the elements of her claims as listed above. See Milazzo v. Sentry Ins., 856 F.2d 321, 322 (1st Cir. 1988) ("Discovery is not 'a fishing expedition'; parties must disclose some relevant factual basis for their claim before requested discovery would be allowed"); MacKnight v. Leonard Morse Hosp., 828 F.2d 48, 52 (1st Cir. 1987) (plaintiff required "to disclose some relevant facts and basis for them before the requested discovery should be allowed"); Washington v. Brown & Williamson Tobacco Corp., 959 F.2d 1566, 1570 (11 Cir. 1992) ("[d]iscovery should be tailored to the issues in the particular case"); Fed. R. Civ. Pr. 26 advisory committee's note ("Committee intends that the parties and the court focus on the actual claims and defenses involved in the action").

**1. Interrogatory Requests Nos. 1, 3, 4, 5, 11, 13, 15, And Requests For Production Of Documents Nos. 3, 7, 12, 26, 52 Are Related to Plaintiff's Termination And Are Therefore Not Relevant To The Claims In This Case**

Interrogatory Requests Nos. 1, 3, 4, 5, 11, 13, 15, and Requests for Production of

Documents Nos. 3, 7, 12, 26, 52 are related to Plaintiff's termination. As stated in Defendants' Memorandum in Opposition to Plaintiff's Second Amended Motion to Amend Complaint, claims relating to Plaintiff's termination were not alleged in Plaintiff's original Complaint or in her First Amended Complaint. Thus, Plaintiff has failed to show how these discovery requests are relevant to the issues in Plaintiff's First Amended Complaint. See Fed. R. Civ. Pr. 26 advisory committee's note ("Committee intends that the parties and the court focus on the actual claims and defenses involved in the action").

Moreover, approximately twenty-four months after Plaintiff filed her original Complaint and nineteen months after Plaintiff filed her First Amended Complaint, Plaintiff filed a Motion to Amend Complaint on August 20, 2007, to add claims relating to her termination. As elaborated in Defendants' Memorandum in Opposition to Plaintiff's Second Amended Motion to Amend Complaint, Plaintiff failed to provide a valid reason for her neglect and delay in filing the motion to amend, Defendants would be unduly prejudiced by the allowance of the amendment of the First Amended Complaint at this late juncture, and Plaintiff should not reap the benefit of pursuing the claims relating to her termination in two different forums simultaneously. For these same reasons, Plaintiff's Motion to Compel Responses to Interrogatory Requests Nos. 1, 3, 4, 5, 11, 13, 15, and Requests for Production of Documents Nos. 3, 7, 12, 26, 52 should be denied.

**2. In Interrogatory Request Nos. 1, 3, 9, 16, 17, And Document Request Nos. 1, 7, 9, 11, 15, 16, 17, 23, 25, 39, 50, Plaintiff Has Requested Information With Respect To Promotions, Pay, Time Off, Evaluations, Training, And The Filling Of Any Job Opening For The CAO Position, Which Were Not Raised In Her EEO complaint**

In Interrogatory Request Nos. 1, 3, 9, 16, 17, and Document Request Nos. 1, 7, 9, 11, 15, 16, 17, 23, 25, 39, 50, Plaintiff has requested information to show that she was treated differently

with respect to promotions, pay, time off, evaluations, training, and the filling of any job opening for the Computer Assisted Ordering ("CAO") position.[5] However, these issues were not alleged in her EEO complaint which is the subject of this district court action. See Ex. 6; Defs. Response to Mot. To Amend Compl. at Exs. 1E, 1G, 1H.

"Title VII requires that an aggrieved individual exhaust his or her administrative remedies as a prerequisite to filing suit in federal court." Dressler v. Daniel, 315 F.3d 75, 78 (1st Cir. 2003). Title VII requires that a charge "shall be filed [with the EEOC] within one hundred and eighty days after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e). The purpose of this filing requirement is to provide the employer with prompt notice of the claim and to create an opportunity for early conciliation. Lattimore v. Polaroid Corp., 99 F.3d 456, 464 (1st Cir. 1996). "That purpose would be frustrated . . . if the employee were permitted to allege one thing in the administrative charge and later allege something entirely different in a subsequent civil action." Id.

Further, any claims relating to her promotions, pay, time off, evaluations, training, and the filling of any job opening for the CAO position, are not reasonably related to and do not grow out of the claims alleged in her EEO complaint. Jorge v. Rumsfeld, 404 F.3d 556 (1st Cir. 2005) ("A Title VII suit may extend as far as, but not beyond, the parameters of the underlying administrative charge"). As stated above, the issues in this EEO complaint and subsequent amendment concerned:

1. Denial of annual leave on August 7, 8, 29, and 31, 2003, and November 14, 15, and 18-23, 2003;
2. Letter of Reprimand issued to Plaintiff on February 25, 2004 for failure to follow

[5] Plaintiff was a CAO from 2003 to the date of her termination.

instructions and disrespectful behavior;

3. Disapproval of her Request for Restoration of Annual Leave on or about March 4, 2004; and
4. Changing of Plaintiff's duty hours and work assignments on December 13, 2004.

Ex. 6; Defs.' Response to Mot. To Amend, Exs. 1E, 1G, 1H. Accordingly, Plaintiff should not be permitted to obtain discovery on these time-barred, unrelated claims.

**3. Plaintiff's Far-Reaching Discovery Requests, Interrogatory Request Nos. 6, 7, 8, 14, 15, 19, and Document Request Nos. 7, 8, 14, 17, 18, 19, 26, 29, 30, 42, 46, 48, 51, 52, Regarding Every Conceivable Unrelated Incident of Alleged Misconduct Should Not Be Permitted**

Rule 403 of the Federal Rules of Evidence provides, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ." Despite these limitations, Plaintiff's discovery requests, Interrogatory Request Nos. 6, 7, 8, 14, 15, 19, and Document Request Nos. 7, 8, 14, 17, 18, 19, 26, 29, 30, 42, 46, 48, 51, 52 seek information pertaining to every conceivable incident of alleged misconduct irregardless of the fact that they have nothing to do with the allegations in Plaintiff's EEO complaint and are highly prejudicial.

This case is similar to Rossbach v. Rundle, 128 F.Supp.2d 1348 (S.D. Fla. 2000). For example, in Rossbauch, the plaintiff sought to discover information as to whether alcohol was consumed at the State Attorney's Office ("SAO") Christmas party and whether one of the State Attorneys was aware of this consumption in violation of SAO policies. Id. at 1354. The Rossbach court held that such evidence, even assuming that is it remotely relevant to plaintiff's sexual harassment claim, would be so highly prejudicial that the court would exclude such evidence under Rule 403. The Rossbach court stated, "[i]t is these type of far reaching requests that are unlikely to produce any admissible evidence, but which are sure to annoy, embarrass, and

harass, that necessitate the defining of the permissible parameters of discovery in this case." Id.

______As in Rossbach, Plaintiff also seeks information, even assuming that it is remotely relevant to plaintiff's race and retaliation claims, would be so highly prejudicial that this Court would have to exclude such evidence under Rule 403. For example, in Interrogatory No. 6, Plaintiff requests whether Defendants' former or current employees engaged in inappropriate conduct while at work, such as "using offensive, foul or disgusting language, threatening a person, intimidating a person, using swear words such as 'fuck,' assaulting another person, fighting with another person, engaging in unauthorized shopping, engaging in fraud, working for a vendor or contractor while on government time, sexually harassing another employee, touching the body of another employee, and/or stealing." Accordingly, as in Rossbach, not only are these requests so far removed from the claims in this case, they are also so highly prejudicial that they would unlikely produce any admissible evidence. Therefore, Plaintiff's motion to compel Interrogatory Request Nos. 6, 7, 8, 14, 15, 19, and Document Request Nos. 7, 8, 17, 18,19, 26, 29, 30, 42, 46, 48, 51, 52 should be denied.

**4. Plaintiff's Motion to Compel Interrogatory Request Nos. 1, 3, 4, 5, 13, And Document Request Nos. 1, 3, 7, 8, 12, Relating to Plaintiff's Prior Discipline Should Be Denied As They Are Not Properly Before This Court.**

Plaintiff's Motion to Compel Interrogatory Request Nos. 1, 3, 4, 5, 13, And Document Request Nos. 1, 3, 7, 8, 12, relating to Plaintiff's prior discipline should be denied as those issues are not claims in this case. The only disciplinary action at issue in this case is Plaintiff's Letter of Reprimand issued on February 25, 2004. See Ex. 6. However, Plaintiff now seeks information pertaining to her prior discipline which is not the subject of the Plaintiff's EEO

complaint in this case, and therefore, is not relevant to the case at hand. See Stuart v. General Motors Corp., 217 F.3d 621, 631 (8th Cir. 2000) ("Because her claim of retaliation with respect to the disciplinary actions is not administratively exhausted, the Court will not address the merits of Stuart's claim of retaliation by discipline"). For example in Interrogatory No. 1, Plaintiff seeks, "the date and substance of each and every thing which plaintiff said or did which contributed to any discipline being imposed upon her. . . ." Another example is Document Request No. 3 in which Plaintiff requests, "[d]uring the time that plaintiff worked for the Newport Commissary, any and all documents which were relied upon in taking any discipline against plaintiff."

As Plaintiff's other disciplinary action, apart from the Letter of Reprimand issued on February 25, 2004, have not been raised in Plaintiff's EEO complaint, Plaintiff's Motion to Compel Interrogatory Request Nos. 1, 3, 4, 5, 13, and Document Request Nos. 1, 3, 7, 8, 12 should be denied. See Stuart, 217 F.3d at 631(in Title VII termination case, district court did not abuse its discretion in holding that discovery requests regarding disciplinary actions not specified in plaintiff's EEO charge were not properly before the court).

**5. Plaintiff's Interrogatory Request No. 2, and Document Request Nos. 6, 7, 8, 9, 16, 17, 19, 20, 23, 25, 26, 27, 29, 30, 38, 42, 45, 47, 50, 51, 52, 53 Relating to Personnel Files, Evaluations, Job Applications, Leave Planners, Investigations, and Disciplinary Records of Other Employees Are Not Relevant, Protected By The Privacy Act, And Should Not Be Disclosed.**

Plaintiff's Interrogatory Request No. 2, and Document Request Nos. 6, 7, 8, 9, 16, 17, 19, 20, 23, 25, 26, 27, 29, 30, 38, 42, 45, 47, 50, 51, 52, 53 seeks to obtain information in general employee records and in the specific personnel files of Mary Gibson, John Blythe, Stephen

Furtado, William McCollum, Mary Bucolo, Charles Cloud, Diane Walsh, Michael Texeira, Albert Felton, Brenda Venable, and Richard Walsh. While Plaintiff offers only the conclusory assertion that the files are relevant, she has failed to make a real showing that these employees are similarly-situated to Plaintiff. Whittingham v. Amherst College, 164 F.R.D. 124, 127-28 (D. Mass. 1995) (denying request for personnel records where plaintiff "has made no real showing that these three individuals suffered similar treatment, and without a showing of such relevance, Plaintiff is not entitled to discovery"). As the court emphasized in Whittingham:

> personnel files contain perhaps the most private information about an employee within the possession of an employer. Nonetheless, Plaintiff requests the Court to order the Defendant to hand over entire files of employees without any particularized showing that any, let alone all, of the information therein is relevant to his claims. Again, while discovery is usually broad, Plaintiff has not demonstrated that the files he seeks, even if marginally relevant, outweigh the privacy interests of these individuals.

Id. at 127-28; see also Gehring v. Case Corp., 43 F.3d 340 (7th Cir. 1995) (privacy interests, coupled with determination to keep the trial focused squarely on plaintiff's claim, justified limiting counsel's ability to root through personnel files); Miles v. Boeing, Co., 154 F.R.D. 112, 115 (E.D. Pa. 1994) (personnel files are confidential and discovery of them should be limited); Gehring v. Case Corp., 43 F.3d 340, 342 (7th Cir. 1994) (upholding District Court decision that releasing personnel files of others would violate privacy interests); MacIntosh v. Building Owners and Managers Assoc. Internat'l, 231 F.R.D. 106 (D.D.C. 2005) ("a litigant does not get the entire personnel file because of the possibility that there is something in it that may prove his case"). Accordingly, Plaintiff's motion to compel Interrogatory Request No. 2, and Document Request Nos. 6, 7, 8, 9, 16, 17, 19, 20, 23, 25, 26, 27, 29, 30, 38, 42, 45, 47, 50, 51, 52, 53 should be denied.

**6. Interrogatory Request Nos. 2, 4, 5, 6, 7, 8, 10, 11, 14, 15, 17, 18, 19, And Document Requests Nos. 3, 5, 7, 8, 10, 12, 13, 15, 19, 20, 21, 22, 23, 25, 27, 28, 29, 40, 41, 42, 43, 50, 51, 52, Are Overly Broad As To Time Frame**

Interrogatory Request No. 9, 17, and Document Request Nos. 15, 19, 20, 25, 29, 40, 51, are overly broad as these requests are not limited as to time frame. Interrogatory Request No. 8, 10, 11, 14, 15, 18, 19, and Document Request Nos. 3, 5, 7, 8, 10, 12, 13, 21, 22, 23, 27, 28, 41, 42, 43, 50, 52, are overly broad as it seeks information "during the time that plaintiff worked for the Commissary and up to the present time." As Ms. Sellers' worked at the Newport Commissary in or around 1993, Ex. 7 at 8, her request for these interrogatories and document requests is overly expansive as it covers a fourteen-year period. Although Plaintiff has attempted to limit the time frame for Interrogatory Request Nos. 2, 4, 5, 6, 7 "from the time at which John Blythe held the position of Store Director at the Newport Commissary to the present," the request is still overly broad as Mr. Blythe worked at the Newport Commissary since 1994 and the alleged actions giving rise to the claims in this case occurred in 2003-2004. As stated previously, the claims as alleged in her EEO complaint at issue relate to incidences that occurred in 2003-2004. Thus, Interrogatory Request No. 8, 10, 11, 14, 15, 18, 19, and Document Request Nos. 3, 5, 7, 8, 10, 12, 13, 21, 22, 23, 27, 28, 41, 42, 43, 50, 52, are overly broad as they seek information/documents over an extensive time period.

**7. Interrogatory Request Nos. 9, 10, 12, 17, And Document Requests Nos. 5, 15, 16, 20, 21, 22, 23, 25 Are Overly Broad As Plaintiff Has Failed To Show How Information/Documents/Employees Pertaining to the Numerous Commissaries Around The Country Are Relevant To This Case.**

Interrogatory Request Nos. 9, 10, 12, 17, and Document Requests Nos. 5, 15, 16, 20, 21,

22, 23, 25, 28, are overly broad as Plaintiff has failed to show how information/documents/employees pertaining to the numerous Commissaries around the country are relevant to the this case.

**8. Document Request No. 1 Is Overly Broad And Unduly Burdensome**

Document Request No. 1 is overly broad and unduly burdensome as it requests, "[a]ll documents which relate to plaintiff's employment." Plaintiff states in her Motion to Compel More Responsive Answers to Document Requests, that "[t]o date, Defendant has failed to produce any requested documentation whatsoever." Mot. to Compel Document Requests at 2 (emphasis added). Contrary to Plaintiff's assertion and without waiving these objections, Defendants note that they have already provided Plaintiff the Records of Investigations in all three of her discrimination complaints. In addition, Defendants have also provided Plaintiff a copy of her Official Personnel Record as well as numerous other records, bearing Bates Stamp Nos. D-0001 to D-0615.

**9. Document Request No. 2 Is Protected From Disclosure By The Attorney/Client Privilege And Attorney Work Product Doctrine**

Rule 26(b)(5) of the Federal Rules of Civil Procedure provides that when a party claims materials are exempt from disclosure because of privilege, the party must describe the nature of the withheld materials in a manner that will enable other parties and the court to assess the applicability of the privilege. To the extent that Document Request No. 2 requests communications between agency counsel and DeCA employees and/or communications between Assistant United States Attorneys that have served as counsel for DeCA and DeCA employees,

those communications are protected by the attorney/client privilege and attorney work product doctrine. See Upjohn Co. v. United States, 449 U.S. 383 (1981); Hickman v. Taylor, 329 U.S. 495 (1947). Moreover, any documents created by agency counsel or the Assistant United States Attorneys that have served as counsel for DeCA constitute attorney work product, and therefore, are not discoverable. See Hickman, 329 U.S. 495. In addition, Defendant have already provided numerous documents responsive to this request, bearing Bates Stamp Nos. D-0001 to D-0615.[6]

**10. Document Request No. 13 Is Overly Broad And Not Relevant To The Claims In This Case**

In Document Request No. 13, Plaintiff requests, "[d]uring the time that plaintiff worked for the Commissary and up to the present time, and all documents to, or from, any person working for, affiliated with, and/or acting on behalf of, a union (including Local 190) which relate to any grievances, formal or informal complaints, and/or unfair labor practice charges filed by, or on behalf of, any person working at, or for, the Newport Commissary." Ex. 4 at 24. Plaintiff states in her Motion to Compel that "[t]his request cannot be fairly categorized as overly broad." Mot. to Compel Document Requests at 10. Plaintiff's general statement does not show how these large category of documents which cover approximately a fourteen year period are relevant to her case. Accordingly, Plaintiff has failed to state how this request is relevant to the claims in the case, as is her burden.

Further, Plaintiff has already subpoenaed these records from Local 190. Thus, the discovery sought is unreasonably cumulative or duplicative and should be limited pursuant to

[6] Contrary to Defendants' assertion, Fed. R. Civ. P. 26(b)(5) does not mandate that Defendants produce a privilege log. See Fed. R. Civ. P. 26(b)(5); Fed. R. Civ. P. 26(b)(5) advisory committee's note ("The rule does not attempt to define for each case what information must be provided when a party asserts a claim or privilege").

Fed. R. Civ. Pr. 26(b)(2)(B)(i).[7]

**11. Defendants Have Fully Responded To Document Request No. 44**

In Document Request No. 44, Plaintiff requested the "DeCA DPP Memorandum dated June 7, 1996." Defendants have not been able to find a copy of DeCA DPP Memorandum dated June 7, 1996, because that memorandum was not retained due to the fact that it was superseded by a Memorandum dated May 8, 2006. The Memorandum dated May 8, 2006, was previously provided to Plaintiff and was marked as Bates Stamp No. D-0388.

**12. Document Request No. 49 Is Not Related To The Claims In This Case**

In Document Request No. 49, Plaintiff requests, "any and all documents which relate to and/or support the allegations" in the document entitled, "Memorandum for OCI Investigator" signed by Mr. Blythe and dated Oct. 30, 2001. Notably, this document was a part of the Report of Investigation for a prior EEO complaint that has already been fully adjudicated. See Defs.' Response to Motion to Amend Compl., Ex. 1 at ¶ 4, Exs. 1A-B.

## III. Conclusion

For the reasons stated above, as well as for the reasons stated in Defendants Responses First Set of Interrogatories and Request for Production, Exs. 3-4, Plaintiff's Motions to Compel More Responsive Answers to Interrogatories and Document Requests should be denied.

---

[7] Defendants also note that Plaintiff never provided copies of the documents that Plaintiff subpoenaed from Local 190 until the Deposition of John Blythe which was held on July 27, 2007. See Exs. 9-10. These documents were requested in Defendants' Second Request for Production of Documents Addressed to Plaintiff and dated July 3, 2007. Ex. 7. To date, Plaintiff has not responded to any of the four numbered items in this discovery request.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Ly T. Nguyen
LY T. NGUYEN, Bar No. 66676
Assistant United States Attorney

**CERTIFICATION OF SERVICE**

I hereby certify that on this 10th day of September, 2007, I caused to be electronically filed the within Response in Opposition to Plaintiff's Motions to Compel More Responsive Answers to Interrogatories and Document Requests and attached exhibits, with the Clerk of the United States District Court for the District of Rhode Island, using the CM/ECF system. The following participant(s), as identified on the Notice of Electronic Filing, has received notice electronically:

Patricia Andrews, Esq.
129 Dyer Street
Providence, RI 02903

/s/ Ly T. Nguyen
LY T. NGUYEN
Assistant United States Attorney
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401) 709-5000
(401) 709-5017 (fax)
Email: ly.nguyen@usdoj.gov