UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RECEIVED
FEB 2 1 2007
U.S. ATTORNEY
DISTRICT OF R.I.

ROSEZOLA SELLERS,

Plaintiff,

v. C. A. No. 05-381S

UNITED STATES DEPARTMENT OF DEFENSE,

Defendant.

PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS

1. In answering these interrogatories, defendant should furnish all information available to it, including information in the possession of all persons acting on its behalf, and not merely such information known of its own personal knowledge. As such, unless otherwise specified "Defendant" or "you" or "your" for purposes of responding to these interrogatories means the named party to this action and any and all current or former managerial supervisors (including John Blythe, Mary Gibson and Steve Furtado), agents, representatives, attorneys, legal guardians, investigators or others acting on its behalf.

2. As hereinafter used, "person" shall mean any natural person, corporation, partnership, firm, trust, group, association or other organization and, whether appropriate, the use of the singular includes the plural and the use of the plural includes singular.



GOVERNMENT EXHIBIT
1

3. The word "identify" shall mean the following, as the context shall make appropriate:

a. With respect to a document, you shall set forth (a) the name of the person who prepared it; (b) the name of the person who signed it or over whose name it was issued; (c) the name of each person to whom it was addressed or distributed; (d) the nature and substance of the document in sufficient particularity to enable it to be identified (e) its date and, if it bears no date, the date when it was prepared; and (f) the physical location of the document and the name of the custodian or custodians.

b. With respect to an oral communication, you shall set forth: (a) the name of each person who participated in the communication; (b) the name of each person who was present at the time it was made; (c) the date and place where such oral communication was made; and (d) what each person said.

c. With respect to a person, you shall set forth (a) his, her or its name, last known business address, telephone number and if a natural person, his or her last known residential address; and (b) his or her occupation and titles at both the relevant time and the present. Once a person has been thus identified in an answer to an interrogatory, it shall be sufficient thereafter, when identifying the person, merely to state his, her or its name.

4. The term "document" shall include all materials and tangible objects conveying or carrying spoken, visual or literal substance, and shall refer to, but is not limited to, the original and any nonidentical copy, regardless of origin or location, of the following: e-mails, records, files, papers, tables, charts, analyses, graphs, schedules, compilations, tabulations, reports, memoranda, journals, minutes, notes, logs, diaries, calendars, appointment books, correspondence, letters, telegrams, messages (including but not limited to e-mails), summaries

and other records and recordings (including, but not limited to, reports, records and logs of telephone conversations, meetings, visits, interviews and conferences), studies, instructions, directives, recommendations, accounts, work sheets, work papers, drafts, note books, printed matter, circulars, advertisements, brochures, catalogues, bulletins, scrap books, other communications (including, but not limited to, inter- and -intra-company communications), contracts, agreements, books of account, orders, invoices, business statements, expense account records, checks, canceled checks, check stubs, bank records and statements, bills, vouchers, receipts and other records of payment, financial and statistical data, data sheets, data processing cards, computer printout, micro-film, photographs, photographical negatives, phono-records, tape recordings, wire recordings, transcripts or testimony, interviews, statements, affidavits, forms, manuals, and any other matter of any kind, computer or data processing tapes or other materials in computer-readable forms, printouts and computations (both in existence and stored in memory), regardless of the manner in which produced, whether handwritten, typed, printed or produced by any other process.

5. The terms "communication" or "communicate" relate to any manner by which information is conveyed from one person or entity to another person or entity including, but not limited to, meetings, telephone conversations, e-mails, fax transmissions, and documents as defined above.

6. The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the interrogatory all responses that might otherwise be construed as outside the scope of that interrogatory.

7. If the defendant withholds information requested in these interrogatories on the ground

of privilege, please identify the nature of the privilege asserted and describe generally the information withheld, including (a) with respect to oral communications, (i) the name and position of the person making the communication and the name(s) and position(s) of the person(s) present while the communication was made and, when not apparent, the relationship of the person (so present to the person making the communication); (ii) the date and place of communication; and (iii) a description of the subject matter of the answer sufficient to identify it; and (b) with respect to document, (i) a description of the subject matter of the answer sufficient to identify it, (ii) its date, and (iii) its author(s) and addressee(s) including any carbon copy addressee(s).

**INTERROGATORIES**

1. Please identify all persons, by name, title, and current and/or last known home and business address, who have knowledge about the allegations which form the basis of plaintiff's Complaint and/or Amended Complaint. For each person identified, set forth, in as much detail as possible, what he or she knows. For purposes of this interrogatory, "knowledge about the allegations which form the basis of plaintiff's Complaint and/or Amended Complaint" includes, but is not limited to, the following things: the date and substance of each and every thing which plaintiff said or did which contributed to any discipline being imposed upon her including her termination, anything which was communicated to any person or entity in response to plaintiff's charges of discrimination and retaliation, the date and substance of each and every thing which was said or done to warn plaintiff about her conduct before each form of discipline was imposed, each and every reason why plaintiff was not promoted after she became a Computer Assisted Ordering Specialist or Trainee ("CAO"), the information contained in defendants' Answer to the

instant Complaint and/or Amended Complaint and/or any information which was provided in response to these answers to interrogatories.

2. Please state whether any current or former employee or applicant for employment with Defendants in the Newport Commissary has ever mentioned, grieved, alleged, claimed and/or complained that any person working for, or in, the Newport Commissary has discriminated against him or her based upon his or her national origin, race and/or color, was treated differently or more adversely than white, or non-minority, employees based upon his or her national origin, race and/or color, and/or was subjected to harassment because of his or her race, color and/or national origin? If the answer is yes:

a. Identify all persons by name, position and current or last known home and business address;

b. For each person identified, state the date and substance of his or her complaint, claim and/or allegation;

c. Set forth what action defendants took, if any, once it learned of each allegation, complaint and/or claim;

d. Set forth the disposition of each allegation, claim and/or complaint.

3. Please identify, in as much detail as possible, the date and substance of each and every oral and/or written communication of which defendants are aware which relates to plaintiff's Complaint and/or Amended Complaint. For purposes of this interrogatory, "which relates to plaintiff's Complaint and/or Amended Complaint" includes, but is not limited to, the following: the date and substance of each and every thing which plaintiff said or did which contributed to any discipline being imposed upon her including her termination, anything which was

communicated to any person or entity in response to plaintiff's charges of discrimination and retaliation, the date and substance of each and every thing which was said or done to warn plaintiff about her conduct before any discipline was imposed, each and every reason why plaintiff was not promoted after she became a Computer Assisted Ordering Specialist and/or Trainee ("CAO"), the information contained in defendants' Answer to the instant Complaint, and/or any information which was provided in response to these answers to interrogatories.

4. During the time that plaintiff worked at the Newport Commissary and up to the present time, are any of defendants' current or former employees (including John Blythe, Steve Furtado, Mary Gibson, Ray or Ryan Diego, Kalisha Reed, William McCollum, Diane Saez, Diane Walsh, Mary Bucolo, Brenda Venable, Stephanie Lopez, Donna Menard, Luke Magnuson, Michael Texeira, Arthur David, Charles Cloud, Brian Berube, and/or Mr. Leger) aware of any person, working at the Newport Commissary (including John Blythe, Steve Furtado, Mary Gibson, Ray or Ryan Diego, William McCollum, Diane Saez, Diane Walsh, Mary Bucolo, Brenda Venable, Stephanie Lopez, Donna Menard, Luke Magnuson, Michael Texeira, Arthur David, Charles Cloud, Brian Berube, and/or Mr. Leger), saying or doing at work any of the things for which plaintiff was disciplined and/or fired? For purposes of this interrogatory "saying or doing any of the things for which plaintiff was disciplined and/or fired" includes, but is not limited to, the following: any of the acts in the notice of proposed suspension issued to plaintiff and/or the notice of proposed termination, raising his or her voice to a supervisor, customer or co-worker, even if for a short time, refusing to follow an instruction by John Blythe, Mary Gibson and/or Steve Furtado, arguing with a co-worker and/or supervisor including John Blythe, Mary Gibson and/or Steve Furtado, being "disruptive," "rude," and/or "disrespectful" to any person including a

supervisor, co-worker, any family members of co-workers and/or customers, threatening a person, stomping his or her feet, rolling his or her eyes, making sucking noises, calling another employee by something other than his or her name, coming to work late, taking extended breaks, ignoring and/or not speaking to co-workers, harassing another co-worker, intimidating another co-worker, talking about co-workers and/or supervisors behind their backs, giving dirty looks to co-workers and/or supervisors, crossing his or her arms when in the presence of a supervisor, refusing to write a statement against another co-worker, refusing to write a statement during an investigation, blocking the passage of another co-worker, hitting another co-worker's pallet or person, causing a problem between co-workers, being moody, becoming agitated, banging his or her chest, questioning a supervisor about what he or she said, and/or refusing to do a job right away.

5. If the answer to interrogatory 4 is yes, please:

a. please identify (by name, position, and current or last known home and business address each person who has any such knowledge;

b. for each person identified in subparagraph 5a, set forth everything which he or she knows.

6. During the time that plaintiff worked at the Newport Commissary and up to the present time, are any of defendants' current or former employees (including John Blythe, Steve Furtado, Mary Gibson, Ray or Ryan Diego, Kalisha Reed, William McCollum, Diane Saez, Diane Walsh, Mary Bucolo, Brenda Venable, Stephanie Lopez, Donna Menard, Luke Magnuson, Michael Texeira, Arthur David, Charles Cloud, Brian Berube, and/or Mr. Leger) aware of any person, working at the Newport Commissary (including John Blythe, Steve Furtado, Mary

Gibson, Ray or Ryan Diego, William McCollum, Diane Saez, Diane Walsh, Mary Bucolo, Brenda Venable, Stephanie Lopez, Donna Menard, Luke Magnuson, Michael Texeira, Arthur David, Charles Cloud, Brian Berube, and/or Mr. Leger), engaging in inappropriate conduct while at work. For purposes of this interrogatory, "inappropriate conduct" includes, but is not limited to, the following: using offensive, foul or disgusting language, threatening a person, intimidating a person, using swear words such as "fuck," assaulting another person, fighting with another person, engaging in unauthorized shopping, engaging in fraud, working for a vendor or contractor while on government time, sexually harassing another employee, touching the body of another employee, and/or stealing?

7. If the answer to interrogatory 6 is yes, please:

a. please identify (by name, position, and current or last known home and business address each person who has any such knowledge;

b. for each person identified in subparagraph 7a, set forth everything which he or she knows.

8. During the time that plaintiff worked for the Commissary and up to the present time, has any person working for, or at the Newport Commissary (including any current or former employee of defendants) ever formally or informally made a complaint about the conduct of any other current or former employee working for, or at the Newport Commissary, to any person, entity, and/or agency? If the answer is yes, please set forth the date and substance of each formal or informal complaint.

9. For each person who performed the duties and responsibilities of Computer Assisted Ordering Specialist and/or Trainee ("CAO"), please set forth each and every reason why he or

she was, or was not, promoted beyond the rank he or she had when he or she first assumed such duties.

10. During the time that plaintiff worked for the Newport Commissary and up to the present time, for each person who performed the same duties and responsibilities as plaintiff did (including persons holding the positions of Computer Assisted Ordering Specialist and/or Trainee ("CAO") and store worker, please set forth each date on which his or her schedule, hours, shifts, and/or assignments changed and the reasons for each change.

11. During the time that plaintiff worked at the Newport Commissary and up to the present time, did John Blythe, Steve Furtado and/or Mary Gibson ever request, suggest, and/or order any current or former employees and/or any other persons working for, or at, the Newport Commissary, to write, or give, statements about, or against, any employees working at the Newport Commissary which were later considered, used and/or relied upon in deciding whether discipline should be taken against an employee? If the answer is yes, please set forth the date and substance of each such request.

12. This interrogatory relates to "Plaintiff's Answer to Defendants' First Set of Interrogatories." If any current or former employee disagrees with anything plaintiff said in her answer to interrogatory two, please set forth what he or she disputes or disagrees with.

13. For each and every thing which plaintiff said or did for which she was disciplined and/or fired, please set forth the date and substance of each and every oral or written communication which John Blythe, Mary Gibson and/or Steve Furtado had with plaintiff about each one before she was disciplined and/or fired.

14. During the time that plaintiff worked for the Newport Commissary, please identify

(by name, race, and current and/or last known home and business address) each person, whether employee, vendor, customer or otherwise, plaintiff has harassed, been rude or disrespectful to, been insubordinate to, been disruptive with, and/or has yelled or screamed at?

15. During the time that plaintiff has worked at the Newport Commissary and up to the present time, identify (by name, race, current and/or last known home and business address, position, description of conduct, and disposition) each and every person, working at the Newport Commissary, who has been the recipient of any discipline, proposed discipline and/or suspended discipline. For purposes of this interrogatory, your answer should include, but not be limited to, any person who: was sent a procedural reminder, received an oral or written warning of any kind, received a letter of caution, received an oral and/or written reprimand, was suspended and/or was fired.

16. After the time that plaintiff assumed the duties and responsibilities of Computer Assisted Ordering Specialist and/or Trainee ("CAO"), for each date on which defendants claim that plaintiff's job performance was deficient, please explain, in as much detail as possible, what plaintiff failed to do and/or did in an unsatisfactory manner.

17. For each person who performed the duties and responsibilities of Computer Assisted Ordering Specialist and/or Trainee ("CAO"), please set forth, in as much detail as possible, each and every thing which was done by management (including John Blythe, Mary Gibson and/or Steve Furtado) to educate and/or train each CAO person.

18. During the time that plaintiff worked for the Commissary and up to the present time, has any Newport Commissary employee failed to fill out a leave planner on time or at all? If the answer is yes, please identify (by name, color, current and/or last known home and business

address, and disposition) each time this has happened.

19. During the time that plaintiff worked for the Commissary and up to the present time, has any Newport Commissary employee ever been the subject and/or target of any formal or informal investigation conducted by any person and/or entity? If the answer is yes, please explain.

Plaintiff,
By her attorney,

Patricia E. Andrews, #4321
129 Dyer Street
Providence, Rhode Island 02903
(401) 421-0966
(401) 421-0964
PEAndrews@verizon.net

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 20th day of February, 2007 a copy of the foregoing was mailed and faxed to: Michael Iannotti, Assistant United States Attorney, District of Rhode Island, 50 Kennedy Plaza, Fleet Center, 8th Floor, Providence, Rhode Island 02903.