UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RECEIVED
FEB 21 2007
U.S. ATTORNEY
DISTRICT OF R.I.

ROSEZOLA SELLERS,

Plaintiff,

v. C. A. No. 05-381S

UNITED STATES DEPARTMENT OF DEFENSE, et als

Defendant.

PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Instructions for Answering

1. You are required, in responding to this request, to obtain and furnish all information available to you and any of your representatives, employees, agents, brokers, servants, or attorneys ***including, but not limited to, John Blythe, Mary Gibson, and Steve Furtado*** and to obtain and furnish all information that is in your possession or under your control, or in the possession or under the control of any of your representatives, employees, agents, servants, or attorneys.

2. Each request which seeks information relating in any way to communications to, from, or within a business and/or corporate entity, is hereby designated to demand, and should be construed to include, all communications by and between representatives, employees, agents, brokers and/or servants of the business and/or corporate entity.

3. Each request should be responded to separately. However, a document which is the response to more than one request may, if the relevant portion is marked or indexed, be produced and referred to in a later response.

4. All documents produced shall be segregated and identified by the paragraphs to which



GOVERNMENT EXHIBIT 2

they are primarily responsive.

5. If you object to part of any request, please furnish documents responsive to the remainder of the request.

6. Each request refers to all documents that are either known by the defendant(s) to exist or that can be located or discovered by reasonably diligent efforts of the defendant.

7. The documents produced in response to this Request shall include all attachments and enclosures.

8. The documents requested for production include those in the possession, custody or control of defendant(s), its agents, representatives or attorneys.

9. References to the singular include the plural.

10. The use of any tense of any verb shall be considered also to include within its meaning all other tenses of the verb so used.

11. All documents called for by this request or related to this request, for which the defendant(s) claims a privilege or statutory authority as a ground for non-production shall be listed chronologically as follows:

a. The place, date, and manner of recording or otherwise preparing the document;
b. The name and title of the sender;
c. The identity of each person or persons participating in the preparation of the document;
d. The identity and title with defendants, if any, or the person or persons supplying defendants' attorneys with the information requested above;
e. The identity of each person to whom the contents of the document have heretofore been communicated by copy, exhibition, sketch, reading or substantial summarization, the dates of said communication, and the employer and title of said person at the time of said communication;
f. Type of document;
g. Subject matter for which privilege or statutory authority is claimed;
h. Factual and legal basis for claim, privilege or specific statutory or regulatory authority which provides the claimed ground for non-production.

12. Each request to produce a document or documents shall be deemed to call for the production of the original document or documents to the extent that they are in, or subject to, directly or indirectly, the control of the party to whom this request is addressed. In addition, each request should be considered as including a request for separate production of all copies and, to the extent applicable, preliminary drafts of documents that differ in any respect from the original

or final draft or from each other.

13. All documents produced in response to this Request shall be produced in toto notwithstanding the fact that portions thereof may contain information not requested.

14. If any documents requested herein have been lost or destroyed, the documents so lost or destroyed shall be identified by author, date, and subject matter.

15. With respect to any document request which was once in possession, custody or control, but no longer is, please indicate the date the document ceased to be in possession, custody or control of defendants and the name and address of its present custodian.

16. Unless otherwise indicated, each request is to be construed as encompassing all documents which pertain to the stated subject matter and to events which transpired between 1995 to the present.

Definitions

1. "You," "your" and "yourself" refer to the party or parties to whom the following requests are addressed, and its agents, representatives, officers, directors, affiliates, predecessors and successors in interest, parents, divisions, subsidiaries, area and regional offices, and employees.

2. "Person" means natural persons, firms, proprietorships, associations, partnerships, corporations, and every other type of organization or entity.

3. The word "identify" shall mean the following, as the context shall make appropriate:

a. With respect to a document, you shall set forth (a) the name of the person who prepared it; (b) the name of the person who signed it or over whose name it was issued; (c) the name of each person to whom it was addressed or distributed; (d) the nature and substance of the document in sufficient particularity to enable it to be identified (e) its date and, if it bears no date, the date when it was prepared; and (f) the physical location of the document and the name of the custodian or custodians.

b. With respect to an oral communication, you shall set forth: (a) the name of each person who participated in the communication; (b) the name of each person who was present at the time it was made; (c) the date and place where such oral communication was made; and (d) what each person said.

4. The term "document" or "documents" includes without limitation any written, typed, printed, recorded, or graphic matter, however preserved, produced, or reproduced, of any type or description, regardless of origin or location, including without limitation, any e-mail, any binder,

cover note, certificate, letter, correspondence, record, table, chart, analysis, graph, schedule, report, test, study, memorandum, note, list, diary, log, calendar, telex, message, questionnaire, bill, purchase order, shipping order, contract, memorandum of contract, agreement, assignment, license, certificate, permit, ledger, ledger entry, book of account, check, order, invoice, receipt, statement, financial data, acknowledgment, computer or data processing card, computer or data processing disk, computer-generated matter, photograph, photographic negative, transcript, projection, videotape, film, microfiche and all other data compilations from which information can be obtained or translated, reports and/or summaries of investigations, drafts and revisions of drafts of any documents and original preliminary notes or sketches, no matter how produced or maintained, in your actual or constructive possession, custody or control, or the existence of which you have knowledge, and whether prepared, published or released by you or by any other person. If a document has been prepared in several copies, or additional copies have been made, or copies are not identical, each nonidentical copy as a separate document.

5. The terms "communication" or "communicate" relate to any manner by which information is conveyed from one person or entity to another person or entity including, but not limited to, meetings, telephone conversations, e-mails, fax transmissions, and documents as defined above.

6. "Relating to" means consisting of, referring to, describing, discussing, constituting, evidencing, containing, reflecting, mentioning, concerning, pertaining to, citing, summarizing, analyzing, or bearing any logical or factual connection with the matter discussed.

7. "Any" shall also mean "all" and vice versa.

**DOCUMENT REQUESTS**

1. All documents which relate to plaintiff's employment. Your answer should include plaintiff's personnel file, any documents relating to plaintiff's job performance, any grievances filed by plaintiff, any records pertaining to her duties, any documents relating to any actual, potential or proposed promotions, any records relating to any formal or informal complaints by plaintiff, any investigations relating to, or about, plaintiff, any interviews of employees which relate to plaintiff, any formal or informal complaints or statements made by other employees about plaintiff's conduct, any and all documents which were sent to, or received from, the Department of the Navy, Human Resources Office, the Equal Employment Manager, Defense

Commissary Agency in Virginia Beach, Virginia and/or the Defense Commissary Agency, Eastern Region, in Virginia Beach, Virginia, and any pre-action investigation worksheets with supporting documents.

2. All communications to, or from, any entity, agency, department, or person relating to any claims by plaintiff that she was discriminated, or retaliated, against. Your response should include, but not be limited to, any communications to or from any EEO office, any office charged with handling formal or informal complaints or charges of discrimination, the Defense Commissary Agency, any Human Resources Office in Groton or elsewhere, the Department of Defense, Civilian Personnel Management Service, and/or the Defense Commissary Agency in Fort Lee, Virginia. Your response should include any and all documents submitted by you.

3. During the time that plaintiff worked for the Newport Commissary, any and all documents which were relied upon in taking any discipline against plaintiff.

4. During the time that plaintiff worked for the Commissary, any and all documents which were distributed to management at the Commissary which relate to the prevention of discrimination based upon race.

5. During the time that plaintiff worked for the Commissary and up to the present time, any and all documents which relate to, or reflect, any changes in assignments, hours, departments, and/or aisles of any person performing the duties and responsibilities of store worker and/or Computer Assisted Operator ("CAO") including plaintiff, William McCollum and Mary Bucolo.

6. Except for medical records, the personnel files of: William McCollum, Mary Bucolo, Steve Furtado, John Blythe, Mary Gibson, Charles Cloud, Diane Walsh, Michael Texeira, Albert

Felton, Brenda Venable, and Richard Walsh.

7. During the time that plaintiff worked for the Commissary and up to the present time, any and all documents which reflect, or relate to, the taking, or proposed taking, of any discipline up to and including termination against an employee working for, or at, the Newport Commissary which was taken by, proposed by, and/or approved or disapproved by John Blythe, Mary Gibson and/or Steve Furtado. Your response should include, but not be limited to, any letters of concern, any memorandum of record prepared by any supervisors, any pre-action investigations with supporting documents, any witness statements, any warnings, any cancellations of discipline, and/or any grievances whether pursuant to the administrative procedure or the union contract.

8. During the time that plaintiff worked for the Commissary and up to the present time, any and all documents which relate to any formal or informal investigations, of any kind, which directly or indirectly implicate the conduct of any employees working at, or for, the Newport Commissary. Your response should include, but not be limited to, any investigations relating to fraud, any investigations conducted by any police department including the one on base, and/or any investigation conducted by the Inspector General's Office.

9. During the time that each person has worked for the Newport Commissary, any and all mid-year and annual job performance evaluations for: Mary Bucolo, William McCollum, Mary Gibson, John Blythe and Steve Furtado.

10. During the time that plaintiff worked for the Commissary and up to the present time, any and all documents which reflect the identity (by name, current and/or last known home and business address, position, rank, and color) of all persons who worked for, or at, the Newport Commissary.

11. This request relates to a document entitled "Civilian Performance Rating" for the period July 2, 2004 to June 30, 2005 relating to the job performance of plaintiff. This document is being produced by plaintiff in response to defendant's request for production of documents. Please provide all documents which relate to, or support, any "did not meet" or "unacceptable" ratings.

12. During the time that plaintiff worked for the Commissary, provide all personnel policies which related to the terms and conditions of plaintiff's job and/or which plaintiff violated including, but not limited to, any policies which plaintiff allegedly violated for which she was disciplined, any policies relating to employees being AWOL, any policies relating to the taking of medical leaves of absences, providing doctor's notes, policies relating to employees being required to write statements as part of investigations, discipline including progressive discipline, pre-action investigations, and/or any policy or procedure to be followed when an employee's job performance and/or conduct is deficient and/or unacceptable.

13. During the time that plaintiff worked for the Commissary and up to the present time, any and all documents to, or from, any person working for, affiliated with, and/or acting on behalf of, a union (including Local 190) which relate to any grievances, formal or informal complaints, and/or unfair labor practice charges filed by, or on behalf of, any person working at, or for, the Newport Commissary.

14. Any and all documents which relates to an incident in which Stephanie Lopez accused Michael Texeira of touching her.

15. Any and all documents which reflect any training received by any person performing the duties and responsibilities, and/or holding the position, of Computerized Assisted Ordering

Specialist ("CAO"). Your response should include, but not be limited to, plaintiff, Mary Buccolo, and William McCollum.

16. For the period beginning 2001 to the present time, provide all documents relating to the filling of any job opening for the position of CAO. Your response should include, but not be limited to, anything related to the selection process, any communications to or from HROD, any interview notes, any documents reflecting the reasons why individuals were selected or not selected, and any applications.

17. During the time that John Blythe, Mary Gibson, and Steve Furtado were supervisors, any and all documents generated by them which reflect that the conduct and/or job performance of any employee of the Newport Commissary was deficient, inappropriate, questionable, and/or unsatisfactory.

18. This request relates to a statement by Stephanie Lopez which was sent to John Blythe. The statement relates to an incident which took place on March 24, 2005 and involved Stephanie Lopez, her mother, and Brenda Venable. Please provide any and all documents which relate to the allegations in this statement. This document is being produced by plaintiff in response to defendant's request for production of documents.

19. Any and all documents relating to any investigations involving Ryan Diego including one which took place in 2005.

20. Any document which reflects, or relates to, any Commissary employees not following the instructions of a supervisor including John Blythe, Steve Furtado, and/or Mary Gibson.

21. For the time during which plaintiff worked for the Commissary up to the present time,

all documents relating to leave planners including any documents filled out by Commissary employees, any documents posted in the offices of supervisors, and any documents reflecting the dates to be taken by Commissary employees.

22. During the time that plaintiff has worked for the Newport Commissary, any requests by any Commissary employees to have leave restored.

23. For the period during which plaintiff worked for the Commissary and up to the present time, any and all complaints and/or statements by Commissary employees about the job performance or conduct of other employees.

24. This request relates to any Affidavits signed by Mary Gibson, John Blythe, and/or Steve Furtado which were submitted to any person and/or agency handling and/or investigating any claim by plaintiff that she was discriminated and/or retaliated against. Please produce all documents which relate to, and/or support, the allegations set forth in each Affidavit.

25. This request relates to any employee who has performed the duties and responsibilities of CAO and/or who held that title. Please provide any and all documents which relate to any such employee receiving a promotion and/or going from a GS-5 to GS-7.

26. During the time that William McCollum has worked for the Newport Commissary, any and all documents which reflect any formal or informal complaints or statements by him about the conduct of any Newport Commissary employee including managerial employees.

27. During the time that plaintiff worked for the Commissary and up to the present time, any and all documents which relate to any employee ceasing to work for, or at, the Newport Commissary. Your response should include, but not be limited to, the identity of all persons who ceased working there and why including Brenda Venable, Richard Walsh, Albert Felton, Mary

Gibson, and John Blythe.

28. During the time that plaintiff worked for the Commissary up to the present time, any and all documents entitled "Training Plan for Computer Assisted Ordering Managers" for all employees including plaintiff, William McCollum, and Mary Bucolo.

29. Any and all documents which reflect any problems between Brenda Venable and John Blythe. Your response should include, but not be limited to, any and all documents relating to a series of e-mails dated August 7 through 9 amongst, Brenda Venable, Richard Cook, John Blythe and Emerson Pollock and any formal or informal complaints filed by Brenda Venable against John Blythe. These e-mails are being produced by plaintiff in response to defendant's request for production of documents.

30. Any and all documents which relate to an incident between Luke A. Magnuson and Mike Texeira which allegedly took place on June 26, 2004 in which Luke Magnuson claims that he was assaulted by Mike Texeira including, but not limited to, any statements, interviews, grievance-related documents, investigations and/or action taken after this incident occurred including any discipline.

38. This request relates to a document entitled "Newport Commissary - Letters of Reprimand - February 25, 2002 - February 25, 2004." Please provide all documents which relate to these reprimands including, but not limited to, any grievances, communications, the actual letters of reprimand, all documents reflecting why such action was taken. This document is being produced by plaintiff in response to defendant's request for production of documents.

39. This request relates to an e-mail dated September 17, 2004 from Tracey Perry to John Blythe and Brenda Venable with a subject "Rosezola Sellers" and which relates to plaintiff's

promotion. Please provide all documents which relate to this e-mail and/or plaintiff's promotion including, but not limited to, anything which was done in response to this. This document is being produced by plaintiff in response to defendant's request for production of documents.

40. Any and all documents which reflect the amount of time that plaintiff and William McCollum worked in, or were assigned to, the freezer or chill area.

41. During the time that plaintiff worked at the Commissary, any and all procedural reminders sent to Newport Commissary employees by John Blythe, Steve Furtado and/or Mary Gibson.

42. During the time that plaintiff worked for the Newport Commissary and up to the present time, any and all documents which relate to employees, who were not authorized shoppers, purchasing items for non-authorized employees including, but not limited to, any memoranda to or from management, any DeCA Directives which applied or were violated, and any discipline taken.

43. During the time that plaintiff worked for the Newport Commissary, any and all documents relating to any formal or informal complaints of racial discrimination and/or harassment by employees working at the Newport Commissary.

44. The DeCA DPP Memorandum dated June 7, 1996.

45. This request relates to a memorandum sent to plaintiff, Diane Walsh, Leo Sequira, David Geary, and Charles Cloud which is dated July 17, 2003 with a subject "Annual Leave Planners." Please produce all documents which relate to this memo including, but not limited to, any information, documents, and/or leave planners submitted by such employees. This document is being produced by plaintiff in response to defendant's request for production of documents.

46. This request relates to a memo from John Blythe to plaintiff, dated July 2, 2003, with a subject "Cancellation of Letter of Reprimand." Please produce all documents which relate to this memo including, but not limited to, any documents which reflect the reason why plaintiff was issued the letter of reprimand, why the reprimand was canceled, any statements by any person involved including Dennis Redding, and/or any discipline imposed, whether canceled or not, against Dennis Redding. This document is being produced by plaintiff in response to defendant's request for production of documents.

47. Any and all documents which reflect the reasons why William McCollum became a CAO before plaintiff.

48. This request relates to a memo from John T. Blythe which discusses an incident which allegedly occurred on November 1, 2001 between plaintiff and Brian Berube. Please produce any and all documents which relate to the allegations in this memo including, but not limited to, anything related to problems that Brian Berube and Kristine Seymour had with plaintiff including the alleged incident or incidents which precipitated Kristine Seymour having a seizure. This document is being produced by plaintiff in response to defendant's request for production of documents.

49. This request relates to a document entitled "Memorandum for OCI Investigator" signed by Mr. Blythe and dated October 30, 2001. Please provide any and all documents which relate to and/or support the allegations in this memo. This document is being produced by plaintiff in response to defendant's request for production of documents.

50. During the time that plaintiff worked for the Commissary and up to the present time, any and all documents which reflect the money and other benefits which William McCollum and

Mary Bucolo earn.

51. Any documents relating to any employee working at the Newport Commissary including, but not limited to, William McCollum, being late for work or taking extended breaks.

52. During the time that plaintiff worked at the Newport Commissary, any and all documents which relate to any employee totally failing to provide and/or just failing to provide in a timely manner, a doctor's note to support the taking of time out of work.

53. This interrogatory relates to a document dated March 2, 2005 from Steve Furtado to plaintiff with a subject "letter of concern of hourly assignments." Please produce any and all documents which reflect that any other employee was given a similar letter and/or was given hourly assignments. This document is being produced by plaintiff in response to defendant's request for production of documents.

Plaintiff,
By her attorney,

Patricia E. Andrews, #4321
129 Dyer Street
Providence, Rhode Island 02903
(401) 421-0966
(401) 421-0964
PEAndrews@verizon.net

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 20th day of February, 2007 a copy of the foregoing was mailed and faxed to: Michael Iannotti, Assistant United States Attorney, District of Rhode Island, 50 Kennedy Plaza, Fleet Center, 8th Floor, Providence, Rhode Island 02903.

CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of April, 2007, I hand delivered the within **DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION** to:

Patricia Andrews, Esq.
129 Dyer Street
Providence, RI 02903

Sandra L. Masse