UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ROSEZOLA SELLERS<br>Plaintiff | ) | |
| v. | ) | C. A. No. 05-381S |
| UNITED STATES DEPARMENT<br>OF DEFENSE | ) | |

**DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Now comes the defendant, by and through its attorneys, and answers the plaintiff's first set of interrogatories as follows:

**General Objections**

These general objections apply to each Interrogatory as though restated in full in the defendant's answers to each:

1. The defendant objects to any and all Interrogatories to the extent that they seek information protected from disclosure by the attorney/client privilege, attorney work product doctrine, deliberative process, or any other applicable privilege.

2. The defendant objects to any and all Interrogatories to the extent that they seek disclosure of the mental

GOVERNMENT EXHIBIT 3

impressions, conclusions, opinions, legal research and legal theories of counsel.

3. The defendant objects to any and all Interrogatories to the extent that they seek to discover the manner or method of proof at trial.

4. The defendant objects to any and all Interrogatories to the extent that they seek information, that is irrelevant, overly broad, vague, unduly burdensome to produce, or not reasonably calculated to lead to the discovery of admissible evidence.

5. As set forth in Federal Rule of Civil Procedure 26(b)(1)(2000), the defendant objects to any and all Interrogatories to the extent that a request improperly expands the scope and limits of discovery beyond the claim or defenses of any party, without first properly obtaining a court order permitting said discovery.

6. The defendant objects to any and all Interrogatories to the extent that they seek information that is protected by the provisions of the Privacy Act, 5 U.S.C. § 552a.

**Conditions**

1. These responses are made without in any way waiving or intending to waive, but on the contrary, intending to preserve:

   a. All objections as to competency, relevancy, materiality, privilege and admissibility as evidence for any purpose in subsequent proceedings or the trial of this or any other actions;

   b. The right to object to the use of any information that may be provided, or the subject matter thereof, in any subsequent proceedings or the trial of this or any other action on any other grounds;

   c. The right to object on any ground at any time to further discovery proceedings involving or relating to the subject matter of these Interrogatories; and

   d. The right at any time to revise, correct, supplement, clarify or amend this response in accordance with the Federal Rules of Civil Procedure.

2. All responses to Interrogatories are based on defendant's best understanding of the Interrogatories and/or the terms used therein. Such responses cannot properly be used as evidence except in the context in which defendant understood the Interrogatories and/or the terms used therein.

3. These responses are not a representation or concession as to the relevance and/or relationship of the information to this action.

Interrogatories

1. Please identify all persons, by name, title, and current and/or last known home and business address, who have knowledge about the allegations which form the basis of the plaintiff's complaint and/or Amended complaint. For each person identified, set forth, in as much detail as possible, what he or she knows. For purposes of this interrogatory, "knowledge about the allegations which form the basis of the plaintiff's Complaint and/or Amended Complaint" includes, but is not limited to, the following things: the date and substance of each and every thing which the plaintiff said and or did which contributed to any discipline being imposed upon her including her termination, anything which was communicated to any person or entity in response to the plaintiff's charges of discrimination and retaliation, the date and substance of each and every thing which was said or done to warn the plaintiff about her conduct before each form of discipline was imposed, each and every reason why the plaintiff was not promoted after she became a Computer Assisted Ordering Specialist or Trainee (CAO), the information contained in defendants' Answer to the instant Complaint and/or Amended Complaint and/or any information which was provided in response to these answers to interrogatories.

Response: The defendant objects to this interrogatory on the grounds that it seeks information that is protected by the provisions of the Privacy Act, 5 U.S.C. § 552a, is overly broad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence. Specifically, it seeks information about an issue that is not part of the subject case; namely, the plaintiff's termination. The plaintiff's termination from federal service is currently the subject of an administrative investigation. If the plaintiff wishes to propound discovery on her removal, she must amend her complaint in the subject district court case to include removal, which will then allow the agency to dismiss her administrative complaint. Additionally, it seeks information about defendant's failure to promote the plaintiff an additional issue that is not part of the subject case. Subject to and without waiving its objections, the defendant refers the plaintiff to the Report of Investigation of EEOC Complaint, Agency Docket Number 04EABJ031, previously provided to the plaintiff, which contains the identification of all individuals involved and the extent of their knowledge of the incidents that form the bases of the alleged discriminatory actions.

2. Please state whether any current or former employee or applicant for employment with defendant in the Newport commissary has ever mentioned, grieved, alleged, claimed and or complained that any person working for, or in, the Newport Commissary has discriminated against her or her upon his or her national origin, race and/or color, was treated differently or more adversely than white, or non-minority, employees based upon his or her national origin, race and/or color, and/or was subjected to harassment because of his or her race, color and/or national origin? If the answer is yes:

a. Identify all persons by name, position and current or last known home business address.

b. For each person identified, state the date and substance of his or her complaint, claim and/or allegation;

c. Set forth what action defendants took, if any, once it leaned of each allegation, claim and/or complaint.

d. Set forth the disposition of each allegation, claim and/or complaint.

Response: The defendant objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks information that is protected by the provisions of the Privacy Act, 5 U.S.C. § 552a. Subject to and without waiving its objections, the defendant states that for the time period 2001 through 2006 there were five formal complaints of discrimination made at the Newport Commissary. Three of those complaints were filed by the plaintiff. The other two were adjudicated through normal Title VII procedures and it was determined that no discrimination had taken place in either case.

3. Please identify, in as much detail as possible, the date and substance of each and every oral and/or written communication of which defendants are aware which relates to the plaintiff's complaint and/or amended complaint. For purposes of this interrogatory, "which relates to the plaintiff's complaint and/or amended complaint" includes, but is not limited to, the following: the date and substance of each and every thing which the plaintiff said or did which contributed to any discipline being imposed upon her including her termination, anything which was communicated to any person or entity in response to the plaintiff's charges of discrimination and retaliation, the date and substance of each and every thing which was said or done to warn the plaintiff about her conduct before any discipline was imposed, each and every reason why the plaintiff was not promoted after she became a Computer Assisted Ordering Specialist and/or Trainee (CAO), the information contained in defendant's Answer to the instant Complaint, and/or any information which was provided in response to these answers to interrogatories.

Response: The defendant objects to this interrogatory on the grounds that it seeks information that is protected by the provisions of the Privacy Act, 5 U.S.C. § 552a, is overly

broad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence. Specifically, it seeks information about an issue that is not part of the subject case; namely, the plaintiff's termination. The plaintiff's termination from federal service is currently the subject of an administrative investigation. If the plaintiff wishes to propound discovery on her removal, she must amend her complaint in the subject district court case to include removal, which will then allow the agency to dismiss her administrative complaint. Additionally, it seeks information about defendant's failure to promote the plaintiff an additional issue that is not part of the subject case.

Subject to and without waiving its objections, the defendant refers the plaintiff to the Report of Investigation of EEOC Complaint, Agency docket Number 04EZBJ031, previously provided to the plaintiff. In addition to the information contained in the Report of Investigation, there were discussions in early February 2004 between Mary Gibson, the plaintiff's former first level supervisor in her chain of command, and Doris Neal, Personnel Management Specialist. The substance and nature of these conversations was the plaintiff's misconduct. During the time periods the plaintiff requested annual leave (summer and fall of 2003)

and the restoration of lost annual leave (spring of 2004), there were discussions between the Store Director, John Blythe, and Ms. Neal, Personnel Management Specialist. The substance and nature of these conversations involved the plaintiff's leave requests, failure to submit an annual leave planner, and the policies/procedures concerning the restoration of annual leave. As to the reason that the plaintiff was not promoted when she became a Computer Assisted Ordering Specialist and/or Trainee (CAO), the defendant refers to its response to the plaintiff's Document Request Number 1 submitted herewith.

4. During the time that the plaintiff worked at the Newport Commissary and up to the present time, are any of defendants' current or former employees (including John Blythe, Steve Furtado, Mary Gibson, Ray or Ryan Diego, Kalisha Reed, William McCollum, Diane Saez, Diane Walsh, Mary Bucolo, Brenda Venable, Stephanie Lopez, Donna Menard, Luke Magnuson, Michael Texeira, Arthur David, Charles Cloud, Brian Berube, and/or Mr. Leger) aware of any person, working at the Newport Commissary (including John Blythe, Steve Furtado, Mary Gibson, Ray or Ryan Diego, William McCollum, Diane Saez, Diane Walsh, Mary Bucolo, Brenda Venable, Stephanie Lopes, Donna Menard, Luke Magnuson, Michael Texeira, Arthur David, Charles Cloud, Brian Berube, and/or Mr. Leger), saying or doing at work any of the things for which the plaintiff was disciplined and/or fired? For purposes of this interrogatory "saying or doing any of the things for which the plaintiff was disciplined and/or fired" includes, but is not limited to, the following: any of the acts in the notice of proposed suspension issued to the plaintiff and/or the notice of proposed termination, raising his or her voice to a supervisor, customer or co-worker, even if for a short time, refusing to follow an instruction by John Blythe, Mary Gibbons and/or Steve Furtado, arguing with a co-worker and/or supervisor including John Blythe, Mary Gibson and/or Steve

Furtado, arguing with a co-worker and/or supervisor including John Blythe, Mary Gibson and/or Steve Furtado, being "disruptive," "rude" and/or "disrespectful" to any person including a supervisor, co-worker, any family members of co-workers and/or customers, threatening a person, stomping his or her feet, rolling his or her eyes, making sucking noises, calling another employee by something other than his or her name, coming to work late, taking extended breaks, ignoring and/or not speaking to co-workers, harassing another co-worker, intimidating another co-worker, talking about co-workers and/or supervisors behind their backs, giving dirty looks to co-workers and/or supervisors, crossing his or her arms when in the presence of supervisor, refusing to write a statement against another co-worker, hitting another co-worker's pallet or person, causing a problem between co-workers, being moody becoming agitated, banging his or her chest, questioning a supervisor about what he or she said, and/or refusing to do a job right away.

Response: The defendant objects to this interrogatory on the grounds that it seeks information that is protected by the provisions of the Privacy Act, 5 U.S.C. § 552a, is overly broad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence. Specifically, it seeks

information about an issue that is not part of the subject case; namely, the plaintiff's termination. The plaintiff's termination from federal service is currently the subject of an administrative investigation. If the plaintiff wishes to propound discovery on her removal, she must amend her complaint in the subject district court case to include removal, which will then allow the agency to dismiss her administrative complaint. Subject to and without waiving its objections, the defendant states that a listing of letters of reprimand issued at the Newport Commissary is included in the Report of Investigation, and the following suspensions were assessed at the Newport Commissary for calendar year 2004:

Asian/Pacific Islander Lead Sales Store Checker
 - Negligent performance of duties
Asian/Pacific Islander Lead Sales Store Checker
 - Negligent performance of duties
White/Non-Hispanic Supervisory Sales Store Checker
 - Absence reporting failures
White/Non-Hispanic Store Worker
 - Misuse of Government Credit Card
Black Commissary Management Specialist Trainee (CAO)
 - Disruptive behavior
White/Non-Hispanic Store Worker Leader
 - Disrespectful conduct and abusive language

5. If the answer to interrogatory 4 is yes, please:

a. Identify (by name, position and current or last known home and business address each person who has any such knowledge;

b. For each person identified in subparagraph 5a, set forth everything which he or she knows.

Response: The defendant objects to this interrogatory on the grounds that it seeks information that is protected by the provisions of the Privacy Act, 5 U.S.C. § 552a. Subject to and without waiving its objections, the defendant refers the plaintiff to its response to interrogatory 4 above.

6. During the time that the plaintiff worked at the Newport Commissary and up to the present time, are any of defendant's current or former employees (including John Blythe, Steve Furtado, Mary Gibson, Ray or Ryan Diego, Kalisha Reed, William McCollum, Diane Saez, Diane Walsh, Mary Bucolo, Brenda Venable, Stephanie Lopez, Donna Menard, Luke Magnuson, Michael Texeira, Arthur David, Charles Cloud, Brian Berube, and or Mr. Leger) aware of any person, working at the Newport Commissary (including John Blythe, Steve Furtado, Mary Gibson, Ray or Ryan Diego, William McCollum, Diane Saez, Diane Walsh, Mary Bucolo, Brenda Venable, Stephanie Lopez, Donna mender, Luke Magnuson, Michael Texeira, Arthur David, Charles cloud, Brian Berube, and/or Mr. Leger), engaging in inappropriate conduct while at work. For purpose of this interrogatory, "inappropriate conduct" includes, but is not limited to, the following: using offensive, foul or disgusting language, threatening a person, intimidating a person, using swear words such as the "f-word," assaulting another person, fighting with another person engaging in unauthorized Shopping, engaging in fraud, working for a vendor or contractor while on government time, sexually harassing another employee, touching the body of another employee, and/or stealing?

Response: The defendant objects to this interrogatory on the grounds that it seeks information that is protected by the provisions of the Privacy Act, 5 U.S.C. § 552a, is overly broad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence. The defendant also objects to the extent that this interrogatory seeks information protected from disclosure by the attorney/client privilege, attorney work product doctrine or any other applicable privilege. Subject to and without waiving its objections, the defendant states that it does not, nor is it required to, compile or maintain information regarding actions of the nature requested in this interrogatory. If any such activity did occur it would only have been documented if disciplinary action had arisen from that activity. However, information regarding disciplinary actions is not, nor is it required to be, compiled in any type of comprehensive "database" allowing for "after-the-fact" research regarding the incident. Each disciplinary action is treated as a separate incident due to the vast differences in circumstances involved in each case and compilation of the requested information would require a manual review of all individual disciplinary actions to assess their applicability to this request.

7. If the answer to interrogatory 6 is yes, please:

a. Please identify (by name, position, and current or last known home and business address each person who has any such knowledge;

b. For each person identified in subparagraph 7a, set forth everything which he or she knows.

Response: The defendant objects to this interrogatory on the grounds that it seeks information that is protected by the provisions of the Privacy Act, 5 U.S.C. § 552a. Subject to and without waiving its objections, the defendant refers the plaintiff to its response to interrogatory 6 above.

8. During the time that the plaintiff worked for the Commissary and up to the present time, has any person working for, or at the Newport Commissary (including any current or former employee of defendants) ever formally or informally made a complaint about the conduct of any other current or former employee working for, or at the Newport Commissary, to any person, entity, and/or agency? If the answer is yes, please set forth the date and substance of each formal or informal complaint.

Response. The defendant objects to this interrogatory on the grounds that it is overly broad in its scope and unduly vague. The defendant states that it is unable to ascertain what the plaintiff means by "made a complaint." Subject to and without waiver of its objection the defendant states that it does not, not is it required to, record each and every complaint made by each and every Agency employee.

9. For each person who performed the duties and responsibilities of Computer Assisted Ordering Specialist and/or Trainee (CAO), please set forth each and every reason why he or she was, or was not, promoted beyond the rank he or she had when he or she first assumed such duties.

Response. The defendant objects to this interrogatory on the grounds that it seeks information that is protected by the provisions of the Privacy Act, 5 U.S.C. § 552a, is overly broad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence. Specifically, it seeks information about an issue that is not part of the subject case; namely, the defendant's failure to promote the plaintiff. Subject to and without waiving its objection, the defendant refers to its response to the plaintiff's Document Request Number 1 submitted herewith as to the reasons that the plaintiff was not promoted when she became a Computer Assisted Ordering Specialist and/or Trainee (CAO).

10. During the time that the plaintiff worked for the Newport Commissary and up to the present time, for each person who performed the same duties and responsibilities as the plaintiff did (including persons holding the positions of computer Assisted Ordering Specialist and/or Trainee (CAO) and store worker) please set forth each date on which his or her schedule hours, shifts, and/or assignments changed and the reasons for each change.

Response. The defendant objects to this interrogatory on the grounds that it seeks information that is protected by the provisions of the Privacy Act, 5 U.S.C. § 552a, is overly broad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections the defendant states that both CAO's for Newport Naval Station Commissary were notified on December 13, 2004 that their schedules would be changed effective 16 January 2005. (See Page 101 Report of Investigation). At that time both the plaintiff and Mr. William McCullom were working Monday through Friday from 0600-1430 hours. In order to ensure CAO coverage for the store for the entire week (7 days) the schedules were changed to ensure that coverage.

11. During the time that the plaintiff worked at the Newport Commissary and up to the present time, did John Blythe, Steve Furtado and/or Mary Gibson ever request, suggest, and/or order any current or former employees and/or any other persons working for, or at, the Newport Commissary, to write, or give, statements about, or against, any employees working at the Newport Commissary which were later considered, used and or/relied upon in deciding whether discipline should be taken against an employee? If the answer is yes, please set forth the date and substance of each such request.

Response. The defendant objects to this interrogatory on the grounds that it seeks information that is protected by the provisions of the Privacy Act, 5 U.S.C. § 552a, is overly broad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, the defendant refers the plaintiff to its responses to the Plaintiffs Requests for Production of Documents submitted herewith, specifically its responses to Requests number 1, 12, 13, 17, 26, 30, and 46. The defendant also refers the plaintiff to documents already produced in its initial disclosures.

12. This interrogatory relates to "Plaintiff's Answer to Defendants' First Set of Interrogatories." If any current or former employee disagrees with anything the plaintiff said in her answer to interrogatory two, please set forth what he or she disputes or disagrees with.

The defendant objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks information that is protected by the provisions of the information that is protected by the provisions of the Privacy Act, 5 U.S.C. § 552a. The defendant also objects to the interrogatory to the extent that it seeks information protected from disclosure by the attorney/client privilege, attorney work product doctrine, deliberative process, or any other applicable privilege. Subject to and without waiving its objections, the defendant states that it has not shared the plaintiff's answers with any current or former employee.

13. For each and every thing which the plaintiff said or did for which she was disciplined and/or fired, please set forth the date and substance of each and every oral or written communication which John Blythe, Mary Gibson and/or Steve Furtado had with the plaintiff about each one before she was disciplined and/or fired.

Response. The defendant objects to this interrogatory on the grounds that it is overly broad, unduly vague and ambiguous, and not calculated to lead to the discovery of admissible evidence. Specifically, it seeks information about an issue that is not part of the subject case; namely, the plaintiff's termination. The plaintiff's termination from federal service is currently the subject of an administrative investigation. If the plaintiff wishes to propound discovery on her removal, she must amend her complaint in the subject district court case to include removal, which will then allow the agency to dismiss her administrative complaint. For information concerning the plaintiff's misconduct that is part of the case, the defendant directs the plaintiff to Exhibit F-15 in the Report of Investigation.

14. During the time that the plaintiff worked for the Newport Commissary, please identify (by name, race, and current and/or last known home and business address) each person, whether employee, vendor, customer or otherwise, the plaintiff has harassed, been rude or disrespectful to, been insubordinate to, been disruptive with, and/or has yelled or screamed at.

Response: The defendant objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks information that is protected by the provisions of the Privacy Act, 5 U.S.C. § 552a. Subject to and without waiving its objections, the defendant states that the individuals involved in the inappropriate conduct by plaintiff that resulted in the issuance of the letter of reprimand being issued are identified in the Report of Investigation, Exhibit F-15.

15. During the time that the plaintiff had worked at the Newport commissary and up to the present time, identify (by name, race, current and/or last known home and business address, position, description of conduct, and disposition) each and every person, working at the Newport Commissary, who has been the recipient of any discipline, proposed discipline and/or suspended discipline. For purposes of this interrogatory, your answer should include but not be limited to, any person who: was sent a procedural reminder, received an oral or written warning of any kind, received a letter of caution, received an oral and/or written reprimand, was suspended and/or was fired.

Response. The defendant objects to this interrogatory on the grounds that it seeks information that is protected by the provisions of the Privacy Act, 5 U.S.C. § 552a, is overly broad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence. Specifically, it seeks information about an issue that is not part of the subject case; namely, the plaintiff's termination. The plaintiff's termination from federal service is currently the subject of an administrative investigation. If the plaintiff wishes to propound discovery on her removal, she must amend her complaint in the subject district court case to include

removal, which will then allow the agency to dismiss her administrative complaint. Additionally, any information regarding any discipline other than a letter of reprimand, the type of discipline issued to the plaintiff, would be irrelevant to the instant case. Subject to and without waiving its objections, the defendant states that a listing of letters of reprimand issued at the Newport Commissary has been included in the Report of Investigation. The defendant also states that the following suspensions were assessed at the Newport Commissary for calendar year 2004:

Asian/Pacific Islander Lead Sales Store Checker - Negligent performance of duties

Asian/Pacific Islander Lead Sales Store Checker - Negligent performance of duties

White/Non-Hispanic Supervisory Sales Store Checker - Absence reporting failures

White/Non-Hispanic Store Worker - Misuse of Government Credit Card

Black Commissary Management Specialist Trainee (CAO) - Disruptive behavior

White/Non-Hispanic Store Worker Leader - Disrespectful conduct and abusive language

16. After the time that the plaintiff assumed the duties and responsibilities of Computer Assisted Ordering Specialist and/or Trainee (CAO), for each date on which defendants claim that the plaintiff's job performance was deficient, please explain, in as much detail as possible, what the plaintiff failed to do and/or did in an unsatisfactory manner.

Response. The defendant objects to this interrogatory on the grounds that it is overly broad and ambiguous in nature. Subject to and without waiver of its objection defendant states that the plaintiff's performance was deficient in nature on December 5, 2003 when she failed to report for duty in the chill area as directed which resulted in the issuance of the letter of reprimand at issue in this case. The defendant further states that neither the plaintiff nor the defendant mention any other deficient performance in the Report of Investigation. The defendant further refers the plaintiff to its response to the plaintiff's Request for Production of Documents number 1 submitted herewith.

17. For each person who performed the duties and responsibilities of Computer Assisted Ordering Specialist and/or Trainee (CAO), please set forth, in as much detail as possible, each and every thing which was done by management (including John Blythe, Mary Gibson and/or Steve Furtado) to educate and/or train each CAO person.

Response. The defendant objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks information that is protected by the provisions of the Privacy Act, 5 U.S.C. § 552a. None of the plaintiff's allegations relate to her performance as a CAO and or the lack of training with respect to that position. Therefore, any information requested in that regard would be irrelevant to the case at hand.

18. During the time that the plaintiff worked for the Commissary and up to the present time, has any Newport Commissary employee failed to fill out a leave planner on time or at all? If the answer is yes, please identify (by name, color, current and or last/know home address and business, and disposition) each time this has happened.

<u>Response</u>. The defendant objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks information that is protected by the provisions of the Privacy Act, 5 U.S.C. § 552a. Subject to and without waiving its objections, the defendant states that it knows of no employee who failed to submit a leave planner as required, other than the plaintiff.

19. During the time that the plaintiff worked for the Commissary and up to the present time, has any Newport Commissary employee ever been the subject and/or target of any formal or informal investigation conducted by any person and/or entity? If the answer is yes, please explain.

Response. The defendant objects to this interrogatory on the grounds that it is overly broad and ambiguous in nature. Subject to and without waiver of its objection the defendant states that investigations are routinely conducted in the Commissary for a myriad of reasons. Likewise, since the Commissary is staffed by employees, those investigations must, by nature, involve those employees.

UNITED STATES DEPARTMENT OF DEFENSE
AND SECRETARY OF THE UNITED STATES
DEPARTMENT OF DEFENSE,
ROBERT GATES,
Defendants

By their attorneys,

ROBERT CLARK CORRENTE
United States Attorney

MICHAEL P. IANNOTTI, Bar #2919
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th floor
Providence, RI 02903
(401)709-5000
(401)709-5017 FAX
Email: michael.iannotti@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of April, 2007, I hand delivered the within **DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST FIRST SET OF INTERROGATORIES** to:

Patricia Andrews, Esq.
129 Dyer Street
Providence, RI 02903