UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ROSEZOLA SELLERS<br>Plaintiff | ) | |
| | ) | |
| v. | ) | C. A. No. 05-381S |
| | ) | |
| UNITED STATES DEPARMENT<br>OF DEFENSE | ) | |

**DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION**

Now comes now the defendant, by and through its attorneys, and responds the plaintiff's First Request for Production as follows:

**General Objections**

These general objections apply to each request as though restated in full in the defendant's answers to each:

1. The defendant objects to any and all requests to the extent that they seek information protected from disclosure by the attorney/client privilege, attorney work product doctrine, deliberative process, or any other applicable privilege.

2. The defendant objects to any and all requests to the extent that they seek disclosure of the mental

GOVERNMENT EXHIBIT 4

impressions, conclusions, opinions, legal research and legal theories of counsel.

3. The defendant objects to any and all requests to the extent that they seek to discover the manner or method of proof at trial.

4. The defendant objects to any and all requests to the extent that they seek information, that is irrelevant, overly broad, vague, unduly burdensome to produce, or not reasonably calculated to lead to the discovery of admissible evidence.

5. As set forth in Federal rule of Civil Procedure 26(b)(1)(2000), the defendant objects to any and all requests to the extent that such requests improperly expand the scope and limits of discovery beyond the claim or defenses of any party, without first properly obtaining a court order permitting said discovery.

6. The defendant objects to any and all requests to the extent that they seek information that is protected by the provisions of the Privacy Act, 5 U.S.C. § 552a.

**Conditions**

1. These responses are made without in any way waiving or intending to waive, but on the contrary, intending to preserve:

   a. All objections as to competency, relevancy, materiality, privilege and admissibility as evidence for any purpose in subsequent proceedings or the trial of this or any other actions;

   b. The right to object to the use of any information that may be provided, or the subject matter thereof, in any subsequent proceedings or the trial of this or any other action on any other grounds;

   c. The right to object on any ground at any time to further discovery proceedings involving or relating to the subject matter of these Interrogatories; and

   d. The right at any time to revise, correct, supplement, clarify or amend this response in accordance with the Federal Rules of Civil Procedure.

2. All responses to these requests for production are based on the defendant's best understanding of the requests and/or the terms used therein. Such responses cannot properly be used as evidence except in the context in which defendant understood the requests and/or the terms used therein.

3. These responses are not a representation or concession as to the relevance and/or relationship of the information to this action.

**Document Requests**

1. All documents which relate to plaintiff's employment. Your answer should include plaintiff's personnel file, any documents relating to plaintiff's job performance, any grievances filed by plaintiff, any records pertaining to her duties, any documents relating to any actual, potential or proposed promotions, any records relating to any formal or informal complaints by plaintiff, any investigations relating to, or about, plaintiff, any interviews of employees which relate to plaintiff, any formal or informal complaints or statements made by other employees about plaintiff's conduct, any and all documents which were sent to, or received from, the Department of the Navy, Human Resources Office, the Equal Employment Manager, Defense Commissary in Virginia Beach, Virginia and/or the Defense Commissary Agency, Eastern Region, in Virginia Beach, Virginia, and any pre-action investigation worksheets with supporting documents.

Response: The defendant objects to this request on the grounds that it is overly broad and unduly burdensome. Subject to and without waiving its objection the defendant states that determining the existence of and production of

the requested records, should they be found to exist, would require extensive research, compilation and review of data. However, the defendant states that it has requested a copy of the plaintiff's Official Personnel Record from the National Records Center in St. Louis, Missouri. A copy of that record will be provided to the plaintiff upon its receipt. Additionally, the defendant refers the plaintiff to the Records of Investigation in both of her discrimination complaints, copies of which were previously provided.

The defendant further states that the search for responsive documents is ongoing, and as such, defendant reserves the right to supplement this response, subject to potential objections and statutory protections, if additional responsive documents are discovered.

2. All communications to, or from, any entity, agency, department, or person relating to any claims by plaintiff that she was discriminated, or retaliated, against. Your response should include, but not be limited to, any communications to or from any EEO office, any office charged with handling formal or informal complaints or charges of discrimination, the Defense Commissary Agency, any Human resources Office in Groton or elsewhere, the Department of Defense, Civilian Personnel management Service, and/or the Defense commissary Agency in Fort Lee, Virginia. Your response should include any and all documents submitted by you.

Response: The defendant objects to this request on the grounds that it seeks information protected from disclosure by the attorney/client privilege, attorney work product doctrine, deliberative process, or any other applicable privilege. Subject to and without waiving its objections, the defendant has previously provided copies of the report of investigation for both of the plaintiff's discrimination complaints.

The defendant further states that the search for responsive documents is ongoing, and as such, defendant reserves the right to supplement this response, subject to

potential objections and statutory protections, if additional responsive documents are discovered.

3. During the time that plaintiff worked for the Newport Commissary, any and all documents which were relied upon in taking any discipline against plaintiff.

Response: The defendant objects to this request on the grounds that it is overly broad. Subject to and without waiving its objection the defendant states the plaintiff has made only one allegation of discrimination with regard to disciplinary action; the February 25, 2004 letter of reprimand. The defendant refers the plaintiff to pages 3-5, 12-13, 63-64, 95, 104-105, 112-113, 127, 153-154, 156-168 and 173-174 of the Report of Investigation into EEO Complaint 04EABJ031.

The defendant further states that the search for responsive documents is ongoing, and as such, defendant reserves the right to supplement this response, subject to potential objections and statutory protections, if additional responsive documents are discovered.

4. During the time that plaintiff worked for the Commissary, any and all documents which were distributed to management at the commissary which relate to the prevention of discrimination based upon race.

Response: Copies of of DeCA Directive DeCAD 55-1 (Discrimination Complaints Processing Program and Prevention of Sexual Harrassment) and a copy of DeCA Directive DeCAD 55-2 (Equal Employment Opportunity (EEO) and Affirmative Action Employment Program) are attached.

The defendant further states that the search for responsive documents is ongoing, and as such, defendant reserves the right to supplement this response, subject to potential objections and statutory protections, if additional responsive documents are discovered.

5. During the time that plaintiff worked for the Commissary and up the present time, any and all documents which related to, or reflect, any changes in assignments, hours, department, and/or aisles of any person performing the duties and responsibilities of store worker and/or Computer Assisted Operator (CAO) including plaintiff, William McCollum and Mary Bucolo.

Response: The defendant objects to this request on the grounds that it is overly broad. Subject to and without waiving its objection the defendant states that the plaintiff has made an allegation that her schedule as a CAO was changed in reprisal for her prior EEO activity. In that regard the defendant refers the plaintiff to pages 15-18, 67-74, 86, 97-101, 1-3-109 and 114-1116 of the Report of Investigation.

The defendant further states that the search for responsive documents is ongoing, and as such, defendant reserves the right to supplement this response, subject to potential objections and statutory protections, if additional responsive documents are discovered.

6. Except for medical records, the personnel files of: William McCollum, Mary Bucolo, Steve Furtado, John Blythe, Mary Gibson, Charles Cloud, Diane Walsh, Michael Texeira, Albert Felton, Brenda Venable, and Richard Walsh.

Response: The defendant objects to this request. The disclosure of any information that is maintained in a system of records that is kept under an individual's name or identification number is protected under the Privacy Act, 5 U.S.C. §552a, and cannot be released except with the written consent of the individual or pursuant to an order issued by a court of competent jurisdiction. The defendant reserves the right to supplement this response, subject to potential objections or statutory protections.

7. During the time that plaintiff worked for the Commissary and up to the present time, any and all documents which reflect, or are related to, the taking, or proposed taking, of any discipline up to and including termination against an employee working for, or at, the Newport commissary which was taken by, proposed by, and/or approved or disapproved by John Blythe and Steve Furtado.

Response: The defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks information that is protected by the provisions of the Privacy Act, 5 U.S.C. § 552a. Subject to and without waiving its objections, the defendant refers the plaintiff to page 127 of the Report of Investigation which lists the Letters of Reprimand issued at Newport Commissary for the time period February 25, 2002 through February 25, 2004 and a listing of suspensions issued at the Newport Commissary for calendar years 2004 and 2005. This information has also been provided in the defendant's responses to the plaintiff's interrogatories.

The defendant further states that the search for responsive documents is ongoing, and as such, defendant reserves the right to supplement this response, subject to

potential objections and statutory protections, if additional responsive documents are discovered.

8. During the time that the plaintiff worked for the Commissary and up to the present time, any and all documents which relate to any formal or informal investigations, of any kind, which directly or indirectly implicate the conduct of any employees working at, or for, the Newport commissary. Your response should include, but not be limited to, any investigations relating to fraud, any investigations conducted by any police department include the one or base, and/or an investigation conducted by the Inspector General's Office.

Response: The defendant objects to this request on the grounds that it is overly broad and not calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objection the defendant states that the plaintiff has made no allegations in the complaint of illegal acts requiring any such investigation. The only investigation necessary and completed was that of the Department of Defense Civilian Personnel Management Service Office of Complaint Investigation's inquiry into the plaintiff's allegations of discrimination contained in her complaint.

The defendant further states that the search for responsive documents is ongoing, and as such, defendant

reserves the right to supplement this response, subject to potential objections and statutory protections, if additional responsive documents are discovered.

9. During the time that each person has worked for the Newport Commissary, any and all mid-year and annual job performance evaluations for: Mary Bucolo, William McCollum, Mary Gibson, John Blythe and Steve Furtado.

Response: The defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks information that is protected by the provisions of the Privacy Act, 5 U.S.C. § 552a. Subject to and without waiving its objections, the defendant states that the issues that form the basis of the plaintiff's complaint are the plaintiff's allegations of discrimination based on race and reprisal in being denied leave, receiving a letter of reprimand, denial of leave restoration and a schedule change. None of these issues are in any way related to the performance of the aforementioned personnel and, therefore, any documents regarding their performance would be irrelevant to the case at hand. Additionally, the disclosure of any information that is maintained in a system of records that is kept under an individual's name or identification number is protected under the Privacy Act, 5 U.S.C. §552a, and cannot be released except with the written consent of the individual or pursuant to an order issued by a court of competent jurisdiction.

The defendant reserves the right to supplement this response.

10. During the time that each person has worked for the Newport Commissary and up to the present time, any and all documents which reflect the identity (by name, current and/or last known home and business address, position, rank, and color) of all persons who worked for, or at, the Newport Commissary.

Response: The defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks information that is protected by the provisions of the Privacy Act, 5 U.S.C. § 552a. Subject to and without waiving its objections, the defendant states that the identity and related information of any individuals not directly involved in the alleged discriminatory acts or of individuals not similarly situated with the plaintiff would be irrelevant to the issues of the case at hand.

11. This request relates to a document entitled "Civilian Performance Rating" for the period July 2, 2004 to June 30, 2005 relating to the job performance of plaintiff. This document is being produced by the plaintiff in response to the defendant's request for production of documents. Please provide all documents which relate to, or support, any "did not meet" or "unacceptable" ratings.

Response: The defendant objects to this request on the grounds that it is overly broad and unduly burdensome. Subject to and without waiving its objection the defendant states that determining the existence of and production of the requested records, should they be found to exist, would require extensive research, compilation and review of data. However, the defendant has requested a copy of the plaintiff's Official Personnel Record from the National Records Center in St. Louis, Missouri. A copy of that record will be provided to the plaintiff upon its receipt and may contain documents responsive to this request. Additionally, the defendant refers the plaintiff to the Records of Investigation in both of her discrimination complaints, copies of which were previously provided.

The defendant further states that the search for responsive documents is ongoing, and as such, defendant

reserves the right to supplement this response, subject to potential objections and statutory protections, if additional responsive documents are discovered.

12. During the time that the plaintiff worked at the Commissary, provide all personnel policies which related to the terms and conditions of plaintiff's job and/or which the plaintiff violated including, but not limited to, any policies which plaintiff allegedly violated for which she was disciplined, any policies relating to employees being AWOL, any policies relating to the taking of medical leaves of absences, providing doctor's notes, policies relating to employees being required to write statements as part of investigations, discipline including progressive discipline, pre-action investigations, and/or any policy or procedure to be followed when an employee's job performance and/or conduct is deficient and/or unacceptable.

Response: The defendant objects to this request on the grounds that it is overly broad. Subject to and without waiving its objection, the defendant has attached a copy of DeCA Handbook 50-6, Civilian Employee Handbook and a copy of DeCA Directive 50-4, Civilian Employee Discipline and Adverse Actions.

The defendant further states that the search for responsive documents is ongoing, and as such, defendant reserves the right to supplement this response, subject to

potential objections and statutory protections, if additional responsive documents are discovered.

13. During the time that plaintiff worked for the Commissary and up to the present time, any and all documents, to, or from, any person working for, affiliated with, and/or acting on behalf of, a union (including local 190) which relate to any grievances, formal or informal complaints, and/or unfair labor practice charges filed by, or on behalf of, any person working at, or for, the Newport Commissary.

Response: The defendant objects to this request on the grounds that it is overly broad and not calculated to lead to the discovery of admissible evidence. This case is predicated on allegations contained in the complaint of a violation of Title VII and not labor relation actions involving any Union, grievances and/or ULP's.

The defendant further states that the search for responsive documents is ongoing, and as such, defendant reserves the right to supplement this response, subject to potential objections and statutory protections, if additional responsive documents are discovered.

14. Any and all documents which relates to an incident in which Stephanie Lopez accused Michael Texeira of touching her.

Response: The defendant objects to this request on the grounds that it seeks information that is protected by the provisions of the Privacy Act, 5 U.S.C. § 552a, is overly broad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence. None of the plaintiff's allegations contained in the complaint involve a "touching" incident and the plaintiff's employment situation was not the same as either of the individuals identified in the request. Therefore, the requested information would appear to be unrelated to the case at hand.

The defendant reserves the right to supplement this response.

15. Any and all documents which reflect any training received by any person performing the duties and responsibilities, and/or holding the position, of Computerized Assisted Ordering Specialist (CAO). Your response should include, but not be limited to, the plaintiff, Mary Buccolo, and William McCollum.

Response: The defendant objects to this request on the grounds that it seeks information that is protected by the provisions of the Privacy Act, 5 U.S.C. § 552a, is overly broad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, the defendant states that the plaintiff has alleged that her schedule change as a CAO was made in reprisal for her prior EEO activity. At no time does she allege that her training as a CAO was inadequate and, therefore, any such information would appear to be unrelated to the case at hand.

The defendant further states that the search for responsive documents is ongoing, and as such, defendant reserves the right to supplement this response, subject to potential objections and statutory protections, if additional responsive documents are discovered.

16. For the period beginning 2001 though to the present time, provide all documents relating to the filling of any job opening for the position of CAO. Your response should include, but not be limited to, anything related to the selection process, any communications to or from HROD, any interview notes, any documents reflecting the reasons why individuals were selected or not selected, and any applications.

Response: The defendant objects to this request on the grounds that it seeks information that is protected by the provisions of the Privacy Act, 5 U.S.C. § 552a, is overly broad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, the defendant states that the plaintiff has alleged that her schedule change as a CAO was made in reprisal for her prior EEO activity. None of the allegations contained in the complaint relate to the filling of any CAO job opening or performance of CAO duties. Subject to and without waiving its objections, the defendant further states that the Defense Commissary Agency operates 263 stores, worldwide, that utilize CAOs. Production of the requested information would require

extensive research, review and compilation of data, and subsequent review of the compilation for potential objections or statutory protections from release (i.e. the Privacy Act).

The defendant further states that the search for responsive documents is ongoing, and as such, defendant reserves the right to supplement this response, subject to potential objections and statutory protections, if additional responsive documents are discovered.

17. During the time that John Blythe, Mary Gibson, and Steve Furtado were supervisors, any and all documents generated by them which reflect that the conduct and/or job performance of any employee of the Newport Commissary was deficient, inappropriate, questionable, and or unsatisfactory.

Response: The defendant objects to this request on the grounds that it seeks information that is protected by the provisions of the Privacy Act, 5 U.S.C. § 552a, is overly broad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence. The defendant further objects to this request on the grounds that the terms "deficient", "inappropriate", "questionable", and "unsatisfactory" are vague. Since the plaintiff's allegations contained in the complaint involve only a letter of reprimand, information regarding any other disciplinary actions would appear to be unrelated to the case at hand. Subject to and without waiving its objections, the defendant refers the plaintiff to page 127 of the Report of Investigation which lists the letters of reprimand issued at Newport Commissary for the period February 25, 2002 through February 25, 2004. The defendant has attached a listing of suspensions issued at the Newport

Commissary for calendar years 2004 and 2005. The defendant further states that the search for responsive documents is ongoing, and as such, defendant reserves the right to supplement this response, subject to potential objections and statutory protections, if additional responsive documents are discovered.

18. This request relates to a statement by Stephanie Lopez which was sent to John Blythe. The statement relates to an incident which took place on March 24, 2005 and involved Stephanie Lopez, her mother, and Brenda Venable. Please provide any and all documents that relate to the allegations in this statement. This document is being produced by the plaintiff is response to the defendant's request for production of documents.

Response: The defendant objects to this request on the grounds that it seeks information that is protected by the provisions of the Privacy Act, 5 U.S.C. § 552a, is overly broad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence. None of the plaintiff's allegations contained in the complaint refer to any incident regarding Stephanie Lopez, her mother and Brenda Venable, nor does the plaintiff's employment appear to be similar to that of either of the individuals identified in the request. Therefore, the requested information would appear to be unrelated to the allegations made by the plaintiff in the complaint. The defendant reserves the right to supplement this response.

19. Any and all documents relating to any investigations involving Ryan Diego including one which took place in 2005.

Response: The defendant objects to this request on the grounds that it seeks information that is protected by the provisions of the Privacy Act, 5 U.S.C. § 552a, is overly broad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objection the defendant states that the plaintiff made no allegation nor reference to any investigation and/or incident involving Ryan Diego in the complaint, therefore, any of the requested documents, should they exist, would be unrelated to the issues at hand. The defendant reserves the right to supplement this response.

20. Any document which reflects, or relates to, any commissary employees not following the instructions of a supervisor including John Blythe, Steve Furtado, and/or Mary Gibson.

Response: The defendant objects to this request on the grounds that it seeks information that is protected by the provisions of the Privacy Act, 5 U.S.C. § 552a, is overly broad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence. The defendant reserves the right to supplement this response.

21. For the time during which the plaintiff worked for the Commissary up to the present time, all documents relating to leave planners including any documents filled out by Commissary employees, any documents posted in the office of supervisors and any documents reflecting the dates to be taken by Commissary employees.

Response: The defendant states that the requested documents are not, and are not required to be, maintained beyond the completion of the official leave schedule. The defendant further refers the plaintiff to those documents related to the completion of leave planners already produced by the defendant in its initial disclosures. The defendant reserves the right to supplement this response.

22. During the time that plaintiff has worked for the Newport Commissary, any requests by any commissary employees to have leave restored.

Response: The defendant objects to this request on the grounds that it seeks information that is protected by the provisions of the Privacy Act, 5 U.S.C. § 552a, is overly broad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence. Without waiving its objection the defendant states that it has no knowledge of the existence of any such documents.

The defendant further states that the search for responsive documents is ongoing, and as such, defendant reserves the right to supplement this response, subject to potential objections and statutory protections, if additional responsive documents are discovered.

23. For the period during which plaintiff worked for the Commissary and up to the present time, any and all complaints and/or statements by commissary employees about the job performance or conduct of other employees.

Response: The defendant objects to this request on the grounds that it seeks information that is protected by the provisions of the Privacy Act, 5 U.S.C. § 552a, is overly broad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence. Without waiving its objection, the defendant refers the plaintiff to its response to Request 17 above.

24. This request relates to any affidavits signed by Mary Gibson, John Blythe, and/or Steve Furtado which were submitted to any person and/or agency handling and/or investigating any claim by the plaintiff that she was discriminated and/or retaliated against. Please produce all documents that relate to, and/or support, the allegations set forth in each Affidavit.

Response: The defendant refers the plaintiff to pages 94-100, 103-109 and 111-116 of the Report of Investigation for the affidavits of Mr. Blythe, Ms. Gibson and Mr. Furtado, respectively.

The defendant further states that the search for responsive documents is ongoing, and as such, defendant reserves the right to supplement this response, subject to potential objections and statutory protections, if additional responsive documents are discovered.

25. This request relates to any employee who has performed the duties and responsibilities of CAO and/or who held that title. Please provide any and all documents that relate to any such employee receiving a promotion and/or going from a GS-5 to GS-7.

Response: The defendant objects to this request on the grounds that it seeks information that is protected by the provisions of the Privacy Act, 5 U.S.C. § 552a, is overly broad, unduly burdensome, vague, and not calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objection the defendant states that the plaintiff only contends that her CAO schedule was changed in reprisal for her prior EEO activity. She does not allege that she was denied promotion in any way. Therefore any information regarding the promotion of CAOs at Newport Commissary would be unrelated to the plaintiff's allegations contained in the complaint.

The defendant further states that the search for responsive documents is ongoing, and as such, defendant reserves the right to supplement this response, subject to potential objections and statutory protections, if additional responsive documents are discovered.

26. During the time that William McCollum has worked for the Newport Commissary, any and all documents which reflect any formal or informal complaints or statements by him about the conduct of any Newport commissary employee including managerial employees.

Response: The defendant objects to this request on the grounds that it seeks information that is protected by the provisions of the Privacy Act, 5 U.S.C. § 552a, is overly broad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, the defendant states that Mr. McCollum's only involvement in this case is the fact that he was the other CAO at Newport Commissary and was therefore involved in the plaintiff's allegation that her CAO schedule was changed in reprisal for her prior EEO activity. Other than that, he has no other part in any of the plaintiff's other allegations contained in the complaint. The defendant reserves the right to supplement this response.

27. During the time that the plaintiff worked for the Commissary and up to the present time, any and all documents which relate to any employee ceasing to work for, or at, the Newport Commissary. Your response should include, but not be limited to, the identity of all persons who ceased working there and why including Brenda Venable, Richard Walsh, Albert Felton, Mary Gibson, and John Blythe.

Response: The defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks information that is protected by the provisions of the Privacy Act, 5 U.S.C. § 552a. Subject to and without waiving its objections, the defendant states that the plaintiff's allegations contained in the complaint relate only to leave denial, a letter or reprimand, failure to have leave restored and having her work schedule changed. Therefore, the plaintiff's request is not relevant to the allegations contained in said complaint. The defendant reserves the right to supplement this response.

28. During the time that the plaintiff worked for the Commissary up to the present time, any and all documents entitled "Training Plan for Computer Assisted Ordering Managers" for all employees including the plaintiff, William McCollum and Mary Bucolo.

Response: The defendant has attached copy of the CAO Training Plan. Additional materials utilized in training CAOs can be accessed on the worldwide web at the following website:

https://a10hqits0indx01.deca.mil/dibs2kdocs/CAOdocumentation/toc.htm

29. Any and all documents which reflect any problems between Brenda Venable and John Blythe. Your response should include, but not be limited to, any and all documents relating to a series of e-mails dated August 7 through 9 amongst, Brenda Venable, Richard Cook, John Blythe and Emerson Pollock and any formal or informal complaints filed by Brenda Venable against John Blythe. These e-mails are being produced by plaintiff in response to defendant's request for production of documents.

Response: The defendant objects to this request on the grounds that it is overly broad, vague, unduly burdensome, and seeks information that is protected by the provisions of the Privacy Act, 5 U.S.C. § 552a. Subject to and without waiving its objections, the defendant states that the plaintiff's allegations contained in the complaint made no mention of the above-referenced incident. Therefore, it would appear then that such information would be unrelated to the issues at hand. The defendant reserves the right to supplement this response.

30. Any and all documents which relate to an incident between Luke Magnuson and Mike Texeira which allegedly took place on June 26, 2004 in which Luke Magnuson claims that he was assaulted by Mike Texeira including, but not limited to, any statements, interviews, grievance-related documents, investigations and/or action taken after this incident occurred including any discipline.

Response: The defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks information that is protected by the provisions of the Privacy Act, 5 U.S.C. § 552a. Subject to and without waiving its objections, the defendant states that the plaintiff's allegations contained in the complaint do not relate to, nor do they refer to, any claim of assault by or to the plaintiff or any other person. Therefore, it appears that any of the requested information would appear to be unrelated to the issues at hand. The defendant reserves the right to supplement this response.

**NOTE: NO REQUESTS NUMBERED 31 THROUGH 37 WERE INCLUDED.**

38. This request relates to a document entitled "Newport Commissary - Letters of Reprimand - February 25, 2002 and February 25, 2004." Please provide all documents which relate to these reprimands including, but not limited to, any grievance, communications, the actual letters of reprimand, all documents reflecting why such action was taken. This document is being produced by plaintiff in response to defendant's request for production of documents.

Response: The defendant objects to this request on the grounds that it seeks information that is protected by the provisions of the Privacy Act, 5 U.S.C. § 552a, is overly broad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objection the defendant refers the plaintiff to Page 127 of the Report of Investigation. This document provides information responsive to this request. Further, this document indicates that three of those actions were cancelled and the letters never issued, rendering them moot. Of the remaining four, one is the letter of reprimand issued to the plaintiff that is at issue in this

case and all supporting documentation regarding that issue is contained in the Report of Investigation. Of the three remaining letters, two involve attendance/leave infractions and one involves making gender based disparaging remarks, discourteous conduct towards a customer and disruption in the workplace. These would appear to be unrelated to the issues at hand.

The defendant further states that the search for responsive documents is ongoing, and as such, defendant reserves the right to supplement this response, subject to potential objections and statutory protections, if additional responsive documents are discovered.

39. This request relates to an e-mail dated September 17, 2004 from Tracey Perry to John Blythe and Brenda Venable with a subject "Rosezola Sellers" and which relates to the plaintiff's promotion. Please provide all documents which relate to this e-mail and/or plaintiff's promotion including, but not limited to, anything which was done in response to this. This document is being produced by plaintiff in response to defendant's request for production of documents.

Response: The defendant objects to this request on the grounds that is unduly burdensome, and is not calculated to lead to the discovery of admissible evidence. Subject to and without waiver of its objection the defendant states that the plaintiff's allegations contained in the complaint relate to leave denial, issuance of a letter of reprimand for failure to follow instructions and disrespectful conduct, denial of leave restoration and a schedule change. Therefore, any information regarding promotion of the plaintiff or any other employee would appear to be unrelated to the issues at hand.

The defendant further states that the search for responsive documents is ongoing, and as such, defendant reserves the right to supplement this response, subject to

potential objections and statutory protections, if additional responsive documents are discovered.

40. Any and all documents which reflect the amount of time that plaintiff and William McCollum worked in, or were assigned to, the freezer or chill area.

Response: The defendant objects to this request on the grounds that it seeks information that is protected by the provisions of the Privacy Act, 5 U.S.C. § 552a, is overly broad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence. Without waiving its objection, the defendant states that to the best of its knowledge, no such documentation exists.

The defendant further states that the search for responsive documents is ongoing, and as such, defendant reserves the right to supplement this response, subject to potential objections and statutory protections, if additional responsive documents are discovered.

41. During the time that plaintiff worked at the Commissary, any and all procedural reminders sent to Newport Commissary employees by John Blythe, Steve Furtado and/or Mary Gibson.

Response: The defendant objects to this request on the grounds that it seeks information that is protected by the provisions of the Privacy Act, 5 U.S.C. § 552a, is overly broad, vague, unduly burdensome, and not calculated to lead to the discovery of admissible evidence.

42. During the time that plaintiff worked for the Newport Commissary and up to the present time, any and all documents which relate to employees, who were not authorized shoppers, purchasing items for non-authorized employees including, but not limited to, any memoranda to or from management, any DeCA Directives which applied or were violated, and any discipline taken.

Response: The defendant objects to this request on the grounds that it seeks information that is protected by the provisions of the Privacy Act, 5 U.S.C. § 552a, is overly broad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence.

43. During the time that the plaintiff worked for the Newport Commissary, any and all documents relating to any formal or informal complaints of racial discrimination and/or harassment by employees working at the Newport Commissary.

Response: The defendant objects to this interrogatory on the grounds that it seeks information that is protected by the provisions of the Privacy Act, 5 U.S.C. § 552a, is overly broad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objection the defendant states that from January 1, 2001 through December 31, 2006 there were five formal complaints of discrimination filed at Naval Station Newport Commissary. Three of those were filed by the plaintiff and the remaining two involved allegations were unrelated to those of the plaintiff. The defendant reserves the right to supplement this response.

44. The DeCA DPP Memorandum dated June 7, 1996.

Response: The defendant states that it has searched and thus far has not recovered a copy of a DeCA DPP Memorandum dated June 7, 1996.

The defendant further states that the search for responsive documents is ongoing, and as such, defendant reserves the right to supplement this response, subject to potential objections and statutory protections, if additional responsive documents are discovered.

45. This request relates to a memorandum sent to the plaintiff, Diane Walsh, Leo Sequira, David Geary, and Charles Cloud which is dated July 17, 2003 with a subject "Annual Leave Planners." Please produce all documents which relate to this memo including, but not limited to, any information, documents, and/or leave planners submitted by such employees. This document is being produced by plaintiff in response to defendant's request for production of documents.

Response: The defendant objects to this interrogatory on the grounds that it seeks information that is protected by the provisions of the Privacy Act, 5 U.S.C. § 552a, is overly broad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objection the defendant states that the plaintiff's allegations contained in the complaint, among other issues, involve disapproval of leave requests and denial of leave restoration. These issues stem from the plaintiff's failure to submit a leave planner and to provide management with alternative dates for her leave. The requested documents, regardless of the contents, would therefore appear unrelated to the failure to submit any leave planner.

46. This request relates to a memo from John Blythe to the plaintiff, dated July 2, 2003, with a subject "Cancellation of letter of Reprimand." Please produce all documents which relate to this memo including, but not limited to, any documents which reflect the reason why plaintiff was issued the letter of reprimand, why the reprimand was canceled, any statements by any person involved including Dennis Redding, and/or any discipline imposed, whether canceled or not, against Dennis Redding. This document is being produced by plaintiff in response to defendant's request for production of documents.

Response: The defendant states that the search for responsive documents is ongoing, and as such, defendant reserves the right to supplement this response, subject to potential objections and statutory protections, if additional responsive documents are discovered.

47. Any and all documents which reflect the reasons why William McCollum became a CAO before plaintiff.

Response: The defendant objects to this request on the grounds that it seeks information that is protected by the provisions of the Privacy Act, 5 U.S.C. § 552a, is overly broad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objection, the defendant states that the plaintiff's allegations contained in the complaint involve denial of leave, issuance of a letter of reprimand for failure to follow instructions and disrespectful behavior, denial of leave restoration and a schedule change. She raises no issue regarding her failure to become a CAO before William McCollum and therefore, any information regarding that issue would appear to be unrelated to the issues at hand. The defendant reserves the right to supplement this response.

48. This request relates to a memo from John T. Blythe which discusses an incident which allegedly occurred on November 1, 2001 between the plaintiff and Brian Berube. Please produce any and all documents which relate to the allegations in this memo including, but not limited to, anything related to problems that Brian Berube and Kristine Seymour had with plaintiff including the alleged incident or incidents which precipitated Kristine Seymour having a seizure. This document is being produced by plaintiff in response to defendant's request for production of documents.

Response: The defendant objects to this request on the grounds that it seeks information that is protected by the provisions of the Privacy Act, 5 U.S.C. § 552a, is overly broad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, the defendant states that the plaintiff's allegations contained in the complaint involve denial of leave, issuance of a letter of reprimand for failure to follow instructions and disrespectful behavior, denial of leave restoration and a schedule change, all of which allegedly occurred between July 14, 2003 and December 13, 2004. The plaintiff's complaint makes no mention of

the above-referenced incident, which allegedly occurred in 2001. Therefore, it would appear that this information is unrelated to the issues and far beyond and possible time frame that could make it pertinent to the issues raised by the plaintiff in her complaint. The defendant reserves the right to supplement this response.

49. This request relates to a document entitled "Memorandum for OCI Investigator" signed by Mr. Blythe and dated October 30, 2001. Please provide any and all documents which relate to and/or support the allegations in this memo. This document is being produced by plaintiff in response to defendant's request for production of documents.

Response: The defendant objects to this request on the grounds that it seeks information that is protected by the provisions of the Privacy Act, 5 U.S.C. § 552a, is overly broad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence.

The defendant further states that the search for responsive documents is ongoing, and as such, defendant reserves the right to supplement this response, subject to potential objections and statutory protections, if additional responsive documents are discovered.

50. During the time that plaintiff worked from the Commissary and to the present time, any and all documents which reflect the money and other benefits which William McCollum and Mary Bucolo earn.

Response: The defendant objects to this request on the grounds that it seeks information that is protected by the provisions of the Privacy Act, 5 U.S.C. § 552a, is overly broad, and not calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objection the defendant states that the plaintiff's allegations contained in the complaint involve denial of leave, issuance of a letter of reprimand for failure to follow instructions and disrespectful behavior, denial of leave restoration and a schedule change. She makes no reference to any issue regarding pay and/or benefits and therefore any information regarding these issues would appear to be unrelated to the issues at hand. The defendant reserves the right to supplement this response.

51. Any documents relating to any employee working at the Newport Commissary including, but not limited to, William McCollum, being late for work or taking extended breaks.

Response: The defendant objects to this request on the grounds that it seeks information that is protected by the provisions of the Privacy Act, 5 U.S.C. § 552a, is overly broad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objection, the defendant states that the plaintiff's allegations contained in the complaint, among other issues, involve disapproval of leave requests and denial of leave restoration and a schedule change. These allegations stem from the plaintiff's failure to submit a leave planner as well as her failure to provide management with alternative dates for her leave. At no time does she raise any issues in her complaint regarding being late for work or taking extended breaks. Therefore, any information regarding those issues would appear to be unrelated to the case at hand. The defendant reserves the right to supplement this response.

52. During the time that plaintiff worked at the Newport Commissary, any and all documents which relate to any employees totally failing to provide and/or just failing to provide in a timely manner, a doctor's note to support the taking of time out of work.

Response: The defendant objects to this request on the grounds that it seeks information that is protected by the provisions of the Privacy Act, 5 U.S.C. § 552a, is overly broad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objection the defendant states that the plaintiff's allegations contained in the complaint, among other issues involves disapproval of leave requests and denial of leave restoration and a schedule change. These allegations stem from the plaintiff's failure to submit a leave planner as well as her failure to provide management with alternative dates for her. At no time does she raise any issue in the complaint regarding the production of "a doctor's note to support the taking of time out of work." Therefore, it would appear that any information regarding that issue would be unrelated to the case at hand. The defendant reserves the right to supplement this response.

53. This request relates to a document dated March 2, 2005 from Steve Furtado to plaintiff with a subject "letter of concern of hourly assignments." Please produce any and all documents which reflect that any other employee was given a similar letter and/or was given hourly assignments. This document is being produced by plaintiff in response to defendant's request for production of documents.

Response: The defendant objects to this request on the grounds that it seeks information that is protected by the provisions of the Privacy Act, 5 U.S.C. § 552a, is overly broad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence. The defendant reserves the right to supplement this response.

UNITED STATES DEPARTMENT OF DEFENSE
AND SECRETARY OF THE UNITED STATES
DEPARTMENT OF DEFENSE,
ROBERT GATES,
Defendants

By their attorneys,

ROBERT CLARK CORRENTE
United States Attorney

MICHAEL P. IANNOTTI, Bar #2919
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th floor
Providence, RI 02903
(401)709-5000
(401)709-5017 FAX
Email: michael.iannotti@usdoj.gov