# DECLARATION UNDER PENALTY OF PERJURY

I, (John Blythe, Sr.), in accordance with 28 U.S.C. Section 1746, make the following statement:

*EFFECTS OF NONDISCLOSURE: Disclosure of information by me is voluntary; however, my failure to respond will result in disposition of the case on the basis of information available.*

*AUTHORITY: The authority to collect the information requested is derived from one or more of the following: Title 5, code of Federal Regulations, Sections 5.2 and 5.3; title 5, United States Code, Sections 1302, 1303, 1304, 3301, and 3302; Executive Order 11478, as amended: Executive Order 10577; and 29 CRF 1614.*

*PURPOSE AND USES: The information supplied will be used as a part of the record in an equal employment opportunity discrimination complaint. The record will be furnished to designees of agencies and departments of the Federal Government in order to resolve the complaint. The record may also be disclosed to any agency of the Federal Government having oversight or review authority with regard to Department of Defense, to Federal intelligence agencies, or to others as may be published in the Federal Register.*

I am a white male and am the Newport Naval Station Store Director at Newport, RI. I have been the director since 1994. I am Ms. Rose Sellers' third level supervisor. Ms. Mary Gibson is the Grocery Manager and the Complainant's immediate supervisor. Mr. Steven Furtado is the Store Administrator and my assistant. Yes, I have participated in prior EEO activity and am aware that the Complainant had prior EEO activity. About five years ago she filed a complaint and an OCI investigator interviewed me. I do not know the status of that complaint or the outcome.

**Claims – Complainant alleges she was discriminated against based on her race (Black), and reprisal (prior EEO activity) when:**

**1) From July 14, 2003 to November 4, 2003, the Commissary Officer, Mr. John Blythe, Sr., denied her requests for annual leave on the following dates: August 7, 8, 29 and 31, 2003 (40 hours) and November 14, 15 and 18-22, 2003 (56 hours).**

The Complainant's leave request was denied because she refused to submit a leave planner, which is required of all employees. On July 17, 2003, I sent the Complainant a

GOVERNMENT EXHIBIT 8

94

memorandum,which she acknowledged receipt of, reminding her to submit her leave planner and gave her until July 22, 2003 to comply. The Complainant did not respond to me but she did hand write a response on a copy of the memorandum stating why she would not provide a leave planner. She gave Mr. Furtado a copy of this memorandum. In addition to the Complainant, I sent a copy of the memorandum to four other employees who had not submitted their leave planners at the time. The other four employees submitted their leave planner within days of receiving my memorandum of July 17, 2003. The Complainant was the only employee who refused to submit a leave planner.

When the Complainant submitted her leave requests for the dates at issue, other employees in the Produce Department had already submitted their leave planners and had requested and been approved for leave on the same dates. At the time we were short staffed and it was not feasible to have two employees off on the same dates.

Since the Complainant refused to submit a leave planner, her leave was not scheduled and it was denied. The Complainant could have submitted a request to take leave on other dates but refused to do so. When the Complainant submitted her leave requests, the leave schedule was already posted so she was aware of the dates that other employees had been approved for leave.

**2) On February 25, 2004, the Complainant's supervisor, Ms. Mary Gibson, issued a Letter of Reprimand for failure to follow instructions and disrespectful behavior.**

I was not involved in this issue but am aware of the incident. The Complainant failed to follow Ms. Gibson's instructions and made a big scene in front of the other employees.

**3) On March 4, 2004, the Commissary Officer, Mr. John Blythe, Sr., disapproved the Complainant's request for Restoration of Annual Leave (96 hours).**

I did not approve the Complainant's request to have leave restored because she did not meet the criteria. The Complainant refused to submit a leave planner to schedule her leave. She

would submit a leave request whenever she felt like it. When she submitted her request for leave other employees in her department had already been approved for leave. The Complainant could have taken the leave at other times when it did not coincide with approved scheduled leave of other employees who had submitted a leave planner. But the Complainant refused to submit the leave planner and refused to submit a request to take leave for other dates. If she had submitted a request for other dates that did not coincide with leave requests that had already been approved, there would not have been a problem.

No, I did not discriminate against the Complainant. She was not singled out. Her race and EEO activity had nothing to do with my decision. The rules apply to everyone in the store. She refused to submit a leave planner. She was given ample opportunity to submit leave requests for other dates and flatly refused. The Complainant did submit and was approved to take leave prior to July 14, 2003. The Complainant earns 240 hours of annual leave per year. With the exception of the ninety-six hours of leave that she refused o reschedule, she used the rest of her annual leave during that year. I have nothing more to add.

END OF STATEMENT

I, *(John Blythe, Sr.)*, declare *under* penalty of perjury, that the foregoing is true and correct.

(Declarant's Signature) (Date) December 1, 2004

*Initials of Declarant* JB

*Page __ of __ Pages*

96