UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ROSEZOLA SELLERS, Plaintiff, | ) | |
| v. | ) | C. A. No. 05-381S |
| UNITED STATES DEPARTMENT OF DEFENSE AND ROBERT M. GATES, SECRETARY OF THE DEPARTMENT OF DEFENSE, Defendants. | ) | |

**DEFENDANTS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS ADDRESSED TO PLAINTIFF**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants requests Plaintiff to produce the documents described below for inspection and copying by Defendants within thirty (30) days from the service hereof, at the United States Attorney's Office, Providence, Rhode Island.

**DEFINITIONS AND INSTRUCTIONS**

As used in these requests for production of documents, the following definitions and instructions shall apply, unless the context calls for a different meaning:

1. All information is to be divulged which is in the possession, custody, or control of Plaintiff or her attorneys, partners, investigators, agents, contractors, or employees.

2. "Documents" as used herein are defined as documents, records, minutes, notices, books, papers, contracts, memoranda, invoices, correspondence, notes, calendars, photographs, drawings, charts, graphs, other writings, recording tapes, recording discs, mechanical or electronic information storage or recording elements (including any information stored on a computer diskette or computer hard drive), written and recorded telephone messages, and any

GOVERNMENT EXHIBIT 9

other "documents" as defined in Fed.R.Civ.P. 34. If a document has been prepared in several copies, or additional copies have been made that are not identical (or are no longer identical by reason of subsequent notation or other modification of any kind whatever, including without limitation notations on the backs of pages thereof), each non-identical copy is a separate document.

3. The term "relating to" shall mean directly or indirectly mentioning or describing, pertaining to or being connected with, or reflecting upon a stated subject matter.

4. The terms "and," "or," and "and /or" shall be construed as broadly as possible so that information otherwise within the scope of this document request is not excluded.

5. The term "Plaintiff" shall refer to "Rosezola Sellers," a Plaintiff in this action.

6. The term "person" means any natural person, corporation, partnership, government agency or board, association, proprietorship, organization, or any other legal entity.

7. If any information called for by these requests for production of documents is withheld because of a claim that such information contained in a document and/or communication is protected under the attorney/client privilege, work product privilege, or other recognized privilege, you are requested to so state, specifying for each such document or communication its title, subject matter, sender, author, recipients of copies, each person to whom the original or any copy was circulated, the bases upon which the privilege is claimed, and the request for production of documents to which the document or communication is responsive.

## DOCUMENT REQUESTS

**Request No. 1:** Please provide any leave planners submitted by you to the Defense Commissary Agency from 2000 to 2005.

**Request No. 2:** Please provide the exhibit to the subpoena that you filed on March 28, 2007, directed to Union AFGE Local 190, and any documents that you received from Union AFGE Local 190 in response to that subpoena.

**Request No. 3:** Please provide any and all documents relating to your unemployment benefits, including the application, supporting documents, and correspondence to or from the Rhode Island Department of Labor and Training. The December 13, 2005 Notice of Decision and December 7, 2005 Non-Monetary Appointment Letter from the Rhode Island Department of Labor and Training need not be included in response to this request, as these documents were previously provided in your response to the Defendants' first set of document requests.

**Request No. 4:** Please provide any and all documents relating to your claim for worker's compensation for your alleged injury that occurred on September 23, 2003. Please include your application for worker's compensation and documents submitted to the U.S. Department of Labor, Employment Standards Administration, Office of Worker's Compensation Program for payment of medical bills or travel expenses. The June 3, 2005 letter from the U.S. Department of Labor and the decision dated May 12, 2005 need not be included in response to this request, as these documents were previously provided in your response to the Defendants' first set of

document requests.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

Ly Nguyen

LY T. NGUYEN, Bar No. 66676
Assistant United States Attorney
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5017 (fax)
Email: ly.nguyen@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd day of July, 2007, I caused a copy of Defendants' Second Request for Production of Documents Addressed to Plaintiff to be forwarded, by postage prepaid mail, to:

Patricia Andrews, Esq.
129 Dyer Street
Providence, RI 02903

Ly Nguyen
LY T. NGUYEN, Bar No. 66676
Assistant United States Attorney
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5017 (fax)
Email: ly.nguyen@usdoj.gov