Johns v. U.S.
E.D.La.,1997.
Only the Westlaw citation is currently available.
United States District Court, E.D. Louisiana.
Lillian JOHNS and Shalonda Johns
v.
United States of America
**No. CIV.A. 96-1058.**

Nov. 21, 1997.

*ORDER and REASONS*

VANCE.

*1 Before the Court is the government's motion to review and reverse the Magistrate Judge's Order requiring the United States to identify an individual at the Veterans Administration Medical Center to sign interrogatories propounded on behalf of plaintiffs. For the following reasons, the government's motion is GRANTED.

I. BACKGROUND

On March 25, 1996, plaintiffs Lillian Johns and Shalonda Johns ("plaintiffs"), the surviving wife and daughter of Melvin Johns (" Mr. Johns"), filed a medical malpractice claim against the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680, seeking wrongful death and survival action damages. (Record Doc. No. 1, Compl. at ¶¶ I-IX.) Plaintiffs' complaint alleges that Mr. Johns died of renal cell carcinoma on October 12, 1994, as a result of medical malpractice committed by health care providers at the Veterans Administration Medical Center in New Orleans, Louisiana ("VA Center"). (Compl. at ¶¶ V-IX.) Plaintiffs claim the doctors at the VA Center misdiagnosed a cancerous growth on Mr. Johns' right kidney. Plaintiffs believe this alleged error was the proximate cause of Mr. Johns' death. (Compl. at ¶ VII.)

The parties' current dispute concerns two interrogatory questions propounded by plaintiffs inquiring whether physicians at the VA Center were able to confirm their diagnosis that Mr. Johns had suffered from a "hydatid cyst." The Assistant United States Attorney handling this litigation answered and signed these interrogatories on the government's behalf. In response to the government's answers, plaintiffs' filed a motion to compel the government to identify an individual at the VA Center to review and sign the interrogatory answers. The Magistrate Judge granted plaintiffs' motion in an Order dated March 31, 1997 that requires the government to identify a "Rule 30(b)(6) individual at the VA Center to review and sign the answers.[FN1] The government now asks the Court to review and reverse the Magistrate Judge's decision.

FN1. Federal Rule of Civil Procedure 30(b)(6) provides a method for private litigants to take the deposition testimony of the government. Fed.R.Civ.P. 30(b)(6). Rule 30(b)(6) states that is the duty of the government to designate an individual to testify on its behalf who has knowledge of the information readily available to the government. *Id.*

II ANALYSIS

A. Standard of Review

A magistrate judge may hear and determine any pretrial matter pending before a district court. 28 U.S.C. § 636(b)(1)(A). In a non-dispositive matter, a district court will reverse a magistrate judge's ruling only if the party challenging the decision can demonstrate that the determination was clearly erroneous or contrary to the law. *Hingle v. Board of Adm'rs. of Tulane Educ. Fund,* No. CIV.A.No.95-0134, 1995 WL 731696, *2 (E.D.La. Dec. 7, 1995 [FN2] ); 28 U.S.C. § 636(b)(1)(A); Fed R. Civ. P. 72(a). After reviewing the parties' memoranda, applicable law, and the Magistrate Judge's Order, the Court finds that defendant meets this burden. The Magistrate Judge's ruling is therefore REVERSED.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

GOVERNMENT EXHIBIT
11

FN2. On the fifty-fourth anniversary of "[a] day that will go down in infamy." Roosevelt, Franklin D., A Speech before Both Houses of Congress, December 8, 1944.

B. Interrogatories Served on the Government.

After reviewing Mr. Johns available medical records and consulting with the government's experts, the Assistant United States Attorney answered and signed the interrogatory questions propounded by plaintiffs on behalf of the United States. Plaintiffs assert that the Court should affirm the Magistrate Judge's Order requiring the government to identify an official at the VA Center to review and sign these answers. Federal Rule of Civil Procedure 33(a) provides in pertinent part:
***2** [A]ny party may serve upon any other party written interrogatories ... to be answered by the party served, or if the party served is a ... governmental agency, by *any officer or agent,* who shall furnish such information as is available to the party.

Fed.R.Civ.P. 33(a) (emphasis added). This rule clearly allows *any* government agent to answer an interrogatory question so long as the individual bases the response on all the information available to the government. The court in *United States v. 58.16 Acres of Land,* 66 F.R.D. 570 (E.D.Ill.1975), held that a United States Attorney was a suitable agent to answer interrogatories addressed to another government official provided that the U.S. Attorney consulted available resources to insure the answers were accurate and complete. *Id.* at 572 ("Therefore, these interrogatories may be answered by any officer or agent of the Government, but such officer or agent shall furnish such information as is available to the Government."); *see* Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 2172, p. 283-84 ("If the interrogated party is a ... governmental agency, Rule 33 provides that the interrogatories shall be answered by any officer or agent, who shall furnish such information as is available to the party."). In an analogous context, courts have consistently held that corporate agents are not required to have personal knowledge of relevant information in order to answer interrogatories on behalf of the corporation. *International Ass'n. of Machinists, District 169. v. Amana Refrig., Inc.,* 90 F.R.D. 1, 2 (E.D.Tenn.19788). A corporate agent's answers are sufficient if the individual consults with other officials in the organization to acquire the information sought by the opposing party. *Id.; see General Dynamics Corp. v. Self Mfg. Co.,* 481 F.2d 1204, 1210 (8th Cir.1973). Therefore, as long as the Assistant United States Attorney based her answers to plaintiffs' interrogatories on the information available to the government, her answers meet the requirements of Rule 33(a).

The plaintiffs' base their opposition to allowing the Assistant United States Attorney to answer interrogatories on two grounds. First, plaintiffs claim that the Assistant's answers are "nothing but legal mumble-jumble." (Pls.' Mem. Opp'n Mot Review at 5.) This objection is premised on the content of the government's response rather than the individual who signed the answer. Whether the substance of the government's answer is factual or responsive is a different question from who should sign interrogatory answers. An objection to the substantive content of an answer provides no basis for requiring someone else to reply. There are other means of objecting to the sufficiency of interrogatory responses. Second, plaintiffs argue that an individual at the VA Center should be required to answer the interrogatories so that the veracity of the responses can be challenged through subsequent depositions. If plaintiffs wish to have defendant designate government employees for depositions, they need only file a Rule 30(b)(6) deposition notice. *See* Fed.R.Civ.P. 30(b)(6). Their desire to depose someone other than the individual who signed the interrogatories is not a reason to require a different signatory if that person is otherwise authorized to sign the documents under Federal Rule 33. *See* Fed.R.Civ.P. 33. Finally, plaintiffs' reliance on *Roth v. Bank of Commonwealth,* Nos. Civ-79-36E, Civ-76-16E, 1988 WL 43963 (W.D.N.Y. May 4, 1988), for the proposition that interrogatory answers "which are

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

signed by the party's attorney and not made under oath by the party do not comply with rule 33(a)" is misplaced. *Roth,* 1988 WL 43963 at *2. In *Roth,* plaintiffs' counsel signed interrogatory answers on behalf of individual clients. *Id.* In the present case, no individual client exists. Plaintiffs' counsel propounded interrogatories to the United States government. Rule 33(a) specifically provides that *any* agent of the United States can answer such questions. Fed.R.Civ.P. 33(a). It does not provide an exception for government attorneys. *Id.* As the Court in *58.16 Acres* held, a United States Attorney is a permissible agent. *58.16 Acres,* 66 F.R.D. at 572. Therefore,

***3** IT IS ORDERED that defendant's motion to reverse the Magistrate Judge's Order is hereby GRANTED.

E.D.La.,1997.
Johns v. U.S.
Not Reported in F.Supp., 1997 WL 732423 (E.D.La.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.