**H**
Banks v. CBOCS West, Inc.
N.D.Ill.,2004.

United States District Court,N.D. Illinois, Eastern Division.
Timothy BANKS, Plaintiff and Counter-Defendant,
v.
CBOCS WEST, INC., d/b/a Cracker Barrel Old Country Store, Defendant and Counter-Plaintiff.
**No. 01 C 0795.**

April 1, 2004.

Lisa Martinez Losano, Stitt, Klein, Daday & Aretos, Arlington Heights, IL, Elizabeth Hubbard, John C. O'Connor, Katherine A. Parker, Hubbard & O'Connor, Ltd., Chicago, IL, Paul Anton Velligan, Law Office of Paul A. Velligan, Highland, IN, for Plaintiff.
John F. Kuenstler, Beau C. Sefton, Wildman, Harrold, Allen & Dixon, Carol L. Tate, Securities & Exchange Commission, Devlin Joseph Schoop, Laner, Muchin, Dombrow, Becker, Levin & Tominberg, Ltd., Chicago, IL, for Defendants.

*MEMORANDUM OPINION AND ORDER*
ZAGEL, J.
*1 Timothy Banks filed his Complaint on February 5, 2001, alleging that CBOCS, West, Inc. ("Cracker Barrel") had treated him unlawfully during his employment by violating the Family and Medical Leave Act ("FMLA") and Americans with Disabilities Act ("ADA"). Over a year later, Cracker Barrel terminated Banks's employment for insubordinate conduct, and he subsequently filed an Amended Complaint additionally alleging, *inter alia,* that Cracker Barrel terminated him in retaliation for filing his Complaint. Banks now moves to compel additional discovery from Cracker Barrel or to have certain facts deemed admitted based on the insufficiency of its responses to his requests for admissions. Cracker Barrel objects to this motion on the grounds that it was filed after discovery closed and is thus untimely and that Cracker Barrel is prejudiced because a summary judgment briefing schedule was set at a status on February 3, 2004. Banks claims that these arguments "lack merit," but contrary to this assertion, these arguments are very meritorious.

The chronological background to this motion is important. On August 18, 2003, Banks served his third request for production and first request for admissions on Cracker Barrel. Cracker Barrel served its responses and objections to the same on September 19. Banks then transmitted correspondence to Cracker Barrel on October 23 asserting for the first time deficiencies in its responses and objections. Cracker Barrel responded in detail to Banks's correspondence on October 29. On November 3, Banks contacted Cracker Barrel and requested a Rule 37.2 conference. At approximately the same time, Banks had filed an agreed motion on October 31 to extend discovery until November 26, which I granted on November 6. Shortly thereafter, counsel for both parties conducted a Rule 37.2 conference on November 12. Discovery then closed on November 26 with neither party requesting a further extension or filing a motion to compel additional discovery. Following up on its promise to consider issues raised by Banks at the November 12 conference, Cracker Barrel transmitted detailed correspondence to him on December 9 further explaining its position and declining to provide additional discovery. Banks offered no response until February 2, 2004, when he filed the instant motion-nearly two months after receiving Cracker Barrel's correspondence and more than two months after the November 26 close of discovery.

As a general rule, if a moving party has unduly delayed in filing a motion for an order compelling discovery, a court may conclude that the motion is untimely. 8A Charles Alan Wright, Arthur R. Miller, and Richard L. Marcus, *Federal Practice and Procedure* § 2285 (2d ed.1994). The Seventh Circuit addressed this issue in *Rosetto v. Pabst Brewing Co.,* 217 F.3d 539, 542 (7th Cir.2000):

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

GOVERNMENT EXHIBIT 12

The plaintiffs complain not only about the grant of summary judgment in favor of the defendant but also about the district court's denial of their discovery motion. The latter complaint has no possible merit. The motion was filed two months after the date set by the court for the completion of discovery. The plaintiffs gave (and give) no excuse for their tardiness.

***2** In this case, Banks's motion to compel was filed over two months after the close of discovery, so it is clearly untimely. In contrast to *Rosetto,* however, Banks gives an excuse for his tardiness. He states that after the Thanksgiving holidays, his counsel began preparing this motion, but was simultaneously occupied with other obligations including preparation of Findings of Fact and Conclusions of Law for a November 2003 bench trial before Judge Darrah in the case of *Koerber v. Journey's End, Inc.*, 99 C 0182, which brief was due on January 26, 2004, and preparation for a trial in the matter of *Byrne v. Avon Prods.*, 00 C 5278, which was tried before Judge Pallmeyer from February 3-5, 2004.

The busy schedule of Banks's counsel does not justify allowing him to file this untimely motion. Although I am certainly willing to consider a lawyer's prior commitments as *ante facto* justification for extending deadlines, I am uncomfortable doing so *post facto.* Anticipating other case obligations throughout December and January, Banks's counsel should have made adequate preparations in November to fulfill or postpone their obligations in this case. If this necessitated seeking extensions from the court, then appropriate measures should have been taken to ensure that this was done. But Banks's counsel took no such measures. In fact, Banks's counsel have not even filed the appropriate motion at this late stage, that is a motion seeking leave to file instanter an untimely motion to compel. Banks's counsel appear to believe that outside obligations somehow automatically justify the motion's untimeliness, FN1 but that is not the case. The motion is clearly untimely, and their excuse of excessive workload is not sufficient to justify *post facto* this untimeliness.

> FN1. Even this inference is a stretch because Banks's counsel do not even concede that this motion is untimely.

More importantly, however, both parties clearly knew that unresolved discovery issues existed after the conclusion of their Rule 37.2 conference. With two weeks left before the close of discovery, Banks's counsel should have anticipated that some additional time would be necessary in light of these unresolved issues.[FN2] If they thought that the differences could be worked out, they could have filed a motion to extend the close of discovery. In fact, that is exactly what they did on October 31, and I gave them that extension without any hesitation. It is possible that Cracker Barrel may not have agreed to a second motion to extend as it did with the first motion, but this should not have deterred counsel if they truly believed a resolution was possible.

> FN2. Although they do not make this claim (and it would be unfair to infer that they do), I would not accept any possible rejoinder that Banks's counsel reasonably anticipated that all outstanding discovery disputes would be resolved in the ensuing two weeks before discovery closed. If counsel really thought everything would be resolved by November 26, one would expect to find some communication to that extent (*i.e.*, phone calls, letters, or e-mails), but nothing to that effect has been brought to my attention.

On the other hand, if Banks's counsel thought it was in any way possible that a mutual resolution to outstanding discovery disputes could not be achieved (which indeed is what has occurred), they should have made preparations for filing a motion to compel before discovery closed. If filing a detailed motion before the close of discovery was extremely difficult, they could have filed a short motion to compel before the close of discovery while simultaneously seeking the court's permission to file a memorandum in support at a later date. If this too was extremely difficult, they could have

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

once again moved to extend the close of discovery in order to prepare a motion to compel. Or at the least they could have sought leave of the court to file a motion to compel after the close of the discovery if the issues could not be resolved between the parties. Obviously, plenty of options were available, but Banks's counsel exercised none of them. Instead, they first brought this issue to my attention two months after the close of discovery. Furthermore, they did so in a manner that failed to acknowledge the issue's obvious untimeliness.

*3 Aside from offering its purported excuse for their untimeliness, Banks's counsel offer other defenses to Cracker Barrel's objection that this motion is untimely. First, they claim that Cracker Barrel is the party that has been untimely in this dispute. They point out that Cracker Barrel waited a full month to respond to Banks with "its position on the issues discussed" at the November 12 conference.[FN3] They also point out that Cracker Barrel took a second day of his deposition and took his wife's deposition on December 17, 2003, nearly a month after the close of discovery. However, if Banks is attempting to assert that Cracker Barrel has somehow waived its right to object to the motion as untimely because it sent a discovery-related letter to Banks and took additional depositions after the close of discovery, he is sorely misguided. There is no law to support the proposition that a discovery-related communication sent after the close of discovery or the occurrence of any discovery after the close of discovery operates as a waiver of timeliness objections to discovery requests after the close of discovery. Moreover, Banks did not object to these depositions as untimely like Cracker Barrel has objected to his motion to compel.[FN4] If there has been any waiver here, it is Banks's waiver of his opposition to these depositions by agreeing to let them go forward. Accordingly, there is no merit to the argument that Cracker Barrel's actions somehow negate its timeliness objection.[FN5]

FN3. The insinuation that Cracker Barrel *first* stated "its position" on the underlying discovery issues in this dispute in the December 9 letter is preposterous. Cracker Barrel *first* stated "its position" in a October 29, 2003 letter to Banks. This initial correspondence between the parties was the impetus for the November 12 conference, where in all likelihood, Cracker Barrel reiterated and the parties discussed "its position" some more, albeit not to Banks's satisfaction. Although perhaps discussing in greater detail and offering additional theories in support of "its position," the December 9 letter was certainly not the *first* time that Cracker Barrel discussed "its position." Banks knew Cracker Barrel's "position" well before the December 9 letter and well before the close of discovery on November 26.

FN4. In fact, any timeliness objection to these depositions would have in all likelihood been denied as it appears that the purpose for the October 31 request for a thirty-day extension was to accommodate the various travel and scheduling issues of the remaining deponents. The occurrence of these depositions after the close of discovery presumably resulted because of these aforementioned travel and scheduling issues.

FN5. In addition, the December 9 letter has no bearing on the timeliness of a discovery request because it was not a discovery request at all, in the way that Banks's motion to compel is. Although the letter addressed a discovery dispute, it merely offered further justification for a position taken by Cracker Barrel prior to the close of discovery.

In addition to the untimeliness of Banks's motion, granting it would be prejudicial to Cracker Barrel. On February 3, 2003-a day after Banks filed the motion but a day before Cracker Barrel received it by mail-the parties were before me for a previously scheduled status hearing. At the hearing, Cracker

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Barrel's counsel, having no knowledge of the motion, stated to me that discovery had been concluded, and Banks's counsel did not disagree. Cracker Barrel accordingly deemed it appropriate to consider setting filing dates for dispositive motions, and in response Banks's counsel stated, "We would be very open to that." I concurred, and set a filing date of April 6, 2004. At no time did Banks's counsel-who had filed the instant motion the day before-inform me or otherwise mention that Banks had filed a motion to compel or believed there were any outstanding discovery issues to be addressed in the case. To reopen discovery at this point would delay the schedule set nearly two months ago for dispositive motions (to which I fully intend to adhere regardless of this diversion) and prejudice Cracker Barrel, which has in all likelihood already begun preparing its motion. In the end, therefore, I see no justification for the untimeliness of Banks's motion to compel and I find that granting it would prejudice Cracker Barrel.

For the reasons above, Banks's Motion to Compel and To Have Facts Deemed Admitted is DENIED.

N.D.Ill.,2004.
Banks v. CBOCS West, Inc.
Not Reported in F.Supp.2d, 2004 WL 723767 (N.D.Ill.), 85 Empl. Prac. Dec. P 41,663, 15 A.D. Cases 1050, 27 NDLR P 308

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.