**H**
Ruiz v. Rhode Island Dept. of Corrections
D.R.I.,2004.
Only the Westlaw citation is currently available.

United States District Court,D. Rhode Island.
Virgilio RUIZ
v.
RHODE ISLAND DEPARTMENT OF CORRECTIONS, et al.
**No. Civ.A. 02-356 L.**

Feb. 26, 2004.

Virgilio Ruiz, pro se, Plymouth, MA, for plaintiff.
Michael B. Grant, Cranston, RI, for defendants.

*Report and Recommendation*

HAGOPIAN, Magistrate J.

*1 Plaintiff Virgilio Ruiz, an immigration detainee, filed an Amended Complaint pursuant to 42 U.S.C. § 1983 alleging a deprivation of his Eighth and Fourteenth Amendment rights. Plaintiff named as defendants the Rhode Island Department of Corrections and employees at the Adult Correctional Institutions (hereinafter collectively referred to as the "state defendants"). Plaintiff also named as defendants the Immigration and Naturalization Service and certain Immigration and Naturalization Service employees (hereinafter collectively referred to as the "federal defendants"). The federal defendants have not been served and are not a party to this action.

This matter is before the Court on the plaintiff's "motion for a judgment on default." The Court will construe the instant motion as one brought pursuant to Fed.R.Civ.P. 55(a), for an entry of default. The state defendants have objected. This matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) for a report and recommendation. For the reasons that follow, I recommend that the plaintiff's motion be denied.

Discussion

Plaintiff, at the times relevant in the Amended Complaint, was an immigration detainee housed at the Adult Correctional Institutions ("ACI"), in Cranston, Rhode Island. While housed at the ACI, plaintiff alleges that he was mistreated: his preference for a bottom bunk was ignored, he was repeatedly struck by a group of correctional officers, and medical care was withheld.

In due course, this case proceeded through discovery. Discovery closed on November 17, 2003, and the case was scheduled for trial in February 2004. On December 22, 2003, plaintiff filed the instant motion. In the motion, plaintiff contends that the state defendants have not fully complied with his discovery requests. Plaintiff also contends that the federal defendants have not complied with his requests.

Plaintiff's motion should, however, be denied. Plaintiff had recourse to rectify any problems concerning his discovery requests during the discovery phase of this litigation. During that period, plaintiff could have filed a motion to compel pursuant to Fed.R.Civ.P. 37. He did not, and discovery closed on November 17, 2003. By filing the instant motion based upon the alleged failure of the state defendants to comply with his discovery requests, plaintiff is attempting an end run around this Court's Order directing that all discovery be completed by November 17, 2003. All motions relating to discovery issues should have been filed no later than 10 days thereafter. *See* Pretrial Order, Docket # 24, ¶ 10 ("After 10 days from the close of discovery, no motions shall be filed and accepted by the Clerk of this Court...."). Accordingly, plaintiff's motion should be denied.

To the extent that plaintiff seeks an entry of default against the federal defendants, said motion should be denied as well. The federal defendants have not been served and are not a part of this litigation.

Conclusion

*2 For the reasons set forth above, I recommend that the plaintiff's motion be denied. Any objection

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

GOVERNMENT EXHIBIT 13

to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. Fed.R.Civ.P. 72(b); Local Rule 32. Failure to file timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. *United States v. Valencia-Copete,* 792 F.2d 4 (1st Cir.1986)(per curiam); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1st Cir.1980).

D.R.I.,2004.
Ruiz v. Rhode Island Dept. of Corrections
Not Reported in F.Supp.2d, 2004 WL 420032 (D.R.I.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.