H
Mash Enterprises, Inc. v. Prolease Atlantic Corp.
E.D.Pa.,2003.
Only the Westlaw citation is currently available.
United States District Court, E.D. Pennsylvania.
MASH ENTERPRISES, INC., et al., Plaintiffs,
v.
PROLEASE ATLANTIC CORPORATION, et al., Defendants.
**No. CIV.A. 01-2437.**

Jan. 31, 2003.

*MEMORANDUM*

ROBERT F. KELLY, Sr. J.

*1 Presently pending before this Court is Plaintiffs' Motion to Compel Defendants' Responsive Discovery and the Responses and Replies thereto. For the following reasons, Plaintiffs' Motion will be denied.

The Court notes that the instant Motion must be evaluated in light of the record that the parties developed in discovery. To begin, a brief chronology of the litigation is essential. Plaintiffs filed their Complaint on May 17, 2001. An Amended Complaint was filed on July 27, 2001. A Second Amended Complaint was filed on March 5, 2002. The issue was finally joined in this case on March 15, 2002. On March 27, 2002, the Court issued a Scheduling Order. The Scheduling Order required fact discovery to be completed by September 27, 2002. On September 9, 2002, the Court granted the parties an extension in which to conduct discovery. By Order dated September 9, 2002, the Court extended the fact discovery deadline until November 11, 2002.

The first discovery motion in this case was filed on May 30, 2002. The first Motion to Compel filed in this case was filed on August 9, 2002. Since mid-October until the present, the Court has dealt with discovery issues and motions in this action on a weekly, if not daily, basis. In hopes of expediting discovery and cooperation between the parties, the Court has promptly dealt with all discovery motions, issued numerous Orders and has held telephone conferences and in-court hearings regarding discovery issues. Even with all of the Court's involvement and efforts facilitating the discovery of this action, the Court is still dealing with discovery issues and motions over two months after the passing of the discovery deadline. In attempting to move this action forward, the Court entered an Order dated December 17, 2002, requiring the parties to file any dispositive motions by January 6, 2003. Due to granting requests for extensions by the parties, the due date for all dispositive motions is currently January 31, 2003.

The record and docket sheet of this action reflect the considerable turmoil engendered by the parties' discovery, or lack thereof. While neither party's record is unblemished, the Court takes this opportunity to especially note the culpability of Plaintiffs. Plaintiffs' instant Motion represents the continuation of a pattern of dilatoriness by Plaintiffs in the conducting of discovery in this case. The following is a brief illustration revealing some of Plaintiffs' actions, or inactions, regarding certain facets of the discovery process.

The Court will first summarize Plaintiffs' production of documents in relation to Defendants' First Request for Production of Documents. On July 29, 2002, Defendants served their First Request for Production of Documents upon Plaintiffs. The due date for Plaintiffs' responses was approximately August 28, 2002. On September 12, 2002, Plaintiffs' counsel, Lee Raiken, Esq., represented that he would provide full responses by September 19, 2002. On September 23, 2002, Defense counsel sent Mr. Raiken a letter stating that Plaintiffs' responses were overdue. On September 24, 2002, Defense counsel received a letter from Mr. Raiken enclosing some of the documents responsive to Defendants' First Request for Production of Documents, however, this production failed to include any formal written responses. On September 25, 2002, Defense counsel sent Mr.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

GOVERNMENT EXHIBIT 15

Raiken a letter reminding him that Plaintiffs were neglecting their discovery obligations and Plaintiffs' submission did not satisfy the Federal Rules of Discovery. On October 4, 2002, Plaintiffs still failed to provide Defense counsel with any written responses or objections to their First Request for Production of Documents. On this date, Defense counsel sent Mr. Raiken a letter reminding him that Plaintiffs' responses were overdue. On October 9, 2002, Plaintiffs produced approximately one thousand pages of discovery in response to the Defendants' First Request. On October 16, 2002, at the deposition of Audrey Buell, Mr. Raiken showed Ms. Buell two boxes of relevant documents that had not been previously turned over to Defendants. On October 17, 2002, during Mark Fried's deposition, Fried testified about documents which had not been turned over to Defendants and that other documents would soon be produced. On October 24, 2002, Defendants filed an Emergency Motion to Compel Discovery. On November 1, 2002, Mr. Raiken advised Defense counsel that there were an additional eight or more boxes of documents to be turned over as part of Plaintiffs' response to Defendants' First Request for Production of Documents. On November 1, 2002, the Court issued an Order requiring Plaintiffs to produce all of the foregoing documentation by November 8, 2002 and to submit a certification to Defendants confirming that they have handed over all responsive documents to Defendants.

On November 13, 2002, Defendants' filed a Fourth Motion to Compel due to the fact that Plaintiffs failed to provide any documentation pursuant to the Court Order.[FN1] At the December 2, 2002 Court hearing, Mr. Raiken represented to the Court that Plaintiffs had produced all relevant documents in their possession, custody or control responsive to Defendants' document requests. By Order dated December 5, 2002, relying upon Mr. Raiken's representation, the Court denied Defendants' Fourth Motion to Compel as moot. On December 6, 2002, in response to prodding about specific documents by Defense counsel, Mr. Raiken produced over fifty pages of additional documents responsive to Defendants' First Request for Production of Documents. Based upon this late production and the belief that Plaintiffs are in possession of other relevant documents, Defense counsel filed a Motion for Reconsideration of the Court's Denial of Defendants' Fourth Motion to Compel Production of Documents. On January 10, 2003, the Court held a hearing. At this hearing, Plaintiffs' counsel certified that Plaintiffs do not have anymore documents to hand over to Defendants. Based upon this certification, the Court issued an Order denying Defendants' Motion for Reconsideration as moot.

FN1. On October 2, 2002, Defendants served their Second Request for Production of Documents upon Plaintiffs. Defendants' Fourth Motion to Compel includes Defendants' Second Request for Production because Plaintiffs' production pursuant to Defendants' Second Request was also deleterious.

***2** A brief outline of Plaintiffs' actions regarding Defendants' Interrogatories is also illustrative of the discovery disputes in this case. On August 29, 2002, Defendants served their First Set of Interrogatories on Plaintiffs. Plaintiffs' responses were due on September 29, 2002. On October 8, 2002, Plaintiffs served their response to Defendants' First Set of Interrogatories. Plaintiffs' response consisted of one paragraph objecting to Defendants' Interrogatories as not conforming to the Federal Rules of Civil Procedure and being burdensome and time consuming because there were twenty-six Interrogatories, as opposed to the maximum number of twenty-five. On October 16, 2002, Defendants filed a Motion to Compel Discovery and Request for Expedited Consideration. On October 21, 2002, Plaintiffs served another set of responses on Defendants. Defendants argued that these responses were inadequate because Plaintiffs' answers contained blanket references to depositions and the production of documents. As a result, Defendants filed another Motion to Compel Discovery on October 24, 2002. After a telephone conference, the Court issued an Order on November 4, 2002 granting Defendants' Motion. The Order required

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Plaintiffs to respond fully to all of Defendants' Interrogatories by providing complete responses by November 14, 2002. On November 12, 2002, Plaintiffs submitted answers to Defendants' First Set of Interrogatories. Defendants contended that the answers were inadequate because they contained blanket references and objections which had been previously waived. The Court held a hearing on December 2, 2002. At the hearing, no motion was outstanding regarding Plaintiffs' responses to the Interrogatories, however, Defense counsel stated that he planned on filing a Fifth Motion to Compel. On January 3, 2003, Defendants filed a Fifth Motion to Compel. On January 10, 2003, the Court held another hearing. At this hearing, the Court painstakingly went through each interrogatory at issue and clarified what was to be done in response. On January 10, 2003, the Court issued an Order granting Defendants' Fifth Motion in part and denying it in part. The Order required Plaintiffs' responses to be in conformity with the rulings made by the Court during the hearing.

Not only has the Court's involvement in Plaintiffs' production of documents and responses to interrogatories been extensive, but the Court has been exhaustively involved in the taking of depositions in this case. A complete chronology of the Court's involvement in the taking of depositions is too considerable to be referenced in this Order, however, the Court will highlight specific instances of Plaintiffs' dilatoriness. In August 2002, the parties agreed to depose certain people during mid-September. Due to Plaintiffs' failure to timely respond to Defendants' document requests, the Defendants had to reschedule the depositions of Mark Fried and Howard Vogel. These depositions were re-scheduled for mid-October. A dispute between the parties developed over the taking of these depositions. On October 14, 2002, the Court held a telephone conference. During this conference, the Court directed Mr. Fried's deposition take place on October 17, 2002 in Philadelphia. The Court also directed Plaintiffs' counsel to ascertain and provide a convenient deposition date for Mr. Vogel. With some difficulty, Mr. Fried's deposition took place. On October 18, 2002, Defense counsel sent Mr. Raiken a letter requesting a date for Mr. Vogel's deposition. Mr. Raiken responded to Defense counsel's letter with significant time constraints on the availability of dates for the conducting of depositions and suggested that the depositions may need to be taken after the discovery deadline. On October 23, 2002, Defendants filed an Emergency Motion to Compel. On November 1, 2002, the Court held a telephone conference granting Defendants' Motion and requiring the parties to agree upon a date certain for Mr. Vogel's deposition and requiring the continuation of Mr. Fried's deposition to take place on an agreed upon date from 9:00 a.m. until 6:00 p.m. with one hour set aside for lunch. Even with the Court's intervention, the depositions of Mr. Fried and Mr. Vogel remained in dispute until December 2, 2002. On December 2, 2002, the Court held a hearing requiring the parties to ascertain specific deposition dates. The Court also required the Plaintiffs to designate Rule 30(b)(6) corporate designees for the taking of depositions. At the hearing, the Court also opened discovery for the sole purpose of taking the depositions of Mr. Fried and Mr. Vogel. On December 5, 2002, the Court issued an Order specifying the agreed upon dates for the taking of the depositions and specifying the Rule 30(b)(6) designees. As a result of the aforementioned, the depositions took place. However, the Court notes that Mr. Vogel's deposition was marred by quarreling, vulgar language, intimidations and a previously undisclosed medical condition evidenced by a note from Mr. Vogel's cardiologist stating that Mr. Vogel had a weak heart and should not be deposed for more than four hours.

***3** In light of the above illustration of the continual pattern of dilatoriness by Plaintiffs in the conducting of discovery in this case, the Court notes, as it has warned numerous times before, that the facts of this case must at some point become complete. The Court has afforded the parties ample time in which to conduct extensive discovery. In addition, the Court has been considerably involved in the discovery of this case allowing the parties every opportunity to address any discovery

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

disputes. However, even with ample time and the Court's involvement, Plaintiffs inexplicably filed an untimely Motion to Compel Defendants' production of documents approximately two months after the close of discovery and nearly six months after receiving Defendants' responsive production including their objections to certain document requests. The only explanation offered by Plaintiffs' counsel for the Plaintiffs' significant delay is he "inadvertently overlooked the earlier outstanding requests." (Pls' Mot. to Compel Defs' Responsive Disc. at 3). Due to the extensive discovery history and record in this case, Plaintiffs' explanation is unsatisfactory.

The Court also notes that in order to grant Plaintiffs' Motion, the Court would essentially be opening discovery once again engendering more potential discovery disputes. As mentioned earlier, dispositive motions in this case are due on January 31, 2003. The Court plans to list the case for trial in the very near future. Therefore, to continue discovery in this action without good cause would not only be prejudicial to the Defendants who have attempted to complete discovery, but would further disrupt the efficient functioning of this Court.

***4** As a result of all of the above, the Court denies Plaintiffs' Motion to Compel Defendants' Responsive Discovery.

An appropriate Order follows.

*ORDER*

AND NOW, this 31 st day of January, 2003, upon consideration of Plaintiffs' Motion to Compel Defendants' Responsive Discovery (Doc. No. 110) and the Responses and Replies thereto, it is hereby ORDERED that the Motion is DENIED.

E.D.Pa.,2003.
Mash Enterprises, Inc. v. Prolease Atlantic Corp.
Not Reported in F.Supp.2d, 2003 WL 251944 (E.D.Pa.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.