**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ROSEZOLA SELLERS,** | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | **C.A. No. 05-381S** |
| **UNITED STATES DEPARTMENT OF** | : | |
| **DEFENSE AND SECRETARY OF THE** | : | |
| **UNITED STATES DEPARTMENT** | : | |
| **OF DEFENSE, DONALD RUMSFELD,** | : | |
| **Defendants** | | |

**PLAINTIFF'S OBJECTION TO REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE DATED NOVEMBER 9, 2007**

**Introduction**

This is an action brought by the Plaintiff, Rosezola Sellers, against Defendants seeking declaratory and injunctive relief, attorney's fees and litigation expenses and other equitable relief, as well as compensatory and punitive damages to remedy the unlawful discrimination the Plaintiff has suffered on account of her race and retaliation in violation of 42 U.S.C. §2000 et seq. On August 24, 2007, Plaintiff filed Plaintiff's Motion to Compel More Responsive Answers to Interrogatories and Plaintiff's Motion to Compel More Responsive Answers to Document Requests (Collectively "Motions to Compel"). On August 28, 2007, Plaintiff filed Plaintiff's Second Amended Motion to Amend Complaint ("Motion to Amend"). A hearing was held before Magistrate Judge Martin on November 2, 2007. Thereafter, by written decision dated November 9, 2007, Magistrate Judge Martin denied Plaintiff's three (3) Motions.

## ARGUMENT

### I. PLAINTIFF OBJECTS TO THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS ON PLAINTIFF'S MOTION TO AMEND HER COMPLAINT

Sellers objects to the Magistrate Judge's R&R. Relying on Berrios-Berrios v. Puerto Rico, 206 F.R.D. 342, 345 (D.P.R. 2002), the Magistrate Judge noted that plaintiff filed the Motion to Amend after discovery had closed. However, it appears that the Magistrate Judge's decision erroneously characterized the thrust of Plaintiff's argument concerning her decision to not previously file the Motion to Amend to explicitly identify her termination as a claim in her Amended complaint. The Magistrate Judge's decision relies in large part upon the position that Plaintiff had not previously filed the Motion to Amend because she could not add a termination in this action until she received a right to sure letter. See pages 10 to 16 of R&R. Although it appears that the Magistrate Judge relied heavily on Plaintiff's arguments concerning the lack of receipt of the right to sue and Defendants' knowledge that the termination was included in Plaintiff's claims, Plaintiff's argument in this regard was put forth only to establish that, in any event, Defendants' would not be prejudiced if the Motion to Amend were granted. See, Plaintiff's Memorandum of Law page 2-3. In fact, Plaintiff has alleged that irrespective of the issuance of the right to sue, Plaintiff's Motion to Amend should be granted based upon the principle that acts of harassment, discrimination and/or retaliation which take place after a charge has been filed, may nonetheless form the basis of a lawsuit so long as such acts are reasonably related to, and grow out of the discrimination previously complained of to the Agency. See, Plaintiff's Memorandum of Law page 2 and cases cited therein. Plaintiff has made clear that in the instant case the facts leading up to Plaintiff's firing are the same type of conduct which is addressed in her earlier charge of discrimination and, in fact, involves the same actors. See

Plaintiff's Memorandum of Law page 2. Further, as Plaintiff alleged, the Notice of Termination issued to Plaintiff makes clear that Plaintiff's firing was based upon her conduct throughout her employment, including conduct which formed the basis of her earlier charge. See, Plaintiff's Memorandum of Law page 10. Moreover, Plaintiff's complaint states that "[t]he harassment and discrimination includes, but is not limited to, ...(emphasis added)." See, First Amended Complaint at paragraph 11. Plaintiff's First Amended Complaint also states that "[t]he retaliation includes, but is not limited to, the fact that Defendants disciplined Plaintiff for no reason. (emphasis added)" Id. at paragraph 13. The language in the Complaint encompasses termination, particularly with regard to retaliation claim. In accordance with the lenient notice pleading requirements of Fed. R. Civ. P. 8(a)(2), the complaint only needs to included "a short and plan statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Taking into account (1) the leniency of the notice pleading rule, (2) the fact that Defendants' were on notice that Plaintiff's termination was, in fact, part of this case and as such, Defendants' were not prejudiced and (3) the First Circuit's holding in Clockedile v. New Hampshire Department of Corrections, 245 F.3d 1 (1st Cir. 2001) which found that, at least with respect to retaliation, specific claims that relate to and grow out of discrimination claims already filed, are preserved and included in the Charge. See, Id. at 13-14. Furthermore, to require Plaintiff to file a separate lawsuit arising from the same set of facts as contained in the instant action, would waste judicial resources. Finally, leave to amend pleadings under Rule 15(a) should be freely given in the absence of excessive and unexplained delay, undue prejudice to the opposing party, and/or bad faith or dilatory motive on a movant's part. Foman v. Davis, 371 U.S. 178, 182 (1962); Fed.R.Civ.P. 15(a). As Plaintiff noted, Defendants' have not suffered undue

prejudice as they were well aware that the termination was included in Plaintiff's claims, the Motion to Amend should be granted.

As such, for all of the above stated reasons, it is clear that the Magistrate Judge erred.

## II. PLAINTIFF OBJECTS TO THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS ON PLAINTIFF'S MOTIONS TO COMPEL

Relying on Gault v. Nabisco Biscuit Company, 184 F.R.D. 620 (D. Nev. 1999) and on Ayala-Gerena v. Bristol Myers-Squibb Co., 95 F.3d 86 (1st Cir. 1996) , the Magistrate Judge found that Plaintiff's Motions to Compel were untimely. *See* page 21-22 of R&R. With respect to his ruling on the issue of timeliness, the Magistrate Judge relied on AUSA Nguyen's assertions that Plaintiff's counsel advised her that Defendants' responses were deficient on June 1, 2007, that AUSA Nguyen sent Plaintiff's counsel an e-mail on June 7, 2007 requesting "clarification" regarding Plaintiff's effort to confer and that Plaintiff's counsel followed up with her on August 16, 2007 regarding the deficient discovery responses.[1]

First, the cases relied upon by the Magistrate Judge involve significantly different sets of circumstances and far more extensive delays than anything reflected in the instant case. In Gault, supra, the plaintiff filed the Motion to Compel seventy-six (76) days after the close of discovery and after Defendants' Motion for Summary Judgment was filed. In fact, the court stated that "[a] motion to compel may be filed after the close of discovery. Absent unusual circumstances, it should be filed before the scheduled date for the dispositive motions." Id. at 622. Moreover, because, in that case, no deadline was provided for the filing of the motion, the court was forced to establish a reasonable time. In this case, however, the Pre-Trial Order provided such a time limit, i.e. within ten (10) days of the close of discovery, and Plaintiff's

[1] I note that when Plaintiff's counsel contacted AUSA Nguyen on August 16, 2007, Plaintiff's counsel was advised that Defendants would not provide any additional information or documentation and that Plaintiff would need to file a Motion to Compel in seek any further responses.

Motion to Compel was, in fact, filed within the time limit proscribed. The other case cited by the Magistrate Judge, Ayala-Gerena, also presented very different facts than is presented in this case. In the Ayala-Gerena case, the Motion to Compel was filed after the opposition to summary judgment was filed and on the eve of the pre-trial stage. See Ayala-Gerena at 94. Here, Plaintiff filed her Motion to Compel nine (9) days after the close of discovery and within the time required by the Court's Pre-Trial Order. It is also significant to note that between the time that Plaintiff first attempted to confer with Defendants regarding the deficient discovery responses in June, 2007 and the filing of the Motion to Compel, Plaintiff was actively litigating this case. For instance, on July 25, 2007, July 27, 2007, July 31, 2007, August 1, 2007, August 3, 2007, August 7, 2007 and August 13, 2007, depositions were conducted in this case. Clearly, Plaintiff was actively litigating this case throughout and had hoped that the testimony received in the numerous depositions conducted, might obviate the need to file the Motions to Compel.

Alternatively, the Magistrate Judge decided that granting the Motions to Compel would be prejudicial to Defendants and would disrupt the efficient functioning of the Court. See R&R page 22. However, to the extent that Defendants' had in fact, provided Plaintiff with meaningful discovery responses, Plaintiff would not be forced to file said motions. In effect, Plaintiff is being penalized for Defendants' failure to provide meaningful responses to her discovery requests.

Next, the Magistrate Judge decided that because he determined that Plaintiff's termination claim is not part of this case, all discovery requests regarding Plaintiff's termination should be denied. However, for the purposes of discovery, the fact and circumstances of Plaintiff's termination are clearly relevant and inquiry in this regard should be permitted.

Finally, the Magistrate Judge decided that of the remaining discovery requests, many are overly broad and/or unduly burdensome. See R&R 22-23. Plaintiff is seeking information for the period of time that Plaintiff actually worked at the Commissary. To the extent that such a period is deemed overly broad and/or unduly burdensome, Plaintiff is prepared to limit the time period in question.

## CONCLUSION

For the foregoing reasons, Ms. Sellers respectfully requests that the Court reject the R&R of the Magistrate Judge and reverse the denial of Plaintiff's Motion to Amend and Motions to Compel.

PLAINTIFF,
By her attorneys,

/s/ Patricia Andrews
/s/ Louise A. Herman

Dated: November 27, 2007

## CERTIFICATION

I hereby certify that this document has been filed electronically on this 27th day of November, 2007, and is available for viewing and downloading to the ECF registered counsel of record:

Via Electronic Service/ECF:

Ly Nguyen, Esq.
Ly Nguyen@usdoj.gov

/s/ Louise A. Herman, Esq.