**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ROSEZOLA SELLERS,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **C. A. No. 05-381S** |
| | ) | |
| **UNITED STATES DEPARTMENT** | ) | |
| **OF DEFENSE AND ROBERT M. GATES,** | ) | |
| **SECRETARY OF THE DEPARTMENT** | ) | |
| **OF DEFENSE,** | ) | |
| **Defendants.** | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTION TO "REPORT AND RECOMMENDATION" OF MAGISTRATE JUDGE**

Defendants, United States of Department of Defense and Robert M. Gates, Secretary of the Department of Defense, hereby responds to Plaintiff's Objection to "Report and Recommendation" of Magistrate Judge. United States Magistrate Judge David L. Martin's November 9, 2007, Memorandum and Order denying Plaintiff's motion to amend and motions to compel should be affirmed in its entirety for the reasons stated in the accompanying memorandum of law.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Ly T. Nguyen
LY T. NGUYEN
Assistant United States Attorney
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5017 (fax)
Email: ly.nguyen@usdoj.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ROSEZOLA SELLERS,**<br>**Plaintiff,**<br><br>**v.**<br><br>**UNITED STATES DEPARTMENT OF DEFENSE AND ROBERT M. GATES, SECRETARY OF THE DEPARTMENT OF DEFENSE,**<br>**Defendants.** | ) | **C. A. No. 05-381S** |

**DEFENDANTS' MEMORANDUM IN RESPONSE TO PLAINTIFF'S OBJECTION TO "REPORT AND RECOMMENDATION" OF MAGISTRATE JUDGE**

Defendants, United States of Department of Defense and Robert M. Gates, Secretary of the Department of Defense, submit the following Memorandum in Response to Plaintiff's Objection to "Report and Reccomendation" of Magistrate Judge.[1]

In short, United States Magistrate Judge David L. Martin's Memorandum and Order ("M.J. Order") dated November 9, 2007, denying Plaintiff's motion to amend her complaint to add claims relating to her termination and denying Plaintiff's motions to compel should be affirmed in its entirety because the order is not clearly erroneous or contrary to law.

## I. Procedural History and Facts

On September 2, 2005, Plaintiff, Rosezola Sellers filed her Complaint with this Court.[2]

---

[1] Although Plaintiff styled her pleading "Plaintiff's Objection to Report and Recommendation of Magistrate Judge Dated November 29, 2007," the Magistrate Judge's decision was an order, not a report and recommendation. Thus, pursuant to Rhode Island District Court Local Rule 72(c)(1), Plaintiff was required to include, among other things, a notice of appeal, which Plaintiff did not include.

[2] Plaintiff is not new to the Equal Employment Opportunity ("EEO") process as she has filed three EEO complaints. (See Defs.' Resp. to Mot. to Amend at Exs. 1A, 1E, 1L.) Plaintiff's first EEO complaint resulted in an Administrative Judge decision in which there was a finding of no discrimination. (Defs.' Resp. to Mot. to Amend at Ex. 1B.) This EEO complaint was not

The Complaint alleged harassment and discrimination in that Plaintiff was treated differently than similarly-situated white employees with respect to promotions, pay, work hours, time off, and work assignments. (Compl. ¶ 11.) The Complaint also alleged retaliation based on the fact that Plaintiff was disciplined.[3] (Compl. ¶ 13.) Subsequent to the Complaint being filed, on or about December 10, 2005, Plaintiff was removed from her employment with the Defense Commissary ("DeCA"). (Defs.' Resp. to Mot. to Amend at Ex. 1J.) On January 25, 2006, Plaintiff filed her First Amended Complaint. The First Amended Complaint did not allege any claims relating to her termination from employment, but rather removed previous counts that inappropriately alleged claims under the Civil Rights Act, 42 U.S.C. § 1981. (See Compl.; First Amended Compl.)

On September 19, 2006, the parties filed a joint motion to amend the scheduling order which the Court granted. On January 22, 2007, Plaintiff filed an assented to motion to extend the

---

appealed and the time period for appealing this decision has long passed. (Defs.' Resp. to Mot. to Amend at Ex. 1 at ¶ 4.) Her second EEO complaint is the subject of this case. (Defs.' Resp. to Mot. to Amend at Ex. 1E; First Amended Compl. at ¶ 5.) Her third EEO complaint relates to her termination, the action which forms the basis for the claims she seeks to presently add. (Defs.' Resp. to Mot. to Amend at Ex. 1L.)

[3] Plaintiff's second EEO complaint and subsequent amendment to this EEO complaint, that give rise to this district court case concerned:

1. Denial of annual leave on August 7, 8, 29, and 31, 2003, and November 14, 15, and 18-23, 2003;
2. Letter of Reprimand issued to Plaintiff on February 25, 2004 for failure to follow instructions and disrespectful behavior;
3. Disapproval of her Request for Restoration of Annual Leave on or about March 4, 2004; and
4. Changing of Plaintiff's duty hours and work assignments on December 13, 2004.

(Defs.' Resp. to Mot. to Amend at Exs. 1E, 1G, 1H.)

discovery period which the Court also granted.

On or about February 20, 2007, Plaintiff propounded her First Set of Interrogatories and Request for Production of Documents to Defendants. (Defs.' Resp. to Mot. to Compel at Exs. 1-2.) On March 20, 2007, Defendants filed a motion for an extension of time to complete discovery which the Court granted, stating in its Order that discovery was to be completed by August 15, 2007, and that no further extensions for discovery would be granted.

On April 11, 2007, Defendants objected to the interrogatories and document requests because they sought, among other things, overly broad categories of information relating to issues that had already been adjudicated in another forum, information protected by the Privacy Act, 5 U.S.C. § 552a, information relating to Plaintiff's termination which was simultaneously being investigated and litigated at the administrative level, and information that was not an issue in her EEO complaint that formed the basis for Plaintiff's Complaint in this case. (See Defs.' Mot. to Compel at Exs. 1-2.)

In a conversation with Plaintiff's counsel, Patricia Andrews, on June 1, 2007, Ms. Andrews informed undersigned counsel that she believed Defendants' interrogatory responses were deficient, but made no attempt to explain to Defendants which interrogatory response was deficient. (Defs.' Resp. to Mot. to Compel at Ex. 5; see also Defs.' Response to Mot. to Amend, Ex. 5; Defs.' Mot. to Compel Med. Releases, Ex. 2 at 2.) However, despite being questioned by counsel, she did not specify which interrogatory responses were deficient or the bases for her assertion. (Defs.' Resp. to Mot. to Compel at Ex. 5; see also Defs.' Response to Mot. to Amend, Ex. 5; Defs.' Mot. to Compel Med. Releases, Ex. 2 at 2.) On June 7, 2007, undersigned counsel attempted to elicit from Ms. Andrews the bases for her assertion that Defendants' responses were

lacking. (Defs.' Resp. to Mot. to Compel at Ex. 5; see also Defs.' Response to Mot. to Amend, Ex. 5; Defs.' Mot. to Compel Med. Releases, Ex. 2 at 2.) Specifically, the undersigned stated that:

> With regard to any interrogatory . . . response that you feel is deficient, I have not heard back from you regarding what specific interrogatory . . . response you feel is deficient since our conversation on June 1, 2007, and why you feel it is deficient. I note that the discovery responses were hand-delivered to you on April 11, 2007. As was stated in the interrogatory response . . . the requests were among other things, overly broad and requested information that is not the subject of the amended complaint. If you can specifically identify what response you believe is inadequate and why you believe it is inadequate, we can work to resolve this matter.

(Defs.' Resp. to Mot. to Compel at Ex. 5; see also Defs.' Mot. to Compel Med. Releases, Ex. 2 at 2.) No response was received from Ms. Andrews addressing the alleged deficient responses. (Defs.' Resp. to Mot. to Compel at Ex. 5; see also Defs.' Mot. to Compel Med. Releases, Ex. 2 at 2.)

Despite Defendants' objections to discovery relating to the termination issue, Plaintiff did not move to amend her First Amended Complaint. On July 25, 2007, however, after being questioned by the undersigned counsel on the issue, that Ms. Andrews asserted that Plaintiff did not need to amend her complaint to include any alleged claims relating to her termination. (Defs.' Resp. to Mot. to Amend at Ex. 3.)

On August 16, 2007, a day after the discovery deadline had passed and four months after Defendants had hand-delivered their responses to Plaintiff's discovery requests, Plaintiff's co-counsel, Louise Herman, called the undersigned to discuss Defendants' responses to Plaintiff's discovery. Ms. Herman indicated that all Defendants' discovery responses were deficient and then began reading the discovery requests to undersigned counsel. The undersigned again

reasserted its objections previously made in its discovery responses.

On August 20, 2007, approximately twenty-four months after Plaintiff filed her original Complaint, nineteen months after Plaintiff filed her First Amended Complaint, and after the discovery deadline had passed, Plaintiff filed a Motion to Amend Complaint. On August 21, 2007, Plaintiff filed an Amended Motion to Amend Complaint.[4]

Plaintiff then did not move to compel discovery until August 24, 2007, also after the discovery deadline had passed.[5] On August 28, 2007, Plaintiff filed her Second Amended Motion to Amend Complaint,[6] seeking to amend her First Amended Complaint to include claims relating to her December 2005 termination. (Pl.'s Mem. Supp. Second Amended Mot. to Amend Compl. at 1.)

After the parties briefed the issue, on November 2, 2007, Magistrate Judge Martin conducted a hearing on Plaintiff's motions to amend and compel discovery. On November 9, 2007, Magistrate Judge Martin issued a Memorandum and Order denying Plaintiff's motions. On November 27, 2007, Plaintiff filed her Objection to Report and Recommendation of Magistrate Judge dated November 27, 2007.

---

[4] Plaintiff's original Motion to Amend Complaint was not accompanied by the proposed amended pleading as required by District of Rhode Island Local Rule 15. Thus, Plaintiff's Amended Motion to Amend Complaint included the proposed pleading.

[5] Defendants note that to date, Defendants have provided Plaintiff with over 800 pages of documents, including Bates Stamp Nos. D-0001 to D-0800 and Defendants' Responses to Document Requests which were hand-delivered to Plaintiff on April 11, 2007, and were not bates-stamped. Plaintiff seeks to compel <u>all</u> 19 numbered interrogatory requests and 46 numbered document requests. Notably, these interrogatory requests contained subparts that clearly exceed the amount allowed pursuant to Fed. R. Civ. P. 33(a).

[6] Plaintiff's Second Amended Motion to Amend Complaint references and includes as an exhibit, the Final Agency Decision addressing Plaintiff's termination claim.

## II. Argument

### A. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(A), "[a] judge may designate a magistrate to hear and determine any pretrial matter pending before the court . . . ." In addition, Federal Rule of Civil Procedure 72(a) provides that, "[a] magistrate judge to whom a pretrial matter not dispositive of a claim or defense of a party is referred to hear and determine shall promptly conduct such proceedings as are required and when appropriate enter into the record a written order setting forth the disposition of the matter."

A motion to amend a complaint is a "pretrial matter not dispositive of a claim or defense," and thus can be referred to a United States Magistrate Judge for determination and entry of an order. See Maurice v. State Farm Mut. Ins. Co., 235 F.3d 7, 9 (1st Cir. 2000); Pagano v. Frank, 983 F.2d 343, 346 (1st Cir. 1993); Caranci v. Blue Cross & Blue Shield of R.I., 194 F.R.D. 27, 31 (D.R.I. 2000); 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Further "[c]onsideration of discovery matters by a magistrate judge comes within the purview of [28 U.S.C. § 636(b)(1)(A)]." Benefit Mgmt. of Maine, Inc. v. Allstate Life Ins. Co., 993 F.2d 1530, 1993 WL 177120, at *2 (1st Cir. May 26, 1993) (attached as Ex. 1). Thus, the Court's referral of Plaintiff's motion to amend her Complaint and motions to compel to Magistrate Judge Martin for determination was appropriate in this instance.

In reviewing a magistrate judge's order on a non-dispositive pretrial matter, a district court judge should defer to the magistrate judge's order unless the order is clearly erroneous or contrary to law. Harvard Pilgrim Health Care of New England v. Thompson, 318 F.Supp.2d 1, 5 (D.R.I. 2004) (J., Lagueux); see also 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). "A

determination is 'clearly erroneous' when, although there is evidence to support it, the court, after reviewing all the evidence, is left with the definite and firm conviction that the magistrate made a mistake." Id.; see also Pagano v. Frank, 983 F.2d at 346 (district judge can set aside magistrate's ruling on motion to amend if he finds it to be "clearly erroneous or contrary to law"); Mut. Fire, Marine & Inland Ins. Co. v. Jenckes Machine Co., Civ. A. Nos. 85-0586-S, 85-0690-S, 1986 WL 9717, at *1 (D.R.I. Feb. 19, 1986) (J., Seyla) (in order to prevail on appeal under Fed. R. Civ. P. 72(a), plaintiff must show that magistrate judge's order on motion to compel is clearly erroneous and contrary to law) (attached as Ex. 2).

### B. Magistrate Judge Martin's Order Denying Plaintiff's Motion to Amend Her Complaint Is Not Clearly Erroneous or Contrary to Law.

Plaintiff argues that Magistrate Judge Martin relied too heavily on Plaintiff's own argument that Plaintiff had not previously filed a motion to amend because she could not add a termination claim in this action until she received a right-to-sue letter. (Pl.'s Obj. at 2.) Plaintiff states, "irrespective of the issuance of the right to sue, Plaintiff's Motion to Amend should be granted based upon the principle that acts of harassment, discrimination, and/or retaliation which take place after a charge has been filed, may nonetheless form the basis of the lawsuit so long as such acts are reasonably related to, and grow out of the discrimination complained of to the Agency." (Pl.'s Obj. at 2.)

In making this argument, Plaintiff misunderstands the basis for Magistrate Judge Martin's decision. Magistrate Judge Martin was cognizant that First Circuit cases have held "that a judicial complaint can encompass discrete acts of retaliation 'reasonably related and grow[ing] out of the discrimination complained of to the agency . . . .'" Rivera v. Puerto Rico Aqueduct &

Sewers Auth., 331 F.3d 183, 189 (1st Cir. 2003) (quoting Clockedile v. New Hampshire Dep't of Corrs., 245 F.3d 1, 6 (1st Cir. 2001)). However, Magistrate Judge Martin elaborated that, "the Court does not read these cases as standing for the proposition that plaintiff in employment discrimination cases can amend their judicial complaints at any time to add claims not previously pled." M.J. Order at 18. The Magistrate Judge also distinguished Clockedile and Rivera because in those cases there was no indication that plaintiffs' "allegations of subsequent retaliation were not specifically pled in the complaint, nor is there evidence that that the plaintiffs in those cases attempted to amend their complaints to add additional claims in an untimely manner without a valid reason." (M.J. Order at 18.)

Though Plaintiff asserts that she could have amended her complaint immediately after the termination occurred, the fact is she did not, and it was this basis upon which Magistrate Judge Martin relied. Instead, as Magistrate Judge Martin noted, Plaintiff waited approximately twenty-four months after she filed her original Complaint, twenty months after she was removed from her employment, and nineteen months after Plaintiff filed her First Amended Complaint to add claims relating to her termination. (M.J. Order at 10.)

Where, as here, considerable time has elapsed between the filing of the complaint and the motion to amend, "the movant has the burden of showing some 'valid reason for [her] neglect and delay.'" Grant v. News. Group Boston, Inc., 55 F.3d 1, 6 (1st Cir. 1995) (quoting Stepanischen v. Merchants Despatch Transp. Corp., 722 F.2d 922, 933 (1st Cir. 1983)). In this case, Plaintiff has offered no valid reason for her neglect and delay in filing the motion to amend. Accordingly, the Magistrate Judge properly found that Plaintiff failed to meet her burden of showing some valid reason for her neglect and delay in filing the motion to amend.

In addition, while Plaintiff moves to presently amend her complaint, she also takes the inconsistent position that Plaintiff's Complaint already "encompasses termination, particularly with regard to [sic] retaliation claim." (Pl's. Obj. at 3.) Notably, Plaintiff's original Complaint was filed on September 2, 2005, prior to her being terminated on December 10, 2005. When Plaintiff's Complaint was amended on January 25, 2006, it was only amended to eliminate § 1981 claims. Thus, Plaintiff's First Amended Complaint did not include any claims relating to her termination, and any claim by her at the present time that it did is specious.

Further, Plaintiff argues that "Defendants' [sic] have not suffered undue prejudice as they were well aware that the termination was included in Plaintiff's claims, the Motion to Amend should be granted." (Pl.'s Obj. at 3-4.) Magistrate Judge Martin, however, properly rejected this argument. (M.J. Order at 15.) Magistrate Judge Martin noted that Plaintiff's termination was background information in Plaintiff's Pre-Trial Conference Statement, and found Plaintiff did not state in her Pre-Trial Conference Statement that her termination was a claim she was alleging against Defendants. Morever, while Defendants may have been aware that this was a possible claim that could be added, Magistrate Judge Martin recognized that it was Plaintiff's responsibility to add this claim. (M.J. Order at 15.) "Plaintiff cannot shift responsibility for her own pleading to Defendants." (M.J. Order at 16); see also Acosta-Mestre v. Hilton Int'l of Puerto Rico, 156 F.3d 49, 52 (1st Cir. 1998) (holding that party cannot shift responsibility for its own pleading on opponent). As in Acosta-Mestre, nothing prevented Plaintiff, the master of her complaint, from diligently moving to add a claim of termination, other than unwarranted reliance that Defendants had notice of any such claim. Id. "Rule 15(a)'s liberal amendment policy seeks to serve justice, but does not excuse lack of diligence that imposes additional and unwarranted

burdens on an opponent and the courts." Id.

### C. Magistrate Judge Martin's Order Denying Plaintiff's Motions to Compel Is Not Clearly Erroneous or Contrary to Law.

Plaintiff argues that the Magistrate Judge Martin improperly relied on Gault v. Nabisco Biscuit Company, 184 F.R.D. 620 (D. Nev. 1999) and on Ayala-Gerena v. Bristol Myers-Squibb Company, 95 F.3d 86 (1st Cir. 1996) in finding that Plaintiff's motions to compel were untimely. Plaintiff asserts that both Gault and Ayala-Gerena are distinguishable from the present case.

Plaintiff points to the fact that in Gault the motion to compel was filed 76 days after the close of discovery and after the motion for summary judgment was filed. Plaintiff, however, ignores the fact that the plaintiff in Gault filed his motion to compel discovery 136 days after the receipt of defendant's answers to interrogatorries and request for production of documents. Gault, 184 F.R.D. at 621-622. Similar to Gault, Plaintiff's motions to compel in this case were filed approximately 135 days after Plaintiff's receipt of Defendants' discovery responses. The Gault court also noted that the plaintiff in that case was aware of the deficiencies for nearly two months before the close of discovery, and it was on this basis that the Magistrate Judge emphasized that in Gault, "[n]othing indicated that the delay in filing the motion to compel was caused by matters outside the control of [plaintiff] and his attorney." (M.J. Order at 22.) In this case, Plaintiff was aware of the alleged deficiencies on June 1, 2007, as Ms. Andrews expressed then to undersigned counsel on that date, more than two months before the close of discovery, that the discovery responses were deficient. Thus, as in Gault, Plaintiff should not profit from failing to act promptly after having been on notice of the alleged deficiencies in the discovery responses. Therefore, Magistrate Judge Martin's order denying the motions to compel discovery

is not clearly erroneous.

Plaintiff also claims that Ayala-Gerena is distinguishable because the motion to compel in that case was filed after the summary judgment motion was filed. While this may be true, in finding the plaintiff's motion to amend untimely, the First Circuit emphasized in the case plaintiff's overall lack of diligence. Ayala-Gerena, 95 F.3d at 93-94. For example, in Ayala-Gerena, after receiving two extensions, discovery concluded eighteen months after plaintiffs filed their complaint. Id. at 92. In granting the second extension, the Ayala-Gerena court stated that this was the final extension. Id. at 94. After the discovery deadline had passed, the plaintiffs in Ayala-Gerena then attempted to confer with opposing counsel on the alleged deficiencies in the document responses and subsequently filed a motion to compel discovery. Id. at 93.

In affirming the district court's denial of plaintiffs' motion to compel, the First Circuit noted the plaintiffs' "lack of diligence" as evidenced by their lateness in conferring with opposing counsel and "untimely motion to compel document production." Id. at 92-94. Thus, as in Ayala-Gerena, this case also involves extensions of discovery. Similar to Ayala-Gerena, Plaintiff in this case also lacked diligence as evidenced by her counsel's lateness in conferring with undersigned counsel and untimely motion to compel interrogatories and document production. Accordingly, Magistrate Judge Martin properly relied on Ayala-Gerena, and his findings concerning Plaintiff's untimeliness in filing the motions to compel is not clearly erroneous. See e.g., Rivera v. United States, Civil No. 05-1727, 2006 WL 2707269, at *2 (D.P.R. Sept. 19, 2006) (rejecting plaintiff's claim that discovery requests had yet to be answered where plaintiff did not move the court to compel defendant to respond to the discovery requests, and he permitted the discovery deadline to lapse) (attached as Ex. 3); Banks v. CBOCS West,

Inc., No. 01-0795, 2004 WL 723767, at *2 (N.D. Ill. April 1, 2004) (motion to compel filed after discovery deadline untimely) (attached as Ex. 4); Mikeron, Inc. v. Exxon Co., U.S.A., 264 F.Supp.2d 268, 275 (D. Md. 2003) (finding plaintiff's complaints about discovery inappropriate and insufficient where plaintiff had more than enough time to conduct discovery and plaintiff never filed a motion to compel discovery); Mash Enters. Inc. v. Prolease Atlantic Corp., No. 01-2437, 2003 WL 251944, at *3 (E.D. Pa. Jan. 31, 2003) (denying motion to compel filed after discovery deadline where plaintiff had ample time to conduct extensive discovery) (attached as Ex. 5); Sales v. State Farm Fire and Cas. Co., 632 F.Supp. 435, 436 (N.D. Ga. 1986) (denying motion to compel filed after the close of discovery).

Plaintiff further relies on the Court's Pretrial Order in asserting that her motions to compel are timely. The Pretrial Order states, "[e]xcept as provided above, with respect to motions in limine, after ten (10) days from the close of discovery, no motions should be filed except by leave of Court." Plaintiff argues that since she filed her motions to compel nine days after the close of discovery, her motion is timely. However, the Court's Pretrial Order was not a blanket guarantee that any motion– certainly not a motion filed 135 days after receiving discovery responses– would be deemed timely if filed ten days after the close of discovery. Rather, the Order only stated the deadline for when a motion could be filed without leave of Court.

In addition, Plaintiff's interpretation would result in inequitable results because any motion filed within ten days after the close of discovery would then be deemed timely filed irregardless of the circumstances preceding its filing. Consequently, Plaintiff's interpretation would unreasonably reward parties who unduly delayed in filing motions to compel irrespective

of when they were first aware of their claim that the discovery responses were deficient. Thus, the Magistrate Judge's interpretation of the Pretrial Order was not clearly erroneous.

Notably, Plaintiff does not dispute the Magistrate Judge's finding that granting the motions to compel would be prejudicial to Defendants and would disrupt the efficient functioning of the Court. (Pl's Obj. at 5.) In this regard, the Magistrate Judge found that, "[g]iven the sheer number of individual responses which Plaintiff contends are deficient, granting them would be equivalent to reopening discovery and potentially engendering more discovery disputes." (M.J. Order at 22.)

Plaintiff also claims that "for the purposes of discovery, the fact and circumstances of Plaintiff's termination are clearly relevant and inquiry in this regard should be permitted." (Pl's Obj. at 5.) Plaintiff's conclusory assertion is without any supporting basis, as Plaintiff has not explained how the termination is "clearly relevant." As previously stated, claims relating to Plaintiff's termination were not alleged in Plaintiff's original Complaint nor in her First Amended Complaint. Thus, Plaintiff has failed to show how these discovery requests are relevant to the issues in the case at bar.

Further, approximately twenty-four months after Plaintiff filed her original Complaint and nineteen months after Plaintiff filed her First Amended Complaint, Plaintiff filed a Motion to Amend Complaint on August 20, 2007, to add claims relating to her termination. As elaborated in Defendants' Memorandum in Opposition to Plaintiff's Second Amended Motion to Amend Complaint, Plaintiff failed to provide a valid reason for her neglect and delay in filing the motion to amend, Defendants would be unduly prejudiced by the allowance of the amendment of the First Amended Complaint at this late juncture, and Plaintiff should not reap the benefit of

pursuing the claims relating to her termination in two different forums simultaneously. Therefore, the Magistrate Judge did not err in denying the motions to compel discovery on Plaintiff's termination claim that Plaintiff seeks to presently add to her Complaint.

Finally, Plaintiff argues that her discovery requests are not unduly broad or burdensome because Plaintiff is seeking information for the period of time that Plaintiff worked at the Commissary. Even assuming Plaintiff's motions to compel were not untimely, the Magistrate Judge's finding that these requests were overly broad and unduly burdensome was not clearly erroneous in light of the fact that Plaintiff worked for the Defendants for nineteen years, from 1988 to 2005. Moreover, Plaintiff's belated offer to the Court that "[t]o the extent that such a period is deemed overly broad and/or unduly burdensome, Plaintiff is prepared to limit the time period in question," is untimely and should not be considered. See e.g., Borden v. Sec'y of Health and Human Servs., 632 F.2d 4, 6 (1st Cir. 1986) (argument which could have been but was not presented to the magistrate judge in the first instance is waived on review).

**III. Conclusion**

For the reasons stated above, Magistrate Judge Martin's Memorandum and Order denying Plaintiff's motion to amend and motions to compel should be affirmed in its entirety.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Ly T. Nguyen
LY T. NGUYEN
Assistant United States Attorney
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5017 (fax)
Email: ly.nguyen@usdoj.gov

## CERTIFICATION OF SERVICE

I hereby certify that on this 11th day of December, 2007, I caused to be electronically filed the within Defendants' Response and Memorandum in Response to Plaintiff's Objection to "Report and Recommendation" of Magistrate Judge with the Clerk of the United States District Court for the District of Rhode Island, using the CM/ECF system. The following participant(s), as identified on the Notice of Electronic Filing, has received notice electronically:

Patricia Andrews, Esq.
Louise Herman, Esq.
129 Dyer Street
Providence, RI 02903

/s/ Ly T. Nguyen
LY T. NGUYEN
Assistant United States Attorney
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401) 709-5000
(401) 709-5017 (fax)
Email: ly.nguyen@usdoj.gov