C
Mutual Fire, Marine & Inland Ins. Co. v. Jenckes Machine Co.
DRI,1986.

United States District Court, D. Rhode Island.
The MUTUAL FIRE, MARINE & INLAND INSURANCE COMPANY
v.
JENCKES MACHINE CO., et al.
JENCKES MACHINE CO., et al,
v.
The MUTUAL FIRE, MARINE & INLAND INSURANCE COMPANY.
**Civ. A. Nos. 85-0586-S, 85-0690-S.**

Feb. 19, 1986.

*MEMORANDUM AND ORDER*
BRUCE M. SELYA, United States District Judge.
*1 These are two consolidated civil actions, garnished with counterclaims, which mirror an ongoing dispute between an insurer, Mutual Fire, Marine & Inland Ins. Co. (MFMII) and its insureds (collectively, Jenckes) concerning a fire loss which occurred on November 1, 1984. The insureds claim that a mill building, equipage, and other personalty were damaged by reason of a peril within the coverage of MFMII's policy. The rather arcane structure of the pair of suits has been described in detail in a previous memorandum and order issued by this court on November 26, 1985, and it would be pleonastic to retrace that ground at present.

The current problem revolves around MFMII's attempt to depose David Gold, an expert retained by Jenckes in connection with an evaluation of its losses and damages. It seems plain from the motion papers that the putative deponent's information was "acquired or developed in anticipation of litigation or for trial." Fed.R.Civ.P. 26(b)(4). Jenckes would not agree to make Gold available for such a deposition. The insurer moved to compel and the insureds objected. The motion was heard and denied by a magistrate of this court. This proceeding followed.[FN1]

In order to prevail on this appeal, MFMII, under Fed.R.Civ.P. 72(a), must demonstrate that the magistrate's order is clearly erroneous and contrary to law. *Anthony v. Abbott Laboratories,* 106 F.R.D. 461, 463 (D.R.I.1985). The threshold of the "clearly erroneous" test is high. *E.g., United States v. United States Gypsum Co.,* 333 U.S. 364, 395 (1948) ("A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."); *B's Co. v. B.P. Barber & Associates, Inc.,* 391 F.2d 130, 132-33 (4th Cir.1968) (even if the reviewing court disagrees with the conclusions reached below, the order should not be set aside unless the court has a firm and definite conviction that a mistake has been made) *Anthony, supra* (same); *cf. United States v. Ven-Fuel Inc.,* 758 F.2d 741, 763-64 (1st Cir.1985). The test applies with undiminished force to inferences which have been drawn from basically undisputed facts. *Commissioner v. Duberstein,* 363 U.S. 278, 290-91 (1960); *United States v. United States Gypsum Co.,* 333 U.S. at 394. As this court has taken pains to point out, the court must refrain from "second-guess[ing] the magistrate on his pre-trial discovery rulings." *Moody v. Fleet National Bank,* No. 84-0184-S, slip op. at 1 (D.R.I. November 23, 1984).

MFMII fails to pass this test. Although Fed.R.Civ.P. 26(b)(4)(A)(ii) does permit the court to order the deposition of the opponent's expert, that rule must be read in conjunction with Fed.R.Civ.P. 26(b)(4)(A)(i), allowing interrogatories to be used as of right to flush out "the substance of the facts and opinions to which the [adverse] expert is expected to testify and a summary of the grounds for each opinion." Read together, these rules provide an orderly mechanism to obtain

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

enlightenment as to the views of adverse experts. As a general proposition, a questioner must proceed first by interrogatories; only if these prove to be inadequate to meet the reasonable needs of the case will a follow-on deposition be sanctioned. *See United States v. IBM Corp.*, 72 F.R.D. 78, 81 (S.D.N.Y.1976).

***2** The reason for this two-step process is evident: although pretrial discovery has been expanded to allow a party to unearth the basis of an unfriendly expert's anticipated testimony, the opponent's expert should not be subjected willy-nilly to deposition attendance where no good cause exists. The prophylaxis of the rules fairly balances the discover's need to know with the legitimate protection of the discoveree's experts, requiring the former to learn what it will face in the manner least onerous to the latter. Only if it is shown, in a particular case, that the interrogatory route will not suffice-a showing which, it is safe to assume, must ordinarily be weighed in the albedo of an answered interrogatory-should the court look favorably on permitting the discover to take the second (more burdensome) step.

In this case, MFMII eschewed resort to interrogatories, leapfrogged directly to the Rule 26(b)(4)(A)(ii) deposition modality, and now complains that the magistrate erred in requiring it to follow the step-by-step taxonymy which Rule 26 demands. Although this court is not prepared to say that Rule 26(b)(4)(A)(i) interrogatories must *always* precede a Rule 26(b)(4)(A)(ii) deposition-it is possible to conjure up special circumstances where fairness or common sense might require a departure from the norm-MFMII has not demonstrated in any way that its predicament is so unusual that the standard mechanism should be short-circuited in this litigation. The motion papers and the appeal, fairly read, amount to little more than a petulant cry that "I want to do it my way." Highly successful advertising campaigns to the contrary notwithstanding, justice should not be dispensed on such a fast-food basis.

The magistrate's order falls well within the pale. This court has no definite and firm conviction that a mistake has been committed. Therefore, the ruling cannot be said to be "clearly erroneous." The insurer's appeal is utterly without merit and is denied. The magistrate's order is *Affirmed.*

FN1. MFMII styles its pleading as an "objection" to the magistrate's ruling. This is an obvious error. Only an appeal lies as to the magistrate's *rulings* on a *nondispositive* motion. *See* D.R.I.L.R. 32(b)(2). The vehicle by which to protest a magistrate's *recommendation* as to dispositive motions is by the filing of objections. *See* D.R.I.L.R. 32(c)(2). So as not to elevate form over substance, however, the court has treated the objection as an appeal. Accord *Cockayne v. Heckler,* No. 84-0096-S, slip op. at 1 n. 1 (D.R.I. May 23, 1985).

DRI,1986.
Mutual Fire, Marine & Inland Ins. Co. v. Jenckes Mach. Co.
Not Reported in F.Supp., 1986 WL 9717 (D.R.I.), 4 Fed.R.Serv.3d 913

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.