Rivera v. U.S.
D.Puerto Rico,2006.
Only the Westlaw citation is currently available.
United States District Court,D. Puerto Rico.
Hector Guzman RIVERA, Plaintiff,
v.
UNITED STATES of American, et al., Defendants.
**Civil No. 05-1727(GAG).**

Sept. 19, 2006.

Hector L. Guzman-Rivera, Alta, PR, pro se.
Fidel A. Sevillano-Del-Rio, United States Attorney's Office, San Juan, PR, for Defendants.

***OPINION AND ORDER***

GUSTAVO A. GELPI, District Judge.

*1 This matter is before the court on defendant United States's motion for summary judgment. The action was commenced by plaintiff Hector Guzman Rivera ("Guzman") against the U.S. and the Department of Veteran Affairs alleging violations of his civil rights, pursuant to Title VII, 42 U.S.C. § 2000e-2(a). Plaintiff also alleges disparate treatment, discrimination, civil rights violations, defamation of character, slander, violations of privacy, and violations of his due process rights. After reviewing the pleadings, the court **GRANTS** defendant's motion for summary judgment (Docket No. 25).

## I. Pro Se Litigants, Summary Judgment Standard & Local Rule 56

It is important to note that plaintiff has filed this action *pro se.*Generally, courts show leniency when ruling upon dispositive motions involving *pro se* litigants. *See Haines v. Kerner,* 404 U.S. 519, 521 (1972); *Instituto de Educacion Universal Corp. v. United States Dep't of Educ.,* 209 F.3d 18, 23-24 (1st Cir.2000); *Pomeroy v. Ashburnham Westminster Regional School Dist.,* 410 F.Supp.2d 7, 9 (D.Mass.2006). However, where the litigant has not complied with court orders or case management, a *pro se* litigant is at a disadvantage. *See Cintron-Lorenzo v. Departamento de Asuntos del Consumidor,* 312 F.3d 522, 526-27 (1st Cir.2002) (dismissing action where *pro se* plaintiff failed to comply with court orders).

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that the is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). In order to defeat summary judgment, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial."*See* Fed.R.Civ.P. 56(e). The court must view the record and all reasonable inferences in the light most favorable to the party opposing summary judgment. *See id.*If the court finds that some genuine factual issues remain, whose resolution could affect the outcome of the case, the court must deny the motion. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 284 (1986). These standards for summary judgment apply even where the plaintiff proceeds *pro se. See Posadas de P.R., Inc. v. Radin,* 856 F.2d 399, 401 (1st Cir.1988).

## II. Relevant Procedural & Factual Background

This action stems from allegations of sexual harassment against another Department of Veteran Affairs ("DVA") employee by plaintiff. *See*Docket No. 26.In June 2003, a Board of Investigation ("BOI ") was convened to investigate plaintiff. *Id.* at ¶¶ 1-2. On August 23, 2003, the BOI found the allegations of sexual harassment inconclusive but did understand that the complainant had asked plaintiff to stop his unwelcomed advances. *Id.* at ¶ 4. As a result, the BOI recommended a seven (7)

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

day suspension which was subsequently lowered to a letter of reprimand. *Id.* at ¶¶ 6-7.

***2** In September 2003, plaintiff filed a complaint of employment discrimination before the DVA. *Id.* at ¶ 5. In April 2005, a final agency decision was issued dismissing plaintiff's allegations of discrimination or retaliation. *Id.* at ¶ 8. Plaintiff filed this action on July 1, 2005.

On August 1, 2005, plaintiff sent defendant his first set of interrogatories, a request for production of documents, and a request for admissions. *See* Docket No. 30, p. 2. Plaintiff claims that as of the filing of his opposition, the discovery requests had yet to be unanswered. *Id.* On October 31, 2005, the court issued a Case Management Order in which it set a discovery deadline of May 31, 2006. *See* Docket No. 17.On August 14, 2006, the court noted that the deadline had lapsed and it would not grant extensions. *See*Docket No. 24.

### III. Legal Analysis

As a threshold matter, the court finds that the only viable claim made in plaintiff's complaint is one for discrimination under Title VII. While, the court understands plaintiff's plight in being a *pro se* litigant, it cannot interpret factual averments that don't exist. Therefore, all claims not related to Title VII are dismissed. The court analyzes plaintiff's Title VII claim in turn.

At the outset, Title VII states that the exclusive proper defendant in a discrimination action is the head of the department or agency alleged to have engaged in discrimination. *See*42 U.S.C. § 2000e-16(c). Therefore, the claims against Jeanette Diaz and Roberto Alonso, as employees of the DVA, are dismissed with prejudice.

In order to survive a summary judgment motion, a plaintiff bears the burden of establishing a *prima facie* case of discrimination. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802 (1973). If proven, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for its action. *Id.* If this burden is met, the presumption of discrimination raised by the prima facie case is rebutted and it is up to the plaintiff again to prove that this “reason” was but a mere pretext for discrimination. *Id.*

Plaintiff does not meet his burden here. First, plaintiff has not set out sufficient factual averments to create a genuine issue of material fact. The lack of evidence and plaintiff's pleadings do not support his claims. Of note, although plaintiff filed discovery requests, he did not follow through on the same. It is up to the plaintiff to ensure that his requests are answered. A motion, to compel, pursuant to Fed.R.Civ.P. 37(a), would have been sufficient. Plaintiff did not move the court to compel defendant to respond to the discovery requests, and he permitted the discovery deadline to lapse.

Second, defendant's exhibits suggest that plaintiff went through an extensive BOI investigation and appeal process. In fact, plaintiff's sanction was lowered from suspension to a letter of reprimand on appeal. It is difficult to imagine that plaintiff could pass muster where adverse employment action is necessary to set out a *prima facie* case. More specifically, an adverse employment action results in significant changes in employment status, including “hiring, firing, failing to promote, reassignment with significantly different responsibilities, or changes in benefits. *See Lee Crespo v. Schering Plough del Caribe, Inc.,* 354 F.3d 34, 43 (1st Cir.2003). Plaintiff has not even created an issue as to this fact.

***3** Finally, the court notes that Title VII is neither a civility code nor a general anti-harassment code. *Id.* at 37. Title VII requires, rather, that the level of incivility or harassment must amount to either a tangible or a constructive employment action. *Id.* On the current record, neither has occurred.

### IV. Conclusion

Therefore, defendant's motion for summary judgment (Docket No. 25) is **GRANTED** and plaintiff's case is dismissed.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**SO ORDERED.**

D.Puerto Rico,2006.
Rivera v. U.S.
Not Reported in F.Supp.2d, 2006 WL 2707269 (D.Puerto Rico)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.