**H**
Franceschi v. U.S. Dept. of Veterans Affairs
C.A.1 (Puerto Rico),2008.

United States Court of Appeals,First Circuit.
Gerardo A. FRANCESCHI, Plaintiff, Appellant,
v.
UNITED STATES DEPARTMENT OF VETERANS AFFAIRS; Anthony J. Principi, Defendants, Appellees.
**No. 06-2677.**

Heard Nov. 8, 2007.
Decided Jan. 30, 2008.

**Background:** Former employee of Department of Veterans Affairs brought Title VII action against employer alleging gender discrimination, hostile work environment based on gender, and retaliation. The United States District Court for the District of Puerto Rico, Héctor M. Laffitte, J., 2006 WL 2795603, granted summary judgment in favor of employer and employee appealed.

**Holdings:** The Court of Appeals, Torruella, Circuit Judge, held that:

(1) employee failed to comply with Title VII's requirement of exhaustion of administrative remedies, and

(2) employee could not bring action for retaliation which had not been exhausted before the Equal Employment Opportunity Commission when underlying Title VII violation claim similarly was not exhausted.

Affirmed.

**[1] Federal Courts 170B ⚿776**

170B Federal Courts
170BVIII Courts of Appeals
170BVIII(K) Scope, Standards, and Extent
170BVIII(K)1 In General
170Bk776 k. Trial De Novo. Most Cited Cases

**Federal Courts 170B ⚿802**

170B Federal Courts
170BVIII Courts of Appeals
170BVIII(K) Scope, Standards, and Extent
170BVIII(K)3 Presumptions
170Bk802 k. Summary Judgment. Most Cited Cases
The Court of Appeals reviews orders granting summary judgment de novo, viewing the record in the light most favorable to the nonmovant and drawing all reasonable inferences in his favor. Fed.Rules Civ.Proc.Rule 56, 28 U.S.C.A.

**[2] Federal Courts 170B ⚿776**

170B Federal Courts
170BVIII Courts of Appeals
170BVIII(K) Scope, Standards, and Extent
170BVIII(K)1 In General
170Bk776 k. Trial De Novo. Most Cited Cases
In reviewing the grant of summary judgment, issues of law are reviewed de novo. Fed.Rules Civ.Proc.Rule 56, 28 U.S.C.A.

**[3] Civil Rights 78 ⚿1107**

78 Civil Rights
78II Employment Practices
78k1107 k. Discrimination by Reason of Race, Color, Ethnicity, or National Origin, in General. Most Cited Cases

**Civil Rights 78 ⚿1152**

78 Civil Rights
78II Employment Practices
78k1151 Religious Discrimination
78k1152 k. In General. Most Cited Cases

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

GOVERNMENT EXHIBIT 39

**Civil Rights 78 ⟹1165**

78 Civil Rights
78II Employment Practices
78k1164 Sex Discrimination in General
78k1165 k. In General. Most Cited Cases
Title VII is a vehicle through which an individual may seek recovery for employment discrimination on the grounds of race, color, religion, gender, or national origin. Civil Rights Act of 1964, § 701 et seq., 42 U.S.C.A. § 2000e et seq.

**[4] Civil Rights 78 ⟹1502**

78 Civil Rights
78IV Remedies Under Federal Employment Discrimination Statutes
78k1502 k. Existence of Other Remedies; Exclusivity. Most Cited Cases
Judicial recourse under Title VII is not a remedy of first resort. Civil Rights Act of 1964, § 701 et seq., 42 U.S.C.A. § 2000e et seq.

**[5] Civil Rights 78 ⟹1513**

78 Civil Rights
78IV Remedies Under Federal Employment Discrimination Statutes
78k1512 Exhaustion of Administrative Remedies Before Resort to Courts
78k1513 k. In General. Most Cited Cases
Before an employee may sue in federal court on a Title VII claim, he must first exhaust administrative remedies. Civil Rights Act of 1964, § 701 et seq., 42 U.S.C.A. § 2000e et seq.

**[6] Civil Rights 78 ⟹1506**

78 Civil Rights
78IV Remedies Under Federal Employment Discrimination Statutes
78k1503 Administrative Agencies and Proceedings
78k1506 k. Charges and Investigations. Most Cited Cases
The Title VII administrative process begins with the filing of an administrative charge before the Equal Employment Opportunity Commission (EEOC). Civil Rights Act of 1964, § 717, 42 U.S.C.A. § 2000e-16.

**[7] Civil Rights 78 ⟹1513**

78 Civil Rights
78IV Remedies Under Federal Employment Discrimination Statutes
78k1512 Exhaustion of Administrative Remedies Before Resort to Courts
78k1513 k. In General. Most Cited Cases
With limited exceptions, the failure to exhaust the administrative process before bringing a Title VII action bars the courthouse door. Civil Rights Act of 1964, § 701 et seq., 42 U.S.C.A. § 2000e et seq.

**[8] Civil Rights 78 ⟹1514**

78 Civil Rights
78IV Remedies Under Federal Employment Discrimination Statutes
78k1512 Exhaustion of Administrative Remedies Before Resort to Courts
78k1514 k. Particular Cases. Most Cited Cases

**Civil Rights 78 ⟹1530**

78 Civil Rights
78IV Remedies Under Federal Employment Discrimination Statutes
78k1530 k. Time for Proceedings; Limitations. Most Cited Cases

**Federal Civil Procedure 170A ⟹1837.1**

170A Federal Civil Procedure
170AXI Dismissal
170AXI(B) Involuntary Dismissal
170AXI(B)5 Proceedings
170Ak1837 Effect
170Ak1837.1 k. In General. Most Cited Cases
Former employee of Department of Veterans Affairs failed to comply with Title VII's requirement of exhaustion of administrative remedies, requiring

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

dismissal of claims of gender discrimination and hostile work environment against former employer without prejudice; employee filed complaint before Equal Employment Opportunity Commission (EEOC) had issued a right-to-sue letter. Civil Rights Act of 1964, § 706(f)(1), 42 U.S.C.A. § 2000e-5(f)(1).

**[9] Armed Services 34 ⚿102**

34 Armed Services
34III Veterans' Benefits
34III(A) In General
34k102 k. Veterans' Administration, Boards, and Officers. Most Cited Cases

**Civil Rights 78 ⚿1516**

78 Civil Rights
78IV Remedies Under Federal Employment Discrimination Statutes
78k1512 Exhaustion of Administrative Remedies Before Resort to Courts
78k1516 k. Scope of Administrative Proceedings; Like or Related Claims. Most Cited Cases
Former employee of Department of Veterans Affairs could not bring action for retaliation which had not been exhausted before the Equal Employment Opportunity Commission (EEOC) when underlying Title VII violation claim similarly was not exhausted before EEOC; since administrative remedies had not been exhausted with respect to other Title VII claims, there was nothing properly before court to which retaliation claim could have been bootstrapped. Civil Rights Act of 1964, § 701 et seq., 42 U.S.C.A. § 2000e et seq.

Elaine Rodríguez-Frank, for appellant.
Thomas F. Klumper, Assistant United States Attorney, with whom Rosa Emilia Rodríguez-Vélez, United States Attorney, and Nelson Pérez-Sosa, Assistant United States Attorney, Chief, Appellate Division, were on brief, for appellees.

Before TORRUELLA, Circuit Judge, BALDOCK,FN*Senior Circuit Judge, and LIPEZ, Circuit Judge.

TORRUELLA, Circuit Judge.

*1 Gerardo A. Franceschi brought three claims against his former employer, the Department of Veterans Affairs ("VA"), along with VA Secretary Anthony J. Principi (together, "Defendants"), under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*: (1) he had been subjected to gender discrimination in the workplace; (2) he had been subjected to a hostile work environment based on gender; and (3) he had suffered unlawful retaliation for having formally complained of this treatment to the Equal Employment Opportunity Commission ("EEOC"). The district court granted summary judgment in favor of Defendants on all three claims, and Franceschi appealed. After careful consideration, we affirm.

## I. *Background*

We recount the relevant facts from the record in the light most favorable to the nonmovant, Franceschi. *See Hodgens v. Gen. Dynamics Corp.*, 144 F.3d 151, 156 (1st Cir.1998). Franceschi, a medical doctor, was the Associate Chief of Staff in the Ambulatory Care Service of the San Juan VA Medical Center ("VAMC"). In 2001, he was passed over for promotion to the position of VAMC Chief of Staff by Dr. Sandra Gracia-López, a colleague who had been associate chief of staff in another department.

Gracia soon discovered that the VAMC had numerous performance deficiencies and that many of the problems fell within Franceschi's area of responsibility. Over the course of 2002 and 2003, Gracia engaged in a continuous dialogue with Franceschi about how to remedy these problems. She repeatedly warned him that if he failed to improve his unit, his own job performance ratings might suffer. Gracia also drew Franceschi's attention to his many alleged violations of hospital protocol-including unexcused absences, the failure to follow established procedures, and the use of foul

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

language in meetings and in the hallways-and admonished him to correct his behavior or suffer the consequences.

There were also suspicions that Franceschi was unfairly favoring a female staff member with whom he was involved romantically. The VAMC's in-house Equal Employment Opportunity ("EEO") officer, Marta Vázquez, met with Franceschi on April 1, 2003 to discuss this relationship; Franceschi asserts that he took this opportunity to complain to Vázquez that Gracia had subjected him to harassment through her abusive critiques of his performance. Franceschi sent a memo to the VAMC Director on August 19, 2003 complaining that Gracia had created an intolerable work atmosphere with her "micro-management style" and that he felt "harassed, pursued and frustrated." On March 4, 2004, Franceschi was given a "low satisfactory" overall job performance rating in an evaluation report covering the period from January 31, 2003 to January 31, 2004; this rating differed sharply from his prior evaluation of "high satisfactory."

Franceschi filed a formal administrative charge with the EEOC on March 26, 2004, alleging that he had been the victim of "constant harassment," "including unfavorable evaluations," at the hands of Gracia.[FN1]The EEOC organized the complaint into two separate claims: first, that Gracia had subjected Franceschi to a pattern of harassment motivated by his male gender ("Claim A"); and second, that Gracia had accorded him unfavorable gender-based treatment by rating his performance lower than it had been rated in previous years ("Claim B"). On June 7, 2004, the EEOC sent Franceschi a letter informing him that it had dismissed Claim A because he had failed to respond to the EEOC's requests that he specify the dates on which the alleged instances of harassment occurred. It accepted Claim B, however, and informed Franceschi that someone would be assigned to investigate this claim; an investigator was assigned on July 16, 2004.

***2** In the meantime, Gracia sent several memos to Franceschi between April and June 2004, telling him that his performance was still too low and needed to improve. Franceschi was again evaluated on July 8, 2004, and this time received a lower overall score of "unsatisfactory." Gracia informed Franceschi that, as a result of the poor score and in accordance with VA regulations, he would be demoted to the position of staff physician. The demotion took effect on July 11, 2004.

Franceschi chose not to wait for the EEOC process to run its course. On July 22, 2004, he filed suit in federal district court and informed the EEOC that he had done so in a letter dated July 30, 2004. In his complaint and arguments before the district court, Franceschi made three claims; the first two were largely parallel to Claims A and B, respectively, of his EEOC complaint.[FN2] His third claim was that the poor performance evaluation of March 4, 2004, and the even poorer evaluation of July 8, 2004 and consequent demotion, constituted retaliation for having made contact with the EEOC in January 2004 and for filing the formal administrative charge on March 26, 2004.

The district court granted summary judgment in favor of Defendants on all of Franceschi's claims. With respect to the hostile work environment and discrimination claims, it found that Franceschi had failed to exhaust his administrative remedies and that these claims failed on the merits in any event. On the retaliation claim, the district court found that Franceschi had failed to establish a causal connection between his filing of the EEOC charge and the poor evaluations. Franceschi appealed.

## II. *Discussion*

### A. *Standard of Review*

[1][2] We review orders granting summary judgment *de novo,* viewing the record in the light most favorable to the nonmovant and drawing all reasonable inferences in his favor. *Buchanan v. Maine,* 469 F.3d 158, 162 (1st Cir.2006). Summary

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

judgment is warranted if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."Fed.R.Civ.P. 56(c). Issues of law are reviewed *de novo.Buchanan,* 469 F.3d at 162.

**B. *Title VII and Exhaustion of Administrative Remedies***

[3][4][5] Title VII is a vehicle through which an individual may seek recovery for employment discrimination on the grounds of race, color, religion, gender, or national origin. *See Jorge v. Rumsfeld,* 404 F.3d 556, 564 (1st Cir.2005). Nevertheless, "[j]udicial recourse under Title VII ... is not a remedy of first resort."*Id.* (quoting *Morales-Vallellanes v. Potter,* 339 F.3d 9, 18 (1st Cir.2003)). Before an employee may sue in federal court on a Title VII claim, he must first exhaust administrative remedies. *See Love v. Pullman Co.,* 404 U.S. 522, 523, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972).

[6][7] The Title VII administrative process begins with the filing of an administrative charge before the EEOC. *See Jorge,* 404 F.3d at 564 (citing 42 U.S.C. § 2000e-16(c)).[FN3] The employee may sue in federal court only if the EEOC dismisses the administrative charge, or if it does not bring civil suit or enter into a conciliation agreement within 180 days of the filing of the administrative charge. 42 U.S.C. § 2000e-5(f)(1). In either case, the EEOC must send the employee notice, in the form of what is known as a right-to-sue letter.[FN4]*See Jorge,* 404 F.3d at 564 (citing 42 U.S.C. § 2000e-5(f)(1)); *Clockedile v. N.H. Dep't of Corr.,* 245 F.3d 1, 3 (1st Cir.2001); *see also Equal Employment Opportunity Comm'n v. D.H. Holmes Co., Ltd.,* 556 F.2d 787, 790 n. 4 (5th Cir.1977) (" 'Right to sue letter' refers to the notification required by 42 U.S.C. § 2000e-5(f)(1) as a necessary condition for a private suit."). Upon receiving such notice, the employee has ninety days to sue in federal court. 42 U.S.C. § 2000e-5(f)(1); *see also Williams v. Little Rock Mun. Water Works,* 21 F.3d 218, 222 (8th Cir.1994). With limited exceptions, such as that described below regarding claims of retaliation for filing an administrative charge, the failure to exhaust this administrative process "bars the courthouse door." *Bonilla v. Muebles J.J. Álvarez, Inc.,* 194 F.3d 275, 278 (1st Cir.1999).

***3** [8] Franceschi filed his formal administrative charge on March 26, 2004; he filed his complaint in the district court 118 days later on July 22, 2004. Administrative remedies could not be considered to have been exhausted, however, until the EEOC issued Franceschi a right-to-sue letter. *See*42 U.S.C. § 2000e-5(f)(1). The EEOC sent him a letter on June 7, 2004 stating that it had dismissed one of the claims in the administrative charge-Claim A, which alleged harassment-but that it had accepted Claim B, which alleged discrimination through poor job performance ratings. In accordance with applicable federal regulations, the EEOC informed Franceschi that, because Claim B had been accepted for processing and investigation, the dismissal of Claim A did not constitute final action on the administrative charge as a whole, and that he could not avail himself of the agency's appeal procedures until final action had been taken. *See*29 C.F.R. § 1614.107(b). The EEOC's letter does not explicitly tell Franceschi that he was prohibited from suing in federal court on Claim A until final action had been taken on the whole complaint, but such a prohibition is clearly contemplated in the applicable regulations. *See id.* §§ 1614.407(a), 1614.110(b).

The EEOC was not given the opportunity to take final action on the administrative charge. It had only just started to investigate Claim B when Franceschi jumped the gun by filing suit. Administrative remedies were accordingly not exhausted with respect to either claim-that alleging a hostile work environment, or that alleging gender-based discrimination [FN5]-and we decline to consider their merits. The district court's grant of summary judgment on these two claims is affirmed without prejudice as to any civil action Franceschi may

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

bring after he has exhausted administrative remedies. *See Lebrón-Ríos v. U.S. Marshal Serv.,* 341 F.3d 7, 14-15 (1st Cir.2003) (non-prejudicial dismissal of prematurely filed Title VII claim warranted where plaintiff apparently not barred from returning to the EEOC to continue pursuit of administrative relief); *see also Frederique-Alexandre,* 478 F.3d at 440;*Weber v. Cranston Sch. Comm.,* 212 F.3d 41, 54 (1st Cir.2000).

**C. *The Retaliation Claim***

[9] Franceschi made a third claim before the district court that postdates, and thus does not appear in, the administrative charge: that he was given poor job performance ratings and was demoted in retaliation for making contact with the EEOC and filing the administrative charge. Although the district court rejected Franceschi's retaliation claim on the merits, we need not reach this question here because the retaliation claim was not properly before the court.

A claim of retaliation for filing an administrative charge with the EEOC is one of the narrow exceptions to the normal rule of exhaustion of administrative remedies. Such a claim may ordinarily be bootstrapped onto the other Title VII claim or claims arising out of the administrative charge and considered by the district court, even though it has not been put through the administrative process. *See Clockedile,* 245 F.3d at 6. This is so because such a claim of retaliation is "reasonably related to and grows out of the discrimination complained of to the [EEOC]."*Id.*In other words, the retaliation claim survives what would otherwise be a failure to exhaust administrative remedies by virtue of its close relation to and origins in the other Title VII discrimination claims.

***4** Yet where, as here, administrative remedies have not been exhausted with respect to any of the other Title VII claims in the civil action, there is nothing properly before the court to which the retaliation claim may be bootstrapped. Although we have never expressly addressed this specific circumstance, we think that, as a logical corollary of the rule in *Clockedile,* the exception to the exhaustion requirement cannot apply, and the retaliation claim must be dismissed along with the others for failure to exhaust. Such an approach accords with that of several of our sister circuits. *See, e.g., Jones v. Runyon,* 91 F.3d 1398, 1402 (10th Cir.1996) (where Title VII gender discrimination claim had been dismissed for failure to exhaust administrative remedies, bootstrapped retaliation claim likewise "suffer[ed] the defect of non-exhaustion" and had to be dismissed); *Barrow v. New Orleans S.S. Ass'n,* 932 F.2d 473, 479 (5th Cir.1991) (where ADEA age-discrimination claims had been dismissed as untimely and therefore "were not 'properly' before the district court," bootstrapped retaliation claim likewise had to be dismissed, as it had "no charge on which to attach itself"); *Hargett v. Valley Fed. Sav. Bank,* 60 F.3d 754, 762 (11th Cir.1995) (similar).

Since the Title VII claims to which Franceschi's retaliation claim relates have been rightly dismissed, we will not consider the merits of the retaliation claim. We affirm the district court's grant of summary judgment on this claim. This affirmance is also without prejudice as to any civil action Franceschi may bring after exhausting administrative remedies. *See Lebrón-Ríos,* 341 F.3d at 14-15.

**III. *Conclusion***

For the foregoing reasons, we affirm without prejudice the district court's grant of summary judgment in favor of Defendants.

***Affirmed.***

FN* Of the Tenth Circuit, sitting by designation.

FN1. Franceschi made first contact with the VA Office of Resolution Management in January 2004. Shortly thereafter, an

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

EEOC counselor interviewed Franceschi and informed him of his right to file a formal complaint.

FN2.*See infra* note 5 (noting the differences between the respective claims).

FN3. For employees located in Puerto Rico, such filing must take place within 300 days of the alleged unlawful employment practice.*Frederique-Alexandre v. Dept. of Natural and Envtl. Res. of P.R.,* 478 F.3d 433, 437 (1st Cir.2007).

FN4. The relevant provision in Title VII states that it is the Attorney General, and not the EEOC, who has the obligation to give notice of a dismissed claim in a case such as this one, where a government agency is involved. *See*42 U.S.C. § 2000e-5(f)(1); *see also Jorge,* 404 F.3d at 564 (noting that "[t]he ninety-day period begins to run from the time the Attorney General notifies the employee"). It is clear, however, that this obligation may alternatively be satisfied by the EEOC where it dismisses an administrative charge at an early stage of the administrative process. *See Dougherty v. Barry,* 869 F.2d 605, 611-12 (D.C.Cir.1989) ( § 2000e-5(f)(1) contemplates that the EEOC will issue notices "in cases involving a governmental unit when it does not find probable cause," and "[t]he Attorney General will issue such notices only when the EEOC finds probable cause, conciliation efforts fail, and the EEOC refers the case to the Justice Department, but the Attorney General decides not to pursue the action").

FN5. The allegations of a hostile work environment resulting from Gracia's purported harassment of Franceschi are more thoroughly set forth in Franceschi's complaint and brief than they were in his administrative charge before the EEOC. Because the additional allegations "bear ... close relation" to the allegations in Claim A, we consider them together with it. *Jorge,* 404 F.3d at 565.Similarly, the allegations of discrimination in Franceschi's complaint and brief are somewhat broader than Claim B of the administrative charge as characterized by the EEOC, in that they aver two further instances of discrimination: the second poor job performance rating from July 8, 2004, and the demotion. These additional allegations likewise "bear ... close relation" to those in Claim B, so we consider them together with it. *Id.*

C.A.1 (Puerto Rico),2008.
Franceschi v. U.S. Dept. of Veterans Affairs
--- F.3d ----, 2008 WL 240274 (C.A.1 (Puerto Rico)), 102 Fair Empl.Prac.Cas. (BNA) 883

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.