UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

ROSEZOLA SELLERS :
:
VS. : C.A. NO. 05-381S
:
UNITED STATES DEPARTMENT OF :
DEFENSE, et al. :

DEPOSITION OF JOHN BLYTHE, a Witness in the above-entitled cause, taken on behalf of the Plaintiff, before Carole J. Ogden, Registered Professional Reporter, a Notary Public in and for the State of Rhode Island, at the Law Office of Patricia E. Andrews, 129 Dyer Street, Providence, Rhode Island, 02903, on July 27, 2007 at 10:00 a.m.

APPEARANCES:

FOR THE PLAINTIFF.... LAW OFFICE OF PATRICIA E. ANDREWS
129 DYER STREET
PROVIDENCE, RHODE ISLAND 02903
BY: PATRICIA E. ANDREWS, ESQUIRE

FOR THE DEFENDANTS... UNITED STATES DEPARTMENT OF JUSTICE
UNITED STATES ATTORNEY'S OFFICE
50 KENNEDY PLAZA
PROVIDENCE, RHODE ISLAND 02903
BY: LY T. NGUYEN, ESQUIRE
RICHARD MYRUS, ESQUIRE

ALSO PRESENT......... ROSEZOLA SELLERS

ALLIED COURT REPORTERS, INC.
115 PHENIX AVENUE
CRANSTON, RHODE ISLAND 02920

GOVERNMENT EXHIBIT 46

# I N D E X


| WITNESS: | PAGE |
|---|---|
| JOHN BLYTHE | |
| EXAMINATION BY MS. ANDREWS | 5 |
| EXAMINATION BY MS. NGUYEN | 284 |


# E X H I B I T S


| NO. | DESCRIPTION: PLAINTIFF'S | PAGE |
|---|---|---|
| 1 | E-mail correspondence dated August 7-9, 2004 (2pp) | 58 |
| 2 | Civilian performance rating of Ms. Venable (2pp) | 75 |
| 3 | E-mail correspondence dated December 16, 2004 (1p) | 95 |
| 4A | Handwritten memo from Mr. McCollum (1p) | 114 |
| 4B | Handwritten memo from Mr. McCollum (2pp) | 114 |
| 5A | Handwritten memo dated 12/14/04 (1p) | 115 |
| 5B | Handwritten memo from Mr. McCollum (1p) | 115 |
| 6 | Handwritten memo, Bates Number 260-261 (2pp) | 115 |
| 7 | Memo from Mr. Churchwell to Ms. Sellers (1p) | 119 |
| 8 | Memo from Ms. Lopez (1p) | 121 |
| 9 | Documents produced in response to subpoena (46pp) | 148 |
| 10 | Handwritten memo, Bates Number 1211 (1p) | 162 |
| 11 | Memo from Ms. Lopez (1p) | 165 |
| 12 | Statement of Ms. Venable (1p) | 165 |


* CONTINUED, NEXT PAGE *

E X H I B I T S, cont.

| NO. | DESCRIPTION: PLAINTIFF'S | PAGE |
|---|---|---|
| 13 | Memorandum for the record from Ms. Venable (1p) | 172 |
| 14 | Handwritten memo from Sean Jackson (1p) | 179 |
| 15 | Handwritten memo dated October 10 (1p) | 180 |
| 16 | Memorandum for the record from Ms. Gibson (1p) | 187 |
| 17 | November 18, 2005 letter from Ms. Andrews to Mr. Blythe (2pp) | 188 |
| 18 | March 31, 2005 letter from Ms. Andrews to Mr. Furtado (5pp) | 188 |
| 19 | Notice of proposed suspension (4pp) | 204 |
| 20 | Decision to Notice-Removal (2pp) | 207 |
| 21 | Notice of proposed removal (4pp) | 207 |
| 22 | Letter of caution (2pp) | 211 |
| 23 | Memorandum for the record from Mr. Blythe (1p) | 220 |
| 24 | Pre-Action Investigation memorandum (1p) | 243 |
| 25 | Pre-Action Investigation memorandum (1p) | 244 |
| 26 | Response #7 & 17 (2pp) | 247 |
| 27 | Newport Commissary letters of reprimand (1p) | 247 |
| 28 | Memorandum for OCI investigator dated October 30, 2001 (3pp) | 254 |
| 29 | Memorandum in re: Cycle Counts (1p) | 258 |
| 30 | Memo for Ms. Sellers dated March 18, 2005 (1p) | 261 |
| 31 | Statement of Ms. Gibson dated December 14, 2004 (1p) | 262 |

* CONTINUED, NEXT PAGE *

E X H I B I T S, cont.

| NO. | DESCRIPTION: PLAINTIFF'S | PAGE |
|---|---|---|
| 32 | Memo from Mr. Blythe dated July 14, 2004 (1p) | 274 |
| 33 | Handwritten memo dated February 13, 2007 (3pp) | 276 |
| 34 | Memo from Mr. Blythe dated September 16, 2005 (1p) | 278 |
| 35 | Handwritten memo from Ms. Sellers (3pp) | 279 |
| 36 | Handwritten memo from Ms. Sellers (2pp) | 280 |
| 37 | Handwritten memo from Ms. Sellers (3pp) | 280 |

A. I don't recall.
Q. Did you ever direct them to train her?
A. I didn't have to. The training was part of Mr. Furtado, for Ms. Sellers in that position. He was her immediate supervisor.
Q. So he had an obligation to ensure that she got trained?
A. Yes.
Q. And -- but she never did get trained, right?
MS. NGUYEN: Objection.
A. I believe attempts were made.
Q. Okay. And what happened?
A. I -- they never completed the whole training plan.
Q. I'm trying --
A. Well, the afternoon part of the training plan never got completed.
Q. Tell me what she was missing.
A. I can't, without seeing the training plan.
Q. Well, you say that the afternoon part of the training plan didn't happen?
A. Yes.
Q. Correct?
A. She never got trained. She never got signed -- Mr. Furtado never was able to sign off because he couldn't.



A. Because the other employees had already put in for those days, and she wouldn't submit a leave plan so that we could determine her days.
Q. Tell me the discussions -- strike that. How do you know that?
MS. NGUYEN: Objection.
A. How do I know what?
Q. How do you know this information?
MS. NGUYEN: Objection.
A. What information?
Q. Did you deny the leave?
A. Yes.
Q. So you had conversations with Rose Sellers about that?
MS. NGUYEN: Objection.
A. One on one, no. I gave a memorandum to several employees that had not submitted leave plans, and they were -- they all complied with the exception of Ms. Sellers.
Q. And what happened after that?
A. As far as?
Q. Well, you ultimately denied her leave, correct?
A. I disapproved it.
Q. Why?
A. Because the leave coincided that she put in for with employees who had already had leave on leave



restoration.
Q. And what did he do?
A. He checked off -- he checked off -- Rose filled out the first portion. He checked off a couple blocks and signed it, and then gave it to me.
Q. He approved it, didn't he?
MS. NGUYEN: Objection.
A. I don't recall. I don't recall if he signed approved or not.
Q. What did you do?
A. I didn't do anything with it.
Q. So you didn't do anything with it?
A. No.
Q. So you had nothing to do --
A. I gave it back to Mr. Furtado.
Q. You didn't have anything to do with whether her leave was restored?
A. Oh, I had to sign it.
Q. Did you sign it?
A. No.
Q. So you didn't want her leave restored?
A. It didn't meet the criteria to be restored.
Q. Why is that?
A. I can't remember exactly. There's four criteria on there. They all have to be met. I would have to



see the leave restoration form.
Q. And sitting here today, you can't think of why this was -- she didn't meet the criteria?
A. If you want to wait a second, I'll try to put the form in my head. Okay. Scheduled leave was not cancelled. There was time to reschedule and reapply for that leave. The leave was cancelled due to mission essential reasons, and I can't remember the fourth one off the top of my head.
Q. So that's the reason why you denied the leave?
MS. NGUYEN: Objection.
A. Didn't meet the criteria. The four criteria, they all have to be met.
Q. Which didn't she meet?
A. All four have to be met.
Q. Just tell me which ones she didn't meet.
MS. NGUYEN: Objection.
A. I'm sorry. I don't understand.
Q. Which ones didn't she meet?
A. All four.
Q. Okay. Was there ever an incident involving a cabinet that was unlocked that contained personnel file?
MS. NGUYEN: Objection.
A. Yes.
Q. And can you tell me what happened?

CERTIFICATE

I, Carole J. Ogden, a Notary Public in and for the State of Rhode Island, duly commissioned and qualified to administer oaths, do hereby certify that the foregoing deposition of John Blythe, a Witness in the above-entitled cause, was taken before me on behalf of the Plaintiff, at the offices of Patricia E. Andrews, 129 Dyer Street, Providence, Rhode Island, on July 27, 2007, at 10:00 A.M.; that previous to examination of said witness, who was of lawful age, he was first sworn by me and duly cautioned and sworn to testify to the truth, the whole truth, and nothing but the truth, and that he thereupon testified as in the foregoing manner as set out in the aforesaid transcript.

I further certify that the foregoing deposition was taken down by me in machine shorthand and was later transcribed and that the foregoing deposition is a true and accurate record of the testimony of said witness.

Pursuant to Rule 5(d) and 30(f) of the Federal Rules of Civil Procedure, original transcripts shall not be filed in court; therefore, the original is delivered to and retained by Plaintiff's attorney, Patricia E. Andrews.

I have enclosed with the deposition a correction and signature page, which must be signed before a Notary Public.

IN WITNESS WHEREOF, I hereunto set my hand this 13th day of August, 2007.

CAROLE J. OGDEN, RPR, NOTARY PUBLIC
My Commission expires 10/4/08.