**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ROSEZOLA SELLERS,**<br>**Plaintiff,**<br><br>**v.**<br><br>**UNITED STATES DEPARTMENT OF DEFENSE AND ROBERT M. GATES, SECRETARY OF THE DEPARTMENT OF DEFENSE,**<br>**Defendants.** | ) | **C. A. No. 05-381S** |

**DEFENDANTS' OBJECTION TO PLAINTIFF'S SURREPLY IN SUPPORT OF HER OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND ATTACHED TRANSCRIPTS IMPROPERLY SUBMITTED TO THIS COURT**

COMES NOW, Defendants, United States of Department of Defense and Robert M. Gates, Secretary of the Department of Defense, through undersigned counsel, and submit the following Objection to Plaintiff's Surreply in Support of Her Opposition to Defendants' Motion for Summary Judgment and Attached Transcripts Improperly Submitted to this Court.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Ly T. Nguyen
LY T. NGUYEN
Assistant United States Attorney
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5017 (fax)
Email: ly.nguyen@usdoj.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ROSEZOLA SELLERS,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **C. A. No. 05-381S** |
| | ) | |
| **UNITED STATES DEPARTMENT** | ) | |
| **OF DEFENSE AND ROBERT M. GATES,** | ) | |
| **SECRETARY OF THE DEPARTMENT** | ) | |
| **OF DEFENSE,** | ) | |
| **Defendants.** | | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR OBJECTION TO PLAINTIFF'S SURREPLY IN SUPPORT OF HER OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND ATTACHED TRANSCRIPTS IMPROPERLY SUBMITTED TO THIS COURT**

______Defendants, United States Department of Defense and Robert M. Gates, Secretary of the Department of Defense, through undersigned counsel, submit this Memorandum in Support of Their Objection to Plaintiff's Surreply in Support of Her Opposition to Defendants' Motion for Summary Judgment and Attached Transcripts Improperly Submitted to this Court.[1]

On March 10, 2008, ten days after the briefing period for Defendants' Summary Judgment Motion closed, Defendants received a copy of a letter addressed to the Court replying to Defendants' Reply in Support of Their Motion for Summary Judgment. (Ex. 1.) Attached to Plaintiff's surreply were several hundred pages of deposition transcripts that were not properly made a part of the record, and not properly cited to in Plaintiff's Memorandum in Support of her

[1] The surreply and deposition transcripts were submitted to United States Magistrate Judge David L. Martin and there is no indication that these documents were filed with the Clerk as no certificate of service was attached to these documents as required by Federal Rule of Civil Procedure 5(d). In addition, Plaintiff's surreply letter fails to identify which deposition transcripts were being attached.

Objection to Summary Judgment. Plaintiff submitted these documents without leave of this Court contrary to the Local Rules of Civil Procedure. Therefore, Defendants object to the surreply and deposition transcripts being made a part of the record.

Local Rule of Civil Procedure 7 provides that, "[n]o memorandum other than a memorandum in support of a motion, a memorandum in opposition, and a reply memorandum may be filed without prior leave of the Court." In this case, Plaintiff's surreply stated:

> As you know, plaintiff did not previously provide deposition pages to which she made reference in her Opposition to Defendant's motion for summary judgment. This is because Plaintiff does not believe the applicable rules include such a requirement. However, Defendants' reply makes an issue of this. Given this, Plaintiff is enclosing the relevant transcript pages for the Court's convenience.

(Ex. 1.) Plaintiff's attempt to make the surreply and deposition transcripts a part of the record without first seeking leave from the Court is in violation of Rule 7 of the Local Rules of Civil Procedure.

Accordingly, Plaintiff's surreply and attached deposition transcripts should not be considered as part of the summary judgment record. See, e.g., Sherwood Brands, Inc. v. Pally Holland, B.V., 105 F.3d 648 (4th Cir. 1997) (affirming district court's grant of motion to strike supplemental opposition that was not permitted under local rules without leave of court); Colbro Ship Management Comp. Ltd., v. United States, 84 F.Supp.2d 253, 261 (D.P.R. 2000) (ordering that plaintiff's surreply and attached photograph be struck from the record where plaintiff did not seek leave to file its brief as required under local rule); Uszak v. Yellow Transp., Inc., No. 1:06CV837, 2007 WL 1746253, at *1 (N.D. Ohio June 1, 2007) (holding that plaintiff's filing of additional evidence in opposition to defendants' summary judgment motions without leave of court and without any justification for delayed filing of documents which were in existence and

available to plaintiff before he filed his memorandum in opposition suggests "a disturbing lack of respect for the Court, the defendants, and the rules of procedure") (attached as Ex. 2); Chatman v. Greenlee Textron, Inc., No. 99 C 50245, 2001 WL 1183296, at *1 n.2 (N.D. Ill. Oct. 4, 2001) (striking sua sponte plaintiff's response to defendants' summary judgment reply memorandum because no leave was requested to file surreply) (attached as Ex. 3); Zhang v. Honeywell Intern, Inc., NO. 06-1181-PHX-MHM, 2007 WL 2220490, at *2 (D. Ariz. Aug. 7, 2007) (striking surreply because surreply filed without leave of court was inappropriately filed) (attached as Ex. 4); Hauschulz v. Bourbon Cty Bd. Of Commissioners, No. 04-3475-KHV, 2006 WL 1675907, at *2 n.2 (D. Kan. 2006) (disregarding plaintiff's surreply in analyzing defendants' motion for summary judgment where plaintiff offered no excuse or justification for filing the surreply without leave) (attached as Ex. 5).

Further, Rule 56 of the Local Rules of Civil Procedure, provides, "[u]nless otherwise requested or permitted by the Court, only the relevant portion(s) of documents submitted in support of or in opposition to a motion for summary judgment shall be included in the attachments." In contravention of Local Rule 56, Plaintiff proceeded to submit voluminous deposition transcript pages that were not cited in her memorandum and without obtaining permission from the Court to do so.

Plaintiff's bold assertion in her surreply to the Court that she is providing "relevant transcript pages" to which she referenced in her Supporting Memorandum in Opposition to Defendants' Motion from Summary Judgment is disturbing to say the least. For example, Plaintiff attached to the letter approximately 134 pages of Plaintiff's deposition testimony. However, a review of Plaintiff's Memorandum in Opposition to Defendants' Motion for

Summary Judgment shows that Plaintiff only cited to seven pages of her deposition transcript. (See Pl's Supp. Mem. at 6, 32, 37). This is only but one example out of the seven deposition transcripts attached to Plaintiff's surreply in which she included pages of the deposition transcripts that she did not cite to in her Memorandum in Support of her Objection to Summary Judgment.

Moreover, Plaintiff's submission of hundreds of pages of deposition transcripts, to which she does not even cite, can hardly be said to be "for the Court's convenience" as Plaintiff so states in her surreply. As articulated in Defendants' Reply to Their Motion for Summary Judgment, "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." Stults v. Conoco, Inc., 76 F.3d 651, 657 (5th Cir. 1996) (internal citations and quotation omitted); see also U.S. v. One Parcel of Land, Parcela 22, 16 Fed. Appx. 16, 23 (1st Cir. 2001) ("It is the responsibility of the claimant, not the district court, to identify evidence in support of his claims.").

In addition, Plaintiff has had ample opportunity to submit these documents in a timely manner after Defendants filed their Corrected Memorandum in Support Their Motion for Summary Judgment on December 5, 2007. After this Court generously gave Plaintiff two extensions to file a response to Defendants' Motion for Summary Judgment, Plaintiff then had until January 28, 2008, nearly two months, to file a response. Plaintiff then filed her Response in Opposition in Defendants' Motion for Summary Judgment on January 29, 2008, and failed to include any portion of these deposition transcripts in her response. Plaintiff has offered no reason for her delay in filing these documents and has offered no reason as to why she is submitting these documents informally with the Court in lieu of requesting leave to file these

documents. Rather, Plaintiff now attempts to submit these documents to this Court without regard for the Court's Local Rules.

For the reasons stated above, Defendants respectfully object to Plaintiff's surreply and attached deposition transcripts that were improperly and informally submitted to this Court and request that these documents not be made a part of the summary judgment record.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Ly T. Nguyen
LY T. NGUYEN
Assistant United States Attorney
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5017 (fax)
Email: ly.nguyen@usdoj.gov

**CERTIFICATION OF SERVICE**

I hereby certify that on this 18th day of March, 2008, I caused to be electronically filed the within Defendant's Objection and Memorandum in Support of Their Objection to Plaintiff's Surreply in Support of Her Opposition to Defendants' Motion for Summary Judgment and Attached Transcripts Improperly Submitted to this Court, with the Clerk of the United States District Court for the District of Rhode Island, using the CM/ECF system. The following participant(s), as identified on the Notice of Electronic Filing, has received notice electronically:

Patricia Andrews, Esq.
Louise Herman, Esq.
129 Dyer Street
Providence, RI 02903

/s/ Ly T. Nguyen
LY T. NGUYEN
Assistant United States Attorney