**H**
Zhang v. Honeywell Intern. Inc.
D.Ariz.,2007.
Only the Westlaw citation is currently available.
United States District Court,D. Arizona.
Liaosheng ZHANG, Plaintiff,
v.
HONEYWELL INTERNATIONAL INC., a Delaware corporation, et al., Defendant.
**No. 06-1181-PHX-MHM.**

Aug. 1, 2007.

Liaosheng Zhang, Seattle, WA, pro se.
Pavneet Singh Uppal, Nonnie L. Shivers, Stephanie Robyn Miller, Ogletree Deakins Nash Smoak & Stewart PC, Phoenix, AZ, for Defendant.

**ORDER**

MARY H. MURGUIA, United States District Judge.
*1 Pending before the Court are Defendant's Partial Motion to Dismiss the retaliation and harassment/hostile work environment claims from Plaintiff's Amended Complaint (Doc. 16) and Defendant's Motion to Strike Plaintiff's "Response to Defendant's Reply in Support of [Defendant's Partial] Motion to Dismiss Case" (Doc. 23). Defendant filed a Partial Motion to Dismiss Plaintiff's claims of retaliation and harassment/hostile work environment on December 19, 2006. Plaintiff filed a Response, Defendant filed a Reply, and Plaintiff filed a Response to Defendant's Reply. Defendant then filed a Motion to Strike Plaintiff's Response to Defendant's Reply. The Court has considered all the papers submitted and, finding oral argument unnecessary, issues the following Order.

**BACKGROUND**

Plaintiff Liaosheng Zhang ("Plaintiff") was employed by Honeywell International, Inc., ("Honeywell" or "Defendant") from 1998 through 2005. Amend. Compl. ¶ 4.1. This action arises out of Honeywell's alleged termination of Plaintiff's employment on April 2, 2005. Amend. Compl. ¶ 4.5. Plaintiff asserts that her termination was due to her gender, race, national origin, disability, and age. Amend. Compl. ¶ 4.4. Plaintiff is an Asian woman of Chinese national origin who suffers from a disability and was 47 years old at the time of her separation from Honeywell. Amend. Compl. ¶ 4.3. Plaintiff also asserts that she was not given a severance package that she was entitled to. EEOC Charge, at 1. Since Plaintiff's alleged termination, Plaintiff has applied for over twenty other jobs with Honeywell but Honeywell has not hired her for any of these positions, despite Plaintiff's claims of qualification for the jobs sought. Amend. Compl. ¶ 4.6 & EEOC Charge, at 1. Defendant has asserted that Plaintiff was no longer able to work due to the expiration of her visa and the end of her authorization to work in the United States. Def.'s Response, at 1-2.

Plaintiff filed an Equal Employment Opportunity Commission Charge ("EEOC") on November 18, 2005. In her EEOC charge, Plaintiff alleged that Honeywell's human resources department was "not going to renew [her] visa," and that "as a result [she] was laid off on or about April 1, 2005 and was not given a severance package."EEOC Charge of Discrimination.[FN1]Plaintiff's EEOC Charge further states, "I believe I have been discriminated against because of my race, Asian; sex, female; national origin, Chinese; age, 47; and disability/perceived disability."Def.'s Partial Motion to Dismiss ("MTD"), Exh. 1. On February 1, 2006, the EEOC issued a no cause finding and right to sue letter. Def.'s MTD, Exh. 2.

FN1. The Court takes judicial notice of the EEOC Charge of Discrimination, the EEOC Intake Questionnaire, and the EEOC Right to Sue Notice. *See Mack v. South Bay Beer Distributors, Inc.,* 798 F.2d 1279, 1282 (9th Cir.1986) (a court

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

GOVERNMENT EXHIBIT 4

may take judicial notice of records and reports of administrative bodies without converting a motion to dismiss into one for summary judgment), abrogated on other grounds by*Astoria Fed. Sav. & Loan Ass'n v. Solimino,* 501 U.S. 104 (1991); and *Gallo v. Board of Regents of Univ. of Cal.,* 916 F.Supp. 1005, 1007 (S.D.Cal.1995) (a court may consider EEOC charge and right-to-sue letter in deciding a motion to dismiss either as a matter attached to the complaint or as records subject to judicial notice).

Plaintiff, now *pro se,* commenced this lawsuit on April 27, 2006. On December 4, 2006, Plaintiff filed an Amended Complaint alleging that Honeywell violated her civil rights under 42 U.S.C. §§ 2000e et seq. ("Title VII") and the Americans with Disabilities Act ("ADEA") by discriminating against her on the basis of race, national origin, gender, disability, and age. Plaintiff alleges that the discrimination took place during the time that she worked for Honeywell and afterward when Honeywell did not hire Plaintiff for positions that she applied and was qualified.

***2** On December 19, 2006, Defendant filed a Partial Motion to Dismiss Plaintiff's claims of retaliation, and harassment/hostile work environment, asserting that Plaintiff had failed to exhaust her administrative remedies with regard to those claims. Plaintiff filed a Response, and Defendant filed a Reply.

Plaintiff then filed a Response to Defendant's Reply, which Defendants have moved to strike. The Court finds Plaintiff's Response to Defendant's Reply, filed without leave of the Court, to be an inappropriately filed surreply. *See* Local Rule 7.2. The Court hereby grants Defendant's Motion to Strike. Plaintiff's Response to Defendant's Reply is hereby stricken from the record.

## LEGAL STANDARD

A motion to dismiss for failure to state a claim will be denied unless it is "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."*Falkowski v. Imation Corp.,* 309 F.3d 1123, 1132 (9th Cir.2002), *citing Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."Fed.R.Civ.P. 8(a)."Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required."Fed.R.Civ.P. 8(e). These rules "do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds on which it rests."*Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

## DISCUSSION

In her Amended Compliant, Plaintiff has asserted that Defendant discriminated against her on the basis of race, national origin, gender, disability, and age in violation of Title VII and the ADEA. Defendant argues that Plaintiff did not exhaust her administrative remedies with regard to her claims of retaliation and harassment/hostile work environment.

To establish federal subject matter jurisdiction, Plaintiff was required to exhaust her EEOC administrative remedies before seeking federal adjudication of her claims. *See Sosa v. Hiraoka,* 920 F.2d 1451, 1456 (9th Cir.1990)."[T]he jurisdictional scope of a Title VII claimant's court action depends upon the scope of both the EEOC charge and the EEOC investigation."*Id.* (*citing Green v. Los Angeles County Superintendent of Sch.,* 883 F.2d 1472, 1476 (9th Cir.1989)). Incidents of discrimination not included in an EEOC charge may not be considered by a federal court unless the new claims are " 'like or reasonably related to the allegations

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

contained in the EEOC charge.' " *Brown v. Puget Sound Elec. Apprenticeship & Training Trust,* 732 F.2d 726, 729 (9th Cir.1984) (*quoting Oubichon v. Northern Am. Rockwell Corp.,* 482 F.2d 569, 571 (9th Cir.1973)), *cert. denied,*469 U.S. 1108, 105 S.Ct. 784, 83 L.Ed.2d 778 (1985); *accord Stache v. International Union of Bricklayers and Allied Craftsmen,* 852 F.2d 1231, 1234 (9th Cir.1988).

## I. RETALIATION

***3** Defendant asserts that Plaintiff did not exhaust her administrative remedies for her retaliation claim because she did not include allegations of retaliation in her EEOC Charge and, therefore, her retaliation claim should be dismissed. Defendant attached Plaintiff's EEOC Charge to its Motion. Retaliation is not mentioned in the EEOC Charge, nor is the retaliation box checked.

Plaintiff responded by stating that the EEOC representative, rather than Plaintiff herself, filled out the EEOC Charge document and, therefore, it would be inappropriate to penalized Plaintiff for the lack of discussion of retaliation and for the retaliation box not being checked. Plaintiff urges the Court to consider instead the EEOC Intake Questionnaire that she personally filled out. However, similar to the EEOC Charge, the EEOC Intake Questionnaire lacks any discussion of retaliation and, again, the retaliation box is not checked.

The Ninth Circuit Court of Appeals has instructed that Title VII actions should be "neither interpreted too technically or applied too mechanically," a plaintiff must "describe the facts and the legal theory with sufficient clarity to notify the agency."*Ong v. Cleland,* 642 F.2d 316, 319 (9th Cir.1981); *accord Greenleaf v. Garrett,* 59 F.3d 994, 999 (9th Cir.1995). If the claims are not within "the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination," they must be dismissed for failure to exhaust administrative remedies. *Id.* (*quoting Kaplan v. Int'l Alliance of Theatrical and Stage Employees,* 525 F.2d 1354, 1359 (9th Cir.1975)); *accord Shah v. Mt. Zion Hosp.,* 642 F.2d 268, 271 (9th Cir.1981).

Here, Plaintiff did not include a description of retaliation against her by Defendant in a manner that would alert the EEOC of such a charge. This is evidenced not only by the absence of a discussion of retaliation in the EEOC Charge, but also by its absence from the EEOC Intake Questionnaire that Plaintiff personally filled out at the time the EEOC Charge was completed. Without some sort of allegation of retaliation in her EEOC Charge or Intake Questionnaire, such an allegation is not reasonably expected to grow out of the charge of discrimination, nor was the EEOC made aware of any claims of retaliation by Plaintiff in her EEOC Complaint. Therefore, Plaintiff failed to exhaust her administrative remedies as to her retaliation cause of action. Because of this, the Court lacks subject matter jurisdiction over Plaintiff's retaliation claim.

Pursuant to 29 U.S.C. § 626(d)(2), charges of retaliation may only be asserted for three hundred days from the time of the alleged wrongful act. After three hundred days, the claim is time barred. *Id.* Over three hundred days have passed since Plaintiff filed her November 12, 2005 EEOC charge, upon which Plaintiff has asserted that her retaliation claims rest. Logically, the alleged retaliation acts took place over three hundred days ago. Thus, Plaintiff is time-barred from asserting the retaliation claim now. Thus, Defendant's Motion to Dismiss Plaintiff's retaliation claim is granted. Plaintiff's retaliation claim is dismissed with prejudice.

## II. HARASSMENT/HOSTILE WORK ENVIRONMENT

***4** Defendant asserts that Plaintiff failed to exhaust her administrative remedies with regard to her claims for harassment and hostile work environment by not including any facts related thereto in her EEOC charge. Defendant also asserts that Plaintiff's administrative allegations of discrimina-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

tion are wholly unlike and unrelated to any claim of harassment, therefore, Defendant asserts, that Plaintiff's allegations of discrimination in her EEOC charge are insufficient to satisfy exhaustion for a hostile work environment or harassment claim. *See Ismail v. University of Portland,* 1999 WL 732590, *6 (D.Or. Sept. 21, 1999) (ruling that because the plaintiff's sexual harassment claim was not like or reasonably related to her original gender-based discrimination charge filed with the EEOC, the court lacked jurisdiction to hear the plaintiff's sexual harassment claim).

When an employee seeks judicial relief for incidents not listed in her original EEOC charge, a court may assume jurisdiction over the new claims if they are "like or reasonably related to the allegations of the EEOC charge."*Oubichon,* 482 F.2d at 571. "Where claims are *not* so closely related that agency action would be redundant, the EEOC must be afforded an opportunity to consider disputes before federal suits are initiated."*Brown,* 732 F.2d 726 (emphasis in original) (finding that an administrative charge limited to claims of disparate impact discrimination does not satisfy the exhaustion requirement for an intentional sex discrimination claim).

Plaintiff does not specifically refer to incidents of harassment or hostile work environment in either her EEOC Charge or her EEOC Intake Questionnaire. Instead, Plaintiff alleged that Honeywell failed to renew her visa and laid her off without a severance package. Plaintiff states that Honeywell sponsored her work visa for six years and then it notified her less than a month before her visa was to expire that it would not assist her in renewing her visa for another year.[FN2]Plaintiff also provides a list of over twenty positions to which she applied and was qualified, and yet did not attain. The allegations set forth in Plaintiff's EEOC Charge and Intake Questionnaire do not meet the requirement for exhaustion for either a harassment or a hostile work environment claim because Plaintiff did not mention either harassment or hostile work environment in either EEOC document. Furthermore, the allegations Plaintiff set forth in the EEOC documents are not so closely related that agency action would be redundant. Therefore, this Court lacks jurisdiction to hear Plaintiff's harassment or hostile work environment claims due to lack of exhaustion. Accordingly, Plaintiff's claims of harassment and hostile work environment are dismissed.

FN2. Plaintiff alleges that it takes two to three months for Immigration and Naturalization Services ("INS") to renew a visa.

## CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Defendant's Motion to Strike Plaintiff's "Response to Defendant's Reply in Support of [Defendant's Partial] Motion to Dismiss Case" (Doc. 23) is granted. The Clerk's Office is directed to strike Plaintiff's "Response to Defendant's Reply in Support of [Defendant's Partial] Motion to Dismiss Case" (Doc. 23).

***5 IT IS FURTHER ORDERED** that Defendant's Partial Motion to Dismiss (Doc. 16) is granted.

D.Ariz.,2007.
Zhang v. Honeywell Intern. Inc.
Slip Copy, 2007 WL 2220490 (D.Ariz.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.